**FILED**

OCT 2 7 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
　　　　　　DEPUTY CLERK

Alexandr Yakovlev, Pro Se
General Delivery
South Lake Tahoe, CA 96151

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXANDR YAKOVLEV,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE SUPERIOR COURT OF CALIFORNIA,<br>COUNTY OF EL DORADO,<br>JUDGE LEANNE K. MAYBERRY, in her official capacity,<br>THE ACTING PRESIDING JUSTICE OF THE COURT<br>OF APPEAL, THIRD APPELLATE DISTRICT,<br>in their official capacity,<br>COLETTE M. BRUGGMAN, in her official capacity,<br><br>　　　　　　　　　　Defendants. | **Case No.:**<br>2:25CV 3110 DJC CSK<br>(PS)<br><br>**EMERGENCY COMPLAINT FOR VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND TITLE II OF THE AMERICANS WITH DISABILITIES ACT; REQUEST FOR EMERGENCY DECLARATORY AND INJUNCTIVE RELIEF** |

## I. OVERVIEW

1. This is an emergency civil rights action brought pursuant to **42 U.S.C. § 1983** and **Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132**, seeking immediate judicial intervention to stop an ongoing, complete denial of Plaintiff's fundamental constitutional rights.

2. Plaintiff, Alexandr Yakovlev, seeks emergency injunctive and declaratory relief to halt a systemic and ongoing denial of their constitutional rights to court access, due process, and equal protection, all stemming from an egregious error of mistaken identity and resulting judicial bias.

3. Defendants, acting under color of state law, are enforcing a 2009 vexatious litigant prefiling order against Plaintiff based solely on the name "Alex Yakovlev." This enforcement is unlawful and unconstitutional, as Plaintiff is a demonstrably **distinct person—a non-binary, disabled asylee** whose U.S. legal identity commenced in **October 2016**. Plaintiff had no legal presence or capacity to litigate in the U.S. in 2009.

4. This profound mistaken identity has been weaponized to create a **complete blockade of the state court system**. The El Dorado Superior Court issued void orders against Plaintiff, including

monetary sanctions and a case dismissal, following a hearing where the presiding judge **silenced Plaintiff immediately after correcting the judge's misgendering**.

5. When Plaintiff sought to appeal these void orders, the El Dorado Superior Court Clerk rejected every single filing. When Plaintiff sought relief from the Court of Appeal, their filings were likewise rejected without judicial review, compounding the violation.

6. Plaintiff now faces **imminent, irreparable harm**, including **eviction** and the **garnishment of essential disability benefits**, because they are completely barred from filing any defense, motion, or appeal in the state court system.

7. This action seeks prospective injunctive relief to stop these ongoing federal violations, which falls squarely under the exception to sovereign immunity established in *Ex parte Young*, 209 U.S. 123 (1908).

**II. JURISDICTION AND VENUE**

8. This Court has subject-matter jurisdiction pursuant to **28 U.S.C. § 1331** (federal question) and **28 U.S.C. § 1343(a)(3)** (civil rights).

9. Plaintiff seeks declaratory relief under **28 U.S.C. §§ 2201–2202** and injunctive relief under **42 U.S.C. § 1983** and the **ADA**.

10. Venue is proper in this District under **28 U.S.C. § 1391(b)** because all events giving rise to these claims occurred in South Lake Tahoe, El Dorado County, which is within the Eastern District of California.

**III. PARTIES**

11. Plaintiff Alexandr Yakovlev ("Plaintiff") is a non-binary, disabled individual who uses the honorific **"Mx."** They are an asylee and reside in South Lake Tahoe, California. Their U.S. legal identity was established in October 2016.

12. Defendant The Superior Court of California, County of El Dorado is a state judicial entity acting under color of law for § 1983 purposes and a public entity subject to ADA Title II.

- 2 -

13.     Defendant Leanne K. Mayberry is a Judge of the El Dorado Superior Court. She is sued in her **official capacity** for injunctive relief for actions taken under color of state law.

14.     Defendant The Acting Presiding Justice of the Court of Appeal, Third Appellate District is a judicial officer of the state court system. They are sued in their **official capacity** for injunctive relief for actions taken under color of state law.

15.     Defendant Colette M. Bruggman is the Clerk/Executive Officer of the California Court of Appeal, Third Appellate District. She is sued in her **official capacity** for injunctive relief for actions taken under color of state law.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Distinct Identity and the Void 2009 Vexatious Litigant Order

16.     Plaintiff was granted asylum in the United States on **October 13, 2016**. (*See* Exhibit A, Asylum Approval Notice). Plaintiff's Social Security Number was issued and processed in October 2016. (*See* Exhibit B, SSN Processing Letter).

17.     Prior to October 2016, Plaintiff was an undocumented immigrant who lacked the legal capacity and safety to initiate litigation in any U.S. court.

18.     Plaintiff, therefore, could not possibly be the individual named **"Alex Yakovlev"** who was the subject of a vexatious litigant order in San Francisco in **2009**.

19.     The name "Alex" is a common diminutive. The full legal name, gender, age, and identity of the 2009 "Alex Yakovlev" remains **unknown and unverified** by any public record, as detailed in the naming analysis submitted to the state court. (*See* Exhibit C, Naming Analysis).

### B. The Underlying State Court Case and Denial of Due Process

20.     On or about June 6, 2025, Plaintiff filed a complaint in the El Dorado County Superior Court, Case No. 25CV1460.

21.     On July 17, 2025, opposing counsel filed a Motion for Sanctions and a Motion to Dismiss and Designate Plaintiff a Vexatious Litigant.

- 3 -

22.     Opposing counsel filed a "Proof of Service" claiming these motions were served on Plaintiff via email, despite the absence of any agreement for electronic service as required by California law, rendering the service **fraudulent**. (*See* Exhibit D, Proof of Service).

23.     Critically, Plaintiff **never received the Motion to Dismiss and Designate Plaintiff a Vexatious Litigant**, and remains unaware of its contents or legal basis, thereby defeating both notice and personal jurisdiction.

**C. The Hearing: Judicial Bias and Due Process Denied**

24.     A hearing on the motions was held on September 12, 2025, before Defendant Judge Leanne K. Mayberry. Plaintiff appeared telephonically due to disability. **Because the Superior Court failed or refused to produce an official hearing transcript, the following account of the hearing is drawn from Plaintiff's sworn Declaration.**

25.     At the outset of the hearing, Judge Mayberry engaged in discriminatory conduct and denied Plaintiff the opportunity to speak:

26.     At the outset of the hearing, the following exchange occurred, which is attested to by Plaintiff **in the attached Declaration:** (*See* **Exhibit E, Formal Complaint of Judicial Misconduct (Sept. 19, 2025) (Plaintiff's Sworn Declaration of Facts)**):

- o      **Judge Mayberry:** "Mr. Yakovlev, state your appearance."

- o      **Plaintiff:** "Mx. Alexandr Yakovlev, pro se."

- o      **Judge Mayberry:** "Mr. Yakovlev."

- o      **Plaintiff:** "I was unable to reserve oral argument due to a medical appointment."

- o      **Judge Mayberry: "I prohibit you from talking. If you speak, I will silence you."**

27.     Immediately after silencing Plaintiff, Judge Mayberry issued rulings from the bench, subsequently entering written orders (*See* **Exhibit F**, Written Orders):

- o      Dismissing Plaintiff's case **with prejudice.**

- o      Designating Plaintiff a vexatious litigant based on the 2009 order.

- 4 -

o      Imposing **monetary sanctions** against Plaintiff in the amount of **$20,880.50**.

28.      These orders are **void *ab initio*** because they were entered without personal jurisdiction (due to fraudulent service) and without due process (denial of notice and the fundamental opportunity to be heard).

**D. Systematic Blockade on Judicial Access**

29.      Following the void September 12, 2025 orders, Plaintiff attempted to file multiple documents with the El Dorado Superior Court, including Notices of Appeal and a Motion to Vacate the Void Judgment.

