

FILED

NOV 0 3 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

Alexandr Yakovlev, Pro Se
General Delivery
South Lake Tahoe, CA 96151

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

ALEXANDR YAKOVLEV, Pro Se,

                      Plaintiff,

            v.

SHELBY WINEINGER, in their official capacity
as El Dorado County Court Executive Officer;
COLETTE M. BRUGGMAN, in their official capacity
as Clerk/Executive Officer of the California Court of
Appeal, Third Appellate District;
SUPERIOR COURT OF CALIFORNIA,
COUNTY OF EL DORADO; and
CALIFORNIA COURT OF APPEAL, THIRD
APPELLATE DISTRICT;

                    Defendants.

**Case No.: 2:25-cv-03110-DJC-CSK**

**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

Supported by the attached Verification of Alexandr Yakovlev and Exhibits A–L

## I. INTRODUCTION

This Emergency Motion for Temporary Restraining Order is submitted in immediate support of Plaintiff's concurrently filed Verified Amended Complaint. Plaintiff seeks emergency relief to prevent imminent and irreparable harm resulting from Defendants' ongoing constitutional and statutory violations.

On September 12, 2025, the Superior Court presided over a hearing where the judge, upon learning of Plaintiff's non-binary identity and disability, refused accommodations, silenced Plaintiff, and ruled on improperly served motions.

The hearing caused severe emotional distress, leading to Plaintiff's hospitalization the following day for abdominal pain, vomiting, and acute anxiety, as documented in an Emergency Room report that explicitly attributes the cause to "s/p court hearing" (Exhibit I — ER Report).

Defendants—the court executive officers and judicial entities—are enforcing these orders by systematically rejecting all of Plaintiff's filings, effectively denying access to appeal. This blockade

prevents Plaintiff from challenging a $20,880.50 sanctions order that threatens garnishment of essential disability benefits.

Plaintiff does not seek to sue the judge for damages, which is barred by judicial immunity. Instead, Plaintiff seeks only prospective injunctive relief against the ministerial officers and the courts as institutions who are carrying out the enforcement of this constitutionally defective judgment, halting ongoing violations of federal rights.

**II. OVERVIEW & NATURE OF ACTION**

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, seeking declaratory and injunctive relief to prevent enforcement of a judgment entered in violation of Plaintiff's constitutional and statutory rights.

On September 12, 2025, the Superior Court presided over a hearing in which the judge, upon learning of Plaintiff's non-binary identity and disability, refused to provide reasonable accommodations, silenced Plaintiff, and ruled on motions that were improperly served. As sworn in Declaration ¶¶ 4-5, Plaintiff later discovered that motions had been emailed without consent and mailed to the wrong address, with copies only received after the court sent the signed orders.

The hearing directly caused severe emotional distress, leading to hospitalization on September 13, 2025, for abdominal pain, vomiting, diarrhea, and acute anxiety (Exhibit I — ER Report). The ER report explicitly attributes the physical and emotional injuries to the court proceedings ("s/p court hearing").

Defendants—the court executive officers and the judicial entities—are now enforcing the September 12 orders by systematically rejecting all of Plaintiff's filings. As detailed in Declaration ¶¶ 8-9, this blockade prevents Plaintiff from appealing the sanctions order or filing motions to vacate the judgment, effectively denying access to the courts. Enforcement threatens garnishment of Plaintiff's essential disability benefits (Exhibit H), which constitutes imminent, irreparable harm.

Plaintiff seeks prospective injunctive and declaratory relief against the ministerial officers and judicial entities enforcing these unconstitutional orders. Relief is necessary to prevent continued violations of due process, First Amendment rights, and ADA protections, including access to courts and accommodation of Plaintiff's disabilities.

### III. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the Constitution and federal statutes, and under 28 U.S.C. § 1343(a)(3) because this action seeks redress for deprivation of civil rights.

