FILED
NOV 03 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Alexandr Yakovlev, Pro Se
General Delivery
South Lake Tahoe, CA 96151

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXANDR YAKOVLEV, Pro Se, <br><br> Plaintiff, <br><br> v. <br><br> SHELBY WINEINGER, in their official capacity as El Dorado County Court Executive Officer; COLETTE M. BRUGGMAN, in their official capacity as Clerk/Executive Officer of the California Court of Appeal, Third Appellate District; SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO; and CALIFORNIA COURT OF APPEAL, THIRD APPELLATE DISTRICT; <br><br> Defendants. | Case No.: 2:25-cv-03110-DJC-CSK <br><br> **VERIFIED AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATIONS OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND TITLE II OF THE ADA** <br><br> Supported by the attached Verification of Alexandr Yakovlev and Exhibits A–L |

## INTRODUCTION

1. This is Plaintiff's amended complaint as of right under Federal Rule of Civil Procedure 15(a)(1)(B). Plaintiff mailed the original complaint on October 23, 2025. No defendant has been served or answered. This amended complaint supersedes the original in its entirety.

2. Plaintiff brings this civil rights action under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. Plaintiff seeks declaratory and injunctive relief to stop Defendants from enforcing and administering a judgment rendered in violation of Plaintiff's constitutional and statutory rights.

3. On September 12, 2025, the Superior Court presided over a hearing in which the judge, upon learning of Plaintiff's non-binary identity and disability, engaged in bias and misconduct. The judge refused to provide reasonable accommodations, silenced Plaintiff, and ruled based on motions that were improperly served.

4. The severe emotional distress from this hearing caused Plaintiff to be hospitalized on

September 13, 2025. The Emergency Room report documents abdominal pain, vomiting, diarrhea, and acute anxiety, attributing the cause directly to the 's/p court hearing' (Exhibit I — ER Report).

5.  Defendants are now enforcing and administering the orders from this tainted hearing. They are systematically refusing to accept, file, or docket all of Plaintiff's filings at both the trial and appellate levels. This blockade denies any access to an appeal and prevents Plaintiff from challenging a $20,880.50 sanctions order that threatens garnishment of Plaintiff's essential disability benefits.

6.  Plaintiff does not sue the judge for damages, which is barred by judicial immunity. Instead, Plaintiff seeks only prospective injunctive relief against the ministerial officers and the courts as institutions who are carrying out the ongoing enforcement and administration of this constitutionally defective judgment.

**I. JURISDICTION AND VENUE**

7.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).

8.  Plaintiff seeks declaratory relief under 28 U.S.C. §§ 2201–2202 and injunctive relief under 42 U.S.C. § 1983 and the ADA.

9.  Venue is proper in this District under 28 U.S.C. § 1391(b) because all events and omissions giving rise to these claims occurred in South Lake Tahoe, El Dorado County, within the Eastern District of California.

10.  Plaintiff seeks prospective declaratory and injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908), to halt ongoing violations of federal law.

**II. PARTIES**

11.  **Plaintiff Alexandr Yakovlev ("Plaintiff")** is a non-binary, disabled individual who uses the honorific "Mx." They are an asylee and reside in El Dorado County, California. Plaintiff's

- 2 -
VERIFIED AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATIONS OF
FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND TITLE II OF THE ADA

U.S. legal identity was established in October 2016 (Exhibits A, B).

12. **Defendant SHELBY WINEINGER ("El Dorado CEO")** is the Court Executive Officer of the Superior Court of California, County of El Dorado, and is sued in their official capacity for prospective injunctive relief only. The El Dorado CEO is responsible for the policies, practices, and ministerial functions of the Clerk's office, including the acceptance of court filings.

13. **Defendant COLETTE M. BRUGGMAN ("Third District Clerk")** is the Clerk/Executive Officer of the Court of Appeal of the State of California, Third Appellate District, and is sued in their official capacity for prospective injunctive relief only. The Third District Clerk is responsible for the policies, practices, and ministerial functions of the appellate Clerk's office, including the acceptance and rejection of filings.

14. Each individual defendant is sued solely in their official capacity for prospective injunctive and declaratory relief pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

15. **Defendant SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO** is a judicial entity of the State of California and qualifies as a "public entity" under Title II of the ADA, 42 U.S.C. § 12131(1). It is sued solely for prospective declaratory and injunctive relief to prevent ongoing violations of Plaintiff's rights under the ADA only.

