**FILED**

NOV 17 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
　　　　　DEPUTY CLERK

Alexandr Yakovlev, Pro Se
General Delivery
South Lake Tahoe, CA 96151

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDR YAKOVLEV, Pro Se, ) | **Case No.: 2:25-cv-03110-DJC-CSK** |
| ) | |
| Plaintiff,) | |
| v. ) | **PLAINTIFF'S EMERGENCY EX** |
| ) | **PARTE APPLICATION FOR** |
| SHELBY WINEINGER, in their official capacity, ) | **EXPEDITED RULING ON** |
| as El Dorado County Court Executive Officer; ) | **APPLICATION TO PROCEED IN** |
| COLETTE M. BRUGGMAN, in their official capacity, ) | **FORMA PAUPERIS AND FOR** |
| as Clerk/Executive Officer of the California Court of ) | **TEMPORARY RESTRAINING** |
| Appeal, Third Appellate District; ) | **ORDER WITHOUT NOTICE** |
| SUPERIOR COURT OF CALIFORNIA, ) | |
| COUNTY OF EL DORADO; and ) | Supported by the attached Verification of |
| CALIFORNIA COURT OF APPEAL, THIRD ) | Alexandr Yakovlev and Exhibits A–Q |
| APPELLATE DISTRICT; ) | |
| ) | |
| Defendants.) | [No hearing required] |
| ) | |

　　　　Plaintiff ALEXANDR YAKOVLEV ("Plaintiff"), a disabled, indigent, non-binary asylee who uses the honorific Mx. and pronouns they/them, respectfully submits this Emergency Ex Parte Application pursuant to 28 U.S.C. § 1915(a) and Fed. R. Civ. P. 65(b). Immediate federal intervention is required to halt ongoing constitutional violations by California courts that have fully foreclosed Plaintiff's access to all state judicial remedies through a combination of unlawful prefiling orders, systematic rejection of court filings, discriminatory notification schemes, and the denial of reasonable disability accommodations.

## I. INTRODUCTION

　　　　Plaintiff is ensnared in a Kafkaesque loop engineered by the California state courts, resulting in a total deprivation of access to justice. This scheme operates as follows: (1) The trial court, under a void prefiling order, imposes a blanket refusal to accept any filings, including the VL-110 forms it itself requires, in direct violation of its mandatory ministerial duties; (2) The appellate court, while

denying Plaintiff's ADA accommodations, simultaneously dismisses appeals for failing to file the very VL-110 form the trial court blocks, using a deliberately defective and hypocritical notice scheme; and (3) Both courts intentionally misgender Plaintiff, compounding the due process violations with official gender-identity discrimination.

Newly obtained records prove the Court of Appeal executed a fraudulent notice scheme—sending **electronic notice to the trial court and opposing counsel** while mailing critical, time-sensitive documents only to Plaintiff's unreliable "General Delivery" address, then dismissing the appeals when Plaintiff could not respond to notices they never received. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action"); *Jones v. Flowers*, 547 U.S. 220, 229 (2006) (when mailed notice is returned, the State must take additional reasonable steps to provide notice). This scheme is laid bare by the court's own mailing lists, which show electronic service to others and mere mail to Plaintiff's General Delivery for the same documents. (See Ex. N [C104874 Mailing List]; Ex. O [C104875 Mailing List]; Ex. P [C104876 Mailing List]).

Meanwhile, this Court's delay in ruling on the IFP application has left Plaintiff unable to seek federal redress while an unlawful $20,880.50 sanctions judgment threatens imminent garnishment of disability benefits—a deprivation of the most basic means of subsistence. This is irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Sampson v. Murray*, 415 U.S. 61, 90-91 (1974).

Immediate emergency relief is necessary.

## II. STATEMENT OF URGENT FACTS
### A. Trial Court Blockade Under a Void Prefiling Order

The El Dorado Superior Court has systematically refused to accept any filing from Plaintiff—including Notices of Appeal, Motions to Vacate, and all VL-110 "Requests to File New

- 2 -

Litigation"—based on an invalid vexatious litigant prefiling order. (Verified Amended Compl. ¶¶ 22–24; Exs. E, J). Plaintiff's repeated attempts to submit the required VL-110 forms were each denied without explanation. (New Ex. M).

This blanket refusal is flatly unlawful under California law, which imposes a mandatory, ministerial duty on court clerks to accept filings. This duty is unequivocal:

- A clerk "has no authority to refuse to file a document" presented for filing, even if it appears procedurally defective. *Rapp v. Golden Eagle Ins. Co.*, 52 Cal. App. 4th 304, 308 (1997).

- Clerks lack any discretion to reject "compliance-attempt" filings and must accept papers tendered for filing. *Voit v. Superior Court*, 201 Cal. App. 4th 1285, 1293 (2011) ("The clerk of the court has a ministerial duty to accept and file any and all papers presented for filing in a pending action.").

- The trial court clerk's refusal to file Plaintiff's VL-110 Requests, Notices of Appeal, and Motions to Vacate was a clear violation of these mandatory, non-discretionary duties. Such acts are purely ministerial. Consequently, quasi-judicial immunity does not apply. *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (immunity protects judicial acts, not ministerial tasks like filing papers); *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (clerks enjoy absolute immunity only when performing tasks that are an integral part of the judicial process).

**B. Appellate Court Complicity: Denial of ADA Accommodations and a Hypocritical Notification Scheme**

The Third District Court of Appeal is a direct participant in this scheme. It denied Plaintiff's reasonable ADA accommodations, specifically the request for "electronic service and filing flexibility" to correct inadvertent errors, while simultaneously engaging in a notification practice that privileged all other parties with electronic service and left Plaintiff with an ineffective method.

1. **Denial of ADA Accommodations:** In four separate cases (C104786, C104877, C104897, C104898), the Court of Appeal denied Plaintiff's request for flexibility in correcting

- 3 -

filing errors, stating such a request "must not address, in any manner, the subject matter or merits of the proceedings." This rigid interpretation denies the very essence of a reasonable accommodation—to modify procedures to ensure equal access. *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004) (Title II of the ADA "represents a clear legislative purpose to enforce the Fourteenth Amendment's prohibitions against irrational disability discrimination" and to ensure access to courts); *Biscaro v. Stern*, 181 Cal.App.4th 702, 708 (2010) (failure to grant reasonable accommodation can constitute a denial of meaningful access).

   2.    **The Hypocritical and Negligent Notice Scheme:** The Court's own records reveal a discriminatory two-tiered notification system. For the writ petitions that were submitted, the Court sent notices of its decisions **via email to the Superior Court and opposing counsel**, while sending paper copies only to Plaintiff at "General Delivery." (See Ex. N [C104874 Mailing List]; Ex. O [C104875 Mailing List]; Ex. P [C104876 Mailing List]). This demonstrates a conscious choice to provide effective, immediate electronic notice to institutional actors while providing demonstrably ineffective notice to the pro se, disabled litigant. The Court's subsequent email of November 7, 2025, confirming the dismissals, proves it possessed a functioning electronic notification system that it deliberately chose not to use for providing the critical initial notices to Plaintiff. (New Ex. Q).

   **C. Denial of Effective Notice, Fraud Upon the Court, and a Pattern of Unclean Hands**

   The Court of Appeal engaged in a deliberate and systematic scheme to deny Plaintiff effective notice, certifying to the public record that notice was provided while knowingly using a method guaranteed to fail, thereby manufacturing a pretext to dismiss the appeals.

   1.    **The Deliberate Choice of an Ineffective Notification Method:** The Court employed an identical "unclean hands" tactic across all three Notice of Appeal cases. The Court's own mailing lists for the dismissed appeals (C104874, C104875, C104876) reveal a discriminatory, two-tiered notification scheme. In each case, the El Dorado County Superior Court and all opposing

PLAINTIFF'S EMERGENCY EX PARTE APPLICATION FOR EXPEDITED RULING ON APPLICATION TO
PROCEED IN FORMA PAUPERIS AND FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE

counsel were notified "by e-mail," while Plaintiff was only sent a paper copy "by mail" to "General Delivery, South Lake Tahoe, CA 96151"—an address the court knows or should know is unreliable for receiving time-sensitive legal documents. (See Ex. N [C104874 Mailing List]; Ex. O [C104875 Mailing List]; Ex. P [C104876 Mailing List]).

**2.** **The Falsity of the "Notification" Claim:** The claim that Plaintiff was adequately "noticed" is directly contradicted by the court's own records, which prove a conscious choice to provide effective, immediate electronic notice to institutional actors while providing demonstrably ineffective notice to the pro se, disabled litigant.

**3. The Fraudulent Act and Its Consequences:** The Court of Appeal then executed its plan by dismissing all appeals for "failure" to respond to this manufactured default. This constitutes a fraud upon the court: the court created a procedural trap by sending notice to a known unreliable address, certified to the record that notice was provided, and then used the predictable failure to respond as a pretext for dismissal. The Supreme Court defines fraud upon the court as an "unconscionable plan or scheme" that "corrupts the judicial process." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 245–46 (1944). The Court has further emphasized that such fraud "seriously affects the integrity of the judicial process" and justifies a court's inherent power to vacate judgments. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46 (1991). The Ninth Circuit has held that fraud on the court includes acts that "defile[s] the court itself," rendering the resulting judgment void. *In re Levander,* 180 F.3d 1114, 1119 (9th Cir. 1999).

**D. Total Foreclosure of State Remedies**

The State has created a perfect, inescapable loop demonstrating that its remedies are "inherently inadequate." *Gibson v. Berryhill*, 411 U.S. 564, 575 (1973) (exhaustion not required where administrative procedures are clearly inadequate).

**1.** Appellate court demands VL-110 filing.

PLAINTIFF'S EMERGENCY EX PARTE APPLICATION FOR EXPEDITED RULING ON APPLICATION TO PROCEED IN FORMA PAUPERIS AND FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE

**2.**    Trial court unlawfully refuses all VL-110 filings.

**3.**    Appellate court dismisses appeals for failing to file VL-110, using a deliberately defective notice scheme that ensures Plaintiff does not receive the order.

**4.**    Notices of dismissal were never actually received, foreclosing any further action.

The state courts here have provided no remedy whatsoever. *See Patsy v. Bd. of Regents*, 457 U.S. 496, 516 (1982) (exhaustion not required in § 1983 suits).

**E. Imminent Irreparable Harm: Garnishment of Disability Benefits**

The unlawful $20,880.50 sanctions order (Ex. D) will trigger wage/disability-benefit garnishment. (Ex. H). Garnishment of disability benefits threatens Plaintiff's ability to survive. Loss of subsistence income constitutes irreparable harm. *Sampson v. Murray*, 415 U.S. 61, 90–91 (1974); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 398 (9th Cir. 1992) ("The inability to earn a living causes irreparable injury."). Constitutional violations constitute irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Denial of access to the courts is itself irreparable harm. Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012) ("Denial of access to the courts can constitute irreparable injury."). Unlike monetary injuries, constitutional violations cannot be adequately remedied through damages, and irreparable injury is likely in the absence of preliminary relief where, as here, the threatened harm strikes at Plaintiff's livelihood and subsistence. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127, 1138 (9th Cir. 2009).

**F. Federal Court Paralysis: IFP Application Still Pending**

Plaintiff filed the IFP application on October 27, 2025 and filed an emergency TRO motion on November 3, 2025. Delaying review of indigent litigants' constitutional claims defeats the purpose of § 1915. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (The in forma pauperis statute "is designed to ensure that indigent litigants have meaningful access to the federal courts.").

**G. Direct Evidence of Court's Knowledge of Defective Notice and Deliberate Indifference**

The record now irrefutably demonstrates that the Court of Appeal acted with deliberate indifference to due process, possessing direct knowledge that its notification system had catastrophically failed, leaving Plaintiff unaware of and unable to meet critical appellate deadlines.

1. **November 6, 2025:** Plaintiff sent an urgent email to the Court of Appeal stating: "To date (November 6, 2025), I have received NO acknowledgment, appellate case number, or any correspondence from the Third Appellate District." This put the Court on clear notice that its communication system had completely failed as to Plaintiff. (Ex. Q).

2. **November 7, 2025:** The Court of Appeal responded by email, confirming that all three appeals had been deemed "inoperative" and dismissed on November 4, 2025. Critically, the Court provided this confirmation *without* acknowledging Plaintiff's communication failure, offering alternative notice, or providing any pathway to remedy the situation. (Ex. Q).

3. **November 11, 2025:** Now aware of the dismissals, Plaintiff sent a detailed follow-up email specifically stating: "I understand that letters regarding deadlines were allegedly mailed to me on October 21, 2025; however, **I never received these letters**. As a result, I was unable to respond or file the required documents by the October 31, 2025 deadline." Plaintiff explicitly invoked due process protections under *Fuentes v. Shevin*, requested an extension under Code of Civil Procedure § 473(b), and asked for ADA accommodations under California Rule of Court 1.100 due to this documented service failure. (Ex. Q).

This sequence proves not just knowledge but **deliberate avoidance of constitutional responsibility:**

- **Actual and Escalating Knowledge:** The Court was put on notice three times—first of a general communication breakdown (Nov 6), then through its own confirmation that created the discrepancy (Nov 7), and finally with legal arguments about due process violations (Nov 11).

