UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDR YAKOVLEV,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO, et al.,<br><br>Defendants. | Case No. 2:25-cv-03110-DJC-CSK PS<br><br>ORDER GRANTING IFP REQUEST, AND FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S SECOND EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING FIRST AMENDED COMPLAINT<br><br>(ECF Nos. 2-6) |

Plaintiff Alexandr Yakovlev,[1] who is proceeding pro se, brings this action against Defendants Shelby Wineinger, the "Court Executive Officer" for the El Dorado County Superior Court in her official capacity; Colette M. Bruggman, the "Clerk/Executive Officer" of the California Court of Appeal, Third Appellate District, in her official capacity; the El Dorado County Superior Court; and the California Court of Appeal, Third Appellate District.[2] *See* First Amended Compl. ("FAC") (ECF No. 5). Pending before the Court are Plaintiff's "Emergency Motion for Temporary Restraining Order" and "Ex Parte

---

[1] Plaintiff identifies as a non-binary individual who uses the honorific "Mx." FAC ¶ 11.
[2] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

Application for Expedited Ruling on Application to Proceed In Forma Pauperis and for Temporary Restraining Order Without Notice." *See* Pl. First TRO Mot. (ECF No. 4); Pl. Second TRO Mot. (ECF No. 6). Pursuant to Local Rule 230(g), the Court submits the motions upon the record and briefs on file.

Plaintiff's application in support of the IFP request makes the required financial showing. (ECF No. 2.) Accordingly, the Court grants Plaintiff's IFP request. Further, for the reasons that follow, the Court RECOMMENDS DENYING Plaintiff's motions for temporary restraining order. The Court recommends DISMISSING without leave to amend all claims against Defendants Wineinger and Bruggman, and the 42 U.S.C. § 1983 claims against Defendants El Dorado County Superior Court and the California Court of Appeal, Third Appellate District. The Court ORDERS Plaintiff's Title II ADA claims against Defendants El Dorado County Superior Court and the California Court of Appeal, Third Appellate District be dismissed with leave to amend. The Court also GRANTS IN PART AND DENIES IN PART Plaintiff's request for reasonable accommodation. (ECF No. 3.)

I.    BACKGROUND

Plaintiff filed this action on October 27, 2025. (ECF No. 1.) On the same day, Plaintiff filed a request for reasonable accommodation and motion to e-file documents. (ECF No. 3.) On November 3, 2025, Plaintiff filed a motion for temporary restraining order. Pl. First TRO Mot. (ECF No. 4.) On the same day, Plaintiff timely filed a FAC, amending as of right, against Defendants Shelby Wineinger, the "Court Executive Officer" for the El Dorado County Superior Court in her official capacity; Colette M. Bruggman, the "Clerk/Executive Officer" of the California Court of Appeal, Third Appellate District, in her official capacity; the El Dorado County Superior Court; and the California Court of Appeal, Third Appellate District. *See* FAC; Fed. R. Civ. P. 15(a)(1). The FAC is the operative complaint.

On November 17, 2025, Plaintiff filed a second emergency motion for temporary restraining order. Pl. Second Mot. (ECF No. 6). Because Plaintiff filed a FAC and a

second emergency motion for temporary restraining order, the first motion for temporary restraining order (ECF No. 4) is DENIED as moot, and the Court considers the second emergency motion.