30.      The Clerk of the Superior Court **rejected every single filing** submitted by Plaintiff, citing the case was "dismissed with prejudice" or that Plaintiff was a "vexatious litigant subject to a prefiling order." (*See* **Exhibit G**, Superior Court Rejection Notices). This constitutes a **100% blockade** on Plaintiff's access to the trial court.

**E. Denial of Appellate Relief**

31.      Blocked at the trial court, Plaintiff sought permission from the CA 3rd District Court of Appeal, to file a writ of mandate to challenge the superior court's unconstitutional actions.

32.      On October 15, 2025, an Acting Presiding Justice **denied Plaintiff's request**, finding a failure to show the litigation had "merit." (*See* **Exhibit H**, Court of Appeal Denial Order). This finding was objectively unreasonable given the conclusive evidence of mistaken identity and the void orders.

33.      Plaintiff then filed a detailed **"Motion for Recognition of Distinct Identity"** with the Court of Appeal on October 19, 2025, providing undeniable proof of their post-2016 legal status. (*See* **Exhibit I**, Motion for Recognition).

34.      On October 21, 2025, Defendant Clerk Colette M. Bruggman, acting under court direction, **rejected this motion without submitting it for judicial review**, falsely characterizing it as an improper "petition for rehearing." (*See* **Exhibit J**, Court of Appeal Rejection Notice).

**F. Irreparable Harm**

35.        As a direct result of being completely barred from the California court system, Plaintiff is unable to file a defense, motion, or appeal in any state court matter, including defending against civil actions initiated by adverse parties that require an immediate judicial response.

36.        The $20,880.50 sanctions order threatens the **garnishment of Plaintiff's essential disability benefits**, upon which they rely for subsistence, causing immediate financial catastrophe.

37.        The stress and discrimination inherent in these events have exacerbated Plaintiff's disabilities, requiring **multiple hospitalizations**. (*See* **Exhibit K**, Medical Records Summary).

**V. CLAIMS FOR RELIEF**

**COUNT I: Violation of 42 U.S.C. § 1983 – Due Process**

**(Against All Defendants in their Official Capacities)**

38.        Plaintiff realleges and incorporates by reference the preceding paragraphs.

39.        Defendants, acting under color of state law, have deprived Plaintiff of protected liberty and property interests, including the right to court access and the right to be free from wrongful sanctions and judgments.

40.        This deprivation occurred without the due process of law guaranteed by the Fourteenth Amendment. Plaintiff was denied fundamental fairness through a lack of **notice** (unseen motion), a lack of an **opportunity to be heard** (silenced at the hearing), and the **systematic rejection of all subsequent filings** at both the trial and appellate levels.

41.        The actions of Defendants were arbitrary, conscience-shocking, and entered in the complete absence of jurisdiction, rendering the underlying state court orders void.

**COUNT II: Violation of 42 U.S.C. § 1983 – First Amendment Right to Petition**

**(Against All Defendants in their Official Capacities)**

42.        Plaintiff realleges and incorporates by reference the preceding paragraphs.

EMERGENCY COMPLAINT FOR VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

43.     Defendants have implemented a pattern and practice that completely forecloses Plaintiff's fundamental **First Amendment right to petition the government for redress of grievances** through the courts.

44.     This absolute and indiscriminate bar on all court access, based on a demonstrable, non-jurisdictional error of fact (mistaken identity), is not a reasonable procedural regulation but a substantive denial of a fundamental right to access justice.

**COUNT III: Violation of 42 U.S.C. § 1983 – Equal Protection**

**(Against Defendant Mayberry in her Official Capacity)**

45.     Plaintiff realleges and incorporates by reference the preceding paragraphs.

46.     Defendant Mayberry engaged in **unlawful discrimination** against Plaintiff based on their **gender identity**.

47.     This discrimination is evidenced by her deliberate refusal to use Plaintiff's correct non-binary honorific **"Mx.,"** her immediate silencing of Plaintiff following this correction, and the resulting adverse, sanctions-laden ruling.

48.     These actions were motivated by animus against Plaintiff's non-binary identity and lack any rational relationship to a legitimate state interest, violating the Equal Protection Clause of the Fourteenth Amendment.

**COUNT IV: Violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132**

**(Against All Defendants in their Official Capacities as Public Entities)**

49.     Plaintiff realleges and incorporates by reference the preceding paragraphs.

50.     Defendants are public entities subject to Title II of the ADA. Plaintiff is a qualified individual with a disability.

51.     Defendants have discriminated against Plaintiff by reason of their disability and have failed to ensure effective communication and access, including but not limited to:

o    Denying Plaintiff the opportunity to participate in or benefit from the courts' services, programs, or activities, through the denial of reasonable accommodations.

o    The failure to ensure effective communication, particularly by making telephonic appearance and proper filing accommodations unworkable.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Alexandr Yakovlev respectfully requests that this Court enter judgment against Defendants and grant the following emergency relief:

**A. Declaratory Judgment**

1. A declaratory judgment that Plaintiff, Alexandr Yakovlev, is **not** the "Alex Yakovlev" subject to the 2009 vexatious litigant prefiling order.

2. A declaratory judgment that the orders entered by the El Dorado Superior Court on September 12, 2025, in Case No. 25CV1460 are **void** *ab initio* and of no legal effect.

3. A declaratory judgment that Defendants have violated Plaintiff's rights under the Due Process Clause, the Equal Protection Clause, the First Amendment, and Title II of the ADA.

**B. Preliminary and Permanent Injunctive Relief**

1. **Enjoining all Defendants** from rejecting, blocking, or refusing to file any future submission from Plaintiff based on the 2009 vexatious litigant order.

2. **Enjoining all Defendants** from taking any action to enforce the void September 12, 2025 sanctions order, including any attempt to garnish Plaintiff's disability benefits.

3. **Compelling the Court of Appeal, Third Appellate District,** to immediately accept, file, and decide on the merits Plaintiff's "Motion for Recognition of Distinct Identity."

4. **Vacating** the September 12, 2025 El Dorado Superior Court orders in Case No. 25CV1460.

**C. Ancillary Relief**

1. An award of nominal damages.

2. An award of the costs of this action.

3. An order requiring the Clerk of this Court to provide reasonable accommodations to Plaintiff, including but not limited to, permitting the electronic submission of documents via email and allowing participation in all hearings via audio-only telephone connection.

4. Any such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED: October 23, 2025

Respectfully submitted,

*Alexandr Yakovlev, Pro Se*

**VERIFICATION**

I, Alexandr Yakovlev, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on October 23, 2025, in South Lake Tahoe, California.

*Alexandr Yakovlev, Pro Se*

**VII. EXHIBITS**

A. Asylum Approval (October 13, 2016)

B. SSN Processing Letter (October 2016)

C. Comprehensive Eastern European Naming Analysis

D. Proof of Service and Motion for Sanctions (The documents Plaintiff received)

E. Formal Complaint of Judicial Misconduct (Sept. 19, 2025) (Sworn Declaration of Facts)

F. Written Void Orders (September 12, 2025)

G. Superior Court Rejection Notices

H. Court of Appeal Denial Order (October 15, 2025)

I. Court of Appeal Rejection Notice (October 21, 2025)

J. Motion for Recognition of Distinct Identity (October 19, 2025)

K. Medical Records Summary (Irreparable Harm)

EMERGENCY COMPLAINT FOR VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

**DEPARTMENT OF HOMELAND SECURITY** ~~ent of Homeland Security~~
U.S. Customs and Border Protection

**ASYLUM STATUS**
**Granted Indefinitely**
Section 208
Immigration and Nationality Act

**Departure Record**

Admission Number

OCT 1 3 2016

SIGNATURE

A0318    Z    No. 045

U.S. CITIZENSHIP AND IMMIGRATION SERVICES

18. Family Name
**YAKOVLEV**

19. First (Given) Name
**ALEK**

20. Birth Date (DD/MM/YY)

21. Country of Citizenship
**Stateless**

CBP Form 1-94 (05/08)

See Other Side    **STAPLE HERE**

# Exhibit A

Exhibit B

# Social Security Administration
## Important Information

Office Address:
Social Security Administration
SOCIAL SECURITY ADMIN
SUITE 100
1250 S. BUFFALO DR
LAS VEGAS, NV 89117-8329
Phone: 866-614-4770
Date: October 20, 2016

A.YAKOVLEV
GENERAL DELIVERY
LAS VEGAS, NV 89165-9999

Thank you for applying for a Social Security card.