Plaintiff seeks declaratory relief under 28 U.S.C. §§ 2201–2202 and injunctive relief under 42 U.S.C. § 1983 and Title II of the ADA, 42 U.S.C. § 12132. This Court has authority under Ex parte Young, 209 U.S. 123 (1908), to issue prospective relief to prevent ongoing violations of federal law by state officials acting in their official capacities.

Venue is proper in this District under 28 U.S.C. § 1391(b) because all relevant events and omissions occurred in South Lake Tahoe, El Dorado County, within the Eastern District of California. The denial of filing, rejection of appeals, and enforcement of sanctions all occurred within this District, making it the appropriate forum for injunctive and declaratory relief.

### IV. PARTIES

**Plaintiff**: Alexandr Yakovlev ("Plaintiff") is a non-binary, disabled individual who uses the honorific "Mx." Plaintiff is an asylee residing in El Dorado County, California, with a U.S. legal identity established in October 2016 (Exhibits A, B).

**Defendant SHELBY WINEINGER ("El Dorado CEO")** is the Court Executive Officer of the Superior Court of California, County of El Dorado. They are sued in their official capacity for prospective injunctive relief only. The El Dorado CEO is responsible for all policies, practices, and ministerial responsibilities of the Clerk's office, including acceptance and rejection of filings.

- 3 -

Service may be made at their official office.

**Defendant COLETTE M. BRUGGMAN ("Third District Clerk")** is the Clerk/Executive Officer of the Court of Appeal of the State of California, Third Appellate District. They are sued in their official capacity for prospective injunctive relief only. The Third District Clerk is responsible for policies, practices, and ministerial responsibilities of the appellate Clerk's office, including acceptance and rejection of appellate filings.

**Defendant SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO** is a judicial entity of the State of California and a "public entity" under Title II of the ADA, 42 U.S.C. § 12131(1). It is sued for prospective declaratory and injunctive relief under the ADA only.

**Defendant COURT OF APPEAL OF THE STATE OF CALIFORNIA, THIRD APPELLATE DISTRICT** is a judicial entity of the State of California and a "public entity" under Title II of the ADA, 42 U.S.C. § 12131(1). It is sued for prospective declaratory and injunctive relief under the ADA only.

**V. FACTUAL ALLEGATIONS**
**A. The Biased Hearing, Disability Discrimination, and Resulting Harm**

On September 11, 2025, the tentative ruling in El Dorado County Superior Court Case No. 25CV1460 was issued. Plaintiff, who was attending a long-scheduled mental health appointment in Sacramento for cognitive disabilities and other psychiatric conditions, was unable to reserve oral argument by the 4:00 p.m. deadline due to their disability and medical obligations.

On September 12, 2025, the hearing proceeded without Plaintiff having notice or an opportunity to respond. As declared in Declaration ¶¶ 4-5, Plaintiff later learned that the motions had been emailed without consent and mailed to the wrong address, with copies only received when the court emailed the signed orders. During the telephonic hearing, Plaintiff requested to be addressed as "Mx." after identifying as non-binary. The judge initially denied this accommodation and grew visibly irritated, later complying only after Plaintiff corrected the record. When Plaintiff

- 4 -

attempted to address the improper service of the motions, the judge interrupted and prohibited further comment.

The court's orders were predicated on arguments and filings entirely unknown to Plaintiff, who had not been served with, nor permitted access to, Defendant's motions. Despite this lack of service and notice, the court signed both of Defendant's proposed orders: (1) dismissing the action with prejudice, and (2) awarding sanctions of $20,880.50. (Exhibit D — Sanctions Order.) The vexatious-litigant finding was further predicated on a case of mistaken identity (Exhibit C) and was entered after the court summarily dismissed Plaintiff's evidence as "unpersuasive" without meaningful consideration.