16. **Defendant COURT OF APPEAL OF THE STATE OF CALIFORNIA, THIRD APPELLATE DISTRICT** is a judicial entity of the State of California and a "public entity" as defined by Title II of the ADA, 42 U.S.C. § 12131(1). It is sued for prospective declaratory and injunctive relief under the ADA only.

### III. FACTUAL ALLEGATIONS

#### A. The Biased Hearing, Disability Discrimination, and Resulting Harm

17. On September 11, 2025, the tentative ruling in El Dorado County Superior Court Case No. 25CV1460 was issued. Plaintiff was attending a long-scheduled mental health

appointment in Sacramento for cognitive and psychiatric conditions and, due to these obligations, was unable to reserve oral argument by the 4:00 p.m. deadline.

18. The hearing proceeded on September 12, 2025, without Plaintiff having meaningful notice or an opportunity to respond. Plaintiff later discovered that the motions had been emailed without consent and mailed to an incorrect address. This information was only received after the court later sent copies of the signed orders by email.

19. During the telephonic hearing, Plaintiff identified as non-binary and requested to be addressed as "Mx." The judge initially denied this accommodation and exhibited irritation. After Plaintiff corrected the record a second time, the judge complied. When Plaintiff attempted to raise the issue of improper service, the judge interrupted and prohibited Plaintiff from speaking further.

20. Despite the lack of proper service and notice, the court signed both of the opposing party's proposed orders: (1) dismissing the action with prejudice, and (2) awarding sanctions of $20,880.50 (Exhibit D — Sanctions Order). The vexatious-litigant finding rested on a mistaken identity (Exhibit C — Naming Analysis), and the court summarily dismissed Plaintiff's evidence as "unpersuasive" without meaningful consideration.

21. The bias, refusal of accommodation, and denial of Plaintiff's opportunity to be heard caused severe emotional distress. The following day, September 13, 2025, Plaintiff was hospitalized for severe abdominal pain, vomiting, diarrhea, and acute anxiety. The ER physician's notes directly attribute this medical crisis to the 's/p court hearing' (Exhibit I — ER Report).

**B. Systematic Rejection of Filings at Trial and Appellate Levels**

22. Facing a void judgment and imminent threat of enforcement, Plaintiff attempted to file a Notice of Appeal and a Motion to Vacate the judgment based on improper service, judicial bias, and disability discrimination.

23. Plaintiff brings this action against the named executive officers in their official

capacities because the specific court staff responsible for rejecting filings are unknown, and all actions are carried out under their supervision.

24. Plaintiff's filings were rejected multiple times by the Superior Court of El Dorado County. Because Plaintiff does not know the identities of the individual staff members responsible for these rejections, Plaintiff brings this action against Shelby Wineinger, the Court Executive Officer, in their official capacity for prospective relief (Exhibit E — Rejection Notices).

25. After being blocked at the trial court, Plaintiff sought relief from the Court of Appeal, Third Appellate District. The appellate court similarly rejected Plaintiff's filing on October 21, 2025 (Exhibit G). Plaintiff does not know the specific clerk responsible and therefore brings this action against Colette M. Bruggman, the Clerk/Executive Officer of the Third District, in her official capacity for prospective relief.

26. **Systematic Appellate Court Blockade:** Between October 15–30, 2025, the Court of Appeal, Third Appellate District, systematically rejected all of Plaintiff's petitions across four separate appellate cases (C104786, C104877, C104897, and C104898). Each rejection used identical boilerplate language stating: "Petitioner has failed to show 'it appears that the litigation has merit'," without addressing Plaintiff's evidence of mistaken identity, judicial bias, or disability discrimination (Exhibit K — Systematic Appellate Rejections).

27. **E-Filing Blockade & ADA Violation:** Plaintiff submitted multiple envelopes via the mandatory 1eFile system. The El Dorado CEO rejected several outright, including envelope #25ED00053539 containing Plaintiff's "Request for Reasonable Disability Accommodations," which was marked as "defective" (Exhibit F — ADA Request Rejection). Four other envelopes remain in "Submitted" status for 19–31 days without action, constituting a constructive denial under California Rules of Court, Rule 8.100(b) (Exhibit J — E-Filing Status Table).

28. **The "Catch-22" Blockade:** This coordinated rejection culminated in an October 30,

2025, letter from the Court of Appeal (Exhibit L — "Catch-22" Rejection Letter). The letter rejected a filing in case C104786, stating "the notice of appeal must be filed in the superior court"— the very court that was systematically rejecting all of Plaintiff's filings. This creates an inescapable loop that nullifies any state appellate remedy.