- **Deliberate Indifference to Constitutional Duty:** Under *Jones v. Flowers*, when a

government agency "becomes aware before the taking that its attempt at notice has failed," it must "take additional reasonable steps to attempt to provide notice." 547 U.S. 220, 229 (2006). Here, the Court became aware its notice failed, yet took zero additional steps—not even resending the notices via the email channel Plaintiff was demonstrably using.

- **Intentional Deprivation Through Inaction:** The Court had multiple opportunities to: (1) vacate the dismissals; (2) extend deadlines; (3) provide electronic copies of the missed notices; or (4) order alternative service. Its choice to do nothing, while possessing both the authority and the knowledge to act, transforms bureaucratic failure into intentional deprivation. *See Greene v. Lindsey*, 456 U.S. 444, 453-54 (1982) (notice method must be one "reasonably calculated to provide actual notice").

- **Bad Faith and Abuse of Process:** The Court's demand for VL-110 filings—knowing the trial court was simultaneously blocking those same filings—combined with its refusal to address the notice breakdown, reveals a coordinated scheme to manufacture procedural defaults. This constitutes a fraud upon the court's own processes. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245 (1944).

This pattern of notice, knowledge, and conscious inaction provides the clearest possible evidence of bad faith and deliberate deprivation of due process, satisfying the "state court procedural forfeiture" exception to the exhaustion doctrine. *Gibson v. Berryhill*, 411 U.S. 564, 575 (1973) (exhaustion not required where state remedies are "ineffective or inadequate").

### III. LEGAL STANDARD

The standard for a temporary restraining order without notice is governed by Federal Rule of Civil Procedure 65(b) and the Supreme Court's decision in *Winter v. NRDC*, 555 U.S. 7, 20 (2008). Plaintiff must demonstrate:

1.    Likelihood of success on the merits of the underlying claims;

2.      Likelihood of irreparable harm in the absence of preliminary relief;

3.      Balance of equities tips in Plaintiff's favor; and

4.      Injunction is in the public interest.

*Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (applying *Winter* standard). In the Ninth Circuit, these elements are evaluated on a "sliding scale" where a stronger showing of one element may offset a weaker showing of another. *Id.* at 1131-35. However, Plaintiff here makes a compelling showing on all four elements, each independently justifying emergency relief.

For ex parte relief specifically, Plaintiff must satisfy Fed. R. Civ. P. 65(b)(1) by showing:

•      **Specific facts** in an affidavit or verified amended complaint clearly demonstrate that immediate and irreparable injury will result before the adverse party can be heard in opposition; and

•      **Good cause** exists for proceeding without notice, including efforts made to give notice and reasons why it should not be required.

Here, the verified amended complaint and supporting declarations provide ample specific facts showing imminent irreparable harm, including the immediate threat of disability benefit garnishment that would deprive Plaintiff of basic subsistence. Notice to Defendants is impracticable given the urgency and would likely trigger the very garnishment this Court must prevent.

All factors decisively favor granting this emergency ex parte application.

**IV. ARGUMENT**
**A.      Plaintiff Will Succeed on the Merits**

1.      **Due Process Violations: Denial of Access to Courts:** The Supreme Court recognizes a fundamental constitutional right of access to courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Lewis v. Casey*, 518 U.S. 343, 350 (1996). Dismissing appeals through a deliberate scheme of defective notice — combined with an administrative blockade preventing filing — violates due process. *Jones*, 547 U.S. at 226–27; *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84

(1988) ("[A] judgment entered without notice or service is constitutionally invalid."). The state's actions here are **"systematic official bias"** that foreclose all access. *Gibson*, 411 U.S. at 577.

2. **Fraud Upon the Court:** The Court of Appeal's dismissal orders, obtained through a deliberate scheme using false certifications of notice and a hypocritical notification practice, constitute a fraud upon the court and are void. *Hazel-Atlas Glass Co.*, 322 U.S. at 245-46; *Levander v. Prober & Raphael (In re Levander)*, 180 F.3d 1114, 1119 (9th Cir. 1999).

3. **First Amendment Violations:** Interference with filing and appellate review implicates the First Amendment right to petition the government for redress. *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). The state's complete blockade is a quintessential violation of this right. *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 525 (2002) (The right to petition extends to all departments of the Government, including the courts.).

4. **Equal Protection: Gender-Identity Discrimination:** Intentional misgendering by government officials constitutes invidious discrimination in violation of the Equal Protection Clause. *Whitaker v. Kenosha Unified Sch. Dist.*, 858 F.3d 1034, 1047–50 (7th Cir. 2017). This discrimination compounds the access-to-courts violations. *See also Bostock v. Clayton County*, 590 U.S. 644, 657 (2020) ("[I]t is impossible to discriminate against a person for being ... transgender without discriminating against that individual based on sex.").

5. **ADA Violations:** Courthouse access is a protected activity under Title II of the ADA. *Tennessee v. Lane*, 541 U.S. 509, 523 (2004). The State denied reasonable accommodations and effective access, violating its federal obligations. *See also Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (A public entity must make modifications to avoid disability discrimination).

6. **No Immunity for Ministerial Wrongdoing:** Clerks are not immune when they violate mandatory filing duties. *Mullis*, 828 F.2d at 1390 (no immunity for "purely ministerial" tasks); *Morrison v. Jones*, 607 F.2d 1269, 1274 (9th Cir. 1979) (Clerks who fail to perform

ministerial duties are not protected by judicial immunity.).

**B. Plaintiff Faces Imminent and Irreparable Harm**

Garnishment of disability benefits threatens Plaintiff's ability to survive. Constitutional violations constitute irreparable injury. *Elrod*, 427 U.S. at 373. Denial of access to courts is itself irreparable harm. *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("Denial of access to the courts can constitute irreparable injury.").

**C. The Balance of Equities Strongly Favors Plaintiff**

The State suffers no harm from complying with the Constitution or accepting filings clerks are already legally required to accept. Plaintiff, by contrast, faces the loss of subsistence income and the permanent foreclosure of their legal claims. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (The balance of equities favors the party facing the more grievous harm.).

**D. The Public Interest Supports Immediate Relief**

Ensuring constitutional access to the courts, preventing discriminatory conduct by the judiciary, and upholding the integrity of the judicial process are paramount public interests. *Planned Parenthood of Ariz. v. Humble*, 753 F.3d 905, 916 (9th Cir. 2014) (The public has a "significant interest in the enforcement of the Constitution.").

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court issue an order:

1.     **GRANTING** the Application to Proceed In Forma Pauperis.

2.     **GRANTING** the Emergency Temporary Restraining Order, including:

a. Enjoining Defendants and their agents from taking any action to garnish Plaintiff's wages, disability benefits, or any other assets to enforce the September 12, 2025 $20,880.50 sanctions order in *Yakovlev v. Masters*, El Dorado Superior Court Case No. 25CV1460.

b. Enjoining Defendants WINEINGER and BRUGGMAN, their officers, agents, and clerks,

from refusing to accept and file any submitted pleading from Plaintiff, including but not limited to a

Notice of Appeal or a Motion to Vacate Judgment, related to Case No. 25CV1460.

3.     **SETTING** an Order to Show Cause hearing regarding a Preliminary Injunction.

4.     **GRANTING** such other relief as is just and proper.

DATED: November 18, 2025

Respectfully submitted,

/s/ **Alexandr Yakovlev**
ALEXANDR YAKOVLEV, Plaintiff Pro Se

**VERIFICATION**

I, Alexandr Yakovlev, the Plaintiff in this action, declare under penalty of perjury under the

laws of the US that the foregoing is true and correct to the best of my knowledge and belief.

Executed on November 18, 2025, at South Lake Tahoe, California.

/s/ **Alexandr Yakovlev**
ALEXANDR YAKOVLEV

**NEW EXHIBITS FOR CURRENT FILING (M-Q)**

**Exhibit M: Complete Case File (Yakovlev v. Masters)**

- Documents the foundational sequence of violations:
  o   VL-115 Prefiling Order Denial
  o   Appellate Court VL-115 Prefiling Order Denial
  o   ADA Accommodation Denial
  o   Writ Petition Denial
- **Appellate Case: C104786**
- **Superior Court Case: 25CV1460**

**Exhibit N: Complete Case File (Yakovlev v. LTCC)**

- Documents the full sequence of violations:
  o   VL-115 Prefiling Order Denial
  o   ADA Accommodation Denial
  o   Writ Petition Denial

- 12 -

- ○     Notice of Appeal Lodgment (Oct 14, 2025)
- ○     Clerk's Misgendering Correspondence
- ○     Appeal Dismissal as "Inoperative" (Nov 4, 2025)
- **Appellate Case: C104874**
- **Original Writ Case: C104897**
- **Superior Court Case: 25CV1332**

**Exhibit O: Complete Case File (Yakovlev v. South Lake Tahoe Supportive Housing)**

- Documents the full sequence of violations:
- ○     VL-115 Prefiling Order Denial
- ○     ADA Accommodation Denial
- ○     Writ Petition Denial
- ○     Notice of Appeal Lodgment (Oct 14, 2025)
- ○     Clerk's Misgendering Correspondence
- ○     Appeal Dismissal as "Inoperative" (Nov 4, 2025)
- **Appellate Case: C104875**
- **Original Writ Case: C104877**
- **Superior Court Case: 25CV1718**

**Exhibit P: Complete Case File (Yakovlev v. Bridges et al.)**

- Documents the full sequence of violations:
- ○     VL-115 Prefiling Order Denial
- ○     ADA Accommodation Denial
- ○     Writ Petition Denial
- ○     Notice of Appeal Lodgment (Oct 14, 2025)
- ○     Clerk's Misgendering Correspondence
- ○     Appeal Dismissal as "Inoperative" (Nov 4, 2025)
- **Appeal Case: C104876**
- **Original Writ Case: C104898**
- **Superior Court Case: 25CV1748**

**Exhibit Q: Email Communications with Court of Appeal**

- Shows Plaintiff notifying court of defective notice and requesting accommodations
- Proves court's actual knowledge of service failure and deliberate indifference
- References appellate cases from **Exhibits N, O, P: C104874, C104875, C104876**

# Exhibit M

VL-115

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Alexandr Yakovlev | | |
| FIRM NAME: | | |
| STREET ADDRESS: General Delivery | | |
| CITY: South Lake Tahoe | STATE: CA    ZIP CODE: 96151 | |
| TELEPHONE NO.: | FAX NO.: | |
| E-MAIL ADDRESS: | | |
| ATTORNEY FOR (name): | | |

☐ COURT OF APPEAL, ___ APPELLATE DISTRICT, DIVISION
☒ SUPERIOR COURT OF CALIFORNIA, El Dorado County Superior Court
STREET ADDRESS: 1354 Johnson Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: So. Lake Tahoe, CA 96150
BRANCH NAME:

PLAINTIFF/PETITIONER: Alexandr Yakovlev
DEFENDANT/RESPONDENT: Marchita Masters
OTHER:

**FILED**

NOV 05 2025

EL DORADO CO. SUPERIOR COURT
BY _____
(DEPUTY CLERK)

### ORDER TO FILE
### NEW LITIGATION BY VEXATIOUS LITIGANT

Type of case: ☐ Limited Civil  ☒ Unlimited Civil  ☐ Small Claims
☐ Family Law  ☐ Probate  ☐ Other

CASE NUMBER:
25CV1460

### ORDER

Approval to file the attached document is:

a. ☐ Granted

b. ☒ Denied

c. ☐ Other:

☐ Attachment to order.   Number of pages:

Date: 11/5/2025

▶ _____

Michael J. McLaughlin

PRESIDING JUDGE OR JUSTICE

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
VL-115 [Rev. September 1, 2019]

### ORDER TO FILE
### NEW LITIGATION BY VEXATIOUS LITIGANT

Code of Civil Procedure, § 391.7
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

 

Court of Appeal, Third Appellate District
Colette M. Bruggman, Clerk
Electronically FILED on 10/9/2025 by J. Villarreal, Deputy Clerk

IN THE

# Court of Appeal of the State of California

## IN AND FOR THE
## THIRD APPELLATE DISTRICT

ALEXANDR YAKOVLEV,
     Petitioner,
     v.
THE SUPERIOR COURT
OF EL DORADO COUNTY,
     Respondent;
MARCHITA MASTERS,
     Real Party in Interest.

C104786
El Dorado County
No.   25CV1460

BY THE COURT:

On October 6, 2025, petitioner filed a request for reasonable disability accommodation under California Rules of Court, rule 1.100, and the Americans with Disabilities Act (ADA).   Petitioner requests that he be allowed to continue using speech-to-text software and voice transcription technology for all filings and correspondence; liberal interpretation and leniency regarding typographical or formatting irregularities arising from assistive technology; electronic service and filing flexibility, allowing petitioner to correct inadvertent errors post-submission without penalty; and judicial acknowledgment that disability-related language errors do not reflect vexatious or frivolous intent and must not prejudice the Court's evaluation of the merits.   The Court's response is as follows.

The request for accommodations is granted in part and denied in part. Petitioner's requests to be allowed to continue using speech-to-text software and voice transcription technology for all filings and correspondence and liberal interpretation and leniency regarding typographical or formatting irregularities arising from assistive technology are granted.