In the FAC, Plaintiff brings the following claims: (1) denial of due process and access to courts under 42 U.S.C. § 1983 against all Defendants; (2) denial of the First Amendment right to petition under § 1983 against all Defendants: and (3) denial of access and reasonable accommodation under Title II of the Americans With Disabilities Act ("ADA") against all Defendants. FAC ¶¶ 32-40. Plaintiff alleges that on September 11, 2025, a tentative ruling was issued in Case No. 25CV1460 in El Dorado County Superior Court. FAC ¶ 17. Plaintiff states he was unable to reserve oral argument by the deadline due to a mental health appointment. *Id.* Plaintiff states the hearing proceeded on September 10, 2025 without Plaintiff having "meaningful notice or an opportunity to respond." FAC ¶ 18. Plaintiff states the motions were emailed without consent and mailed to an incorrect address. *Id.* Plaintiff alleges that they attended a hearing on September 12, 2025 at the Superior Court where the judge, after learning about Plaintiff's non-binary identity and disability, "engaged in bias and misconduct." FAC ¶ 3. Plaintiff states they identified as non-binary and requested to be address as "Mx." FAC ¶ 19. Plaintiff alleges the judge initially denied the accommodation and "exhibited irritation," but after Plaintiff corrected the record a second time, the judge "complied." *Id.* Plaintiff states the state court signed the opposing party's proposed orders dismissing the action with prejudice and awarding sanctions amounting to $20,880.50 despite "lack of proper service and notice." FAC ¶ 20.

Plaintiff brings this action against the named executive officers in their official capacity because "the specific court staff responsible for rejecting filings are unknown." FAC ¶ 23. Plaintiff alleges their filings were blocked at both the Superior Court and at the California Court of Appeal, Third Appellate District. *See* FAC ¶ 25. Plaintiff seeks declaratory and injunctive relief.

On November 3, 2025, Plaintiff filed an emergency motion for temporary

restraining order. *See* Pl. First Mot. On November 17, 2025, Plaintiff filed a second emergency motion. Pl. Second Mot. at 6. Because Plaintiff filed a FAC and a second motion seeking emergency relief, Plaintiff's motion filed on November 3, 2025 should be denied as moot.

In this second motion, Plaintiff argues that the state trial court and appellate court have engaged in a scheme to prevent Plaintiff from access to justice. *Id.* at 1. Plaintiff states the trial court refuses to accept his filings, and the appellate court in turn dismisses his appeals for not filing the correct form in the trial court. *Id.* at 1-2. Plaintiff also states that the California Court of Appeal "executed a fraudulent notice scheme" by sending electronic notices to the trial court and opposing counsel but mailing notices to Plaintiff. *Id.* at 2. Plaintiff alleges that the California Court of Appeal has denied their request to correct filing errors in four separate cases (Case Nos. C104786, C104877, C104897, C104898). *Id.* at 3-4. Plaintiff states that this scheme prevents them from seeking state remedies. *See id.* at 5-6. Plaintiff also seeks that this Court rule on their IFP application. *See id.* at 2, 6.

## II.     SCREENING REQUIREMENT

### A.     Legal Standards

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**B.   Discussion**

    1.   *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, federal district courts may not "review the final determinations of a state court in judicial proceedings." *Worldwide Church of God v. McNair, et al.*, 805 F.2d 888, 890 (9th Cir. 1986). The doctrine reflects the fact that the only federal court with the jurisdiction to review state court decisions is the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Lower federal courts can review the constitutionality of laws, but not the judgment of a state court in a particular case. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983). District courts therefore lack subject matter jurisdiction if the current claims are "inextricably intertwined" with a state court decision and "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules[.]" *Bianchi v.*

1 | *Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

2 |     Plaintiff states that the El Dorado County Superior Court issued a tentative ruling in Case No. 25CV1460 on September 11, 2025. (FAC ¶ 17.) Plaintiff also states they attended a hearing in this case on September 12, 2025. (*See* FAC ¶¶ 17, 18.) Plaintiff alleges that the state court signed the opposing party's proposed orders dismissing the action with prejudice and awarding sanctions. FAC ¶ 18. Plaintiff also states there was a "vexations-litigant finding" and "the court summarily dismissed Plaintiff's evidence as 'unpersuasive' without meaningful consideration." FAC ¶ 20. To the extent Plaintiff is asking this Court to review the state court's dismissal of Plaintiff's claim or declaration of Plaintiff as a vexatious litigant, this is barred by the *Rooker-Feldman* doctrine because it is a final determination of the state court. Accordingly, Plaintiff's claims related to the underlying state court action should be dismissed on this ground without leave to amend.