Your application for the Social Security card was accepted.

Please contact us in 4 to 6 weeks to verify status of your Social Security card. If you come in for a personal interview please bring us the document(s) to verify your identity.

**This notice is proof of eligibility for a Social Security number or card.**

## If You Have Any Questions

If you have any questions about a Social Security card please call us at the number shown at the top of this letter.  You may also visit us at the address shown at the top of this letter.

For general information about Social Security or questions about your benefits, please:

- Visit our website at www.socialsecurity.gov.

- Call us toll-free at 1-800-772-1213. We can answer most questions over the phone. If you are deaf or hard of hearing, our toll-free TTY number is 1-800-325-0778.

- Write or visit any Social Security office.

If you do call or visit an office, please have this letter with you.  It will help us answer your questions.

Form SSA-L676(06-2013)

# EXHIBIT C

**COMPREHENSIVE EASTERN EUROPEAN NAMING ANALYSIS: "ALEX"**

**I. OFFICIAL NAME VARIANTS FOR "ALEX"**

| Legal Name | Gender | Origin | Diminutives |
|---|---|---|---|
| Aleksandr | Male | Russian | Sasha, Shurik, **Alex** |
| Oleksandr | Male | Ukrainian | Sasha, **Alex** |
| Alexei | Male | Russian | Alyosha, Lesha, **Alex** |
| Aleksandra | Female | Russian | Sasha, Shura, **Alex** |
| Oleksandra | Female | Ukrainian | Sasha, **Alex** |
| Alexandru | Male | Romanian | Sandu, **Alex** |
| Alessandro | Male | Italian | Sandro, **Alex** |
| Alejandro | Male | Spanish | Ale, Jandro, **Alex** |
| Alexandros | Male | Greek | **Alex** |
| Alexia | Female | Greek | Lexi, **Alex** |
| Alexandrina | Female | Romanian | Drina, Sandra, **Alex** |
| Alessandra | Female | Italian | Sandra, **Alex** |
| Alexius | Male | Greek | **Alex** |
| Olexiy | Male | Ukrainian | Olek, **Alex** |

1

# Exhibit C

| Legal Name | Gender | Origin | Diminutives |
|---|---|---|---|
| Sandor | Male | Hungarian | **Alex** (regional) |
| Iskander | Male | Arabic/Persian | **Alex** (anglicized) |

## II. CULTURAL NICKNAME EQUIVALENTS

**Russian/Ukrainian:**

- Sasha (unisex) - primary diminutive for Alexander/Alexandra
- Shura (male/female) - secondary diminutive
- Alyosha (male) - for Alexei
- Olek (male) - Ukrainian variant

**Mediterranean:**

- Sandro (male) - Italian/Spanish
- Sandra (female) - International
- Ale (male) - Spanish

## III. SOURCES AND REFERENCES

1. **Behind the Name (**behindthename.com**)**
   - o "Alexander" entry with international variants
   - o Diminutive forms across cultures
2. **Oxford Dictionary of First Names**
   - o Historical usage of Alexander/Alexandra variants
   - o Cultural adaptation patterns
3. **USCIS Name Matching Guidelines**
   - o Recognition of name variations in immigration context
   - o Allowance for diminutive and nickname forms
4. **Social Security Administration Data**
   - o Name frequency and variant tracking
   - o Cultural naming pattern analysis
5. **Linguistic Society of America**
   - o Studies on name diminutives across languages
   - o Cross-cultural naming conventions

2

# Exhibit D

Brian L. Hoffman (State Bar No. 150824)
bhoffman@wshblaw.com
Jessica M. Zaragoza (State Bar No. 321953)
jzaragoza@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
501 West Broadway, Suite 1200
San Diego, California 92101
Phone: 619.849.4900 ♦ Fax: 619.849.4950

Attorneys for MARCHITA MASTERS, PSY.D.

**ELECTRONICALLY FILED**
Superior Court of California,
County of El Dorado
**07/17/2025 at 06:22:20 PM**
By: Katherine Burtt, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF EL DORADO

ALEXANDER YAKOVLEV,

                    Plaintiff,

          v.

MARCHITA MASTERS, PSY.D.,

                    Defendant.

Case No. 25CV1460

**DEFENDANT MARCHITA MASTERS, PSY.D.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO CAL. CODE OF CIVIL PROCEDURE §§ 128.5 AND 128.7**

Date:      September 12, 2025
Time:     1:30 p.m.
Dept.:    4
The Hon. Leanne K. Mayberry
~~The Hon. Michael H. Priel, Dept. 12~~

Action Filed:         06/06/2025

Trial Date:          None Set

**TO THE ABOVE-ENTITLED COURT AND ALL PARTIES**

**PLEASE TAKE NOTICE** that on **September 12, 2025, at 1:30 p.m.,** or as soon thereafter as the matter may be heard in Department 4 of the above-captioned Court, located at 1354 Johnson Blvd, South Lake Tahoe, CA 96150, Defendant MARCHITA MASTERS, PSY.D. ( "Defendant" or "Dr. Masters") will and hereby moves the Court, under California Code of Civil Procedure sections 128.5 and 128.7, for an Order for the imposition of sanctions against Plaintiff ALEXANDER YAKOVLEV ("Plaintiff" or "Mr. Yakovlev"). In a separate, but related, motion Dr. Masters also filed a motion to dismiss Mr. Yakovlev's, a vexatious litigant, complaint pursuant to California Code of Civil Procedure section 391.7.

38808352.1:10386-0750

-1-

DEFENDANT MARCHITA MASTERS, PSY.D.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS
PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §§ 128.5 AND 128.7

*(left margin, vertical)* WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

# Exhibit D

## PROOF OF SERVICE

### Alex Yakovlev v. Marchita Masters
### Case No. 25CV1460

I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 501 West Broadway, Suite 1200, San Diego, CA 92101.

On July 17, 2025, I served the following document(s) described as **DEFENDANT MARCHITA MASTERS, PSY.D.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §§ 128.5 AND 128.7** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address blongenecker@wshblaw.com to the persons at the electronic notification address listed in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was not successful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 17, 2025, at San Diego, California.

*Brenna Longenecker*
Brenna N. Longenecker

SERVICE LIST
Alex Yakovlev v. Marchita Masters
Case No. 25CV1460
Alex Yakovlev
750 Emerald Bay Road, #205
S. Lake Tahoe, CA 96150
Email: aleksummerfield@gmail.com

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.848.4900 ♦ FAX 619.848.4950

# Exhibit E

**Date Submitted**

9/19/2025 9:58 AM

**Entry Number**

12,012

* Indicates a required field

## Your information

### Complainant 1

**Your name**

Alexandr Yakovlev

**Your pronouns (e.g., he/him; she/her; they/them)**

they/them

**Your email**

750emerealdbay@gmail.com

**Your telephone number**

(530) 494-9406

**Your address**

General Delivery, South Lake Tahoe, California 96151

## Your attorney (if any)

### Attorney 1

**Your attorney's name**

**Your attorney's email**

**Your attorney's telephone number**

## Judge and conduct

### Judge 1

**Name of judge**

Vicki Ashworth

**Or Name of court commissioner or referee**

Leanne K. Mayberry

**Court Level**
Superior Court

**County**
El Dorado

**Type of court case**
General Civil

**Case name**
Alexandr Yakovlev vs. Marchita Masters

**Case number**
25CV1460

**Your relationship to the case**
Litigant/Family/Friend

**Date or dates conduct occurred**
September 17, 2025

**Please specify what action or behavior of the judge, court commissioner or referee is the basis of your complaint. Provide relevant dates and the names of others present. (Attach additional pages if necessary.)***

**Complaint**
DATE: September 19, 2025

TO: The Commission on Judicial Performance
455 Golden Gate Avenue, Suite 14400
San Francisco, California 94102

SUBJECT: FORMAL COMPLAINT OF JUDICIAL MISCONDUCT AGAINST HON. LEANNE K. MAYBERRY AND HON. VICKI ASHWORTH, SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO

1. Introduction and Summary of Complaint
This complaint details a shocking and unconstitutional breakdown of due process in the Superior Court of California, County of El Dorado, orchestrated by the judicial misconduct of Judge Leanne K. Mayberry and compounded by the actions of Presiding Judge Vicki Ashworth.
This is not a complaint about a simple legal error. It concerns a chain reaction of devastating judicial actions, beginning with Judge Mayberry knowingly or recklessly issuing a case-ending judgment based on demonstrable fraud, false evidence, and a clear case of mistaken identity presented by an opposing party's attorney. This initial void act was then used as the sole basis for Presiding Judge Ashworth to issue a pre-filing order, effectively exiling me from the courthouse.