The bias, refusal of accommodation, and denial of a voice in the proceedings caused severe emotional distress, resulting in hospitalization on September 13, 2025, for severe abdominal pain, vomiting, diarrhea, and acute anxiety. The ER physician explicitly noted the cause as "s/p court hearing" and described the condition as "anxiety and diffuse abdominal pain with n/v/d s/p court hearing." (Exhibit I — ER Report.) This constitutes direct, irreparable harm caused by the court's unconstitutional conduct. A detailed account of the September 12, 2025 hearing is provided in ¶¶ 3–7 of the Sworn Declaration of Alexandr Yakovlev, submitted in support of Plaintiff's Emergency Motion, and is incorporated herein by reference.

**B. Systematic Rejection of Filings at Trial and Appellate Levels**

Following the hearing, Plaintiff, now facing a void judgment and imminent garnishment of disability benefits, attempted to file a Notice of Appeal and a Motion to Vacate the judgment due to improper service, judicial bias, and the judge's disability discrimination. As detailed in Declaration ¶¶ 8-9, these filings were systematically blocked at both the trial and appellate levels:

- **Superior Court Rejections:** Plaintiff's filings, including envelopes #25ED00053390, #25ED00053647, #25ED00054249, and #25ED00054400, were rejected by the

PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW
CAUSE RE: PRELIMINARY INJUNCTION

1  Superior Court of El Dorado County. Because the responsible staff is unknown, Plaintiff sues

2  Shelby Wineinger in their official capacity as Court Executive Officer, who oversees the policies

3  and procedures of the Clerk's office. (Exhibit E — Systematic Rejection Notices.)

4      • **Court of Appeal Rejections:** Blocked at the trial level, Plaintiff sought relief from

5  the Court of Appeal, Third Appellate District. On October 21, 2025, the Court rejected Plaintiff's

6  filing regarding recognition of distinct identity and relief from improper rejections. (Exhibit G.)

7  Because the responsible staff is unknown, Plaintiff sues Colette M. Bruggman in her official

8  capacity. The Court of Appeal rejected the filing without addressing Plaintiff's conclusive evidence

9  of mistaken identity.

10

11      • **Systematic Appellate Court Blockade:** Between October 15–30, 2025, the Court of

12  Appeal, Third Appellate District, systematically rejected **all** of Plaintiff's petitions across four

13  separate appellate cases (C104786, C104877, C104897, and C104898) using identical boilerplate

14  language stating: "Petitioner has failed to show 'it appears that the litigation has merit,'" without

15  ever addressing Plaintiff's evidence of mistaken identity, judicial bias, or disability discrimination.

16  (Exhibit K — Systematic Appellate Rejections.)

17

18      • **"Catch-22" Blockade:** This coordinated rejection culminated in an October 30,

19  2025 letter from the Court of Appeal (Exhibit L — "Catch-22" Rejection Letter). The letter rejected

20  a filing in case C104786, stating that "the notice of appeal must be filed in the superior court"—the

21  very court systematically rejecting all filings—thereby creating an inescapable loop that nullifies

22  any state appellate remedy.

23

24      • **E-Filing & ADA Violations:** As sworn in Declaration ¶ 9, Plaintiff attempted to

25  submit multiple filings through the mandatory 1eFile system. Several of these submissions were

26  outright rejected by the El Dorado CEO, including envelope #25ED00053539, which contained

27  Plaintiff's "Request for Reasonable Disability Accommodations" and was marked as "defective."

28

- 6 -

(Exhibit F — ADA Request Rejection.) Additionally, four other envelopes have remained in "Submitted" status for periods ranging from 19 to 31 days without any action by court staff, effectively constituting a constructive denial under California Rules of Court, Rule 8.100(b). (Exhibit J — E-Filing Status Table.) These repeated rejections and delays reflect a systematic policy of refusing to accept or process Plaintiff's filings, thereby denying Plaintiff access to the courts.

- **Futility of State Remedies:** This coordinated blockade at both the trial and appellate levels, following a hearing rife with constitutional violations, demonstrates that no state court remedy remains available. Plaintiff is completely foreclosed from all state court remedies.