29. These coordinated rejections at both the trial and appellate levels have entirely foreclosed Plaintiff's ability to access any state appellate remedy, creating an ongoing violation of federal law. Because both courts refuse to accept any filing, Plaintiff lacks any adequate remedy in state court.

**C. Imminent, Irreparable Harm**

30. The $20,880.50 sanctions order from the September 12, 2025, ruling is subject to immediate enforcement. The threatened garnishment of Plaintiff's essential disability benefits (Exhibit H — Disability Benefits Proof) will cause financial catastrophe and loss of basic subsistence income.

31. This threat, together with the documented physical and emotional harm, constitutes ongoing irreparable harm. The sanctions order and related filings were issued under a variant of Plaintiff's name, which does not match the identity actually involved in the underlying case. This misidentification forms part of the ongoing due process violation and illustrates the arbitrary nature of the enforcement actions.

**IV. CLAIMS FOR RELIEF**
**COUNT I – VIOLATION OF 42 U.S.C. § 1983 – DENIAL OF DUE PROCESS AND ACCESS TO COURTS**
(Against All Defendants in their Official Capacities)

32. Plaintiff realleges and incorporates paragraphs 1–31 as if fully set forth herein.

33. Defendants WINEINGER and BRUGGMAN's ministerial execution and administrative enforcement of the September 12, 2025, orders, combined with their blanket refusal to docket any appeal, constitutes an ongoing denial of due process and access to the courts. The

- 6 -
VERIFIED AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATIONS OF
FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND TITLE II OF THE ADA

underlying hearing and subsequent enforcement together constitute a continuous deprivation of due process under the Fourteenth Amendment. *Tennessee v. Lane*, 541 U.S. 509, 523 (2004).

34. These violations are ongoing because Defendants continue to reject filings and to enforce the September 12 orders without affording Plaintiff any procedural recourse.

35. These acts are ministerial in nature and are not protected by judicial immunity. *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987).

**COUNT II – VIOLATION OF 42 U.S.C. § 1983 – DENIAL OF FIRST AMENDMENT RIGHT TO PETITION**
(Against All Defendants in their Official Capacities)

36. Plaintiff realleges and incorporates paragraphs 1–35 as if fully set forth herein.

37. The judge's silencing of Plaintiff during the hearing, combined with Defendants WINEINGER and BRUGGMAN's ongoing ministerial policy of rejecting all filings, imposes a severe and unwarranted burden on Plaintiff's First Amendment right to petition the government for redress of grievances. *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972).

38. Defendants' refusal to docket or transmit filings constitutes viewpoint discrimination and an unlawful prior restraint on Plaintiff's access to petition for redress.

**COUNT III – VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT – DENIAL OF ACCESS AND REASONABLE ACCOMMODATION**
(Against ALL DEFENDANTS as Public Entities)

39. Plaintiff realleges and incorporates paragraphs 1–38 as if fully set forth herein.

40. All Defendants are "public entities" under Title II of the ADA, 42 U.S.C. § 12131(1). Plaintiff, a qualified individual with a disability, was denied meaningful access to the courts when the trial judge refused a reasonable accommodation and when clerks rejected Plaintiff's ADA request as "defective" (Exhibit F), in violation of Title II. *Tennessee v. Lane*, 541 U.S. 509, 531 (2004); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Defendants acted with deliberate indifference to Plaintiff's disabilities by rejecting the ADA

request as 'defective' and failing to engage in the required Title II interactive process.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment and grant:

### A. Declaratory Relief

A declaration that Defendants' refusal to accept or docket Plaintiff's filings based on any pre-2016 vexatious-litigant order—despite mistaken identity and a biased, discriminatory hearing—violates Plaintiff's rights under the Due Process Clause, the First Amendment, and ADA Title II.

### B. Injunctive Relief

1. A temporary restraining order and preliminary injunction requiring Defendants to file Plaintiff's pleadings and prohibiting rejections based on any pre-2016 vexatious-litigant order.

2. An order enjoining Defendants from collecting against Plaintiff's disability benefits or other assets to enforce the September 12, 2025, sanctions order pending appeal.

### C. Other Relief

1. Nominal damages, if permitted by law.

2. Any additional relief the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: November 3, 2025

Respectfully submitted,

*Alexandr Yakovlev*
ALEXANDR YAKOVLEV, Plaintiff, Pro Se

### VERIFICATION

I, Alexandr Yakovlev, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on November 3, 2025, in El Dorado County, California.

*Alexandr Yakovlev*

- 8 -