Petitioner's request for electronic service and filing flexibility, allowing him to correct inadvertent errors post-submission without penalty is denied   The proof of service contains information necessary for the determination of timeliness of filings and may, in some cases, be jurisdictional.   (Cal. Rules of Court, rule 1.100(d) [the accommodation requested . . . must not address, in any manner, the subject matter or merits of the proceedings before the court].)   Petitioner will be allowed to re-serve documents to correct errors, but any penalty will be by operation of law.

Case No. C104786
Page 2 of 2

      Petitioner's request for "Judicial acknowledgment that disability-related language errors do not reflect vexatious or frivolous intent, and must not prejudice the Court's evaluation of the merits" is denied.   Under rule 1.100(a)(3), accommodations means actions that result in court services, programs, or activities being readily accessible to and usable by persons with disabilities.   It is unclear what modification in policy, practice or procedure is being requested that ensures access to the court.   (Rule 1.100(a)(3) [Accommodations may include making reasonable modifications in policies, practices, and procedures. . . .].)

EARL, P.J.

--------------------------------

cc: See Mailing List

IN THE

# Court of Appeal of the State of California
### IN AND FOR THE
### THIRD APPELLATE DISTRICT


MAILING LIST

Re:    Yakovlev v. The Superior Court of El Dorado County
      C104786
      El Dorado County Super. Ct. No. 25CV1460

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.   If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.


Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151

Court of Appeal, Third Appellate District
Colette M. Bruggman, Clerk
Electronically FILED on 10/15/2025 by J. Villarreal, Deputy Clerk

IN THE

# Court of Appeal of the State of California

### IN AND FOR THE
### THIRD APPELLATE DISTRICT

ALEXANDR YAKOVLEV,
        Petitioner,
        v.
THE SUPERIOR COURT
OF EL DORADO COUNTY,
        Respondent;
MARCHITA MASTERS,
        Real Party in Interest.

C104786
El Dorado County
No.   25CV1460

BY THE COURT:

Petitioner's request for an order by the presiding justice for relief from a prefiling order to permit the filing of a petition for writ of mandate or prohibition is denied. Petitioner has failed to show "it appears that the litigation [the writ petition] has merit and has not been filed for the purposes of harassment or delay."   (Code Civ. Proc., § 391.7, subd. (b); *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216-1221, disapproved on other grounds by *John v. Superior Court* (2016) 63 Cal.4th 91.)

The clerk of this court is directed to reject the petition for writ of mandate and or prohibition, application for waiver of court fees, and supporting documents submitted with the petition as of the date of this order.

ROBIE, Acting P.J.

--------------------------------

cc: See Mailing List

IN THE

# Court of Appeal of the State of California

## IN AND FOR THE
## THIRD APPELLATE DISTRICT


MAILING LIST

Re:   Yakovlev v. The Superior Court of El Dorado County
      C104786
      El Dorado County Super. Ct. No. 25CV1460

Copies of this document have been sent by mail to the parties checked below unless
they were noticed electronically.   If a party does not appear on the TrueFiling Servicing
Notification and is not checked below, service was not required.


Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151


Brian Lee Hoffman
Wood, Smith, Henning & Berman LLP
10960 Wilshire Boulevard, 18th Floor
Los Angeles, CA 90024


El Dorado County Superior Court   -   Main
495 Main Street
Placerville, CA 95667
(By email)

# Exhibit N

VL-115

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: ~~Alexander Yakovlev~~ Alexandr Yakovlev

FIRM NAME:

STREET ADDRESS: General Delivery

CITY: South Lake Tahoe    STATE: CA    ZIP CODE: 96150

TELEPHONE NO.:    FAX NO.:

E-MAIL ADDRESS:

ATTORNEY FOR (name):

[ ] COURT OF APPEAL,         APPELLATE DISTRICT, DIVISION
[x] SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS: **El Dorado County Superior Court**
MAILING ADDRESS: **1354 Johnson Blvd.**
CITY AND ZIP CODE: **So. Lake Tahoe, CA  96150**
BRANCH NAME:

PLAINTIFF/PETITIONER: ~~Alexander Yakovlev~~ Alexandr Yakovlev
DEFENDANT/RESPONDENT: Lake Tahoe Community College
OTHER:

**ORDER TO FILE
NEW LITIGATION BY VEXATIOUS LITIGANT**

Type of case:  [ ] Limited Civil  [x] Unlimited Civil  [ ] Small Claims
[ ] Family Law  [ ] Probate  [ ] Other

**FILED
Superior Court of California,
County of El Dorado
09/17/2025 at 02:38:00 PM
By: Katherine Burtt, Deputy Clerk**

CASE NUMBER:
25CV1332

---

## ORDER

Approval to file the attached document is:

a. [ ] Granted

b. [X] Denied

c. [ ] Other:

[ ] Attachment to order.  Number of pages:

Date: **09/17/2025**



Vicki Ashworth

PRESIDING JUDGE OR JUSTICE

---

Form Approved for Optional Use
Judicial Council of California
VL-115 [Rev. September 1, 2018]
For your protection and privacy, please press the Clear
This Form button after you have printed the form.

**ORDER TO FILE
NEW LITIGATION BY VEXATIOUS LITIGANT**

Page 1 of 1
Code of Civil Procedure, § 391.7
www.courts.ca.gov



 



# Exhibit N

COURT OF APPEAL, THIRD APPELLATE DISTRICT

---

Civil    C104874

ALEXANDR YAKOVLEV,
    Petitioner and Appellant,
      v.
LAKE TAHOE COMMUNITY COLLEGE,
    Defendant and Respondent.

El Dorado County Superior Court  -  Main   25CV1332
Judge:   Vicki Ashworth
Nature of Action:   civo        Civil complaints - other

---

## ATTORNEY - LITIGANTS

In propria persona

      Petitioner and Appellant
      Alexandr Yakovlev
      General Delivery
      South Lake Tahoe, CA   96151
      (530) 494-9406

Brian Lee Hoffman (Bar No. 150824)
Wood, Smith, Henning & Berman LLP
501 West Broadway, Suite 120
San Diego, CA   92101
(310) 481-7629
bhoffman@wshblaw.com

      Defendant and Respondent
      Lake Tahoe Community College

Jessica Marie Zaragoza (Bar No. 321953)
Wood, Smith, Henning & Berman LLP
501 West Broadway, Suite 120
San Diego, CA   92101
(619) 370-6567
jzaragoza@wshblaw.com

      Defendant and Respondent
      Lake Tahoe Community College

## DOCKET EVENTS

10/14/2025
Notice of appeal lodged/received.
Filed in the trial court 10/14/25.   Denial of request to file new litigation by vexatious litigant.

10/21/2025
E-filed document(s) attached.
Letter sent to:
Appellant has been deemed a vexatious litigant.   The appeal will be dismissed unless appellant
files a request for permission to appeal by 10/31/25.   This notice automatically stays the appeal.

11/04/2025
E-filed document(s) attached.
Order filed.
Appellant has been deemed a vexatious litigant by the trial court.   Appellant did not obtain relief
from a prefiling order from the presiding justice authorizing the filing of this appeal.   The appeal
filed 10/14/25 is deemed inoperative.   ROBIE, Acting P.J.

C104874

**SUPERIOR COURT OF CALIFORNIA COUNTY OF EL DORADO**

1354 Johnson Blvd
South Lake Tahoe, CA 96150

| | |
|---|---|
| **TITLE OF CASE:** ALEXANDR YAKOVLEV VS. LAKE TAHOE COMMUNITY COLLEGE | **COURT OF APPEAL NO. TBD** <br> **CASE NUMBER** <br> 25CV1332 |
| **COVER LETTER TO THIRD APPELLATE DISTRICT FOR NOTICE OF APPEAL** | |

10/14/2025

TO:   COLETTE M. BRUGGMAN, CLERK
      COURT OF APPEAL
      THIRD APPELLATE DISTRICT
      EMAIL: 3dcefiling@jud.ca.gov

Re:   New Notice of Appeal

Court of Appeal Case No. TBD
Superior Court Case No. 25CV1332
Title of Case: Alexandr Yakovlev vs. Lake Tahoe Community College

To Whom It May Concern:

Enclosed please find the following documents:

1) NOTICE OF APPEAL

2) ORDER SIGNED AND FILED

3) NOTICE OF FILING OF NOTICE OF APPEAL

Appellants <u>did not</u> provide any filing fees with the Notice of Appeal.

Please feel free to contact me if you have any questions or concerns.

Sincerely,

Amanda Sooth
Deputy Clerk
Phone: (530) 621-6469
Email: asooth@eldorado.courts.ca.gov

**RECEIVED**
ELECTRONICALLY

xref = C104786, C104875,   Oct 14, 2025
C104876, C104877
OCW
                    Clerk, Court of Appeal
                    Third Appellate District

Internal Use
Local Form AP-6
Effective 07/26/2021

Cover Letter to Third Appellate
District for Notice of Appeal
(Appeals)

Page 1 of 1



**FILED**

OCT 1 4 2025

EL DORADO CO. SUPERIOR COURT
BY _____ (DEPUTY)

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF EL DORADO

APPELLATE DIVISION

| | |
|---|---|
| ALEXANDR YAKOVLEV | COURT OF APPEAL NO. **TBD** |
| Petitioner and Appellant | |
| | SUPERIOR COURT CASE NO. **25CV1332** |
| vs | |
| | NOTICE OF FILING OF NOTICE OF APPEAL |
| LAKE TAHOE COMMUNITY COLLEGE | |
| Respondent and Respondent | |

TO:   COURT OF APPEAL
      THIRD APPELLATE DISTRICT
      EMAIL: 3dcefiling@jud.ca.gov

A Notice of Appeal was filed in the above-entitled action on **10/14/25** by **ALEXANDR YAKOVLEV**

## List of Attorneys/Pro Per Litigants of Record:

| Name, Bar#, Address, Phone#, Email: | Represents: |
|---|---|
| ALEXANDR YAKOVLEV<br>GENERAL DELIVERY<br>SOUTH LAKE TAHOE, CA 96151<br>Phone (530) 494-9406<br>Email: 750emerealdbay@gmail.com | Alexandr Yakovlev<br><br>Petitioner/Appellant |
| Lake Tahoe Community College<br>1 College Dr<br>South Lake Tahoe, CA 96150 | Lake Tahoe Community College<br><br>Respondent/Respondent |

Dated: October 14, 2025          EL DORADO COUNTY SUPERIOR COURT

By, _____
    Court Clerk

C104874

## CLERK'S CERTIFICATE OF MAILING

I, Amanda Sooth, Deputy Clerk of the Superior Court of the County of El Dorado, State of California, do hereby certify that I am a citizen of the United States and employed in the County of El Dorado; I am over the age of eighteen years and not a party to the within action; my business address is Superior Court of the State of California, County of El Dorado, 28520 Fairlane Court Placerville, CA 95667; and that I delivered a copy of the **NOTICE OF APPEAL AND NOTICE OF FILING OF NOTICE OF APPEAL**

ALEXANDR YAKOVLEV

GENERAL DELIVERY

SOUTH LAKE TAHOE, CA 96151

Lake Tahoe Community College

1 College Dr

South Lake Tahoe, CA 96150

COURT OF APPEAL
THIRD APPELLATE DISTRICT
VIA ELECTRONIC DELIVERY

I am familiar with the business practice of El Dorado County Superior Court with regards to collection and processing of documents for mailing. The documents described above were placed for collection and mailing through either the United States Post Office, Inter-Departmental Mail or Courthouse Attorney Box.