          2.     <u>Quasi-Judicial Immunity</u>

    Plaintiff brings claims against Defendant Wineinger, a "Court Executive Officer" of the El Dorado County Superior Court and Defendant Bruggman, a "Clerk/Executive Officer" in the California Court of Appeal, Third Appellate District. FAC ¶¶ 12, 13. Plaintiff alleges the Defendant Wineinger, as Court Executive Officer, is "responsible for the policies, practices, and ministerial functions of the Clerk's office, including the acceptance of court filings." FAC ¶ 12. Court clerks have "absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process," unless the tasks are done in the "clear absence of all jurisdiction." *Mullis v. U.S. Bankruptcy Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987). This immunity also bars declaratory, injunctive, and other equitable relief. *Id.* at 1394. Other court staff also have quasi-judicial immunity when they act in a judicial or quasi-judicial capacity. *See Jason Behalf of Helfrich v. Trump*, 2025 WL 1004311, at *3 (E.D. Cal. Apr. 3, 2025).

    Here, Plaintiff brings suit against Defendants Wineinger and Bruggman because

of their "ministerial execution and administrative enforcement of the September 12, 2025, orders, combined with their blanket refusal to docket any appeal." FAC ¶ 33. Plaintiff also alleges Defendants Wineinger and Bruggman have an "ongoing ministerial policy of rejecting all filings." FAC ¶ 37. The conduct Plaintiff challenges relates to Defendants Wineinger and Bruggman's acts related to their official duties (*see* Compl. at 9-10), and Defendants are absolutely immune for these acts. *See Mullis*, 828 F.2d at 1390 ("The commencement of an action by filing a complaint or petition is a basic and integral part of the judicial process."); *Wills v. Barton*, 2009 WL 1684722, at *5 (E.D. Cal. June 16, 2009) (superior court clerk was immune from suit for decision about whether to accept or file petitions for writ of mandate and accompanying pleadings). Even if Defendants Wineinger and Bruggman made mistakes by rejecting certain of Plaintiff's filings, "a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors.'" *Mullis*, 828 F.2d at 1390 (citing *Stump v. Sparkman*, 435 U.S. 349, 359 (9th Cir. 1978)). Therefore, Plaintiff's claims against Defendants Wineinger and Bruggman should be dismissed without leave to amend. *See Mullis*, 828 F.2d at 1390; *Sermeno v. Tang*, 2025 WL 2722659, at *6-7 (N.D. Cal. Sept. 5, 2025).

### 3. Eleventh Amendment Immunity

Two of the Defendants are the El Dorado County Superior Court and the California Court of Appeal, Third Appellate District. Plaintiff brings claims one and two against these Defendants under 42 U.S.C. § 1983. The Ninth Circuit has held that the Superior Court of the State of California is an arm of the state, and therefore has Eleventh Amendment immunity. *Munoz v. Superior Court of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024); *see id.* at 978 ("We lack jurisdiction over these claims because actions against state courts and state court judges in their judicial capacity are barred by Eleventh Amendment immunity."). Accordingly, the El Dorado County Superior Court and the California Court of Appeal are immune from suit under 42 U.S.C. § 1983, and these claims against them should be dismissed without leave to amend.

4. <u>Title II of the Americans with Disabilities Act Claim</u>

Plaintiff asserts a claim under Title II of the ADA against all Defendants, which include the El Dorado County Superior Court, the California Court of Appeal, and two members of court staff in their official capacity. FAC ¶¶ 12-16. However, only a "public entity" can be sued under Title II for ADA violations. *See Burgess v. Carmichael*, 37 F. App'x 288, 292 (9th Cir. 2002). Here, the County of Solano and the State of California are public entities. *See Serris v. Chastaine*, 2022 WL 2133900, at *3 (E.D. Cal. June 14, 2022) (citing *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001)); *see also* 42 U.S.C. § 12131 (public entity is defined as "any State or Local Government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government"). Accordingly, the Court recommends dismissing the claims under Title II of the ADA against Defendants Wineinger and Bruggman without leave to amend because they are not public entities. The Court will address this claim as it pertains to the El Dorado County Superior Court and California Court of Appeal.[3]