The result is a perfect and unconstitutional "catch-22": I am now being told by court clerks that because of this void pre-filing order, I am forbidden from filing any document whatsoever, including a motion to quash service for the fraudulent motions that started this, or even a motion to set aside the very void judgment that bars my access. The court, through the actions of these judges, has created a situation where a fraudulent judgment is being used to shield itself from any and all review, resulting in a complete and total denial of my fundamental right of access to the courts. I am being punished for the court's own failure to prevent a fraud upon itself, and I respectfully request a full and immediate investigation.

**Exhibit E**

2. Judges Complained Against
1. Honorable Leanne K. Mayberry, Judge of the Superior Court, County of El Dorado.
2. Honorable Vicki Ashworth, Presiding Judge of the Superior Court, County of El Dorado.

3. Detailed Statement of Facts
A. Background and Complainant's Vulnerable Status I am a pro se litigant with medically-diagnosed disabilities, including cognitive disorders and limited English proficiency, a status of which the court was fully aware. My underlying civil case (No. 25CV1460) sought redress for fraud and perjury. Throughout the case, the defendant consistently evaded service, requiring me to go to extraordinary lengths to pursue my legal rights.

B. Defendant's Counsel's Fraudulent Motion and Procedural Violations In the summer of 2025, defendant's counsel announced their intention to file a motion to dismiss and for sanctions. Their motion was based on two profoundly flawed premises:
1. Lack of Service: Counsel never properly served me with the motion, a fact I raised in my written opposition. They proceeded based on a defective proof of service.
2. Ignored Safe Harbor Notice: On August 21, 2025, I served counsel with a mandatory 21-day "safe harbor" notice under CCP § 128.7, giving them the opportunity to withdraw their frivolous motion. They ignored this legal requirement.
3. The Fraudulent "Vexatious Litigant" Claim: The core of counsel's motion was the outrageous and false claim that I am a vexatious litigant. Counsel represented to the court that this information was taken "from public records." In reality, those records belong to a completely different person who happens to have a similar name. This was not a minor error; it was a fabricated identity used as the central justification for dismissing my entire case.

C. The Hearing of September 12, 2025: Judge Mayberry's Misconduct The hearing before Judge Mayberry was not an impartial proceeding.
1. Disregard for Due Process: Judge Mayberry chose to proceed with the hearing despite my clear objections regarding the lack of proper service and counsel's failure to comply with the safe harbor notice period. She dismissed these fundamental due process requirements out of hand.
2. Adoption of Obvious Fraud: Despite my protests and the flimsy nature of the evidence, Judge Mayberry uncritically accepted counsel's false claim that I was a vexatious litigant. She abandoned her own tentative ruling from the prior day (which had been favorable to me) and chose to adopt the defendant's fraudulent narrative without any critical inquiry.
3. Demonstration of Personal Bias and Prejudice: During the hearing, Judge Mayberry repeatedly misgendered me. When I respectfully corrected her for the second time, stating my proper honorific is "Mx.," she did not apologize or correct herself. Instead, she became visibly irritated and threatened to mute me for the "interruption." She effectively silenced me, demonstrating overt hostility and a profound lack of judicial temperament and impartiality required by the Code of Judicial Ethics.

D. The Foundational Void Order Signed by Judge Mayberry On September 12, 2025, Judge Mayberry signed the order proposed by defendant's counsel. This order, born of fraud and procedural violations:
• Dismissed my entire case (No. 25CV1460) with prejudice.
• Falsely designated me as a vexatious litigant based on the proven case of mistaken identity.

E. The Unlawful Cascade: Compounding Misconduct by Court Officials Judge Mayberry's void order triggered a series of improper administrative actions:
1. Administrative Closures: My other pending civil cases in the same court were summarily and administratively closed without any notice or hearing.
2. Improper Notices: Deputy Clerk Katherine Burtt then sent "Notices of Vexatious Litigant" to the defendants in my other now-closed cases, disseminating the court's fraudulent finding and damaging my legal standing in those matters.
3. The Derivative Pre-Filing Order by Presiding Judge Ashworth: Based solely on Judge Mayberry's fraudulent and void order, and without any independent hearing or fact-finding, Presiding Judge Vicki Ashworth signed a sweeping pre-filing order titled "Order Denying Plaintiff to File New Litigation." This order stripped me of my right to file any new litigation without prior court approval.

F. The Complete and Unconstitutional Denial of Access to the Courts The combined effect of these orders has created an impossible and illegal situation. Armed with the pre-filing order signed by Presiding Judge Ashworth, the

EXHIBIT

court clerk's office now refuses to accept any document from me for filing.

I have attempted to file a motion to set aside the fraudulent dismissal of my cases. The clerks refused, stating that because of the pre-filing order and because my cases are "dismissed with prejudice," I am legally barred from filing anything.

This is the crux of the injustice: I am being prevented from challenging a void judgment because of a derivative order that is itself void. The court is using its own fraudulent ruling to shield itself from review. This is not the rule of law; it is an unconstitutional administrative trap that has completely and totally deprived me of my right to be heard.

4. Allegations of Judicial Misconduct
The actions described above constitute serious violations of the California Code of Judicial Ethics.

Regarding Judge Leanne K. Mayberry:
• Failure to Uphold the Law and Ensure Due Process (Canons 2A, 3B(2), 3B(8)): A judge must respect and comply with the law and ensure every person has a right to be heard. By ignoring the fatal defects of improper service and the violation of the mandatory safe harbor notice, Judge Mayberry failed in this primary duty. Her decision to proceed with the hearing and issue a judgment demonstrated a willful disregard for the basic principles of due process.
• Failure to Be Fair and Impartial, and Manifestation of Bias (Canons 3B(4), 3B(5)): A judge must be patient, dignified, and courteous, and must not, by words or conduct, manifest bias or prejudice based on gender identity or any other protected status. Judge Mayberry's hostile reaction to being corrected on my honorific, followed by her act of silencing me, was a clear manifestation of personal bias. Her uncritical acceptance of a transparently fraudulent and prejudicial claim from one party while silencing the other is the very antithesis of impartiality.
• Conduct Prejudicial to the Administration of Justice (Canon 2A): By allowing her courtroom to be a venue for extrinsic fraud and by issuing a judgment based on that fraud, Judge Mayberry has severely damaged public confidence in the integrity and impartiality of the judiciary. Her actions created a void judgment that has thrown the court's own records into disarray and caused a cascade of unconstitutional harms.
Regarding Presiding Judge Vicki Ashworth:
• Failure to Uphold the Law and Ensure Due Process (Canons 2A, 3B(2)): A pre-filing order is an extreme remedy that severely restricts a citizen's constitutional right of access to the courts. By issuing such an order based solely on another judge's contested and facially fraudulent finding, without providing an independent hearing or opportunity to be heard, Presiding Judge Ashworth failed in her duty to ensure that such a drastic measure was legally and factually warranted. She effectively "rubber-stamped" a void order, transforming a single case's fraudulent dismissal into a system-wide ban on my access to justice.
• Conduct Prejudicial to the Administration of Justice (Canon 2A): By lending the authority of her administrative office to enforce and expand upon Judge Mayberry's void order, Presiding Judge Ashworth became a party to the deprivation of my rights. Her pre-filing order is now the primary instrument being used by the clerk's office to prevent the correction of the underlying fraud, thereby perpetuating a manifest injustice and bringing the judiciary into disrepute.