### C. Imminent, Irreparable Harm

As declared in Declaration ¶ 10, enforcement of the $20,880.50 sanctions order (Exhibit D) will trigger garnishment of Plaintiff's essential disability benefits (Exhibit H), causing financial catastrophe and loss of subsistence. Combined with the physical and emotional harm directly resulting from the unconstitutional September 12 hearing (Exhibit I), these circumstances constitute immediate and irreparable harm that can only be prevented through emergency injunctive relief.

### VI. CLAIMS FOR RELIEF
**COUNT I: Violation of 42 U.S.C. § 1983 — Due Process**
(Against All Defendants in their Official Capacity for Prospective Relief)

Plaintiff incorporates the preceding paragraphs by reference. The facts supporting this claim are further substantiated by Declaration ¶¶ 3-10. Defendants' ministerial enforcement of the September 12, 2025 orders, combined with their systematic refusal to docket Plaintiff's appeals and motions, constitutes an ongoing denial of due process and access to the courts. Plaintiff is effectively barred from meaningful appellate review of the judgment and sanctions order.

These acts are not shielded by judicial immunity because Plaintiff does not seek relief against the judge personally, but rather against the ministerial officers and institutional policies that enforce unconstitutional orders. See *Mullis v. U.S. Bankr. Ct.,* 828 F.2d 1385, 1390 (9th Cir. 1987).

1    The deprivation of due process has caused, and continues to cause, irreparable harm to Plaintiff's

2    constitutional rights. See *Tennessee v. Lane,* 541 U.S. 509, 523 (2004).

3    **COUNT II: Violation of 42 U.S.C. § 1983 — First Amendment Right to Petition**
     (Against All Defendants in their Official Capacity for Prospective Relief)

4

5    Plaintiff incorporates the preceding paragraphs by reference. The factual basis for this claim

6    is further supported by Declaration ¶¶ 5-9. During the September 12, 2025 hearing, Plaintiff's

7    attempts to correct the record regarding non-binary identity and improper service were repeatedly

8    silenced by the judge. Defendants' ongoing policy of rejecting all filings imposes a severe burden

9    on Plaintiff's First Amendment rights, including the right to petition the government for redress of

10   grievances and the right to free speech. See *Cal. Motor Transp. Co. v. Trucking Unlimited,* 404 U.S.

11   508, 510 (1972).

12

13   By maintaining a systematic blockade that prevents Plaintiff from filing motions or appeals,

14   Defendants have effectively nullified Plaintiff's ability to seek relief from unconstitutional state

15   court actions, creating ongoing First Amendment violations.

16   **COUNT III: Violation of Title II of the ADA**
     (Against All Defendants in their Official Capacities as Public Entities)

17

18   Plaintiff incorporates the preceding paragraphs by reference. These allegations are further

19   supported by Declaration ¶¶ 5, 7, and 9. All Defendants are recognized as 'public entities' under

20   Title II of the ADA, 42 U.S.C. § 12131(1). As a disabled individual, Plaintiff was thereby denied

21   meaningful access to the courts when:

22   1.    The trial judge denied accommodations at the September 12, 2025 hearing;

23

24   2.    The clerks rejected Plaintiff's ADA requests and filings as "defective" (Exhibit F).

25   These actions constitute discrimination on the basis of disability in violation of Title II of the

26   ADA, and they continue to impede Plaintiff's right to access the judicial process. See *Tennessee v.*

27   *Lane*, 541 U.S. 509, 531 (2004); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

28
     ---
     - 8 -

The ADA violations, together with ongoing due process and First Amendment infringements, cause immediate, irreparable harm to Plaintiff's ability to access the courts, protect their rights, and obtain necessary accommodations, justifying emergency injunctive relief.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendants:

**A. Declaratory Judgment**

1.    A declaration that Defendants' policy and practice of refusing to accept, file, or docket Plaintiff's filings based on any pre-2016 vexatious-litigant order—despite evidence of mistaken identity and following a hearing tainted by bias and disability discrimination—violates Plaintiff's rights under the Due Process Clause, the First Amendment, and Title II of the ADA.