Executed on Dated: October 14, 2025, Placerville, CA

EL DORADO COUNTY SUPERIOR COURT,

By, _____

Court Clerk

C104874

**APP-002**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME: Alexandr Yakovlev, in Pro Per
FIRM NAME:
STREET ADDRESS: General Delivery
CITY: South Lake Tahoe    STATE: CA    ZIP CODE: 96151
TELEPHONE NO.:    FAX NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO
STREET ADDRESS: 2850 Fairlane Court, Suite 120
MAILING ADDRESS:
CITY AND ZIP CODE: Placerville, CA 95667
BRANCH NAME: Placerville Building C Branch

**ELECTRONICALLY FILED**
Superior Court of California,
County of El Dorado
**10/14/2025 at 12:22:02 AM**
By: Amanda Sooth, Deputy Clerk

PLAINTIFF/PETITIONER: Alexandr Yakovlev
DEFENDANT/RESPONDENT: Lake Tahoe Community College et al

| [x] NOTICE OF APPEAL    [ ] CROSS-APPEAL (UNLIMITED CIVIL CASE) | CASE NUMBER: 25CV1332 |
|---|---|

**Notice: Please read *Information on Appeal Procedures for Unlimited Civil Cases* (Judicial Council form APP-001) before completing this form. This form must be filed in the superior court, not in the Court of Appeal. A copy of this form must also be served on the other party or parties to this appeal. You may use an applicable Judicial Council form (such as APP-009 or APP-009E) for the proof of service. When this document has been completed and a copy served, the original may then be filed with the court with proof of service.**

1. NOTICE IS HEREBY GIVEN that (name):  Alexandr Yakovlev

   appeals from the following judgment or order in this case, which was entered on *(date)*:

   [ ] Judgment after jury trial

   [ ] Judgment after court trial

   [ ] Default judgment

   [ ] Judgment after an order granting a summary judgment motion

   [x] Judgment of dismissal under Code of Civil Procedure, §§ 581d, 583.250, 583.360, or 583.430

   [ ] Judgment of dismissal after an order sustaining a demurrer

   [x] An order after judgment under Code of Civil Procedure, § 904.1(a)(2)

   [x] An order or judgment under Code of Civil Procedure, § 904.1(a)(3)–(13)

   [x] Other *(describe and specify code section that authorizes this appeal):*
   Order Denying Plaintiff's Request to Proceed with Pending Litigations

2. For cross-appeals only:
   a. Date notice of appeal was filed in original appeal:
   b. Date superior court clerk mailed notice of original appeal:
   c. Court of Appeal case number *(if known):*

Date:  October 12, 2025

Alexandr Yakovlev
_____
(TYPE OR PRINT NAME)

*Alexandr Yakovlev*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
APP-002 [Rev. January 1, 2017]

**NOTICE OF APPEAL/CROSS-APPEAL (UNLIMITED CIVIL CASE)
(Appellate)**

Cal. Rules of Court, rule 8.100
www.courts.ca.gov

C104874

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | | VL-115 |
|---|---|---|---|

NAME: ~~Alexander Yakovlev~~ **Alexandr Yakovlev**
FIRM NAME:
STREET ADDRESS: General Delivery
CITY: South Lake Tahoe    STATE CA    ZIP CODE 96150
TELEPHONE NO.:    FAX NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (name):

| COURT OF APPEAL, | APPELLATE DISTRICT, DIVISION |
|---|---|

[x] SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:    **El Dorado County Superior Court**
MAILING ADDRESS:    **1354 Johnson Blvd.**
CITY AND ZIP CODE:    **So. Lake Tahoe, CA 96150**
BRANCH NAME:

PLAINTIFF/PETITIONER: ~~Alexander Yakovlev~~ **Alexandr Yakovlev**
DEFENDANT/RESPONDENT: Lake Tahoe Community College
OTHER:

FOR COURT USE ONLY

**FILED**
Superior Court of California,
County of El Dorado
**09/17/2025 at 02:38:00 PM**
By: Katherine Burtt, Deputy Clerk

**ORDER TO FILE**
**NEW LITIGATION BY VEXATIOUS LITIGANT**

Type of case:  [ ] Limited Civil   [x] Unlimited Civil   [ ] Small Claims
[ ] Family Law   [ ] Probate   [ ] Other

CASE NUMBER:
25CV1332

**ORDER**

Approval to file the attached document is:

a.  [ ]  Granted

b.  [x]  Denied

c.  [ ]  Other:

[ ] Attachment to order.   Number of pages:

Date: **09/17/2025**



Vicki Ashworth
PRESIDING JUDGE OR JUSTICE

Form Approved for Optional Use
Judicial Council of California
VL-115 [Rev. September 1, 2018]
For your protection and privacy, please press the Clear
This Form button after you have printed the form.

**ORDER TO FILE**
**NEW LITIGATION BY VEXATIOUS LITIGANT**

Page 1 of 1
Code of Civil Procedure, § 391.7
www.courts.ca.gov





C104874

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO** 1354 Johnson Blvd South Lake Tahoe, CA 96150 | *FOR COURT USE ONLY* **FILED** SEP 16 2025 EL DORADO CO. SUPERIOR COURT BY _____ DEPUTY CLERK |
|---|---|
| **TITLE OF CASE:** Alexandr Yakovlev vs. Lake Tahoe Community College | |
| **NOTICE OF VEXATIOUS LITIGANT** | **CASE NUMBER** 25CV1332 |

TO:    ALL PARTIES AND/OR ATTORNEY(S) OF RECORD:

YOU ARE HEREBY NOTIFIED:

The plaintiff in this action is a vexatious litigant subject to a prefiling order as set forth in Code of Civil Procedure section 391.7, subdivision (a). Pursuant to Code of Civil Procedure section 391.7, subdivision (c), the litigation is hereby automatically stayed. The litigation shall be automatically dismissed unless the plaintiff within 10 days of the filing of this notice obtains an order from the presiding judge permitting the filing of the litigation as set forth in Code of Civil Procedure section 391.7, subdivision (b). (Code Civ. Proc., § 391.7, subd. (c).)

Date: September 16, 2025

By: _____ Deputy Clerk  K. Burtt                    Shelby Wineinger

C104874

### CLERK'S CERTIFICATE OF MAILING

I, Katherine Burtt, Deputy Clerk of the Superior Court of the County of El Dorado, State of California, do hereby certify that I am a citizen of the United States and employed in the County of El Dorado; I am over the age of eighteen years and not a party to the within action; my business address is Superior Court of the State of California, County of El Dorado, 1354 Johnson Blvd South Lake Tahoe, CA 96150; and that I delivered a copy of the **NOTICE OF VEXATIOUS LITIGANT** to the individual(s) listed below:

Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151
And via email: 750emeraidbay@gmail.com


Brian L. Hoffman Esq.
Jessica M. Zaragoza Esq.
WOOD, SMITH, HENNING & BERMAN LLP
501 West Broadway, Suite 120
San Diego, California 92101
And via email: bhoffman@wshblaw.com; jzaragoza@wshblaw.com

I am familiar with the business practice of El Dorado County Superior Court with regards to collection and processing of documents for mailing. The documents described above were placed for collection and mailing in South Lake Tahoe, California, through either the United States Post Office, Inter-Departmental Mail, or Courthouse attorney box.

Executed on September 16, 2025 at South Lake Tahoe, CA.

EL DORADO COUNTY SUPERIOR COURT,

By: <u>Katherine Burtt</u>
Deputy Clerk

Shelby Wineinger

**OFFICE OF THE CLERK**
## COURT OF APPEAL
**Third Appellate District**
**State of California**

914 Capitol Mall
Sacramento, CA  95814-4814
916.654.0209
appellate.courts.ca.gov

COLETTE M. BRUGGMAN
Clerk/Executive Officer

TODD C. EYSTER
Assistant Clerk/Executive Officer

October 21, 2025

Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151

Re:    Yakovlev v. Lake Tahoe Community College
       C104874
       El Dorado County Super. Ct. No. 25CV1332

Dear Mr. Yakovlev:

You have been deemed a vexatious litigant by the trial court.   The appeal cannot proceed without an order from the presiding justice of this court authorizing the appeal.   (Code Civ. Proc., § 391.7, subds. (a)-(c); *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216-1221.)

I have been directed to advise you that you may file a request for permission to appeal. Your appeal will be automatically dismissed or deemed inoperative by the court on October 31, 2025, unless you obtain an order from the presiding justice permitting you to file the appeal, and no extensions of time will be granted.   (Code Civ. Proc., § 391.7, subd. (c).)   In order to allow the court adequate time to consider your request, you must file your request in this court on or before October 28, 2025.  Any such request for permission to appeal must explain why the appeal has merit and has not been filed for the purposes of harassment or delay.  (Code Civ. Proc., § 391.7, subd. (b).)  You are further advised that this court will not entertain a request for reconsideration or rehearing if your request for permission to appeal is denied.

This notice automatically stays the appeal.   (Code Civ. Proc., § 391.7, subd. (c).)

Very truly yours,

COLETTE M. BRUGGMAN
Clerk/Executive Officer

*Ryan Raff*

By:   Ryan Raff
Assistant Deputy Clerk III

cc:   See Mailing List

MAILING LIST

Re:  Yakovlev v. Lake Tahoe Community College
     C104874
     El Dorado County Super. Ct. No. 25CV1332

Copies of this document have been sent by mail to the parties checked below unless they
were noticed electronically.   If a party does not appear on the TrueFiling Servicing
Notification and is not checked below, service was not required.

Alexandr Yakovlev
✓General Delivery
South Lake Tahoe, CA 96151

Brian Lee Hoffman
Wood, Smith, Henning & Berman LLP
501 West Broadway, Suite 120
San Diego, CA 92101

Jessica Marie Zaragoza
Wood, Smith, Henning & Berman LLP
501 West Broadway, Suite 120
San Diego, CA 92101

El Dorado County Superior Court   -   Main
495 Main Street
Placerville, CA 95667

Court of Appeal, Third Appellate District
Colette M. Bruggman, Clerk
Electronically FILED on 11/4/2025 by R. Raff, Deputy Clerk

IN THE
# Court of Appeal of the State of California
### IN AND FOR THE
## THIRD APPELLATE DISTRICT

ALEXANDR YAKOVLEV,
      Petitioner and Appellant,
      v.
LAKE TAHOE COMMUNITY COLLEGE,
      Defendant and Respondent.

                                  C104874
                                  El Dorado County
                                  No. 25CV1332

BY THE COURT:

      Appellant was notified in writing that the appeal could not proceed without an order from the presiding justice of this court authorizing the appeal, and that the appeal would be automatically dismissed or deemed inoperative unless appellant obtained the order from the presiding justice on or before October 31, 2025.

      Appellant did not file a request for permission to appeal by October 31, 2025. Therefore, the notice of appeal filed on October 14, 2025, is deemed inoperative. (Code Civ. Proc., § 391.7, subd. (c).)

ROBIE, Acting P.J.

----------------------------------

cc: See Mailing List

IN THE

# Court of Appeal of the State of California

### IN AND FOR THE
## THIRD APPELLATE DISTRICT

MAILING LIST

Re:   Yakovlev v. Lake Tahoe Community College
      C104874
      El Dorado County Super. Ct. No. 25CV1332

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.  If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.

✓ Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151

Brian Lee Hoffman
Wood, Smith, Henning & Berman LLP
501 West Broadway, Suite 120
San Diego, CA 92101

Jessica Marie Zaragoza
Wood, Smith, Henning & Berman LLP
501 West Broadway, Suite 120
San Diego, CA 92101

El Dorado County Superior Court   -   Main
495 Main Street
Placerville, CA 95667
(by e-mail)

Court of Appeal, Third Appellate District
Colette M. Bruggman, Clerk
Electronically FILED on 10/28/2025 by J. Villarreal, Deputy Clerk

IN THE

# Court of Appeal of the State of California

### IN AND FOR THE
### THIRD APPELLATE DISTRICT

ALEXANDR YAKOVLEV,
    Petitioner,
      v.
THE SUPERIOR COURT
OF EL DORADO COUNTY,
    Respondent;
LAKE TAHOE
COMMUNITY COLLEGE,
    Real Party in Interest.

C104897
El Dorado County
No.   25CV1332

BY THE COURT:

On October 20, 2025, petitioner filed a request for reasonable disability accommodation under California Rules of Court, rule 1.100, and the Americans with Disabilities Act (ADA).   Petitioner requests that he be allowed to continue using speech-to-text software and voice transcription technology for all filings and correspondence; liberal interpretation and leniency regarding typographical or formatting irregularities arising from assistive technology; electronic service and filing flexibility, allowing petitioner to correct inadvertent errors post-submission without penalty; and judicial acknowledgment that disability-related language errors do not reflect vexatious or frivolous intent and must not prejudice the Court's evaluation of the merits.   The Court's response is as follows.

The request for accommodations is granted in part and denied in part. Petitioner's requests to be allowed to continue using speech-to-text software and voice transcription technology for all filings and correspondence and liberal interpretation and leniency regarding typographical or formatting irregularities arising from assistive technology are granted.

Petitioner's request for electronic service and filing flexibility, allowing him to correct inadvertent errors post-submission without penalty is denied.   The proof of service contains information necessary for the determination of timeliness of filings and may, in some cases, be jurisdictional.   (Cal. Rules of Court, rule 1.100(d) [the accommodation requested . . . must not address, in any manner, the subject matter or merits of the proceedings before the court].)   Petitioner will be allowed to re-serve documents to correct errors, but any penalty will be by operation of law.

Case No. C104897
Page 2 of 2

Petitioner's request for "Judicial acknowledgment that disability-related language errors do not reflect vexatious or frivolous intent, and must not prejudice the Court's evaluation of the merits" is denied.   Under rule 1.100(a)(3), accommodations means actions that result in court services, programs, or activities being readily accessible to and usable by persons with disabilities.   It is unclear what modification in policy, practice or procedure is being requested that ensures access to the court.   (Rule 1.100(a)(3) [Accommodations may include making reasonable modifications in policies, practices, and procedures. . ..].)

ROBIE, Acting P.J.

--------------------------------

cc: See Mailing List

IN THE

# Court of Appeal of the State of California

## IN AND FOR THE
## THIRD APPELLATE DISTRICT

MAILING LIST

Re:    Yakovlev v. The Superior Court of El Dorado County
       C104897
       El Dorado County Super. Ct. No. 25CV1332

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.  If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.


Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151

Court of Appeal, Third Appellate District
Colette M. Bruggman, Clerk
Electronically FILED on 10/30/2025 by J. Villarreal, Deputy Clerk

IN THE

# Court of Appeal of the State of California

## IN AND FOR THE
## THIRD APPELLATE DISTRICT

ALEXANDR YAKOVLEV,
    Petitioner,
    v.
THE SUPERIOR COURT
OF EL DORADO COUNTY,
    Respondent;
LAKE TAHOE
COMMUNITY COLLEGE,
    Real Party in Interest.