A person alleging a Title II violation must show (1) they are a qualified individual with a disability; (2) they were excluded from participation in or denied the benefit of a public entity's services, programs, or activities, or the public entity otherwise discriminated against them; and (3) the exclusion, denial, or discrimination was by reason of their disability. *Duvall*, 260 F.3d at 1135. When a public entity receives a request for accommodations, it must determine the appropriate accommodations under

---

[3] It is unclear whether Defendants El Dorado County Superior Court and the California Court of Appeal have Eleventh Amendment immunity from Plaintiff's Title II ADA claim. *See Kohn v. State Bar of Cal.*, 119 F.4th 693, 698-99 (9th Cir. 2024). The Ninth Circuit adopted a three factor test to determine on a case by case basis whether state entities are protected by sovereign immunity from a plaintiff's Title II ADA claim based on the conduct at issue. *See id.* ("(1) [W]hich aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." (citing *United States v. Georgia*, 546 U.S. 151, 159 (2006))). Here, the Court does not have enough information about Plaintiff's claim to determine whether Congress validly abrogated sovereign immunity as to the specific class of conduct at issue. *See id.*

the circumstances. *See id.* at 1136. "To prevail under the ADA, [the plaintiff] must show that the accommodations offered... were not reasonable, and that [the plaintiff] was unable to participate equally in the proceedings at issue." *Id.* at 1137.

Here, Plaintiff's alleges they are a "disabled individual" who was denied meaningful access to the courts when the trial judge refused a reasonable accommodation and when court clerks rejected Plaintiff's ADA request as defective. FAC ¶¶ 11, 40. Plaintiff alleges they requested to be addressed as "Mx," but that the trial judge initially denied "this accommodation and exhibited irritation," but then later complied. FAC ¶ 19. The FAC fails to identify Plaintiff's alleged disability.[4] *See* FAC. Plaintiff's allegations fail to state a claim under Title II of the ADA. *See Duvall*, 260 F.3d at 1135. Accordingly, Plaintiff's claims under the ADA should be dismissed as to Defendants El Dorado County Superior Court and the California Court of Appeal. However, Plaintiff should be given an opportunity to amend their claim as to Defendants El Dorado County Superior Court and the California Court of Appeal only, to the extent they can allege facts sufficient to state a claim.

### III.   TEMPORARY RESTRAINING ORDER

As stated above, Plaintiff filed two motions for temporary restraining orders. (ECF Nos. 4, 6.) Because Plaintiff filed a FAC, and then filed the second motion, Plaintiff's first motion is moot. The Court accordingly DENIES Plaintiff's first motion as moot. (ECF No. 4.) The Court considers the second motion. (ECF No. 6.)

In Plaintiff's second motion for temporary restraining order, Plaintiff requests that this Court grant their motion to proceed in forma pauperis, and seeks a temporary restraining order that enjoins Defendants from taking any action to enforce the $20,880.50 sanctions order and that enjoins Defendants Wineinger and Bruggman from

---

[4]  The only place Plaintiff actually describes their disability is in the motion for reasonable accommodation, where Plaintiff states they have severe fibromyalgia, post-traumatic stress disorder, and cognitive processing disorders. (ECF No. 3 at 1.) Allegations made in a separate motion cannot be considered in the Court's review of Plaintiff's operative pleading.

refusing to accept and file submitted pleadings from Plaintiff. Pl. Second Mot. at 11-12.

### A. Legal Standards

Plaintiff moves ex parte for a temporary restraining order and writ of mandamus pursuant to Federal Rules of Civil Procedure 65 against all Defendants. The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction, which requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the first factor "is a threshold inquiry and is the most important factor," a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal quotation marks and citations omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right," and may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Winter*, 555 U.S. at 22, 24 (citation omitted). "Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

### B. Discussion

#### 1. Plaintiff's Motion Is Procedurally Deficient

Federal Rule of Civil Procedure 65(b)(1) permits the court to issue a TRO without notice to the adverse party only if (1) specific facts in the affidavit or underlying pleading show that immediate and irreparable injury, loss, or damage will result before the opposing party may be heard; and (2) the movant certifies in writing efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). This Court's Local Rules also set forth certain procedural mandates for a temporary restraining order to issue, including that the movant provide the following documents: (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on the relevant legal issues; (4) an affidavit to support the existence of irreparable harm; (5) an affidavit

detailing the notice or efforts undertaken or showing good cause why notice should not be given; (6) a proposed temporary restraining order and provision for bond; (7) a proposed order with blank for fixing time and date for a hearing; and (8) where a temporary restraining order is requested ex parte, the proposed order should also notify the affected parties of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow. E.D. Cal. Local Rule 231(c).