5. Harm Suffered
As a direct result of these judges' actions, I have suffered irreparable harm. My meritorious lawsuit has been wrongfully dismissed with prejudice. My other pending cases have been improperly closed. Most egregiously, I have been completely stripped of my fundamental right to access the judicial system to seek redress for these very wrongs. I am in a procedural prison created by the court itself.

6. Conclusion
The conduct of Judge Mayberry constitutes a grave departure from her ethical obligations to be fair, impartial, and a guardian of due process. The subsequent action of Presiding Judge Ashworth compounded this misconduct, creating an unconstitutional barrier to justice. This is not a mere disagreement with a ruling; it is a complaint about the fundamental corruption of the judicial process by the very individuals sworn to protect it.
I implore the Commission to conduct a full and thorough investigation into these serious allegations.

7. Declaration
I, Alexandr Yakovlev, declare under penalty of perjury under the laws of the State of California that the foregoing statements of fact are true and correct to the best of my knowledge and belief.
Executed on September 19, 2025, at El Dorado County, California.

*Alexandr Yakovlev*

# Exhibit F

1

2

3

4                                  **FILED**
Superior Court of California,
County of El Dorado
/ 8.01.1/ 14
By: Katherine Burtt, Deputy Clerk

5

6

7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **COUNTY OF EL DORADO**

10

| | |
|---|---|
| 11    ALEXANDER YAKOVLEV, | Case No. 25CV1460 |
| 12          Plaintiff, | ~~[PROPOSED]~~ ORDER GRANTING **DEFENDANT MARCHITA MASTERS,** |
| 13    v. | **PSY.D.'S MOTION FOR SANCTIONS PURSUANT TO CAL. CODE OF CIVIL** |
| 14    MARCHITA MASTERS, PSY.D., | **PROCEDURE §§ 128.5 AND 128.7** |
| 15          Defendant. | Date:     **September 12, 2025** |
| 16 | Time:     **1:30 p.m.** <br> Dept.:     **4** |
| 17 | The Hon. Michael H. Friel, Dept. 12 |
| 18 | Action Filed:       06/06/2025 <br> Trial Date:        None Set |

19

20                        **~~[PROPOSED]~~ ORDER**

21       Defendant MARCHITA MASTERS, PSY.D.'S ("Defendant" or "Dr. Masters"), Motion for

22 Sanctions Pursuant to Cal. Code of Civil Procedure §§ 128.5 and 128.7, came on September 12,

23 2025, at 1:30 p.m., Department 4 of the California Superior Court, County of El Dorado.

24       The Court, having read and considered the Motion for Sanctions Pursuant to Cal. Code of

25 Civil Procedure §§ 128.5 and 128.7, all papers, having heard oral arguments of counsel, and after

26 due deliberation, **IT IS HEREBY ADJUDGED, ORDERED AND DECREED AS**

27 **FOLLOWS:**

28 / / /

ELECTRONICALLY RECEIVED
Superior Court of California,
County of El Dorado
07/17/2025 at 06:22:20 PM
By: Katherine Burtt, Deputy Clerk

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

# Exhibit F

1.    Defendant's Motion for Sanctions Pursuant to Cal. Code of Civil Procedure §§ 128.5 and 128.7 is GRANTED;

2.    It Is FURTHER ORDERED that sanctions in the amount of $1/ 477/ 4/    are imposed against Plaintiff Alexander Yakovlev, and in favor of Defendant; and

3.    Sanctions are ORDERED to be paid directly to Defendant's counsel of record within 15 calendar days of the date of hearing.

**IT IS SO ORDERED**.

DATED: Rdos 01  , 2025          By: _____

                                     Kd` mmd J - L ` xadqx

                                     Hon. Judge of the Superior Court of El Dorado County

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.848.4900 ♦ FAX 619.848.4950

[PROPOSED] ORDER GRANTING DEFENDANT MARCHITA MASTERS, PSY.D.'S MOTION FOR SANCTIONS PURSUANT TO CAL. CODE OF CIVIL PROCEDURE §§ 128.5 AND 128.7

Exhibit F

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

1

**PROOF OF SERVICE**

2

**Alex Yakovlev v. Marchita Masters**
**Case No. 25CV1460**

3

I am employed in the County of San Diego, State of California.  I am over the age of
4  eighteen years and not a party to the within action.  My business address is 501 West Broadway,
Suite 1200, San Diego, CA 92101.

5

On July 17, 2025, I served the following document(s) described as **[PROPOSED]**
6  **ORDER GRANTING DEFENDANT MARCHITA MASTERS, PSY.D.'S MOTION FOR**
**SANCTIONS PURSUANT TO CAL. CODE OF CIVIL PROCEDURE §§ 128.5 AND 128.7**
7  on the interested parties in this action as follows:

8

**SEE ATTACHED SERVICE LIST**

9

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an
agreement of the parties to accept service by e-mail or electronic transmission, I caused the
10  document(s) to be sent from e-mail address blongenecker@wshblaw.com to the persons at the
electronic notification address listed in the service list.  I did not receive, within a reasonable time
11  after the transmission, any electronic message or other indication that the transmission was not
successful.

12

I declare under penalty of perjury under the laws of the State of California that the
13  foregoing is true and correct.

14

Executed on July 17, 2025, at San Diego, California.

15

16

_____
Brenna N. Longenecker

17

18

19

20

21

22

SERVICE LIST
23  Alex Yakovlev v. Marchita Masters
Case No. R-SC-0028200
24  Alex Yakovlev
750 Emerald Bay Road, #205
25  S. Lake Tahoe, CA 96150
Email: aleksummerfield@gmail.com
26

27

28

38836712.1:10386-0750

-3-

[PROPOSED] ORDER GRANTING DEFENDANT MARCHITA MASTERS, PSY.D.'S MOTION FOR
SANCTIONS PURSUANT TO CAL. CODE OF CIVIL PROCEDURE §§ 128.5 AND 128.7

# Exhibit F

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

**FILED**
Superior Court of California,
County of El Dorado

/ 8.01.1/ 14
By : Katherine Burtt, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF EL DORADO

| | |
|---|---|
| ALEXANDER YAKOVLEV, | Case No. 25CV1460 |
| Plaintiff, | **[PROPOSED]** ORDER GRANTING DEFENDANT MARCHITA MASTERS, PSY.D.'S MOTION TO DISMISS COMPLAINT OF VEXATIOUS LITIGANT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 391.7 |
| v. | |
| MARCHITA MASTERS, PSY.D., | |
| Defendant. | |

Date: September 12, 2025
Time: 1:30 p.m.
Dept.: 4

The Hon. Michael H. Friel, Dept. 12

Action Filed: 06/06/2025
Trial Date: None Set

## [PROPOSED] ORDER

Defendant MARCHITA MASTERS, PSY.D.'S ("Defendant" or "Dr. Masters"), Motion to Dismiss Complaint of Vexatious Litigant Pursuant to Cal. Code of Civil Procedure § 391.7, came on September 12, 2025, at 1:30 p.m., Department 4 of the California Superior Court, County of El Dorado.

The Court, having read and considered the Motion to Dismiss the Complaint of Alexander Yakovlev, a Vexatious Litigant Pursuant to Cal. Code of Civil Procedure § 391.7, all papers, having heard oral arguments of counsel, and after due deliberation, **IT IS HEREBY**

ELECTRONICALLY RECEIVED
Superior Court of California,
County of El Dorado
07/17/2025 at 06:22:29 PM
By : Katherine Burtt, Deputy Clerk

**[PROPOSED]** ORDER GRANTING DEFENDANT MARCHITA MASTERS, PSY.D.'S MOTION TO DISMISS COMPLAINT OF VEXATIOUS LITIGANT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 391.7

# Exhibit F

**ADJUDGED, ORDERED AND DECREED AS FOLLOWS:**

1.     The Motion to Dismiss Alexander Yakovlev's Complaint, a Vexatious Litigant, pursuant to Cal. Code of Civil Procedure § 391.7 is GRANTED; and

2.     Plaintiff Alexander Yakovlev's Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: Rdos 01   , 2025            By: _____

Hon. Judge of the Superior Court of El Dorado County

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

[PROPOSED] ORDER GRANTING DEFENDANT MARCHITA MASTERS, PSY.D.'S MOTION TO DISMISS
COMPLAINT OF VEXATIOUS LITIGANT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 391.7

# Exhibit F

<u>**PROOF OF SERVICE**</u>

**Alex Yakovlev v. Marchita Masters**
**Case No. 25CV1460**

I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 501 West Broadway, Suite 1200, San Diego, CA 92101.