**B. Preliminary and Permanent Injunctive Relief**

1.    A temporary restraining order and preliminary injunction requiring Defendants to accept and file Plaintiff's pleadings pending resolution of this federal action or any related appeal.

2.    An injunction prohibiting Defendants from rejecting filings based on pre-2016 vexatious-litigant orders.

3.    An injunction prohibiting Defendants from garnishing or collecting against Plaintiff's disability benefits or other assets to enforce the September 12, 2025 sanctions order pending final resolution of the appeal.

**C. Ancillary Relief**

1.    Nominal damages to the extent permitted by law.

2.    Any other relief the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW
CAUSE RE: PRELIMINARY INJUNCTION

Plaintiff respectfully submits this Motion and requests the relief set forth herein.

DATED: November 3, 2025

Respectfully submitted,

*Alexandr Yakovlev*

*ALEXANDR YAKOVLEV, Plaintiff, Pro Se*

**DECLARATION OF ALEXANDR YAKOVLEV IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

I, Alexandr Yakovlev, declare as follows:

1.  I am the Plaintiff in this action. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently to them.

2.  I bring this declaration in support of my Emergency Motion for Temporary Restraining Order.

3.  On September 11, 2025, the tentative ruling in El Dorado County Superior Court Case No. 25CV1460 was issued. I was attending a long-scheduled mental health appointment in Sacramento for cognitive disabilities and other psychiatric conditions and was unable to reserve oral argument by the 4:00 p.m. deadline due to my disability and medical obligations.

4.  On September 12, 2025, the hearing proceeded without my having notice or any meaningful opportunity to respond. I later learned that the motions had been emailed without my consent and were likely mailed to the wrong address, preventing me from receiving them in time to participate or respond. I only received copies when the court emailed the signed orders.

5.  During the telephonic hearing, I requested to be addressed as "Mx." after identifying as non-binary. The judge initially denied this accommodation and became audibly irritated, later complying only after I corrected the record. When I attempted to address improper service, the judge interrupted and prohibited further comment.

6.  Despite the lack of proper service and notice, the court signed Defendant's proposed

- 10 -

orders dismissing my action with prejudice and awarding sanctions of $20,880.50. The vexatious-litigant finding was based on a mistaken identity and was entered after the court summarily dismissed my evidence as "unpersuasive" without meaningful consideration.

7.     The bias, refusal of accommodation, and denial of a voice in the proceedings caused me severe emotional and psychological distress, resulting in hospitalization on September 13, 2025, for severe abdominal pain, vomiting, diarrhea, and acute anxiety. The Emergency Room report explicitly notes the cause as 's/p court hearing' and describes my condition as 'anxiety and diffuse abdominal pain with n/v/d s/p court hearing' (Exhibit I).

8.     I have repeatedly attempted to file a Notice of Appeal and a Motion to Vacate the judgment based on improper service, judicial bias, and disability discrimination. My filings—including envelopes #25ED00053390, #25ED00053647, #25ED00054249, and #25ED00054400—were systematically rejected at both the Superior Court and the Court of Appeal, Third Appellate District, preventing me from accessing meaningful judicial review.

9.     I submitted multiple envelopes via the mandatory 1eFile system. Several were rejected outright, including envelope #25ED00053539 containing my "Request for Reasonable Disability Accommodations," which was marked "defective." Four other envelopes remain in "Submitted" status for 19–31 days without action, effectively denying my access to the courts.

10.    Enforcement of the $20,880.50 sanctions order will trigger garnishment of my essential disability benefits, causing severe financial catastrophe, loss of subsistence, and extreme hardship. Combined with the physical, emotional, and psychological harm I suffered as a direct result of the September 12 hearing, this constitutes imminent and irreparable harm.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 3, 2025, at El Dorado County, California.

*Alexandr Yakovlev*

- 11 -