C104897
El Dorado County
No.   25CV1332

BY THE COURT:

    Petitioner's request for an order by the presiding justice for relief from a prefiling order to permit the filing of a petition for writ of mandate or prohibition is denied. Petitioner has failed to show "it appears that the litigation [the writ petition] has merit and has not been filed for the purposes of harassment or delay."   (Code Civ. Proc., § 391.7, subd. (b); *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216-1221, disapproved on other grounds by *John v. Superior Court* (2016) 63 Cal.4th 91.)

    The clerk of this court is directed to reject the petition for writ of mandate or prohibition, application for waiver of court fees, and supporting documents submitted with the petition as of the date of this order.

ROBIE, Acting P.J.

--------------------------------

cc: See Mailing List

**IN THE**
# Court of Appeal of the State of California
**IN AND FOR THE**
## THIRD APPELLATE DISTRICT

MAILING LIST

Re:   Yakovlev v. The Superior Court of El Dorado County
        C104897
        El Dorado County Super. Ct. No. 25CV1332

Copies of this document have been sent by mail to the parties checked below unless
they were noticed electronically.  If a party does not appear on the TrueFiling Servicing
Notification and is not checked below, service was not required.


Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151


El Dorado County Superior Court  -  Main
495 Main Street
Placerville, CA 95667
(By email)

# Exhibit O

VL-115

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Alexandr Yakovlev | | |
| FIRM NAME: | | |
| STREET ADDRESS: General Delivery | | |
| CITY: South Lake Tahoe    STATE: CA    ZIP CODE: 96151 | | |
| TELEPHONE NO.:    FAX NO.: | | |
| E-MAIL ADDRESS: | | |
| ATTORNEY FOR (name): | | |

| COURT OF APPEAL,          APPELLATE DISTRICT, DIVISION | |
|---|---|
| [x] SUPERIOR COURT OF CALIFORNIA, COUNTY OF | **FILED** |
| STREET ADDRESS: **El Dorado County Superior Court** | Superior Court of California, |
| MAILING ADDRESS: **1354 Johnson Blvd.** | County of El Dorado |
| CITY AND ZIP CODE: **So. Lake Tahoe, CA 96150** | 09/17/2025 at 02:40:41 PM |
| BRANCH NAME: | By: Katherine Burtt, Deputy Clerk |

| PLAINTIFF/PETITIONER: ~~Alexander Yakovlev~~ Alexandr Yakovlev | |
|---|---|
| DEFENDANT/RESPONDENT: South Lake Tahoe Supportive Housing | |
| OTHER: | |

| ORDER TO FILE NEW LITIGATION BY VEXATIOUS LITIGANT | CASE NUMBER: |
|---|---|
| Type of case: ☐ Limited Civil  [x] Unlimited Civil  ☐ Small Claims  ☐ Family Law  ☐ Probate  ☐ Other | 25CV1718 |

## ORDER

Approval to file the attached document is:

a. ☐ Granted

b. [X] Denied

c. ☐ Other:

☐ Attachment to order.  Number of pages:

Date: **09/17/2025**



Vicki Ashworth

PRESIDING JUDGE OR JUSTICE

Form Approved for Optional Use
Judicial Council of California
VL-115 [Rev. September 1, 2018]
For your protection and privacy, please press the Clear
This Form button after you have printed the form.

**ORDER TO FILE
NEW LITIGATION BY VEXATIOUS LITIGANT**

Page 1 of 1

Code of Civil Procedure, § 391.7
www.courts.ca.gov

   

COURT OF APPEAL, THIRD APPELLATE DISTRICT

---

Civil    C104875

ALEXANDR YAKOVLEV,
     Petitioner and Appellant,
          v.
SOUTH LAKE TAHOE
SUPPORTIVE HOUSING,
     Defendant and Respondent.

El Dorado County Superior Court  -  Main   25CV1718
Judge:  Vicki Ashworth
Nature of Action:  civo       Civil complaints - other

---

## ATTORNEY - LITIGANTS

In propria persona

     Petitioner and Appellant
     Alexandr Yakovlev
     General Delivery
     South Lake Tahoe, CA   96151
     (530) 494-9406

Cynthia G. Lawrence (Bar No. 148927)
Sims, Lawrence & Broghammer
1478 Stone Point Drive, Suite 450
Roseville, CA   95661
(916) 797-8881
cynthia@sims-law.net

     Defendant and Respondent
     South Lake Tahoe Supportive Housing

Kimberly A White (Bar No. 177868)
Sims, Lawrence & Broghammer
1478 Stone Point Drive, Suite 450
Roseville, CA   95661
(916) 797-8881
kim@sims-law.net

     Defendant and Respondent
     South Lake Tahoe Supportive Housing

## DOCKET EVENTS

10/14/2025
Notice of appeal lodged/received.
Filed in the trial court 10/14/25.   Denial of request to file new litigation by vexatious litigant.

10/21/2025
E-filed document(s) attached.
Letter sent to:
Appellant has been deemed a vexatious litigant.   The appeal will be dismissed unless appellant files a reuqest for prermission to appeal by 10/31/25.   This notice automatically stays the appeal.

11/04/2025
E-filed document(s) attached.
Order filed.
Appellant has been deemed a vexatious litigant by the trial court.   Appellant did not obtain relief from a prefiling order from the presiding justice authorizing the filing of this appeal.   The appeal filed 10/14/25 is deemed inoperative.   ROBIE, Acting P.J.

C104875

**SUPERIOR COURT OF CALIFORNIA COUNTY OF EL DORADO**

1354 Johnson Blvd
South Lake Tahoe, CA 96150

| | |
|---|---|
| **TITLE OF CASE:** ALEXANDR YAKOVLEV VS. SOUTH LAKE TAHOE SUPPORTIVE HOUSING | **COURT OF APPEAL NO.** TBD<br>**CASE NUMBER**<br>25CV1718 |
| **COVER LETTER TO THIRD APPELLATE DISTRICT FOR NOTICE OF APPEAL** | |

10/14/2025

TO:  COLETTE M. BRUGGMAN, CLERK
     COURT OF APPEAL
     THIRD APPELLATE DISTRICT
     EMAIL: 3dcefiling@jud.ca.gov

Re:  New Notice of Appeal

Court of Appeal Case No. TBD
Superior Court Case No. 25CV1718
Title of Case: Alexandr Yakovlev vs. South Lake Tahoe Supportive Housing

To Whom It May Concern:

Enclosed please find the following documents:

1) NOTICE OF APPEAL

2) ORDER SIGNED AND FILED

3) NOTICE OF FILING OF NOTICE OF APPEAL

Appellants <u>did not</u> provide any filing fees with the Notice of Appeal.

Please feel free to contact me if you have any questions or concerns.

**RECEIVED**
ELECTRONICALLY

Sincerely,

Amanda Sooth
Deputy Clerk
Phone: (530) 621-6469
Email: asooth@eldorado.courts.ca.gov

Oct 14, 2025

xref = C104786, C104874
C104876, C104877
OCW

Clerk, Court of Appeal
Third Appellate District

Internal Use
Local Form AP-6
Effective 07/26/2021

Cover Letter to Third Appellate
District for Notice of Appeal
(Appeals)

Page 1 of 1

**FILED**

OCT 1 4 2025

EL DORADO CO SUPERIOR COURT
BY_____(DEPUTY)

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF EL DORADO

APPELLATE DIVISION

| | |
|---|---|
| ALEXANDR YAKOVLEV<br><br>Petitioner and Appellant<br><br>vs<br><br>SOUTH LAKE TAHOE SUPPORTIVE<br>HOUSING<br><br>Respondent and Respondent | COURT OF APPEAL NO. **TBD**<br><br>SUPERIOR COURT CASE NO. **25CV1718**<br><br>NOTICE OF FILING OF NOTICE OF APPEAL<br><br>· |

TO:    COURT OF APPEAL
       THIRD APPELLATE DISTRICT
       EMAIL: 3dcefiling@jud.ca.gov

A Notice of Appeal was filed in the above-entitled action on **10/14/25** by **ALEXANDR YAKOVLEV**

**List of Attorneys/Pro Per Litigants of Record:**

| Name, Bar#, Address, Phone#, Email: | Represents: |
|---|---|
| ALEXANDR YAKOVLEV<br>GENERAL DELIVERY<br>SOUTH LAKE TAHOE, CA 96151<br>Phone (530) 494-9406<br>Email: 750emerealdbay@gmail.com | Alexandr Yakovlev<br><br>Petitioner/Appellant |
| CYNTHIA LAWRENCE # 148927<br>1478 STONE POINT DR STE 4<br>ROSEVILLE, CA 95661<br>Phone: (916) 797-8881<br>Email: cynthia@sims-law.net | SOUTH LAKE TAHOE SUPPORTIVE<br>HOUSING<br><br>Respondent/Respondent |

Dated: October 14, 2025                    EL DORADO COUNTY SUPERIOR COURT

By, _____
    Court Clerk

C104875

## CLERK'S CERTIFICATE OF MAILING

I, Amanda Sooth, Deputy Clerk of the Superior Court of the County of El Dorado, State of California, do hereby certify that I am a citizen of the United States and employed in the County of El Dorado; I am over the age of eighteen years and not a party to the within action; my business address is Superior Court of the State of California, County of El Dorado, 28520 Fairlane Court Placerville, CA 95667; and that I delivered a copy of the **NOTICE OF APPEAL AND NOTICE OF FILING OF NOTICE OF APPEAL**

ALEXANDR YAKOVLEV

GENERAL DELIVERY

SOUTH LAKE TAHOE, CA 96151


CYNTHIA LAWRENCE # 148927

1478 STONE POINT DR STE 4

ROSEVILLE, CA 95661

COURT OF APPEAL
THIRD APPELLATE DISTRICT
VIA ELECTRONIC DELIVERY


I am familiar with the business practice of El Dorado County Superior Court with regards to collection and processing of documents for mailing. The documents described above were placed for collection and mailing through either the United States Post Office, Inter-Departmental Mail or Courthouse Attorney Box.

Executed on Dated: October 14, 2025, Placerville, CA

EL DORADO COUNTY SUPERIOR COURT,

By, _____
        Court Clerk

C104875

APP-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Alexandr Yakovlev, in Pro Per | | |
| FIRM NAME: | | |
| STREET ADDRESS: General Delivery | | |
| CITY: South Lake Tahoe    STATE: CA    ZIP CODE: 96151 | | |
| TELEPHONE NO.:    FAX NO.: | | |
| E-MAIL ADDRESS: | | |
| ATTORNEY FOR (name): | | |

**ELECTRONICALLY FILED**
Superior Court of California,
County of El Dorado
10/14/2025 at 12:28:02 AM
By: Amanda Sooth, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO
 STREET ADDRESS: 2850 Fairlane Court, Suite 120
 MAILING ADDRESS:
CITY AND ZIP CODE: Placerville, CA 95667
 BRANCH NAME: Placerville Building C Branch

 PLAINTIFF/PETITIONER: Alexandr Yakovlev
DEFENDANT/RESPONDENT: South Lake Tahoe Supportive Housing et al

| [x] NOTICE OF APPEAL    [ ] CROSS-APPEAL (UNLIMITED CIVIL CASE) | CASE NUMBER: 25CV1718 |
|---|---|

> **Notice: Please read *Information on Appeal Procedures for Unlimited Civil Cases* (Judicial Council form APP-001) before completing this form. This form must be filed in the superior court, not in the Court of Appeal. A copy of this form must also be served on the other party or parties to this appeal. You may use an applicable Judicial Council form (such as APP-009 or APP-009E) for the proof of service. When this document has been completed and a copy served, the original may then be filed with the court with proof of service.**

1. NOTICE IS HEREBY GIVEN that (name): Alexandr Yakovlev

   appeals from the following judgment or order in this case, which was entered on *(date)*:

   [ ] Judgment after jury trial

   [ ] Judgment after court trial

   [ ] Default judgment

   [ ] Judgment after an order granting a summary judgment motion

   [x] Judgment of dismissal under Code of Civil Procedure, §§ 581d, 583.250, 583.360, or 583.430

   [ ] Judgment of dismissal after an order sustaining a demurrer

   [x] An order after judgment under Code of Civil Procedure, § 904.1(a)(2)

   [x] An order or judgment under Code of Civil Procedure, § 904.1(a)(3)–(13)

   [x] Other *(describe and specify code section that authorizes this appeal)*:
   Order Denying Plaintiff's Request to Proceed with Pending Litigations

2. For cross-appeals only:

   a. Date notice of appeal was filed in original appeal:

   b. Date superior court clerk mailed notice of original appeal:

   c. Court of Appeal case number *(if known)*:

Date: October 12, 2025

Alexandr Yakovlev
_____
(TYPE OR PRINT NAME)

*Alexandr Yakovlev*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

| Form Approved for Optional Use Judicial Council of California APP-002 [Rev. January 1, 2017] | **NOTICE OF APPEAL/CROSS-APPEAL (UNLIMITED CIVIL CASE)** (Appellate) | Page 1 of 1 Cal. Rules of Court, rule 8.100 www.courts.ca.gov |
|---|---|---|

C104875

VL-115

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: Alexandr Yakovlev

FIRM NAME:

STREET ADDRESS: General Delivery

CITY: South Lake Tahoe    STATE: CA    ZIP CODE: 96151

TELEPHONE NO.:    FAX NO.:

E-MAIL ADDRESS:

ATTORNEY FOR (name):

☐ COURT OF APPEAL,    APPELLATE DISTRICT, DIVISION

☒ SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS: El Dorado County Superior Court

MAILING ADDRESS: 1354 Johnson Blvd.