Plaintiff's motion is procedurally deficient because Plaintiff did not provide proper notice to Defendants. Plaintiff states in the motion that "[n]otice to Defendants is impracticable given the urgency and would likely trigger the very garnishment this Court must prevent." Pl. Second Mot. at 8. Plaintiff does not include an affidavit or declaration indicating Plaintiff's attempt to provide notice. *See* Fed. R. Civ. P. 65(b)(1)(B); E.D. Cal. Local Rule 231(c)(5). Further, Plaintiff has not provided specific facts in an affidavit clearly showing that immediate and irreparable injury will result before the adverse party can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A).

Plaintiff failed to comply with Rule 65(b)(1)(B) and Local Rule 231(c)(5) because they did not attempt to provide notice to Defendants. *See* Pl. Second Mot. Courts regularly deny TROs for failing to comply with the stringent requirements of Rule 65(b)(1), including those sought by pro se plaintiffs. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("courts have recognized very few circumstances justifying the issuance of an ex parte TRO"); *Abdel-Malak v. Doe*, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying TRO sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"); *Seymour v. U.S. Dep't of Def.*, 2010 WL 3385994, at *1 (S.D. Cal. Aug. 26, 2010) (same); *Roman v. Nw. Tr. Servs., Inc.*, 2010 WL 3489962, at *1 (W.D. Wash. Aug. 31, 2010) (same). In addition, Plaintiff's failure to comply with the Local Rules' requirements for TROs is sufficient justification to deny the motion. *See Nible v. Macomber*, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying TRO sought by pro se plaintiff as procedurally deficient); *see, e.g., Tri-Valley CAREs v. U.S.*

*Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

The Court therefore recommends denial of the TRO motion based on these procedural deficiencies.

### 2. Plaintiff Has Not Clearly Shown a Likelihood of Success on the Merits

The Court also examines the first and most important *Winter* element: likelihood of success on the merits. Plaintiff has not demonstrated that they are likely to succeed on the merits of their claims because, as discussed above, the FAC fails to sufficiently plead any claims and multiple defendants are immune from suit. Because the first *Winter* factor of likelihood of success is a threshold inquiry and the most important factor, a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird*, 81 F.4th at 1040; *see Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), they are still required to conform to the Federal Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).

As discussed above, Plaintiff fails to state a claim against any Defendant. Accordingly, Plaintiff has failed to establish the likelihood of success on the merits. *See Feathers v. U.S. SEC*, 2022 WL 17330840, at *2-3 (N.D. Cal. Nov. 29, 2022) (dismissing complaint under Rule 8 with leave to amend, and denying TRO based on no available plausible claims); *In re Trotochau v. Bennet*, 2018 WL 6262843, at *3 (C.D. Cal. Feb. 13, 2018) (denying TRO where pro se plaintiff failed to state a claim and failed to provide notice to defendants under Rule 65(b)); *Hanson v. Hanson*, 2014 WL 587867, at *3 (S.D. Cal. Feb. 14, 2014) (denying TRO because even when construing pro se complaint liberally, allegations were insufficient to show likely success on the merits). The Court need not address the other *Winter* factors based on Plaintiff's failure to show a likelihood of success on the merits. *See Apartment Ass'n of Los Angeles Cnty., Inc. v. City of Los Angeles,* 10 F.4th 905, 917 (9th Cir. 2021); *see also Baird*, 81 F.4th at 1040. The Court

therefore also recommends DENYING Plaintiff's motion for failing to establish the likelihood of success on the merits.