On July 17, 2025, I served the following document(s) described as **[PROPOSED] ORDER GRANTING DEFENDANT MARCHITA MASTERS, PSY.D.'S MOTION TO DISMISS COMPLAINT OF VEXATIOUS LITIGANT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 391.7** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address blongenecker@wshblaw.com to the persons at the electronic notification address listed in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was not successful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 17, 2025, at San Diego, California.

*Brenna Longenecker*

Brenna N. Longenecker

SERVICE LIST
Alex Yakovlev v. Marchita Masters
Case No. R-SC-0028200
Alex Yakovlev
750 Emerald Bay Road, #205
S. Lake Tahoe, CA 96150
Email: aleksummerfield@gmail.com

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

[PROPOSED] ORDER GRANTING DEFENDANT MARCHITA MASTERS, PSY.D.'S MOTION TO DISMISS COMPLAINT OF VEXATIOUS LITIGANT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 391.7

☰ **▱eFile**

🏠 Dashboard

🏛 Court Filings

✉ Service Requests

⊞ Guided Filings

▣ Transactions

🏛 Enable Court eFiling

👥 Service Providers

750emereldbay@gmail.com

**Type:** Court Filings / **Process:** 25CV1460 – Alexandr Yakovlev vs. Marchita Masters ✎ 🗑 / **Activity Details**

〰 **Activity Type:** File on Existing Case                    **Rejected**

**Description:** Envelope : 25ED00051363 ✎

**Started On:** 2025-09-12 05:46 PM PST                    **Hide Details ⌃**

Envelop# 25ED00051363 submitted on 2025-09-12 06:11 PM PST

**Filings**    Fees    Envelope Info    Case Parties    System Activities

█████████ Copy, Fix & File ▸

| # | Filing | Document(s) | Action |
|---|--------|-------------|--------|
| 1 | Rejected EFM Rejection | 📄 EFMRejection.pdf | |
| 2 | Rejected Motion | 📄 PLAINTIFFSOBJECTIONTOTENTATIVERULINGwith.pdf | metadata |
| 3 | Rejected Motion | 📄 PLAINTIFFSOBJECTIONTOANDMOTIONTOSTRIKE.pdf | metadata |
|   |        | ▷ Email  ⊡ Invite  ⊟ DB | |
| 4 | Rejected Motion | 📄 PLAINTIFFSOBJECTIONTOANDMOTIONTOSTRIKE.pdf | metadata |
| 5 | Rejected Notice: Other | 📄 ComplaintAgainstJudgeLeanneKMayberry91.pdf | metadata |
| 6 | Rejected Proof: Service | 📄 poscombineddiscoveryrequest91225.pdf | metadata |
| 7 | Rejected Request | 📄 CourtReporterTranscriptrequestfor91225.pdf | metadata |
| 8 | Rejected Request | 📄 m33transcriptorderform.pdf | metadata |
| 9 | Rejected Request | 📄 RequestforCourtReporterbyPartywithFee.pdf | metadata |

*Plaintiff is a vexatious litigant subject to a prefiling order under Code Civ. Proc., ÂÂ§ 391.7, subd. (a). To date, no prefiling order has been submitted.*

**Additional Services**

#1    Process Service  – Serve documents contained in this envelope and additional documents using process server

#2    Certified Mail  – Serve documents contained in this envelope and additional documents using certified mail



Exhibit G



**Type:** Court Filings  |  **Process:** 25CV1460 – Alexandr Yakovlev vs. Marchita Masters ✎ 🗑

/ Activity Details





🏠 Dashboard

🏛 Court Filings

📇 Service Requests

🔲 Guided Filings

📋 Transactions

🏛 Enable Court eFiling

👥 Service Providers

750emerealdbay@gmail.com



�ih Activity Type: File on Existing Case                    Rejected

**Description:** Envelope : 25ED00053539 ✎

**Started On:** 2025-10-07 12:54 AM PST                    Hide Details ∧

---

Envelop# 25ED00053539 submitted on **2025-10-07 01:08 AM PST**

Filings     Fees     Envelope Info     Case Parties     System Activities

| Refresh from court | Copy, Fix & File |

| # | Filing | Document(s) | Action |
|---|--------|-------------|--------|
| 1 | Rejected  EFM  Rejection | 📄 EFMRejection.pdf | |
| 2 | Rejected  Motion | 📄 NOTICEOFAPPEALCIVIL.pdf | metadata |
| 3 | Rejected  Notice: Appeal - Unlimited | 📄 NoticeofAppealAPP00292525.pdf | metadata |

✉ Email    📑 Invite    🗄DB

Exhibit G

Court of Appeal, Third Appellate District
Colette M. Bruggman, Clerk
Electronically FILED on 10/15/2025 by J. Villarreal, Deputy Clerk

# Exhibit H

## IN THE
## Court of Appeal of the State of California
### IN AND FOR THE
### THIRD APPELLATE DISTRICT

ALEXANDR YAKOVLEV,
    Petitioner,
    v.
THE SUPERIOR COURT
OF EL DORADO COUNTY,
    Respondent;
MARCHITA MASTERS,
    Real Party in Interest.

C104786
El Dorado County
No.  25CV1460

BY THE COURT:

    Petitioner's request for an order by the presiding justice for relief from a prefiling order to permit the filing of a petition for writ of mandate or prohibition is denied. Petitioner has failed to show "it appears that the litigation [the writ petition] has merit and has not been filed for the purposes of harassment or delay."  (Code Civ. Proc., § 391.7, subd. (b); *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216-1221, disapproved on other grounds by *John v. Superior Court* (2016) 63 Cal.4th 91.)

    The clerk of this court is directed to reject the petition for writ of mandate and or prohibition, application for waiver of court fees, and supporting documents submitted with the petition as of the date of this order.

/ROBIE, Acting P.J.

-------------------------------

cc: See Mailing List

**Exhibit 1**

OFFICE OF THE CLERK
**COURT OF APPEAL**
**Third Appellate District**
**State of California**

914 Capitol Mall
Sacramento, CA   95814-4814
916.654.0209
appellate.courts.ca.gov

COLETTE M. BRUGGMAN
Clerk/Executive Officer

TODD C. EYSTER
Assistant Clerk/Executive Officer

October 21, 2025

Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151

Re:   Yakovlev v. The Superior Court of El Dorado County
C104786
El Dorado County Super. Ct. No. 25CV1460

Dear Alexandr Yakovlev:

At the direction of the court, your motion for recognition of distinct identity and relief from
improper rejections and accompanying request to waive court fees received on October 19,
2025, are not being filed and are hereby rejected.   There are no provisions in the California
Code of Civil Procedure, section 391.7, for filing a petition for rehearing following the denial
of a request to file new litigation by a vexatious litigant.

Very truly yours,

COLETTE M. BRUGGMAN
Clerk/Executive Officer

*Julia Villarreal*

By:   Julia Villarreal
Assistant Deputy Clerk III

cc:   See Mailing List

# Exhibit J

Alexandr Yakovlev, Pro Se
General Delivery
South Lake Tahoe, CA 96151

## CALIFORNIA THIRD DISTRICT COURT OF APPEAL

ALEXANDR YAKOVLEV,

                         Plaintiff,

      vs.