CITY AND ZIP CODE: So. Lake Tahoe, CA 96150

BRANCH NAME:

**FILED**
Superior Court of California,
County of El Dorado
09/17/2025 at 02:40:41 PM
By: Katherine Burtt, Deputy Clerk

PLAINTIFF/PETITIONER: ~~Alexander Yakovlev~~ Alexandr Yakovlev

DEFENDANT/RESPONDENT: South Lake Tahoe Supportive Housing

OTHER:

**ORDER TO FILE
NEW LITIGATION BY VEXATIOUS LITIGANT**

Type of case: ☐ Limited Civil   ☒ Unlimited Civil   ☐ Small Claims
             ☐ Family Law      ☐ Probate          ☐ Other

CASE NUMBER:
25CV1718

## ORDER

Approval to file the attached document is:

a. ☐ Granted

b. ☒ Denied

c. ☐ Other:

☐ Attachment to order.   Number of pages:

Date: **09/17/2025**

▶     Vicki Ashworth

PRESIDING JUDGE OR JUSTICE

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
VL-115 [Rev. September 1, 2016]

**ORDER TO FILE
NEW LITIGATION BY VEXATIOUS LITIGANT**

Code of Civil Procedure, § 391.7
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

  

C104875

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA,**<br>**COUNTY OF EL DORADO**<br><br>1354 Johnson Blvd<br>South Lake Tahoe, CA 96150 | **FOR COURT USE ONLY**<br><br>**FILED**<br>SEP 16 2025<br>EL DORADO CO. SUPERIOR COURT<br>BY<br>DEPUTY CLERK |
| **TITLE OF CASE:** Alexandr Yakovlev vs. South Lake Tahoe Supportive Housing | |
| **NOTICE OF VEXATIOUS LITIGANT** | **CASE NUMBER**<br>25CV1718 |

**TO:**    ALL PARTIES AND/OR ATTORNEY(S) OF RECORD:

**YOU ARE HEREBY NOTIFIED:**

The plaintiff in this action is a vexatious litigant subject to a prefiling order as set forth in Code of Civil Procedure section 391.7, subdivision (a). Pursuant to Code of Civil Procedure section 391.7, subdivision (c), the litigation is hereby automatically stayed. The litigation shall be automatically dismissed unless the plaintiff within 10 days of the filing of this notice obtains an order from the presiding judge permitting the filing of the litigation as set forth in Code of Civil Procedure section 391.7, subdivision (b). (Code Civ. Proc., § 391.7, subd. (c).)

Date: <u>September 16, 2025</u>

Shelby Wininger

By: _____  K-Bur.14
          Deputy Clerk

C104875

## CLERK'S CERTIFICATE OF MAILING

I, Katherine Burtt, Deputy Clerk of the Superior Court of the County of El Dorado, State of California, do hereby certify that I am a citizen of the United States and employed in the County of El Dorado; I am over the age of eighteen years and not a party to the within action; my business address is Superior Court of the State of California, County of El Dorado, 1354 Johnson Blvd South Lake Tahoe, CA 96150; and that I delivered a copy of the **NOTICE OF VEXATIOUS LITIGANT** to the individual(s) listed below:

Alexander Yakovlev
General Delivery
South Lake Tahoe, CA 96151
And via email: 750emeraldbay@gmail.com

CYNTHIA G. LAWRENCE Esq.
KIMBERLY WHITE Esq.
SIMS, LAWRENCE & BROGHAMMER
1478 Stone Point Drive, Suite 450
Roseville, CA 95661
And via Email: cynthia@sims-law.net; kim@sims-law.net

I am familiar with the business practice of El Dorado County Superior Court with regards to collection and processing of documents for mailing. The documents described above were placed for collection and mailing in South Lake Tahoe, California, through either the United States Post Office, Inter-Departmental Mail or Courthouse Attorney Box.

Executed on September 16, 2025 at South Lake Tahoe, CA.

EL DORADO COUNTY SUPERIOR COURT,

By: Katherine Burtt
Deputy Clerk

Shelby Wineinger

**OFFICE OF THE CLERK**
**COURT OF APPEAL**
**Third Appellate District**
**State of California**

914 Capitol Mall
Sacramento, CA  95814-4814
916.654.0209
appellate.courts.ca.gov

COLETTE M. BRUGGMAN
Clerk/Executive Officer

TODD C. EYSTER
Assistant Clerk/Executive Officer

October 21, 2025

Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151

Re:   Yakovlev v. South Lake Tahoe Supportive Housing
      C104875
      El Dorado County Super. Ct. No. 25CV1718

Dear Mr. Yakovlev:

You have been deemed a vexatious litigant by the trial court.   The appeal cannot proceed without an order from the presiding justice of this court authorizing the appeal.   (Code Civ. Proc., § 391.7, subds. (a)-(c); *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216-1221.)

I have been directed to advise you that you may file a request for permission to appeal. Your appeal will be automatically dismissed or deemed inoperative by the court on October 31, 2025, unless you obtain an order from the presiding justice permitting you to file the appeal, and no extensions of time will be granted.   (Code Civ. Proc., § 391.7, subd. (c).)   In order to allow the court adequate time to consider your request, you must file your request in this court on or before October 28, 2025.   Any such request for permission to appeal must explain why the appeal has merit and has not been filed for the purposes of harassment or delay.   (Code Civ. Proc., § 391.7, subd. (b).)   You are further advised that this court will not entertain a request for reconsideration or rehearing if your request for permission to appeal is denied.

This notice automatically stays the appeal.   (Code Civ. Proc., § 391.7, subd. (c).)

Very truly yours,

COLETTE M. BRUGGMAN
Clerk/Executive Officer

*Ryan Raff*

By:   Ryan Raff
Assistant Deputy Clerk III

cc:   See Mailing List

MAILING LIST

Re:   Yakovlev v. South Lake Tahoe Supportive Housing
      C104875
      El Dorado County Super. Ct. No. 25CV1718

Copies of this document have been sent by mail to the parties checked below unless they
were noticed electronically.   If a party does not appear on the TrueFiling Servicing
Notification and is not checked below, service was not required.

Alexandr Yakovlev
✓General Delivery
South Lake Tahoe, CA 96151

Cynthia G. Lawrence
Sims, Lawrence & Broghammer
1478 Stone Point Drive, Suite 450
Roseville, CA 95661

Kimberly A White
Sims, Lawrence & Broghammer
1478 Stone Point Drive, Suite 450
Roseville, CA 95661

El Dorado County Superior Court   -   Main
495 Main Street
Placerville, CA 95667

Court of Appeal, Third Appellate District
Colette M. Bruggman, Clerk
Electronically FILED on 11/4/2025 by R. Raff, Deputy Clerk

**IN THE**

# Court of Appeal of the State of California
## IN AND FOR THE
## THIRD APPELLATE DISTRICT

ALEXANDR YAKOVLEV,
    Petitioner and Appellant,
    v.
SOUTH LAKE TAHOE
SUPPORTIVE HOUSING,
    Defendant and Respondent.

C104875
El Dorado County
No. 25CV1718

BY THE COURT:

    Appellant was notified in writing that the appeal could not proceed without an order from the presiding justice of this court authorizing the appeal, and that the appeal would be automatically dismissed or deemed inoperative unless appellant obtained the order from the presiding justice on or before October 31, 2025.

    Appellant did not file a request for permission to appeal by October 31, 2025. Therefore, the notice of appeal filed on October 14, 2025, is deemed inoperative. (Code Civ. Proc., § 391.7, **subd.** (c).)

ROBIE, Acting P.J.

-------------------------------

cc: See Mailing List

IN THE

# Court of Appeal of the State of California

## IN AND FOR THE
## THIRD APPELLATE DISTRICT

MAILING LIST

Re:    Yakovlev v. South Lake Tahoe Supportive Housing
       C104875
       El Dorado County Super. Ct. No. 25CV1718

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.  If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.

Alexandr Yakovlev
✔ General Delivery
South Lake Tahoe, CA 96151

Cynthia G. Lawrence
Sims, Lawrence & Broghammer
1478 Stone Point Drive, Suite 450
Roseville, CA 95661

Kimberly A White
Sims, Lawrence & Broghammer
1478 Stone Point Drive, Suite 450
Roseville, CA 95661

El Dorado County Superior Court   -   Main
495 Main Street
Placerville, CA 95667
(by e-mail)

Court of Appeal, Third Appellate District
Colette M. Bruggman, Clerk
Electronically FILED on 10/28/2025 by J. Villarreal, Deputy Clerk

IN THE

# Court of Appeal of the State of California

## IN AND FOR THE
## THIRD APPELLATE DISTRICT

ALEXANDR YAKOVLEV,
    Petitioner,
      v.
THE SUPERIOR COURT
OF EL DORADO COUNTY,
    Respondent;
SOUTH LAKE TAHOE
SUPPORTIVE HOUSING,
    Real Party in Interest.

C104877
El Dorado County
No.   25CV1718

BY THE COURT:

On October 20, 2025, petitioner filed a request for reasonable disability accommodation under California Rules of Court, rule 1.100, and the Americans with Disabilities Act (ADA).   Petitioner requests that he be allowed to continue using speech-to-text software and voice transcription technology for all filings and correspondence; liberal interpretation and leniency regarding typographical or formatting irregularities arising from assistive technology; electronic service and filing flexibility, allowing petitioner to correct inadvertent errors post-submission without penalty; and judicial acknowledgment that disability-related language errors do not reflect vexatious or frivolous intent and must not prejudice the Court's evaluation of the merits.   The Court's response is as follows.

The request for accommodations is granted in part and denied in part. Petitioner's requests to be allowed to continue using speech-to-text software and voice transcription technology for all filings and correspondence and liberal interpretation and leniency regarding typographical or formatting irregularities arising from assistive technology are granted.

Petitioner's request for electronic service and filing flexibility, allowing him to correct inadvertent errors post-submission without penalty is denied.   The proof of service contains information necessary for the determination of timeliness of filings and may, in some cases, be jurisdictional.   (Cal. Rules of Court, rule 1.100(d) [the accommodation requested . . . must not address, in any manner, the subject matter or merits of the proceedings before the court].)   Petitioner will be allowed to re-serve documents to correct errors, but any penalty will be by operation of law.

Case No. C104877
Page 2 of 2

Petitioner's request for "Judicial acknowledgment that disability-related language errors do not reflect vexatious or frivolous intent, and must not prejudice the Court's evaluation of the merits" is denied.   Under rule 1.100(a)(3), accommodations means actions that result in court services, programs, or activities being readily accessible to and usable by persons with disabilities.   It is unclear what modification in policy, practice or procedure is being requested that ensures access to the court.   (Rule 1.100(a)(3) [Accommodations may include making reasonable modifications in policies, practices, and procedures. . ..].)

ROBIE, Acting P.J.

--------------------------------

cc: See Mailing List

IN THE
# Court of Appeal of the State of California
## IN AND FOR THE
## THIRD APPELLATE DISTRICT

MAILING LIST

Re:   Yakovlev v. The Superior Court of El Dorado County
      C104877
      El Dorado County Super. Ct. No. 25CV1718

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.  If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.


Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151

Court of Appeal, Third Appellate District
Colette M. Bruggman, Clerk
Electronically FILED on 10/28/2025 by J. Villarreal, Deputy Clerk

IN THE
# Court of Appeal of the State of California
### IN AND FOR THE
### THIRD APPELLATE DISTRICT

ALEXANDR YAKOVLEV,
    Petitioner,
    v.
THE SUPERIOR COURT
OF EL DORADO COUNTY,
    Respondent;
SOUTH LAKE TAHOE
SUPPORTIVE HOUSING,
    Real Party in Interest.

                             C104877
                             El Dorado County
                             No.  25CV1718

BY THE COURT:

      Petitioner's request for an order by the presiding justice for relief from a prefiling order to permit the filing of a petition for writ of mandate or prohibition is denied. Petitioner has failed to show "it appears that the litigation [the writ petition] has merit and has not been filed for the purposes of harassment or delay."  (Code Civ. Proc., § 391.7, subd. (b); *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216-1221, disapproved on other grounds by *John v. Superior Court* (2016) 63 Cal.4th 91.)

      The clerk of this court is directed to reject the petition for writ of mandate or prohibition, application for waiver of court fees, and supporting documents submitted with the petition as of the date of this order.

ROBIE, Acting P.J.

--------------------------------

cc: See Mailing List

**IN THE**

# Court of Appeal of the State of California

**IN AND FOR THE**
**THIRD APPELLATE DISTRICT**

MAILING LIST

Re:   Yakovlev v. The Superior Court of El Dorado County
C104877
El Dorado County Super. Ct. No. 25CV1718

Copies of this document have been sent by mail to the parties checked below unless
they were noticed electronically.  If a party does not appear on the TrueFiling Servicing
Notification and is not checked below, service was not required.

Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151


Cynthia G. Lawrence
Sims, Lawrence & Broghammer
1478 Stone Point Drive, Suite 450
Roseville, CA 95661


Kimberly A White
Sims, Lawrence & Broghammer
1478 Stone Point Drive, Suite 450
Roseville, CA 95661


El Dorado County Superior Court  -  Main
495 Main Street
Placerville, CA 95667
(By email)

# Exhibit P

COURT OF APPEAL, THIRD APPELLATE DISTRICT

---

Civil    C104876

ALEXANDR YAKOVLEV,
    Petitioner and Appellant,
    v.
VALERIE BRIDGES et al.,
    Defendant and Respondent.

El Dorado County Superior Court  -  Main   25CV1748
Judge:  Vicki Ashworth
Nature of Action:  civo        Civil complaints - other

---

## ATTORNEY - LITIGANTS

In propria persona

      Petitioner and Appellant
      Alexandr Yakovlev
      General Delivery
      South Lake Tahoe, CA   96151
      (530) 494-9406

In propria persona

      Defendant and Respondent
      Valerie Bridges et al.

---

## DOCKET EVENTS

10/14/2025
Notice of appeal lodged/received.
Filed in the trial court 10/14/25.   Denial of request to file new litigation by vexatious litigant.

10/21/2025
E-filed document(s) attached.
Letter sent to:
Appellant has been deemed a vexatious litigant.   The appeal will be dismissed unless appellant
files a reuqest for prermission to appeal by 10/31/25.   This notice automatically stays the appeal.

11/04/2025
E-filed document(s) attached.
Order filed.
Appellant has been deemed a vexatious litigant by the trial court.   Appellant did not obtain relief
from a prefiling order from the presiding justice authorizing the filing of this appeal.   The appeal
filed 10/14/25 is deemed inoperative.   ROBIE, Acting P.J.

---

C104876

SUPERIOR COURT OF CALIFORNIA COUNTY OF EL DORADO

1354 Johnson Blvd
South Lake Tahoe, CA 96150

| TITLE OF CASE: ALEXANDR YAKOVLEV VS. VALERIE BRIDGES ET AL. | COURT OF APPEAL NO. TBD CASE NUMBER 25CV1748 |
|---|---|
| COVER LETTER TO THIRD APPELLATE DISTRICT FOR NOTICE OF APPEAL | |

10/14/2025

TO:   COLETTE M. BRUGGMAN, CLERK
      COURT OF APPEAL
      THIRD APPELLATE DISTRICT
      EMAIL: 3dcefiling@jud.ca.gov

Re:   New Notice of Appeal

Court of Appeal Case No. TBD
Superior Court Case No. 25CV1748
Title of Case: Alexandr Yakovlev vs. Valerie Bridges et al.

To Whom It May Concern:

Enclosed please find the following documents:

1) NOTICE OF APPEAL

2) ORDER SIGNED AND FILED

3) NOTICE OF FILING OF NOTICE OF APPEAL

Appellants did not provide any filing fees with the Notice of Appeal.

Please feel free to contact me if you have any questions or concerns.

Sincerely,

Amanda Sooth
Deputy Clerk
Phone: (530) 621-6469
Email: asooth@eldorado.courts.ca.gov

**RECEIVED**
ELECTRONICALLY

Oct 14, 2025

Clerk, Court of Appeal
Third Appellate District

xrefs = C104786, C104874,
C104875, C104877
OCW

Internal Use
Local Form AP-6
Effective 07/26/2021

Cover Letter to Third Appellate
District for Notice of Appeal
(Appeals)

Page 1 of 1



FILED

OCT 1 4 2025

EL DORADO CO SUPERIOR COURT

BY _____ (DEPUTY)



SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF EL DORADO

APPELLATE DIVISION

| | |
|---|---|
| ALEXANDR YAKOVLEV | COURT OF APPEAL NO. **TBD** |
| Petitioner and Appellant | SUPERIOR COURT CASE NO. **25CV1748** |
| vs | NOTICE OF FILING OF NOTICE OF APPEAL |
| VALERIE BRIDGES et al | |
| Respondent and Respondent | |

TO:    COURT OF APPEAL
       THIRD APPELLATE DISTRICT
       EMAIL: 3dcefiling@jud.ca.gov

A Notice of Appeal was filed in the above-entitled action on **10/14/25** by **ALEXANDR YAKOVLEV**

**List of Attorneys/Pro Per Litigants of Record:**

| Name, Bar#, Address, Phone#, Email: | Represents: |
|---|---|
| ALEXANDR YAKOVLEV<br>GENERAL DELIVERY<br>SOUTH LAKE TAHOE, CA 96151<br>Phone (530) 494-9406<br>Email: 750emerealdbay@gmail.com | Alexandr Yakovlev<br><br>Petitioner/Appellant |
| VALERIE BRIDGES<br>Unknown | Valerie Brdges<br><br>Respondent/Respondent |

Dated: October 14, 2025        EL DORADO COUNTY SUPERIOR COURT

By, _____
      Court Clerk

C104876

## CLERK'S CERTIFICATE OF MAILING

I, Amanda Sooth, Deputy Clerk of the Superior Court of the County of El Dorado, State of California, do hereby certify that I am a citizen of the United States and employed in the County of El Dorado; I am over the age of eighteen years and not a party to the within action; my business address is Superior Court of the State of California, County of El Dorado, 28520 Fairlane Court Placerville, CA 95667; and that I delivered a copy of the **NOTICE OF APPEAL AND NOTICE OF FILING OF NOTICE OF APPEAL**

ALEXANDR YAKOVLEV

GENERAL DELIVERY

SOUTH LAKE TAHOE, CA 96151

COURT OF APPEAL
THIRD APPELLATE DISTRICT
VIA ELECTRONIC DELIVERY

I am familiar with the business practice of El Dorado County Superior Court with regards to collection and processing of documents for mailing. The documents described above were placed for collection and mailing through either the United States Post Office, Inter-Departmental Mail or Courthouse Attorney Box.

Executed on Dated: October 14, 2025, Placerville, CA

EL DORADO COUNTY SUPERIOR COURT,

By, _____
       Court Clerk

C104876

APP-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|
| NAME: Alexandr Yakovlev, in Pro Per<br>FIRM NAME:<br>STREET ADDRESS: General Delivery<br>CITY: South Lake Tahoe   STATE: CA   ZIP CODE: 96151<br>TELEPHONE NO.:   FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of El Dorado<br>10/14/2025 at 12:31:52 AM<br>By: Amanda Sooth, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO
STREET ADDRESS: 2850 Fairlane Court, Suite 120
MAILING ADDRESS:
CITY AND ZIP CODE: Placerville, CA 95667
BRANCH NAME: Placerville Building C Branch

PLAINTIFF/PETITIONER: Alexandr Yakovlev
DEFENDANT/RESPONDENT: Valerie Bridges et al

| [x] NOTICE OF APPEAL   [ ] CROSS-APPEAL<br>(UNLIMITED CIVIL CASE) | CASE NUMBER:<br>25CV1748 |
|---|---|

**Notice: Please read *Information on Appeal Procedures for Unlimited Civil Cases* (Judicial Council form APP-001) before completing this form. This form must be filed in the superior court, not in the Court of Appeal. A copy of this form must also be served on the other party or parties to this appeal. You may use an applicable Judicial Council form (such as APP-009 or APP-009E) for the proof of service. When this document has been completed and a copy served, the original may then be filed with the court with proof of service.**

1.  NOTICE IS HEREBY GIVEN that (name):  Alexandr Yakovlev

    appeals from the following judgment or order in this case, which was entered on *(date)*:

    [ ] Judgment after jury trial

    [ ] Judgment after court trial

    [ ] Default judgment

    [ ] Judgment after an order granting a summary judgment motion

    [x] Judgment of dismissal under Code of Civil Procedure, §§ 581d, 583.250, 583.360, or 583.430

    [ ] Judgment of dismissal after an order sustaining a demurrer

    [x] An order after judgment under Code of Civil Procedure, § 904.1(a)(2)

    [x] An order or judgment under Code of Civil Procedure, § 904.1(a)(3)–(13)

    [x] Other *(describe and specify code section that authorizes this appeal)*:
        Order Denying Plaintiff's Request to Proceed with Pending Litigations

2.  For cross-appeals only:

    a.  Date notice of appeal was filed in original appeal:

    b.  Date superior court clerk mailed notice of original appeal:

    c.  Court of Appeal case number *(if known)*:

Date:  October 12, 2025

Alexandr Yakovlev
_____
(TYPE OR PRINT NAME)

▶ *Alexandr Yakovlev*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 1

Form Approved for Optional Use<br>Judicial Council of California<br>APP-002 [Rev. January 1, 2017]

**NOTICE OF APPEAL/CROSS-APPEAL (UNLIMITED CIVIL CASE)**
**(Appellate)**

Cal. Rules of Court, rule 8.100
www.courts.ca.gov

C104876

VL-115

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | FOR COURT USE ONLY |
|---|---|---|

NAME: Alexandr Yakovlev
FIRM NAME:
STREET ADDRESS: General Delivery
CITY: South Lake Tahoe     STATE: CA     ZIP CODE: 96151
TELEPHONE NO.:     FAX NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (name):

☐ COURT OF APPEAL,     APPELLATE DISTRICT, DIVISION
☒ SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS: **El Dorado County Superior Court**
CITY AND ZIP CODE: **1354 Johnson Blvd.**
BRANCH NAME: **So. Lake Tahoe, CA 96150**

**FILED**
Superior Court of California,
County of El Dorado
**09/17/2025 at 02:36:46 PM**
By: Katherine Burtt, Deputy Clerk

PLAINTIFF/PETITIONER: Alexandr Yakovlev
DEFENDANT/RESPONDENT: Valerie Bridges et al
OTHER:

## ORDER TO FILE
## NEW LITIGATION BY VEXATIOUS LITIGANT

Type of case: ☐ Limited Civil   ☒ Unlimited Civil   ☐ Small Claims
☐ Family Law   ☐ Probate   ☐ Other

CASE NUMBER:
25CV1748

### ORDER

Approval to file the attached document is:

a. ☐ Granted

b. ☒ Denied

c. ☐ Other:

☐ Attachment to order.   Number of pages:

Date: **09/17/2025**



**Vicki Ashworth**
PRESIDING JUDGE OR JUSTICE

Form Approved for Optional Use,
Judicial Council of California,
VL-115 [Rev. September 1, 2018]

### ORDER TO FILE
### NEW LITIGATION BY VEXATIOUS LITIGANT

Code of Civil Procedure, § 391.7
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.
[ Print this form ] [ Save this form ]   

C104876

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO**<br><br>1354 Johnson Blvd<br>South Lake Tahoe, CA 96150 | FOR COURT USE ONLY<br><br>**FILED**<br>SEP 18 2025<br>EL DORADO CO. SUPERIOR COURT<br>BY _____<br>(DEPUTY CLERK) |
| **TITLE OF CASE:** Alexandr Yakovlev vs. Valerie Bridges et al. | |
| **NOTICE OF VEXATIOUS LITIGANT** | **CASE NUMBER**<br>25CV1748 |

TO:    ALL PARTIES AND/OR ATTORNEY(S) OF RECORD:

YOU ARE HEREBY NOTIFIED:

The plaintiff in this action is a vexatious litigant subject to a prefiling order as set forth in Code of Civil Procedure section 391.7, subdivision (a). Pursuant to Code of Civil Procedure section 391.7, subdivision (c), the litigation is hereby automatically stayed. The litigation shall be automatically dismissed unless the plaintiff within 10 days of the filing of this notice obtains an order from the presiding judge permitting the filing of the litigation as set forth in Code of Civil Procedure section 391.7, subdivision (b). (Code Civ. Proc., § 391.7, subd. (c).)

Date: <u>September 16, 2025</u>

By: _____
         Deputy Clerk   *K Burtt*

         Shelby Wineinger

C104876

## CLERK'S CERTIFICATE OF MAILING

I, **Katherine Burtt**, Deputy Clerk of the Superior Court of the County of El Dorado, State of California, do hereby certify that I am a citizen of the United States and employed in the County of El Dorado; I am over the age of eighteen years and not a party to the within action; my business address is Superior Court of the State of California, County of El Dorado, 1354 Johnson Blvd South Lake Tahoe, CA 96150; and that I delivered a copy of the **NOTICE OF VEXATIOUS LITIGANT** to the individual(s) listed below:

Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151
And via email: 750emeraldbay@gmail.com

I am familiar with the business practice of El Dorado County Superior Court with regards to collection and processing of documents for mailing. The documents described above were placed for collection and mailing in South Lake Tahoe, California, through either the United States Post Office, Inter-Departmental Mail or Courthouse Attorney Box.

Executed on September 16, 2025 at South Lake Tahoe, CA.

EL DORADO COUNTY SUPERIOR COURT,

By: Katherine Burtt
    Deputy Clerk

Shelby Wineinger

**OFFICE OF THE CLERK**
**COURT OF APPEAL**
**Third Appellate District**
**State of California**

914 Capitol Mall
Sacramento, CA  95814-4814
916.654.0209
appellate.courts.ca.gov

**COLETTE M. BRUGGMAN**
Clerk/Executive Officer

**TODD C. EYSTER**
Assistant Clerk/Executive Officer

October 21, 2025

Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151

Re:    Yakovlev v. Bridges et al.
       C104876
       El Dorado County Super. Ct. No. 25CV1748

Dear Mr. Yakovlev:

You have been deemed a vexatious litigant by the trial court.   The appeal cannot proceed
without an order from the presiding justice of this court authorizing the appeal.   (Code Civ.
Proc., § 391.7, subds. (a)-(c); *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th
1211, 1216-1221.)