## IV.   LEAVE TO AMEND

If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130-31; *see also Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

As described above, the following claims cannot be cured by amendment:  the Section 1983 claims against all Defendants and the Title II ADA claims against Defendants Wineinger and Bruggman. These claims, therefore, should be dismissed without leave to amend.

Though it seems unlikely that Plaintiff can cure the defects as to his remaining claims, because Plaintiff is pro se, leave to amend should be granted as to the following claims only:  the Title II ADA claim against Defendants El Dorado County Superior Court and the California Court of Appeal, Third Appellate District. *See Cato*, 70 F.3d at 1106.

If Plaintiff elects to file an amended complaint, this new pleading shall be limited to the Title II ADA claim against Defendants El Dorado County Superior Court and the California Court of Appeal, Third Appellate District. Plaintiff is granted leave to amend the complaint to the extent they can allege facts that sufficiently plead their claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.

Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiff organize his complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiff[] to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

## V.     PLAINTIFF'S MOTION FOR REASONABLE ACCOMODATION

Plaintiff has filed a motion for reasonable accommodation due to a disability, and requests permission to electronically file documents via email, receive electronic service of court notices, and telephonic appearance at all hearings and other proceedings. (ECF No. 3 at 1-2.) Plaintiff states they have severe fibromyalgia, post-traumatic stress disorder, and cognitive processing disorders, which limits their mobility. *Id.* at 1. Plaintiff states their disability prevents travel to the courthouse which is over 100 miles away, makes receiving, handling, and responding to physical mail "impossible," and limits Plaintiff's ability to use video technology for virtual hearings. *Id.* at 2.

Regarding Plaintiff's request to appear telephonically at hearings, this request is

1   DENIED without prejudice as moot. Currently, there are no hearings scheduled, and the
2   Court is recommending that Plaintiff's FAC be dismissed. If Plaintiff's case proceeds and
3   a hearing is set, Plaintiff may file a request for a telephonic hearing at that time.

        Plaintiff also requests electronically filing documents and receiving electronic service of documents. Plaintiff's request is granted. *See* Local Rule 133(b)(2). E-filing access may be revoked at any time by the Court for excessive and/or inappropriate use. Plaintiff is DIRECTED to establish a PACER Account at www.pacer.gov and request E-Filing Access from California Eastern District through Account Maintenance. Plaintiff is expected to adhere to all professional standards of conduct when contacting the Clerk's Office. Inappropriate or rude communication with the Clerk's Office will be reported to the assigned judge and may result in removal from e-filing. Plaintiff therefore consents to receive service of documents electronically and waives the right to receive service by first class mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(D).

## VI. CONCLUSION

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's motion for reasonable accommodation (ECF No. 3) is GRANTED IN PART AND DENIED IN PART:
   a. Plaintiff's request to appear telephonically at hearings is DENIED without prejudice as moot;
   b. Plaintiff's request to e-file is GRANTED. The Plaintiff is DIRECTED to establish a PACER Account at www.pacer.gov and request E-Filing Access from California Eastern District through Account Maintenance.
3. Plaintiff's claims against Defendants El Dorado County Superior Court and the California Court of Appeal, Third Appellate District under Title II of the ADA are DISMISSED with leave to amend; and
4. Plaintiff shall have thirty (30) days from any order resolving these findings

and recommendations to file an amended complaint limited to the Title II ADA claim against Defendants El Dorado County Superior Court and the California Court of Appeal, Third Appellate District. Failure to timely file an amended complaint will result in a recommendation that this action be dismissed.

Further, based upon the findings above, it is RECOMMENDED:

1. Plaintiff's first motion for temporary restraining order (ECF No. 4) be DENIED as moot;

2. Plaintiff's second motion for temporary restraining order (ECF No. 6) be DENIED; and

3. Plaintiff's 42 U.S.C. § 1983 claims against all Defendants and Plaintiff's Title II ADA claims against Defendants Wineinger and Bruggman in the First Amended Complaint (ECF No. 5) be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 1, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, yako.3110.25