THE SUPERIOR COURT OF CALIFORNIA,
COUNTY OF EL DORADO, Respondent,

MARCHITA MASTERS, Defendant /
              Real Party in Interest;

JUDGE LEANNE K. MAYBERRY, Trial Judge;

JUDGE VICKI ASHWORTH, Presiding Judge;

WOOD SMITH HENNING & BERMAN LLP,
counsel for Defendant /
      Real Party in Interest Marchita Masters.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No.: C104786**

**MOTION FOR RECOGNITION OF
DISTINCT IDENTITY AND RELIEF
FROM IMPROPER REJECTIONS**

(CCP § 391.7(b); Cal. Rules of Court, Rules
8.40, 8.100, 8.204)

From the Superior Court of California,
County of El Dorado
Case No. 25CV1460

The Honorable Leanne K. Mayberry, Judge

**TO THE HONORABLE PRESIDING JUSTICE AND ASSOCIATE JUSTICES OF THE
COURT OF APPEAL, THIRD APPELLATE DISTRICT:**

       Petitioner Alexandr Yakovlev, proceeding pro se, moves for an order: (1) recognizing they
are not the "Alex Yakovlev" subject to a 2009 San Francisco vexatious litigant prefiling order; (2)
vacating improper clerk rejections; and (3) compelling acceptance and docketing of Petitioner's writ
petition, notices of appeal, and materials *nunc pro tunc* to October 5, 2025, with ADA
accommodations. This motion cures deficiencies in the 10/15/25 prefiling denial (CCP § 391.7(b)),
showing merit and no harassment intent.

## I. INTRODUCTION

       The Clerk's rejections of Petitioner's filings, including notices of appeal (Exhibits C, E),
based on a mistaken 2009 San Francisco order, constitute an unconstitutional prior restraint on court

Document received by the CA 3rd District Court of Appeal.

MOTION FOR RECOGNITION OF DISTINCT IDENTITY AND RELIEF FROM IMPROPER REJECTIONS

# Exhibit J

access (*Boddie v. Connecticut* (1971) 401 U.S. 371). Petitioner, a disabled litigant using the honorific "Mx.," is Alexandr Yakovlev, granted asylum in 2016 (Exhibit A), with no U.S. legal presence or litigation capacity pre-2016 due to undocumented status (Declaration, ¶¶ 3–5). The "Alex Yakovlev" order is void as applied to them (*In re Shieh* (1993) 17 Cal.App.4th 1154).

The El Dorado Superior Court's orders (Exhibit B) are void ab initio, procured by extrinsic fraud through forged proof of service via email on July 17, 2025, for motions seeking prefiling restrictions and sanctions, without an email service agreement, violating the safe harbor period (CCP § 128.7(c)(1)), and compounded by judicial bias prohibiting Petitioner's oral hearing participation after correcting the judge's misgendering (Declaration, ¶ 6). The court's systematic rejection of all efilings, including notices of appeal (Exhibit E), conceals these jurisdictional defects, prejudicing Petitioner's rights. Clerical enforcement, without judicial review, violates ministerial duties (Cal. Rules of Court, Rules 2.259(c), 8.40) and ADA Title II (42 U.S.C. § 12132). The writ petition challenges these void orders, meriting review (*Rochin v. Pat Johnson Mfg. Co.* (1998) 67 Cal.App.4th 1228).

## II. STATEMENT OF FACTS

1.  **Identity Established Post-2016**: Petitioner's U.S. legal identity began with asylum approval on October 13, 2016 (Exhibit A) and SSN Processing in October 2016 (Exhibit D). Pre-2016, they were undocumented, unable to litigate without risking deportation (Declaration, ¶¶ 3–5).

2.  **No 2009 Litigation**: The 2009 San Francisco order against "Alex Yakovlev" cannot apply to Petitioner, who had no U.S. legal capacity or presence in 2009 (Declaration, ¶¶ 4–5).

3.  **El Dorado Fraud and Void Orders**: On July 17, 2025, Defendant's counsel filed motions for prefiling restrictions and sanctions with two proposed orders, falsely claiming email service (Exhibit B) without Petitioner's express consent (CCP § 1010.6(a)(2)), ignoring the 21-day safe harbor period (CCP § 128.7(c)(1)). The Superior Court, through Judge Leanne K. Mayberry, issued void orders on September 12, 2025, dismissing Case No. 25CV1460, imposing $20,880.50

MOTION FOR RECOGNITION OF DISTINCT IDENTITY AND RELIEF FROM IMPROPER REJECTIONS

Exhibit J

sanctions, and designating Petitioner vexatious (Exhibit B) without jurisdiction due to forged proof of service and perjury. The judge, exhibiting bias, misgendered Petitioner as "Mr. Yakovlev," and when corrected to "Mx. Yakovlev," prohibited their participation in the oral hearing, shielding the void orders from challenge (Declaration, ¶ 6).

4.    **Systematic Rejections to Conceal Defects**: The Superior Court rejected all Petitioner's efilings, including notices of appeal (9/12/25–10/7/25, Exhibit E, Nos. 25ED00051382, 51699, 51836, 53165, 51363, 53539), citing the void 2009 order or "dismissed" status, to prevent voiding the defective orders based on fraud, forgery, perjury, and judicial bias (Declaration, ¶ 7).

5.    **Appellate Rejections**: This Court's Clerk rejected filings (10/5/25–10/17/25, Exhibits C, E), citing the void 2009 order, blocking writ review.

6.    **Prior Denial**: On 10/15/25 Acting P.J. Robie denied prefiling relief, citing lack of merit/harassment (CCP § 391.7(b)). This motion provides evidence (Exhibits A, D; Declaration, ¶¶ 3–5) proving distinct identity and voidness, curing defects.

7.    **ADA Denial**: As a disabled litigant, Petitioner was denied accommodations (e.g., notice adaptations), exacerbating access barriers (Exhibit F).

### III. LEGAL BASIS FOR RELIEF

#### A. Misidentification Renders Enforcement Void

A vexatious litigant order applies only to the named individual (*In re Shieh* (1993) 17 Cal.App.4th 1154, 1166). Applying the 2009 order to Petitioner, a distinct person, is void for lack of jurisdiction and due process (*Mullane v. Central Hanover Bank* (1950) 339 U.S. 306). The Declaration (¶¶ 3–5) and Exhibits A, D prove Petitioner's post-2016 identity, making enforcement a fundamental error.

#### B. Clerks' Ministerial Duty Violated

Clerks must file documents without judging merits (Cal. Rules of Court, Rules 2.259(c), 8.40; *Carlson v. Dep't of Fish & Game* (1998) 68 Cal.App.4th 1268). The Superior Court's

Document received by the CA 3rd District Court of Appeal

# Exhibit J

rejections of all efilings, including notices of appeal (Exhibit E), citing a void order or "dismissed" status, usurp judicial functions to conceal jurisdictional defects, requiring vacatur.

### C. Extrinsic Fraud Vitiates Orders

The El Dorado orders (Exhibit B) are void due to extrinsic fraud: forged proof of email service on July 17, 2025, without consent (CCP § 1010.6(a)(2)), perjury in claiming service, and violation of the safe harbor period (CCP § 128.7(c)(1)). Defendant, sued for fraud, secured these orders without verification, prejudicing Petitioner (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975).

### D. Judicial Bias Invalidates Proceedings

Judge Mayberry's bias—misgendering Petitioner as "Mr. Yakovlev," refusing correction to "Mx.," and prohibiting oral hearing participation—violates due process and judicial impartiality (CCP § 170.1(a)(6)(A)(iii); *United Farm Workers v. Superior Ct.* (1985) 170 Cal.App.3d 97). This bias shielded the void orders, necessitating vacatur.

### E. ADA Title II Mandates Access

Courts must ensure disabled litigants' access (42 U.S.C. § 12132; *Tennessee v. Lane* (2004) 541 U.S. 509). Unaccommodated rejections (Exhibit F) breach federal law and compel relief.

### F. Nunc Pro Tunc Filing Proper

Improper rejections justify filing *nunc pro tunc* to October 5, 2025, to avoid prejudice (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276).

### G. Writ Has Merit, Not for Harassment

The writ challenges void orders (fraud, no service, bias, Exhibit B), a pure legal issue with public importance (disabled access, judicial integrity). No harassment intent exists—Petitioner seeks to vacate void orders and restore merits case (*John v. Superior Ct.* (2016) 63 Cal.4th 91).