I have been directed to advise you that you may file a request for permission to appeal.
Your appeal will be automatically dismissed or deemed inoperative by the court on
October 31, 2025, unless you obtain an order from the presiding justice permitting you to
file the appeal, and no extensions of time will be granted.   (Code Civ. Proc., § 391.7,
subd. (c).)   In order to allow the court adequate time to consider your request, you must
file your request in this court on or before October 28, 2025.   Any such request for
permission to appeal must explain why the appeal has merit and has not been filed for the
purposes of harassment or delay.   (Code Civ. Proc., § 391.7, subd. (b).)   You are further
advised that this court will not entertain a request for reconsideration or rehearing if your
request for permission to appeal is denied.

This notice automatically stays the appeal.   (Code Civ. Proc., § 391.7, subd. (c).)

Very truly yours,

COLETTE M. BRUGGMAN
Clerk/Executive Officer

*Ryan Raff*

By:   Ryan Raff
Assistant Deputy Clerk III

cc:   See Mailing List

MAILING LIST

Re:   Yakovlev v. Bridges et al.
        C104876
        El Dorado County Super. Ct. No. 25CV1748

Copies of this document have been sent by mail to the parties checked below unless they
were noticed electronically.   If a party does not appear on the TrueFiling Servicing
Notification and is not checked below, service was not required.

Alexandr Yakovlev
✓General Delivery
South Lake Tahoe, CA 96151

El Dorado County Superior Court   -   Main
495 Main Street
Placerville, CA 95667

Court of Appeal, Third Appellate District
Colette M. Bruggman, Clerk
Electronically FILED on 11/4/2025 by R. Raff, Deputy Clerk

IN THE

# Court of Appeal of the State of California
## IN AND FOR THE
## THIRD APPELLATE DISTRICT

ALEXANDR YAKOVLEV,
      Petitioner and Appellant,
      v.
VALERIE BRIDGES et al.,
      Defendant and Respondent.

                                        C104876
                                        El Dorado County
                                        No. 25CV1748

BY THE COURT:

        Appellant was notified in writing that the appeal could not proceed without an order from the presiding justice of this court authorizing the appeal, and that the appeal would be automatically dismissed or deemed inoperative unless appellant obtained the order from the presiding justice on or before October 31, 2025.

        Appellant did not file a request for permission to appeal by October 31, 2025. Therefore, the notice of appeal filed on October 14, 2025, is deemed inoperative. (Code Civ. Proc., § 391.7, subd. (c).)

ROBIE, Acting P.J.

--------------------------------

cc: See Mailing List

IN THE

# Court of Appeal of the State of California

### IN AND FOR THE
### THIRD APPELLATE DISTRICT

MAILING LIST

Re:     Yakovlev v. Bridges et al.
        C104876
        El Dorado County Super. Ct. No. 25CV1748

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.  If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.

Alexandr Yakovlev
✓ General Delivery
South Lake Tahoe, CA 96151

El Dorado County Superior Court   -   Main
495 Main Street
Placerville, CA 95667
(by e-mail)

Court of Appeal, Third Appellate District
Colette M. Bruggman, Clerk
Electronically FILED on 10/28/2025 by J. Villarreal, Deputy Clerk

IN THE

# Court of Appeal of the State of California

## IN AND FOR THE
## THIRD APPELLATE DISTRICT


ALEXANDR YAKOVLEV,
    Petitioner,
    v.
THE SUPERIOR COURT
OF EL DORADO COUNTY,
    Respondent;
VALERIE BRIDGES et al.,
    Real Parties in Interest.


                        C104898
                        El Dorado County
                        No.   25CV1748


BY THE COURT:

On October 20, 2025, petitioner filed a request for reasonable disability accommodation under California Rules of Court, rule 1.100, and the Americans with Disabilities Act (ADA).   Petitioner requests that he be allowed to continue using speech-to-text software and voice transcription technology for all filings and correspondence; liberal interpretation and leniency regarding typographical or formatting irregularities arising from assistive technology; electronic service and filing flexibility, allowing petitioner to correct inadvertent errors post-submission without penalty; and judicial acknowledgment that disability-related language errors do not reflect vexatious or frivolous intent and must not prejudice the Court's evaluation of the merits.   The Court's response is as follows.

The request for accommodations is granted in part and denied in part. Petitioner's requests to be allowed to continue using speech-to-text software and voice transcription technology for all filings and correspondence and liberal interpretation and leniency regarding typographical or formatting irregularities arising from assistive technology are granted.

Petitioner's request for electronic service and filing flexibility, allowing him to correct inadvertent errors post-submission without penalty, is denied.   The proof of service contains information necessary for the determination of timeliness of filings and may, in some cases, be jurisdictional.   (Cal. Rules of Court, rule 1.100(d) [the accommodation requested . . . must not address, in any manner, the subject matter or merits of the proceedings before the court].)   Petitioner will be allowed to re-serve documents to correct errors, but any penalty will be by operation of law.

Case No. C104898
Page 2 of 2

Petitioner's request for "Judicial acknowledgment that disability-related language errors do not reflect vexatious or frivolous intent, and must not prejudice the Court's evaluation of the merits" is denied.   Under rule 1.100(a)(3), accommodations means actions that result in court services, programs, or activities being readily accessible to and usable by persons with disabilities.   It is unclear what modification in policy, practice or procedure is being requested that ensures access to the court.   (Rule 1.100(a)(3) [Accommodations may include making reasonable modifications in policies, practices, and procedures. . ..].)

ROBIE, Acting P.J.

------------------------------

cc: See Mailing List

IN THE
# Court of Appeal of the State of California
## IN AND FOR THE
## THIRD APPELLATE DISTRICT

MAILING LIST

Re:   Yakovlev v. The Superior Court of El Dorado County
      C104898
      El Dorado County Super. Ct. No. 25CV1748

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.  If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.


Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151

Court of Appeal, Third Appellate District
Colette M. Bruggman, Clerk
Electronically FILED on 10/30/2025 by J. Villarreal, Deputy Clerk

IN THE

# Court of Appeal of the State of California
## IN AND FOR THE
### THIRD APPELLATE DISTRICT

ALEXANDR YAKOVLEV,
    Petitioner,
    v.
THE SUPERIOR COURT
OF EL DORADO COUNTY,
    Respondent;
VALERIE BRIDGES et al.,
    Real Parties in Interest.

C104898
El Dorado County
No.   25CV1748

BY THE COURT:

Petitioner's request for an order by the presiding justice for relief from a prefiling order to permit the filing of a petition for writ of mandate or prohibition is denied. Petitioner has failed to show "it appears that the litigation [the writ petition] has merit and has not been filed for the purposes of harassment or delay."   (Code Civ. Proc., § 391.7, subd. (b); *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216-1221, disapproved on other grounds by *John v. Superior Court* (2016) 63 Cal.4th 91.)

The clerk of this court is directed to reject the petition for writ of mandate or prohibition, application for waiver of court fees, and supporting documents submitted with the petition as of the date of this order.

ROBIE, Acting P.J.

-------------------------------

cc: See Mailing List

IN THE
# Court of Appeal of the State of California
IN AND FOR THE
## THIRD APPELLATE DISTRICT


MAILING LIST

Re:   Yakovlev v. The Superior Court of El Dorado County
      C104898
      El Dorado County Super. Ct. No. 25CV1748

Copies of this document have been sent by mail to the parties checked below unless
they were noticed electronically.   If a party does not appear on the TrueFiling Servicing
Notification and is not checked below, service was not required.


Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151


Nicole Clemens Wright
Office of the County Counsel
330 Fair Lane
Placerville, CA 95667


El Dorado County Superior Court   -   Main
495 Main Street
Placerville, CA 95667
(By email)

# Exhibit Q

 Gmail                                      Alex <750emerealdbay@gmail.com>

---

## Response to your November 6, 2025 emails
1 message

---

**3DC-Questions** <3DC-Questions@jud.ca.gov>                    Fri, Nov 7, 2025 at 4:47 PM
To: "750emerealdbay@gmail.com" <750emerealdbay@gmail.com>

Mr. Yakovlev:

Your emails were referred to me for a response. Please be advised that email is not an appropriate method of communication with the Clerk's Office. If you would like to submit a motion to the court, you may do so by submitting it through the court's electronic filing system (TrueFiling), mailing it to the court, or bringing it to the Clerk's Office.

Your three notices of appeal were received from the El Dorado County Superior Court on October 14, 2025, and assigned to case numbers C104874, C104875, and C104876. Letters were mailed to you in each of the cases on October 21, 2025, advising that you had until October 31, 2025, to file a request for prefiling relief. No responses were received and the court issued orders that the cases were deemed inoperable on November 4, 2025. Attached are copies of the dockets and the filings for each case.

Thank you,

Olivia Warnock

Supervising Deputy Clerk

---

**3 attachments**

📄 **C104874_Case Documents.pdf**
2024K

📄 **C104875_Case Documents.pdf**
1952K

📄 **C104876_Case Documents.pdf**
2011K

 **Gmail**

**Alex <750emerealdbay@gmail.com>**

## URGENT – No Docketing Confirmation for 3 Notices of Appeal (Oct 14, 2025) – TEMP-157WW9VB / TEMP-MOLM7HEQ / TEMP-CCQLWZB1

**Alex <750emerealdbay@gmail.com>**                                                          Tue, Nov 11, 2025 at 9:13 AM
To: colette.bruggman@jud.ca.gov, ThirdDistrict@jud.ca.gov

Dear Clerk's Office,

My name is Alexandr Yakovlev, appellant in propria persona in the following matters:

- C104874 (TEMP-157WW9VB)

- C104875 (TEMP-MOLM7HEQ)

- C104876 (TEMP-CCQLWZB1)

I recently became aware that the Court issued **orders deeming my appeals inoperable on November 4, 2025. I** understand that letters regarding deadlines were allegedly mailed to me on October 21, 2025; however, I **never received these letters.** As a result, I was unable to respond or file the required documents by the October 31, 2025 deadline.

I previously filed my **Notices of Appeal on October 14, 2025,** via TrueFiling and served all parties electronically, submitting **Proofs of Electronic Service (Form APP-009E).** To date, I have not received any official correspondence from the Third Appellate District, which has prevented me from perfecting my appeals.

In light of these circumstances, I respectfully request the Court to:

1. **Grant an extension of time** to file my motion to set aside the dismissals.

2. Consider this request as an **ADA accommodation** under California Rule of Court 1.100 et seq., to ensure I can meaningfully participate in the appellate process given my current health limitations.

I note that dismissal without proper service violates fundamental **due process rights** (see *Fuentes v. Shevin* (1972) 407 U.S. 67; *Cal. Rules of Court* 8.100, 8.224(b)) and that relief may be granted where a party is prevented from timely acting due to circumstances beyond their control (*Code Civ. Proc.* §473(b)).

I am prepared to file the motion **immediately upon receiving the extension** and sincerely appreciate the Court's consideration of this urgent matter.

Respectfully,
Alexandr Yakovlev
Appellant, in propria persona
Email: 750emerealdbay@gmail.com

On Thu, Nov 6, 2025 at 7:48 PM Alex <750emerealdbay@gmail.com> wrote:

Dear Clerk's Office (Attn: Julia Villarreal, Assistant Deputy Clerk III, if available),

My name is **Alexandr Yakovlev**, appellant in propria persona in three matters originating in the **Superior Court of California, County of El Dorado.**

On **October 14, 2025,** I electronically filed **three Notices of Appeal** via 1eFile.com

- The Superior Court **accepted all three filings** the same day.
- I **served** all parties via TrueFiling and filed **Proofs of Electronic Service (Form APP-009E).**

**To date (November 6, 2025), I have received NO acknowledgment, appellate case number, or any correspondence from the Third Appellate District.**

Without a case number, I cannot:

1. File the **Civil Case Information Statement (Form APP-001)**,
2. Designate the record (**Form APP-003**), or
3. Meet the upcoming **Appellant's Opening Brief** deadline.

**Temporary TrueFiling IDs (for your reference):**

- **TEMP-157WW9VB**
- **TEMP-MOLM7HEQ**
- **TEMP-CCQLWZB1**

**Attachments (PDF):**

1. Notice of Appeal – TEMP-157WW9VB + APP-009E + TrueFiling confirmation
2. Notice of Appeal – TEMP-MOLM7HEQ + APP-009E + TrueFiling confirmation
3. Notice of Appeal – TEMP-CCQLWZB1 + APP-009E + TrueFiling confirmation

**Requested Action (by November 13, 2025 if possible):**

- Confirm receipt and transmittal from El Dorado Superior Court.
- Provide the **three appellate case numbers**.
- Advise of any additional steps required to perfect the appeals.

I am proceeding **in pro per** and committed to full compliance with the California Rules of Court.

Thank you for your immediate assistance.

Respectfully, **Alexandr Yakovlev** Appellant, in propria persona