### IV. RELIEF REQUESTED

Petitioner respectfully requests:

Document received by the CA 3rd District Court of Appeal

MOTION FOR RECOGNITION OF DISTINCT IDENTITY AND RELIEF FROM IMPROPER REJECTIONS

# Exhibit I

1.     Recognition that Alexandr Yakovlev is not the "Alex Yakovlev" of the 2009 San Francisco order.

2.     Vacatur of Clerk's rejections (Exhibits C, E).

3.     Acceptance and docketing of the writ petition, notices of appeal, and materials *nunc pro tunc* to October 5, 2025.

4.     Forwarding to a judicial officer for merits review.

5.     ADA accommodations (electronic notices to 750emerealdbay@gmail.com).

6.     Other just relief, including vacatur of void El Dorado orders (Exhibit B) for fraud, forgery, perjury, and bias.

**V. DECLARATION OF ALEXANDR YAKOVLEV**

I, Alexandr Yakovlev, declare under penalty of perjury under California law:

1.     I, the Petitioner using 'Mx.,' have personal knowledge of these facts.

2.     My U.S. legal identity began with asylum on October 13, 2016 (Exhibit A) and SSN Processing in October 2016 (Exhibit D).

3.     Before October 2016, I was an undocumented immigrant in the U.S., with no legal status, Social Security Number, or work authorization.

4.     During this period, I could not risk interactions with government or court systems, as filing a lawsuit would have required providing a name and contactable address, creating an immediate risk of detention, deportation, and loss of future legal rights.

5.     I did not initiate or participate in any litigation in the U.S. in 2009 or before, making it impossible for me to be the "Alex Yakovlev" subject to the 2009 San Francisco vexatious litigant order. Enforcement of that order against me is a factual and legal error.

6.     On July 17, 2025, Defendant's counsel filed motions for prefiling restrictions and sanctions with two proposed orders, falsely claiming email service (Exhibit B) without my express consent (CCP § 1010.6(a)(2)), ignoring the 21-day safe harbor period (CCP § 128.7(c)(1)). The El

Document received by the CA 3rd District Court of Appeal

# Exhibit I

1  Dorado Superior Court, through Judge Leanne K. Mayberry, issued void orders on September 12,

2  2025, dismissing Case No. 25CV1460, imposing $20,880.50 sanctions, and designating me

3  vexatious (Exhibit B) without jurisdiction due to forged proof of service and perjury. The judge

4  misgendered me as "Mr. Yakovlev," and when I corrected to "Mx." prohibited my participation in

5  the oral hearing, shielding the void orders from challenge due to my disability and identity.

6      7.      The Superior Court rejected all my efilings, including notices of appeal (9/12/25–

7  10/7/25, Exhibit E, Nos. 25ED00051382, 51699, 51836, 53165, 51363, 53539), citing the void 2009

8
9  order or "dismissed" status, to conceal the void orders' defects (fraud, forgery, perjury, bias).

10     8.      This Court's Clerk rejected filings (Exhibits C, E), citing the void 2009 order,

11  blocking my writ.

12     9.      As a disabled litigant, I was denied ADA accommodations (Exhibit F), worsening

13  access denial.

14     10.     My writ seeks to vacate void orders; it has merit for due process/ADA violations.

15
16     11.     I face irreparable harm (blocked merits case, $20,880.50 sanctions, distress).

17  Executed October 19, 2025, in South Lake Tahoe, California.

18  *Alexandr Yakovlev*

19  **Alexandr Yakovlev**
   *Petitioner Pro Se*

20  **VI. EXHIBITS**

21  • **Exhibit A:** Asylum Approval Notice (10/13/16).

22  • **Exhibit B:** El Dorado Orders and Filings (7/17/25 filed orders for prefiling

23  restrictions and motion for sanctions with forged proof of email service, motion for vexatious

24  litigant was not provided by the court; 9/12/25 signed dismissal, sanctions, vexatious designation).

25  • **Exhibit C:** Appellate Clerk Rejection Notices (10/15/25–10/17/25).

26  • **Exhibit D:** SSN Processing Letter (10/2016).

27  • **Exhibit E:** eFile Rejection Notices (9/12/25–10/7/25, Nos. 25ED00051382, 51699

   51836, 53165, 51363, 53539 including notices of appeal).

28  • **Exhibit F:** ADA Accommodation Request/Denial Records.

MOTION FOR RECOGNITION OF DISTINCT IDENTITY AND RELIEF FROM IMPROPER REJECTIONS

Document received by the CA 3rd District Court of Appeal.

10/23/25, 6:35 AM                    MyUCDavisHealth - Appointments and Visits

# My UCDAVIS HEALTH

Name: Alex Yakovlev | Legal Name: Alex Yakovlev | DOB: 12/18/1971

## Appointments and Visits                    Schedule an appointment

## Upcoming visits

### Future visits

**NOV 10 2025**
MR ABDOMEN WITH AND WITHOUT CONTRAST
Ambulatory Care Center
MRI
Arrive by 10:50 AM PST
Starts at 11:10 AM PST

**JAN 29 2026**
GI PROCEDURE
Maneesh Dave
Midtown Gastroenterology
Procedure
Arrive by 8:30 AM PST
Starts at 9:00 AM PST

## Past Visits

For additional information about Notes click here Open Notes Patients Frequently Asked Questions (FAQ).

https://mychart.ucdavis.edu/MyChart/Visits                              1/3

10/23/25, 6:35 AM                    MyUCDavisHealth - Appointments and Visits

### Last 3 months

**OCT 15 2025**
Orders Only
Maneesh Dave
Midtown Gastroenterology

**OCT 15 2025**
Patient Message

**OCT 14 2025**
Patient Message
A Stepanyuk, HUSC

**OCT 13 2025**
Patient Message
M Luna, HUSC

**OCT 8 2025**
Appointment
Ambulatory Care Center
Ultrasound
Rescheduled to Oct 01, 2025

**OCT 8 2025**
Appointment
Ambulatory Care Center
Ultrasound
Rescheduled to Oct 01, 2025

**OCT 7 2025**
Questionnaire Series Submission
Centralized GI

**OCT 7 2025**
Ancillary Orders
Provider Not In System
Centralized GI

**OCT 1 2025**
Hospital Outpatient Visit
Ambulatory Care Center CT

**OCT 1 2025**
Hospital Outpatient Visit
Ambulatory Care Center
Ultrasound

**SEP 23 2025**
Patient Message
A Stepanyuk, HUSC

**SEP 17 2025**
Telemedicine Scheduled
Cara Lee Torruellas

https://mychart.ucdavis.edu/MyChart/Visits                              2/3

# Exhibit K

Name: Alex Yakovlev | DOB: 12/18/1971 | MRN: E20884863 | PCP: Nusrat Uddin Tanni, MD | Legal Name: Alex Yakovlev

## Appointments and Visits

Schedule an appointment

View upcoming visits, past visits and other notes about your care

## Upcoming visits

○ Future visits

| NOV 3 2025 | Established Chiropractic Visit Valentin Krivitsky EHC Midtown First Floor Medical Starts at 8:45 AM PST |
|---|---|

## Past Visits and Other Notes

○ Last 3 months

| OCT 20 2025 | Office Visit Valentin Krivitsky EHC Midtown First Floor Medical |
|---|---|

| OCT 16 2025 | Telemedicine Visit Casimir Klim |
|---|---|

| OCT 9 2025 | Telemedicine Visit Nusrat Tanni |
|---|---|

| OCT 9 2025 | MyChart Encounter Nusrat Tanni |
|---|---|

| OCT 6 2025 | Office Visit Valentin Krivitsky EHC Midtown First Floor Medical |
|---|---|

| SEP 29 2025 | Office Visit Nusrat Tanni EHC 15th St Med |
|---|---|

| SEP 22 2025 | Office Visit Valentin Krivitsky EHC Midtown First Floor Medical |
|---|---|

| SEP 17 2025 | Telemedicine Visit Nusrat Tanni |
|---|---|

Oldest record loaded from 9/17/2025

MyChart® licensed from Epic Systems Corporation© 1999 - 2025