

FILED

DEC 15 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
        DEPUTY CLERK

1   Alexandr Yakovlev, Pro Se
    General Delivery
2   South Lake Tahoe, CA 96151

3

4

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

5

6   ALEXANDR YAKOVLEV,                  ) **Case No.:** 2:25-cv-03110-DJC-CSK
                                        )
7                            Plaintiff,) **PLAINTIFF'S SUPPLEMENTAL**
              v.                        ) **MEMORANDUM OF POINTS**
8                                       ) **AND AUTHORITIES IN**
9   SHELBY WINEINGER,                   ) **SUPPORT OF EMERGENCY EX**
    in their official capacity as El Dorado County ) **PARTE APPLICATION FOR**
10  Court Executive Officer;            ) **TEMPORARY RESTRAINING**
                                        ) **ORDER**
11                                      )
    COLETTE M. BRUGGMAN,                )
12  in their official capacity as       ) Supported by the Declaration of
13  Clerk/Executive Officer of the California ) Alexandr Yakovlev and submitted
    Court of Appeal, Third Appellate District; ) Exhibits A–R
14                                      )
15  SUPERIOR COURT OF CALIFORNIA,       )
    COUNTY OF EL DORADO; and            )
16                                      )
17  CALIFORNIA COURT OF APPEAL, THIRD)
    APPELLATE DISTRICT;                 )
18                                      )
19                          Defendants.)
                                        )
20

21

22  ## NOTICE REGARDING EXHIBITS

23       To promote judicial economy and avoid redundancy, Plaintiff has not attached

24  new exhibits to this filing. The Court has already received Exhibits A–Q with prior

25
    submissions, which document the foundational violations of due process, equal
26
27  protection, and disability discrimination.

28
                                    - 1 -

Plaintiff will promptly file the following documents and will promptly provide any additional documents the Court may require:

- The Court of Appeal's December 2025 correspondence that uses "Mr." despite Plaintiff's prior corrections (evidence of ongoing misgendering and Equal Protection violations).

- The six identical orders issued November 21, 2025, for three unrelated cases (C104874, C104875, C104876) (evidence of automated "robot justice" and lack of individualized review) (Exhibit R).

- Emails from the Court of Appeal transmitting those identical orders.

- Orders from December 2025 denying reinstatement in Cases C104874, C104875, and C104876, which repeat template language and ignore the merits.

- The order denying the appeal in the Marchita Masters case (C105047) (Exhibit R) and proof that the underlying Notice of Appeal was not accepted by the El Dorado Superior Court (evidence of the filing blockade).

These documents, which would be designated as Exhibits R through Z, provide further evidence of the ongoing, systemic violations alleged herein.

## I.    INTRODUCTION: A SYSTEMIC CONSTITUTIONAL BREAKDOWN REQUIRING FEDERAL INTERVENTION

This Memorandum is submitted in support of Plaintiff Alexandr Yakovlev's Emergency *Ex Parte* Application for a Temporary Restraining Order (TRO). It demonstrates that Defendants—comprising California court officials, judicial entities,

and administrative clerks—have engaged in a coordinated, multi-layered campaign to permanently foreclose Plaintiff's access to justice through fraud, procedural sabotage, automated "robot justice," and invidious discrimination.

The evidence presented herein reveals not merely a series of administrative errors or clerical oversights, but a systemic constitutional breakdown. The State's judicial machinery has been weaponized against a disabled, non-binary asylee to enforce void orders procured through fraud. This breakdown is characterized by five distinct but interconnected failures of due process:

**1.    Foundational Fraud:** Fraud originates with Defendant Marchita Masters and is judicially ratified by the state courts. This includes the use of incorrect names ("Alexander" and "Alex" versus "Alexandr") and forged proofs of service to manufacture jurisdiction where none exists (Exhibit R).

**2.    Enforcement of Void Orders:** State courts are actively enforcing orders based on motions Plaintiff has never been properly served with, relying on forged proofs of service and filings that violate mandatory statutory safe harbor rules.

**3.    Judicial Retaliation:** The deprivation of rights is retaliatory. When Plaintiff asserted their gender identity in open court (requesting "Mx." instead of "Mr."), the trial judge immediately approved fraudulent motions in a clear act of punitive bias.

**4.    Automated "Robot Justice":** The appellate review process has been replaced by automation. Systems issue template orders with stamped signatures and

algorithmic rejections, creating a "copy-paste factory" that denies individualized adjudication.

**5.    Institutional Discrimination:** Discrimination is entrenched as policy, evidenced by deliberate misgendering and the systematic denial of ADA accommodations, such as electronic service, to a plaintiff with documented physical and mental disabilities.

Plaintiff has exhausted every conceivable administrative and judicial remedy. Every agency—from the Office for Civil Rights (OCR) to the Department of Justice—has advocated for Defendants or dismissed claims despite documented evidence of antisemitism, disability discrimination, public benefits theft, threats of violence, etc. Consequently, Plaintiff seeks emergency relief under this Court's inherent authority pursuant to *Ex parte Young*, 209 U.S. 123 (1908), to prevent ongoing constitutional violations by state actors.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY
### A. The Plaintiff's Identity and Vulnerability

Plaintiff Alexandr Yakovlev is a non-binary individual who utilizes the honorific "Mx." and pronouns they/them. Plaintiff is a qualified individual with a disability under the ADA, suffering from documented cognitive processing disorders and mobility limitations. Plaintiff survives on Supplemental Security Income (SSI), which constitutes their sole means of subsistence. Furthermore, Plaintiff is an asylee whose legal status in the US is contingent upon maintaining a clear record, making

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

1    them uniquely vulnerable to the false accusations of fraud levied by Defendants.

2    **B. The Genesis of Fraud: June 17, 2025**

3    The current constitutional crisis stems from filings made on June 17, 2025, in

4
5    El Dorado Superior Court Case No. 25CV1460. Defendant Marchita Masters filed

6    two motions: "Motion to Dismiss with Prejudice" and "Motion for Sanctions".

7    These motions were fraudulent on their face:

8
9    1.    **Name Fraud:** The Motion to Dismiss was filed against "Alexander

10   Yakovlev," a misspelling of Plaintiff's name, Alexandr Yakovlev. The proof of

11   service used the name "Alex Yakovlev" (Exhibit R).

12
13   2.    **Forged Service:** The motions contained a "proof of service via email" to

14   an address Plaintiff never consented to for electronic service. This violated California

15   Code of Civil Procedure (CCP) § 1010.6(a)(2), which mandates "express consent" for

16
17   such service (Exhibit R).

18   3.    **Concealment:** Plaintiff has never received these motions from

19   Defendant. Both the Superior Court and Defendant Masters refuse to provide a copy

20
21   of the "Motion to Dismiss with Prejudice" despite repeated requests.

22   4.    **Safe Harbor Violation:** The Motion for Sanctions was filed without the

23   mandatory 21-day "safe harbor" notice required by CCP § 128.7(c) (1), a procedural

24
25   defect that renders the subsequent sanctions order void.

26   **C. The September 12, 2025 Hearing: Retaliation in Real-Time**

27   On September 12, 2025, a hearing was held before Judge Mayberry. During

28
PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

this hearing, Judge Mayberry addressed Plaintiff as "Mr." Plaintiff corrected her, requesting to be addressed as "Mx." consistent with their non-binary identity.

The Judge's reaction was immediate and punitive. Judge Mayberry silenced Plaintiff and, immediately following the gender correction, approved both of Defendant Masters' fraudulent motions. This resulted in two void orders:

1.    Dismissal of the case with prejudice against "Alexander Yakovlev."

2.    A sanctions order for $20,880.50 against "Alexander Yakovlev."

The stress of this discriminatory treatment caused Plaintiff severe physical distress, resulting in emergency hospitalization the following day (September 13, 2025) for abdominal pain and acute anxiety, which medical records explicitly linked to the court hearing. (Exhibit I)

**D. The Systemic Obstruction of Appellate Review**

Following the issuance of these void orders, the state court system engaged in a documented campaign to physically prevent Plaintiff from filing an appeal.

**1. The Filing Blockade (Level One)**

Between September 12 and October 29, 2025, Plaintiff made seventeen (17) separate attempts to file documents, including a Notice of Appeal, via the court's mandatory e-filing portal. The Court Clerk violated their ministerial duties by refusing to process these filings:

•    **Perpetual "Submitted" Status:** Filings were left in indefinitely "Submitted" status for over 30 days, violating the 72-hour processing rule.

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

- **Tampering:** Envelope 25ED00053127 remains in "Submitted" status but lists **NO DOCUMENTS**, a technical impossibility that suggests post-submission tampering or deletion.

- **Invalid Rejections:** Other filings were rejected for legally invalid reasons such as "Case has been dismissed" (an invalid reason to reject a Notice of Appeal) or "Document is defective" without specification.

## 2. The "Shell Game" of Judicial Misfiling (Level Two)

To insulate Judge Mayberry's void orders from review, the court assigned vexatious-litigant rulings to Presiding Judge Vicki Ashworth and Assistant Presiding Judge Michael J. McLaughlin. Plaintiff submitted Judicial Council Form VL-110 applications under protest, attaching motions and evidence demonstrating the merit of the proposed filings (including Notices of Appeal challenging orders procured by fraud). No hearing was noticed or held. The court issued Form VL-115 denials without findings, explanation, or any reference to Plaintiff's submissions—indicating no individualized review occurred. Moreover, any underlying finding under CCP § 391(b) lacks substantial evidence; the sole purported basis is the June 17, 2025 Motion to Dismiss, which the court and Defendant Masters have deliberately concealed from Plaintiff despite repeated requests. This routing of denials through presiding judges, using blank template orders, created an intentional "shell game" designed to block appellate review and perpetuate enforcement of void orders.

## 3. The Discriminatory Notice Scheme (Level Three)

The Court of Appeal manipulated service methods to ensure Plaintiff missed critical deadlines. On November 17, 2025, the court issued a deadline notice requiring action by November 24.

- **Opposing Counsel:** Received the notice via email on November 17.

- **Plaintiff:** Was denied email service. The court mailed the notice to "General Delivery"—an inaccessible location for Plaintiff due to disability—despite possessing Plaintiff's functional email address (Exhibit R).

- **Result:** Plaintiff received the notice via email on December 5, 2025, well after the deadline passed (Exhibit R).

- **Proof of Bad Faith:** On December 3, 2025, the court emailed the *dismissal* order to Plaintiff's email address, proving they had the capability to email the deadline notice but chose not to.

### 4. "Robot Justice" (Level Four)

The appellate process has been automated. On November 21, 2025, the Court of Appeal issued six absolutely identical orders for three different cases labeled differently. Each order erroneously listed all three cases in the caption, proving no human judge reviewed the individual files (Exhibit R).

### III.   JURISDICTION AND LEGAL STANDARD FOR EMERGENCY RELIEF
#### A. Federal Jurisdiction and Exceptions to Abstention

While federal courts generally abstain from interfering with state proceedings under *Younger v. Harris*, 401 U.S. 37, 49, 53–54 (1971), this case falls squarely

- 8 -

within the recognized exceptions where federal intervention is mandatory.

## 1. State Procedures are Patently Inadequate

The patently inadequate state process here also triggers an exception to the exhaustion requirement for administrative remedies. *See Patsy v. Board of Regents*, 457 U.S. 496, 516 (1982) (holding exhaustion of state administrative remedies not prerequisite to § 1983 action). Plaintiff has pursued such remedies through OCR and CRD to no avail. More critically, the *Younger* abstention doctrine does not apply because the state's own **judicial** remedies are patently inadequate and unavailable, as demonstrated by the filing blockade and automated denials. Here, the state court has physically blocked Plaintiff's access to the appellate process. By leaving Notices of Appeal in "Submitted" status for over 30 days and rejecting filings for invalid reasons ("Case dismissed"), the state has rendered its own remedies unavailable. A remedy that cannot be accessed is no remedy at all.

## 2. Bad Faith and Harassment

Federal courts may intervene in state judicial proceedings when state officers act in bad faith or with intent to harass, as this constitutes an exception to Younger abstention. *Younger v. Harris,* 401 U.S. 37, 49, 53–54 (1971); *Pulliam v. Allen,* 466 U.S. 522, 541–42 (1984). The coordinated and pervasive nature of the obstruction here— including the foundational fraud through forged service and concealment of the June 17, 2025 Motion to Dismiss with Prejudice (the sole purported basis for vexatious-litigant findings), the "shell game" of issuing vexatious-litigant orders (VL-

115 denials) without notice, hearing, substantial evidence under CCP § 391(b), or any explanation despite Plaintiff's VL-110 submissions demonstrating merit, the intentional use of incorrect names and persistent misgendering, the discriminatory notice scheme (emailing opposing counsel but mailing critical deadlines to an inaccessible address despite having Plaintiff's email), and the replacement of judicial review with automated "robot justice"—demonstrates a bad-faith intent to harass and permanently deny Plaintiff due process and access to the courts.

Furthermore, injunctive relief against judicial officers is warranted here. While the Federal Courts Improvement Act of 1996 limits injunctions against judges, it expressly permits them where, as here, "declaratory relief was unavailable or would have been inadequate." 42 U.S.C. § 1983. A mere declaratory judgment would be futile and inadequate to halt the imminent, irreparable harms of garnishment, homelessness, and the ongoing filing blockade. Only immediate injunctive relief can prevent these constitutional violations.

### 3. Inadequacy of Administrative Remedies

"Exhaustion of state remedies is not required where the administrative procedures are clearly inadequate." *Gibson v. Berryhill*, 411 U.S. 564, 575 (1973). Plaintiff has attempted to utilize every administrative channel, including the OCR, CRD, and the Department of Justice, all of which have refused to intervene.

### B. Standard for Temporary Restraining Order

To obtain a TRO, Plaintiff must demonstrate: (1) a likelihood of success on the

merits; (2) a likelihood of irreparable harm absent preliminary relief; (3) that the balance of equities tips in Plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit applies a "sliding scale" where serious questions going to the merits and a balance of hardships tipping sharply toward the plaintiff can support issuance of an injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

## IV.    ARGUMENT: PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

Plaintiff's claims establish clear violations of the Fourteenth Amendment (Due Process and Equal Protection), the First Amendment (Access to Courts), and Title II of the Americans with Disabilities Act.

### A. Fraud Upon the Court Renders All State Proceedings Void

A judgment is void if the court that rendered it lacked jurisdiction over the parties or if the judgment was procured by fraud on the court. *United States v. Holtzman*, 762 F.2d 720, 724 (9th Cir. 1985).

### 1. The "Name Fraud" Scheme

The foundational motions in this case—the Motion to Dismiss and Motion for Sanctions—were filed against "Alexander Yakovlev" and served on "Alex Yakovlev". Plaintiff's name is Alexandr Yakovlev. Orders issued against a non-party or a misnamed party who has not been properly served are void *ab initio*. The court's persistent enforcement of orders against "Alexander" constitutes a refusal to

acknowledge Plaintiff's true legal identity, a fundamental jurisdictional defect.

### 2. Forged Service and Lack of Notice

The "Proof of Service" accompanying the June 17, 2025 motions claimed service via email. However, Plaintiff never provided the "express consent" required for electronic service under California CCP § 1010.6(a)(2). Furthermore, Plaintiff never received the documents. The Supreme Court has held: "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). By accepting a forged proof of email service to an unconsented address, the state court violated *Mullane*.

### 3. Intentional Concealment as Fraud on the Court

"Fraud on the court is fraud which is directed to the judicial machinery itself." *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985). Here, the fraud is structural. The court has refused to provide Plaintiff with the June 17 Motion to Dismiss despite repeated requests, yet it bases its dismissal and sanctions based on that very document. A court cannot enforce the effects of a document it actively conceals from the litigant. This concealment corrupts the impartial function of the judiciary, meeting the high standard for fraud on the court.

### B. Systemic Denial of Access to Courts Violates the First and Fourteenth Amendments

The First Amendment protects the right to petition the government for a redress

- 12 -

of grievances, which includes the right of access to the courts. *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972).

### 1. The Ministerial Duty to File

The Clerk of the Court has a ministerial duty to accept filings. "The clerk of the court has a ministerial duty to accept and file any and all papers presented for filing in a pending action." *Voit v. Superior Court*, 201 Cal. App. 4th 1285, 1293 (2011). The evidence shows that the El Dorado Superior Court clerk has violated this duty by:

- Refusing to process seventeen separate filings.

- Rejecting a Notice of Appeal because the "Case has been dismissed"—a logic that would render all appeals impossible.

- Leaving filings in indefinitely "Submitted" status for over 30 days, far exceeding the 72-hour rule. This creates an absolute bar to judicial relief, violating the First Amendment.

### 2. The "Shell Game" of Judicial Misfiling (Level Two) Violates Due Process and the First Amendment.

The court's use of presiding judges to issue vexatious-litigant denials without notice, hearing, or explanation constitutes a separate, structural due-process violation and bad-faith harassment. Although presiding judges have authority under Cal. Code Civ. Proc. § 391.7 to rule on prefiling permissions, that authority is not unfettered. Section 391.7(b) requires the presiding judge to determine whether the proposed litigation "has merit and has not been filed for the purposes of harassment or delay."

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

Plaintiff complied by submitting VL-110 applications with full motions and exhibits demonstrating merit—specifically, the fraud underlying the void orders they sought to appeal. The court issued VL-115 denials containing no findings and ignoring Plaintiff's submissions entirely, proving no genuine review occurred. Any underlying vexatious-litigant declaration under § 391(b) requires substantial evidence (e.g., five adversely determined litigations); no such evidence was ever presented or noticed. The only document cited—the concealed June 17 Motion to Dismiss—cannot lawfully support a vexatious finding.

This "shell game" of routing denials through presiding judges with template orders is designed for one purpose: to create a fraudulent paper trail that permanently blocks appellate review. Such conduct is bad-faith harassment that triggers the exception to *Younger* abstention, *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984), and independently violates the First Amendment right of access to the courts. *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972).

### 3. Procedural Entrapment via Notice

The Court of Appeal's notification practice constitutes procedural entrapment. By emailing the opposing counsel (instant notice) but mailing Plaintiff's notice to an inaccessible "General Delivery" address (delayed notice), the court ensured Plaintiff could not meet the November 24 deadline. In *Jones v. Flowers*, 547 U.S. 220 (2006), the Supreme Court held that when the state knows notice has failed or is likely to fail, it must take additional reasonable steps. Here, the court *knew* it had Plaintiff's email

- 14 -

(proven by the December 3 dismissal email) yet deliberately chose the slower, inaccessible mail method for the critical deadline notice. This calculated delay violates due process.

### 4. Automated "Robot Justice" Violates the Right to Individualized Adjudication

The Due Process Clause requires that a deprivation of life, liberty, or property be preceded by a hearing appropriate to the nature of the case. *Goldberg v. Kelly*, 397 U.S. 254, 261-64 (1970). The essence of such a hearing is the right to present proof and argument. "A hearing 'demands that he who is entitled to it shall have the right to support his allegations by argument... and by proof." *Wong Yang Sung v. McGrath*, 339 U.S. 33, 50 (1950). The Court of Appeal has replaced this fundamental human adjudication with automation.

- **Identical Orders:** The issuance of six identical orders on November 21, 2025, for three distinct cases—each erroneously listing all three case numbers—proves that the specific facts of each case were not reviewed (Exhibit R).

- **Vendor Rejections:** The rejections were processed by "RRAFF" through the TrueFiling vendor system using template codes, not judicial reasoning.

- **Impact:** Serious claims of antisemitism, stealing public funds, perjury, disability discrimination, etc., were "rejected" by an algorithm without any judicial officer reviewing the evidence. This "robot justice" fails the most basic requirement of due process: individualized consideration of the evidence.

### C. Violation of the Americans with Disabilities Act (ADA)

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services... of a public entity." 42 U.S.C. § 12132.

#### 1. Denial of Reasonable Accommodation

Plaintiff requested electronic service as a reasonable accommodation for their mobility limitations, which make accessing physical mail at "General Delivery" difficult or impossible. The court denied this request while simultaneously:

- Emailing opposing counsel.

- Emailing court staff and the vendor system.

- Possessing Plaintiff's email address. Refusing an accommodation that is readily available and already in use for other parties violates the ADA and California Rules of Court, Rule 1.100. See *Tennessee v. Lane*, 541 U.S. 509 (2004).

#### 2. Disparate Treatment

The court's refusal to use email for Plaintiff, while using it for all other parties, constitutes disparate treatment based on disability. The court leveraged Plaintiff's known disability (inability to access USPS) to manufacture a procedural default.

#### 3. Equal Protection Violations: Gender Identity Discrimination

The Equal Protection Clause prohibits discrimination based on sex, which includes discrimination based on gender identity and non-binary status. *See Bostock v. Clayton County*, 590 U.S. 644, 660 (2020) (holding discrimination for being

- 16 -

transgender or non-binary is "necessarily" discrimination because of sex under Title

VII); *see also Whitaker v. Kenosha Unified Sch. Dist.*, 858 F.3d 1034, 1049-50 (7th

Cir. 2017) (applying equal protection analysis to discrimination based on gender

identity). The Supreme Court's reasoning in *Bostock* applies with equal force to the

Fourteenth Amendment's guarantee of equal protection.

- **Misgendering:** The court system persistently uses "Mr." in all correspondence despite Plaintiff's documented non-binary identity (Exhibit R).

- **Retaliatory Animus:** During the September 12 hearing, Judge Mayberry's immediate approval of the fraudulent motions *after* being corrected on Plaintiff's gender identity evidences retaliatory animus.

- **Legal Standard:** Intentional misgendering and retaliation for asserting gender identity violates the Equal Protection Clause. *Whitaker v. Kenosha Unified Sch. Dist.*, 858 F.3d 1034 (7th Cir. 2017). The court's conduct reflects "prejudice and antipathy" prohibited by the Constitution. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432 (1985).

## V.    PLAINTIFF FACES IMMINENT, IRREPARABLE HARM

To secure a TRO, Plaintiff must show that irreparable injury is likely in the absence of an injunction. *Winter*, 555 U.S. at 22.

### A. Loss of Subsistence (Garnishment of SSI)

The sanctions order of $20,880.50, issued based on the fraudulent and void proceedings, is currently enforceable. Execution of this order would result in the

- 17 -

1  garnishment of Plaintiff's accounts containing Supplemental Security Income (SSI).

2  •  **Sole Source of Income:** SSI is Plaintiff's only means of survival.

3  •  **Irreparability:** The threatened garnishment of Plaintiff's SSI benefits—
4
5  their sole means of subsistence—constitutes irreparable injury. "The loss of ...
6  benefits ... pending final resolution of [a] lawsuit ... causes irreparable injury." *Lopez*
7  *v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983); *see also Rodriguez v. Robbins*, 715
8
9  F.3d 1127, 1135 (9th Cir. 2013) (applying *Lopez* to find irreparable harm from
10  deprivation of subsistence support). The seizure of these funds would lead to
11  immediate hunger, homelessness, and death, harms that cannot be retroactively cured
12
13  by money damages later.

14  **B. Threat of Deportation Based on Perjury**

15  Defendant Masters filed documents that Plaintiff "faked disability to maintain
16
17  citizenship". This creates an imminent threat to Plaintiff's status as an asylee.

18  •  **Deportation Risk:** Allegations of citizenship fraud can trigger
19  deportation proceedings.
20
21  •  **Lack of Review:** Because the state courts have blocked Plaintiff's
22  appeals (the "robot justice" rejections), Plaintiff has been unable to challenge this
23  perjurious testimony on the record.
24
25  •  **Irreparability:** Deportation is the ultimate irreparable harm. Once
26  removed, Plaintiff cannot pursue their claims or defend their rights.

27  **C. Constitutional Injury**
28
- 18 -

The ongoing denial of access to the courts and the suppression of First Amendment rights constitute violation. "Loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). "Denial of access to the courts can constitute irreparable injury." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

## VI.   THE BALANCE OF EQUITIES AND PUBLIC INTEREST
### C. The Balance of Equities Tips Sharply to Plaintiff

The Court must balance the competing claims of injury.

- **Plaintiff's Burden:** Absent an injunction, Plaintiff faces the loss of subsistence income, homelessness, the permanent foreclosure of legal rights due to manufactured deadlines, and the risk of deportation based on unchallenged perjury.

- **Defendants' Burden:** Defendants suffer **zero harm** from a TRO. They would merely be required to: (1) Accept filings they are already ministerially duty-bound to accept; (2) Pause garnishment based on a contested, potentially void order; and (3) Provide ADA accommodations (email service) they already possess the technical capacity to provide.

- **Conclusion:** "The balance of equities favors the party facing the more grievous harm." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

### D. The Public Interest Supports Relief

The public interest is overwhelmingly served by granting this TRO.

1. **Judicial Integrity:** The public has a vital interest in preserving the

-19-

integrity of the judicial system against fraud. *Toscano v. Commissioner*, 441 F.2d 930, 934 (9th Cir. 1971). Allowing state courts to enforce orders based on forged service and concealed documents undermines public trust.

**2.    Anti-Discrimination:** It is in the public interest to uphold the ADA and prevent state actors from discriminating against disabled and non-binary individuals.

**3.    Due Process:** The public interest opposes the use of automated "robot justice" to strip citizens of their rights without human review.

## VII.  REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court issue an Emergency Temporary Restraining Order and Order to Show Cause granting the following relief:

**1.    Enjoin Enforcement of Void Orders:** Restrain Defendants from enforcing the void dismissal and sanctions orders (including the $20,880.50 judgment) issued in El Dorado Superior Court Case No. 25CV1460.

**2.    Mandate Filing Acceptance:** Order the Clerk of the El Dorado Superior Court and the Court of Appeal to immediately process all "Submitted" filings and accept future filings from Plaintiff, prohibiting the rejection of filings based on the circular logic that the "case is dismissed".

**3.    Order ADA Accommodations:** Mandate that Defendants provide Plaintiff with electronic service for all court documents and notices, consistent with the access provided to opposing counsel.

**4.    Compel Production:** Order Defendants to provide Plaintiff with a copy

- 20 -

of the June 17, 2025 "Motion to Dismiss with Prejudice" that has been concealed.

5.    **Judicial Notice:** Take judicial notice of the pattern of obstruction and identical template denials across four cases.

6.    **Expedited Hearing:** Schedule a hearing for a Preliminary Injunction.

## VIII. CONCLUSION

The evidence demonstrates a state judicial apparatus that has become a coordinated instrument for denying justice. Defendants' conduct—fraud upon the court, discriminatory animus, automated adjudication, and the sabotage of appeals—constitutes a strategy to extinguish Plaintiff's access to any remedy.

The Due Process Clause guarantees a functioning pathway to justice. That guarantee is void where the process itself is weaponized. Due process is annulled when a clerk can refuse to docket an appeal, and when judicial review is outsourced to an algorithm issuing identical, erroneous denials. This Court represents the last remaining forum where the Constitution's promise of due process can be vindicated. Confronted with this systemic failure and the imminent harms it unleashes, Plaintiff has no recourse but this Court's intervention. Granting relief is indispensable to restoring the constitutional safeguards that are the foundation of the rule of law.

Respectfully submitted,

Dated: December 15, 2025.

*/s/ Alexandr Yakovlev*
ALEXANDR YAKOVLEV
Plaintiff *Pro Se*

- 21 -

## IX.    SUPPLEMENTAL DECLARATION OF ALEXANDR YAKOVLEV IN SUPPORT OF EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

I, ALEXANDR YAKOVLEV, declare under penalty of perjury under the laws of the United States as follows:

1.    I am a non-binary person who uses the honorific "Mx." and pronouns they/them. My name is ALEXANDR YAKOVLEV.

2.    I am a disabled individual with documented cognitive processing disorders and mobility limitations.

3.    I survive on Supplemental Security Income disability benefits, which constitute my sole means of subsistence.

4.    I am an asylee who received asylum protection in the United States. My U.S. legal identity was established through this process.

5. On June 17, 2025, Defendant Marchita Masters filed two fraudulent motions in El Dorado Superior Court Case No. 25CV1460: "Motion to Dismiss with Prejudice" and "Motion for Sanctions" filed against "Alexander Yakovlev" (a misspelling of my name).

6. These motions were accompanied by a "Proof of Service" claiming they were served by email to an address I never consented to for electronic service. The proof of service uses the name "Alex Yakovlev" (a misspelling of my name).

7. I have **never received these motions** from the defendant. Both the court and Defendant Masters refuse to provide me with a copy of the motion to dismiss, despite

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

my repeated written and oral requests.

**8.** I am being sanctioned and my case dismissed based on documents I have never seen.

**9.** The Motion for Sanctions was filed without providing the mandatory 21-day "safe harbor" notice required by California CCP § 128.7(c)(1).

**10.** On September 12, 2025, a hearing was held before Judge Mayberry. During the hearing, when Judge Mayberry addressed me as "Mr.," I corrected her and requested to be addressed as "Mx." consistent with my non-binary identity.

**11.** Judge Mayberry became audibly irritated by this correction. Immediately following this exchange about my gender identity, she approved both fraudulent motions—granting Defendant Masters everything she requested.

**12.** The court issued two orders based on these fraudulent motions: an order dismissing the case with prejudice against "Alexander Yakovlev" and a sanctions order for $20,880.50.

**13.** The stress from this hearing caused me severe physical and emotional distress. On September 13, 2025, I was hospitalized with abdominal pain, vomiting, and acute anxiety. The emergency room report explicitly notes the cause as "s/p court hearing" (after court hearing) (Exhibit I).

**14.** Between September 12 and October 29, 2025, I made **seventeen (17) separate attempts** to file via the court's e-filing portal (https://app.1efile.com/).

**15.** My attempts included Envelope 25ED00051382 (Submitted Sept 14, status

SUBMITTED for over 90 days) and Envelope 25ED00053127 (Submitted Oct 1, status SUBMITTED with **NO DOCUMENTS LISTED**).

**16.** Envelope 25ED00053127 shows a technical impossibility—a submission with no documents—indicating post-submission tampering or fraudulent removal.

**17.** Other filings were rejected with the reason "Case has been dismissed with prejudice," which is an invalid reason to reject a Notice of Appeal.

**18.** No notice of a vexatious litigant motion or hearing was provided under CCP § 391.7. I submitted VL-110 applications under protest, attaching my motions and arguments demonstrating merits (e.g., fraud in the concealed June 17, 2025 Motion to Dismiss), but no hearing occurred, and VL-115 denials were issued without explanations or reference to my submissions. Any underlying § 391(b) finding lacks substantial evidence, as the sole basis—the Motion to Dismiss—was concealed from me.

**19.** On November 17, 2025, the Court of Appeal generated a deadline notice for Case C105047. The e-notice log shows this notice was emailed to opposing counsel Brian Hoffman and the court's system, but **NOT** emailed to me (Exhibit R).

**20.** For me, the court only mailed a copy to "General Delivery, South Lake Tahoe, CA 96151"—an address I cannot currently physically access due to my mobility limitations (Exhibit R).

**21.** I did not receive this letter via email until December 5, 2025—after the deadline had passed (Exhibit R).

22. However, on December 3, 2025, the court **emailed me the dismissal order** for C105047 to my email address (750emerealdbay@gmail.com) (Exhibit R). This proves the court had my email and used it for dismissal, but deliberately chose not to use it for the deadline notice.

23. On November 21, 2025, I received **six identical orders** for three different cases (C104874, C104875, and C104876). Each attached order was substantively identical, erroneously listing all three unrelated cases (Exhibit R).

24. Between December 2-3, 2025, all my pending filings were rejected with "REJECTED by RRAFF" notices from info@truefiling.com, indicating automated processing without individual review (Exhibit R).

25. The $20,880.50 sanctions order (Exhibit R) will trigger garnishment of my SSI disability benefits—my sole means of subsistence. I face immediate homelessness, hunger, and death.

26. Defendant Masters' filed perjurious statement about "faking disability" creates an imminent risk of deportation proceedings.

I declare under penalty of perjury that the foregoing is true and correct, based on my personal knowledge and my review of the attached and previously filed exhibits. I will promptly provide any further exhibits the Court may request.

Executed on December 15, 2025, at South Lake Tahoe, California.

*/s/ Alexandr Yakovlev*
ALEXANDR YAKOVLEV
Plaintiff *Pro Se*

- 25 -

# Exhibit R

Case 2:25-cv-03110-DJC-CSK   Document 8   Filed 12/15/25   Page 27 of 47

12/10/25, 2:21 PM                    Gmail - Servicing Notification for C104876 - 25CV1748 | Yakovlev v. Bridges et al.

 Gmail                                          **Alex <750emerealdbay@gmail.com>**

## Servicing Notification for C104876 - 25CV1748 | Yakovlev v. Bridges et al.
2 messages

**truefilingadmin@truefiling.com** <truefilingadmin@truefiling.com>              Fri, Nov 21, 2025 at 9:07 AM
To: 750emerealdbay@gmail.com

The document listed below is being electronically served to you for case **C104876** by **Attorney Name Not Specified** from the **California Court of Appeal, Third Appellate District**.

- Document Title: C104876 - Motion - REQUEST FOR ADA ACCOMMODATION PER RULE 1.100. - 11/21/2025
- Case Number: C104876
- Description: 25CV1748 | Yakovlev v. Bridges et al.
- Link: Click to download document

The following people were electronically served this document.

**Alexandr Yakovlev** (750emerealdbay@gmail.com)
**O. Warnock** (truefilingadmin@truefiling.com)

If you are unable to view the document using the hyperlink above, please copy and paste the entire URL into a web browser's address bar.

https://eservices.truecertify.com/?loc=CAC-RCMI8M-E82E664&key=AA1

Thank you,

*California Court of Appeal, Third Appellate District*

---

**truefilingadmin@truefiling.com** <truefilingadmin@truefiling.com>              Fri, Nov 21, 2025 at 9:24 AM
To: 750emerealdbay@gmail.com

The document listed below is being electronically served to you for case **C104876** by **Attorney Name Not Specified** from the **California Court of Appeal, Third Appellate District**.

- Document Title: C104876 - Extension - DENIED - EXTENSION OF TIME. - 11/21/2025
- Case Number: C104876
- Description: 25CV1748 | Yakovlev v. Bridges et al.
- Link: Click to download document

The following people were electronically served this document.

**Alexandr Yakovlev** (750emerealdbay@gmail.com)
**O. Warnock** (truefilingadmin@truefiling.com)

If you are unable to view the document using the hyperlink above, please copy and paste the entire URL into a web browser's address bar.

https://eservices.truecertify.com/?loc=CAC-RCMIQ3-BA84B6FC&key=4VI

[Quoted text hidden]

 Gmail

Alex <750emerealdbay@gmail.com>

## Servicing Notification for C104875 - 25CV1718 | Yakovlev v. South Lake Tahoe Supportive Housing

2 messages

**truefilingadmin@truefiling.com** <truefilingadmin@truefiling.com>
To: 750emerealdbay@gmail.com

Fri, Nov 21, 2025 at 9:05 AM

The document listed below is being electronically served to you for case **C104875** by **Attorney Name Not Specified** from the **California Court of Appeal, Third Appellate District**.

- Document Title: C104875 - Motion - REQUEST FOR ADA ACCOMMODATION PER RULE 1.100. - 11/21/2025
- Case Number: C104875
- Description: 25CV1718 | Yakovlev v. South Lake Tahoe Supportive Housing
- Link: Click to download document

The following people were electronically served this document.

**Alexandr Yakovlev** (750emerealdbay@gmail.com)
**O. Warnock** (truefilingadmin@truefiling.com)

If you are unable to view the document using the hyperlink above, please copy and paste the entire URL into a web browser's address bar.

https://eservices.truecertify.com/?loc=CAC-RCMI68-2B9D9398&key=LQC

Thank you,

*California Court of Appeal, Third Appellate District*

**truefilingadmin@truefiling.com** <truefilingadmin@truefiling.com>
To: 750emerealdbay@gmail.com

Fri, Nov 21, 2025 at 9:21 AM

The document listed below is being electronically served to you for case **C104875** by **Attorney Name Not Specified** from the **California Court of Appeal, Third Appellate District**.

- Document Title: C104875 - Extension - DENIED - EXTENSION OF TIME. - 11/21/2025
- Case Number: C104875
- Description: 25CV1718 | Yakovlev v. South Lake Tahoe Supportive Housing
- Link: Click to download document

The following people were electronically served this document.

**Cynthia Lawrence** (cynthia@sims-law.net)
**Kimberly White** (kim@sims-law.net)
**Alexandr Yakovlev** (750emerealdbay@gmail.com)
**O. Warnock** (truefilingadmin@truefiling.com)

If you are unable to view the document using the hyperlink above, please copy and paste the entire URL into a web browser's address bar.

https://eservices.truecertify.com/?loc=CAC-RCMIML-7B9EF91F&key=13P

 **Gmail**                                                    **Alex <750emerealdbay@gmail.com>**

## Servicing Notification for C104874 - 25CV1332 | Yakovlev v. Lake Tahoe Community College

2 messages

---

**truefilingadmin@truefiling.com** <truefilingadmin@truefiling.com>              Fri, Nov 21, 2025 at 9:03 AM
To: 750emerealdbay@gmail.com


The document listed below is being electronically served to you for case **C104874** by **Attorney Name Not Specified** from the **California Court of Appeal, Third Appellate District**.

- Document Title: C104874 - Motion - REQUEST FOR ADA ACCOMMODATION PER RULE 1.100. - 11/21/2025
- Case Number: C104874
- Description: 25CV1332 | Yakovlev v. Lake Tahoe Community College
- Link: Click to download document

The following people were electronically served this document.

**Alexandr Yakovlev** (750emerealdbay@gmail.com)
**O. Warnock** (truefilingadmin@truefiling.com)

If you are unable to view the document using the hyperlink above, please copy and paste the entire URL into a web browser's address bar.

https://eservices.truecertify.com/?loc=CAC-RCMI4M-8C7B5EB9&key=ETD

Thank you,

*California Court of Appeal, Third Appellate District*

---

**truefilingadmin@truefiling.com** <truefilingadmin@truefiling.com>              Fri, Nov 21, 2025 at 9:18 AM
To: 750emerealdbay@gmail.com


The document listed below is being electronically served to you for case **C104874** by **Attorney Name Not Specified** from the **California Court of Appeal, Third Appellate District**.

- Document Title: C104874 - Extension - DENIED - EXTENSION OF TIME. - 11/21/2025
- Case Number: C104874
- Description: 25CV1332 | Yakovlev v. Lake Tahoe Community College
- Link: Click to download document

The following people were electronically served this document.

**Brian Hoffman** (bhoffman@wshblaw.com)
**Jessica Zaragoza** (jzaragoza@wshblaw.com)
**Alexandr Yakovlev** (750emerealdbay@gmail.com)
**O. Warnock** (truefilingadmin@truefiling.com)

If you are unable to view the document using the hyperlink above, please copy and paste the entire URL into a web browser's address bar.

https://eservices.truecertify.com/?loc=CAC-RCMIJC-B5B38C68&key=E6E

Court of Appeal, Third Appellate District
Colette M. Bruggman, Clerk
Electronically FILED on 11/21/2025 by O. Warnock, Deputy Clerk

**IN THE**

# Court of Appeal of the State of California

**IN AND FOR THE**
**THIRD APPELLATE DISTRICT**

ALEXANDR YAKOVLEV,
    Plaintiff and Appellant,
      v.
LAKE TAHOE COMMUNITY COLLEGE,
    Defendant and Respondent.

                                C104874
                                El Dorado County No. 25CV1332

---

ALEXANDR YAKOVLEV,
    Plaintiff and Appellant,
      v.
SOUTH LAKE TAHOE
SUPPORTIVE HOUSING,
    Defendant and Respondent.

                                C104875
                                El Dorado County No. 25CV1718

---

ALEXANDR YAKOVLEV,
    Plaintiff and Appellant,
      v.
VALERIE BRIDGES et al.,
    Defendant and Respondent.

                                C104876
                                El Dorado County No. 25CV1748

BY THE COURT:

      Appellant's request for an extension of time to file a motion to set aside the dismissals of his cases is denied.   The court lacks authority to extend jurisdictional timelines.   A decision is final in the Court of Appeal 30 days after it is filed.   (Cal. Rules of Court, rule 8.264(b)(1).)   For the court to meet the jurisdictional timeline, appellant must serve and file any request to reinstate the appeals no later than **December 1, 2025**.

                                              *Earl*
                                            EARL, P.J.

-----------------------------------

cc: See Mailing List

IN THE
# Court of Appeal of the State of California
### IN AND FOR THE
### THIRD APPELLATE DISTRICT


MAILING LIST

Re:    Yakovlev v. Lake Tahoe Community College
       C104874 C104875 C104876
       El Dorado County Super. Ct. Nos. 25CV1332, 25CV1718, 25CV1748

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.  If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.


✓Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151
And by email

Brian Lee Hoffman
Wood, Smith, Henning & Berman LLP
501 West Broadway, Suite 120
San Diego, CA 92101

Jessica Marie Zaragoza
Wood, Smith, Henning & Berman LLP
501 West Broadway, Suite 120
San Diego, CA 92101

Cynthia G. Lawrence
Kimberly A. White
Sims, Lawrence & Broghammer
1478 Stone Point Drive, Suite 450
Roseville, CA 95661

El Dorado County Superior Court  -  Main
495 Main Street
Placerville, CA 95667

Court of Appeal, Third Appellate District
Colette M. Bruggman, Clerk
Electronically FILED on 12/2/2025 by R. Raff, Deputy Clerk

**IN THE**

# Court of Appeal of the State of California
## IN AND FOR THE
## THIRD APPELLATE DISTRICT

ALEXANDR YAKOVLEV,
    Petitioner and Appellant,
        v.
LAKE TAHOE COMMUNITY COLLEGE,
    Defendant and Respondent.

C104874
El Dorado County
No.  25CV1332

BY THE COURT:

Appellant's request to reinstate the appeal is denied.  Appellant has failed to show "it appears that the litigation [the appeal] has merit and has not been filed for the purposes of harassment or delay."  (Code Civ. Proc., § 391.7, subds. (b) & (c); *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216-1221, disapproved on other grounds by *John v. Superior Court* (2016) 63 Cal.4th 91.)

The clerk of this court is directed to reject appellant's fee waiver requests submitted on November 24, 2025, and December 2, 2025.

*Earl*

EARL, P.J.

--------------------------------

cc: See Mailing List

# IN THE
# Court of Appeal of the State of California
## IN AND FOR THE
## THIRD APPELLATE DISTRICT

MAILING LIST

Re:   Yakovlev v. Lake Tahoe Community College
      C104874
      El Dorado County Super. Ct. No. 25CV1332

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.  If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.

Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151

Brian Lee Hoffman
Wood, Smith, Henning & Berman LLP
501 West Broadway, Suite 120
San Diego, CA 92101

Jessica Marie Zaragoza
Wood, Smith, Henning & Berman LLP
501 West Broadway, Suite 120
San Diego, CA 92101

El Dorado County Superior Court  -  Main
495 Main Street
Placerville, CA 95667
(by e-mail)

Court of Appeal, Third Appellate District
Colette M. Bruggman, Clerk
Electronically FILED on 12/3/2025 by B. Reece, Deputy Clerk

IN THE
# Court of Appeal of the State of California
IN AND FOR THE
## THIRD APPELLATE DISTRICT


ALEXANDR YAKOVLEV,
    Plaintiff and Appellant,
      v.
MARCHITA MASTERS,
    Defendant and Respondent.


                        C105047
                        El Dorado County
                        No. 25CV1460


BY THE COURT:

      Appellant was notified in writing that the appeal could not proceed without an order from the presiding justice of this court authorizing the appeal, and that the appeal would be automatically dismissed or deemed inoperative unless appellant obtained the order from the presiding justice on or before December 1, 2025.

      Appellant did not file a request for permission to appeal by December 1, 2025. Therefore, the notice of appeal filed on October 16, 2025, is deemed inoperative. (Code Civ. Proc., § 391.7(c).)


                        *Earl*

                        EARL, P.J.


--------------------------------


cc: See Mailing List

IN THE

# Court of Appeal of the State of California

## IN AND FOR THE
## THIRD APPELLATE DISTRICT

MAILING LIST

Re:   Yakovlev v. Masters
      C105047
      El Dorado County Super. Ct. No. 25CV1460

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.   If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.

✓  Alexandr Yakovlev
   General Delivery
   South Lake Tahoe, CA 96151

   Brian Lee Hoffman
   Wood, Smith, Henning & Berman LLP
   501 West Broadway, Suite 1200
   San Diego, CA 92101

   El Dorado County Superior Court - Main
   495 Main Street
   Placerville, CA 95667
   (By email)

1

2

3

4        **FILED**
         Superior Court of California,
5             County of El Dorado
                  09/12/2025
6         By: Katherine Burtt, Deputy Clerk

7

8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **COUNTY OF EL DORADO**

10

11   ALEXANDER YAKOVLEV,                    Case No. 25CV1460

12            Plaintiff,                    [~~PROPOSED~~] ORDER GRANTING
                                            **DEFENDANT MARCHITA MASTERS,**
13       v.                                 **PSY.D.'S MOTION TO DISMISS**
                                            **COMPLAINT OF VEXATIOUS**
14   MARCHITA MASTERS, PSY.D.,              **LITIGANT PURSUANT TO CAL. CODE**
                                            **OF CIVIL PROCEDURE § 391.7**
15            Defendant.
                                            **Date:    September 12, 2025**
16                                          **Time:    1:30 p.m.**
                                            **Dept.:   4**
17
                                            The Hon. Michael H. Friel, Dept. 12
18
                                            Action Filed:      06/06/2025
19                                          Trial Date:        None Set

20

21                        [~~PROPOSED~~] **ORDER**

22        Defendant MARCHITA MASTERS, PSY.D.'S ("Defendant" or "Dr. Masters"), Motion to

23   Dismiss Complaint of Vexatious Litigant Pursuant to Cal. Code of Civil Procedure § 391.7, came

24   on September 12, 2025, at 1:30 p.m., Department 4 of the California Superior Court, County of El

25   Dorado.

26        The Court, having read and considered the Motion to Dismiss the Complaint of Alexander

27   Yakovlev, a Vexatious Litigant Pursuant to Cal. Code of Civil Procedure § 391.7, all papers,

28   having heard oral arguments of counsel, and after due deliberation, **IT IS HEREBY**

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

ELECTRONICALLY RECEIVED
Superior Court of California,
County of El Dorado
07/17/2025 at 06:22:00 PM
By: Katherine Burtt Deputy Clerk

1  **ADJUDGED, ORDERED AND DECREED AS FOLLOWS:**

2      1.     The Motion to Dismiss Alexander Yakovlev's Complaint, a Vexatious Litigant,

3  pursuant to Cal. Code of Civil Procedure § 391.7 is GRANTED; and

4      2.     Plaintiff Alexander Yakovlev's Complaint is dismissed with prejudice.

5      **IT IS SO ORDERED.**

6

7  DATED: _Sept. 12_ , 2025            By: _____

8                                       Hon. Judge of the Superior Court of El Dorado
                                        County

Leanne K. Mayberry

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ● FAX 619.849.4950

38836617.1.10386-0750                    -2-

[PROPOSED] ORDER GRANTING DEFENDANT MARCHITA MASTERS, PSY.D.'S MOTION TO DISMISS
COMPLAINT OF VEXATIOUS LITIGANT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 391.7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619 849 4900 ♦ FAX 619 849 4950

## **PROOF OF SERVICE**

**Alex Yakovlev v. Marchita Masters**
**Case No. 25CV1460**

I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 501 West Broadway, Suite 1200, San Diego, CA 92101.

On July 17, 2025, I served the following document(s) described as **[PROPOSED] ORDER GRANTING DEFENDANT MARCHITA MASTERS, PSY.D.'S MOTION TO DISMISS COMPLAINT OF VEXATIOUS LITIGANT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 391.7** on the interested parties in this action as follows:

## **SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address blongenecker@wshblaw.com to the persons at the electronic notification address listed in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was not successful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 17, 2025, at San Diego, California.

Brenna Longenecker

Brenna N. Longenecker

38836617.1 10386-0750                    -3-

[PROPOSED] ORDER GRANTING DEFENDANT MARCHITA MASTERS, PSY.D.'S MOTION TO DISMISS
COMPLAINT OF VEXATIOUS LITIGANT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 391.7

| | |
|---|---|
| 1 | **SERVICE LIST**<br>**Alex Yakovlev v. Marchita Masters** |
| 2 | **Case No. R-SC-0028200** |
| 3 | Alex Yakovlev<br>750 Emerald Bay Road, #205 |
| 4 | S. Lake Tahoe, CA 96150<br>Email: aleksummerfield@gmail.com |
| 5 | |
| | **Plaintiff** |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619.849.4900 ♦ FAX 619.849.4950

[PROPOSED] ORDER GRANTING DEFENDANT MARCHITA MASTERS, PSY.D.'S MOTION TO DISMISS
COMPLAINT OF VEXATIOUS LITIGANT PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 391.7



1

2

3

4

5

6

7

**FILED**
Superior Court of California,
County of El Dorado
09/12/2025
By: Katherine Burtt, Deputy Clerk

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF EL DORADO**

10

11   ALEXANDER YAKOVLEV,                    Case No. 25CV1460

12              Plaintiff,                  ~~[PROPOSED]~~ ORDER GRANTING
                                            **DEFENDANT MARCHITA MASTERS,**
13        v.                                **PSY.D.'S MOTION FOR SANCTIONS**
                                            **PURSUANT TO CAL. CODE OF CIVIL**
14   MARCHITA MASTERS, PSY.D.,              **PROCEDURE §§ 128.5 AND 128.7**

15              Defendant.                  **Date:    September 12, 2025**
                                            **Time:    1:30 p.m.**
16                                          **Dept.:   4**

17                                          The Hon. Michael H. Friel, Dept. 12

18                                          Action Filed:      06/06/2025
                                            Trial Date:        None Set
19

20                            ~~[PROPOSED]~~ **ORDER**

21        Defendant MARCHITA MASTERS, PSY.D.'S ("Defendant" or "Dr. Masters"), Motion for

22   Sanctions Pursuant to Cal. Code of Civil Procedure §§ 128.5 and 128.7, came on September 12,

23   2025, at 1:30 p.m., Department 4 of the California Superior Court, County of El Dorado.

24        The Court, having read and considered the Motion for Sanctions Pursuant to Cal. Code of

25   Civil Procedure §§ 128.5 and 128.7, all papers, having heard oral arguments of counsel, and after

26   due deliberation, **IT IS HEREBY ADJUDGED, ORDERED AND DECREED AS**

27   **FOLLOWS:**

**ELECTRONICALLY RECEIVED**
Superior Court of California,
County of El Dorado
07/17/2025 at 06:22:20 PM
By: Katherine Burtt, Deputy Clerk

28   / / /

38836712.1·10386-0750
                                            -1-
~~[PROPOSED]~~ ORDER GRANTING DEFENDANT MARCHITA MASTERS, PSY.D.'S MOTION FOR
SANCTIONS PURSUANT TO CAL. CODE OF CIVIL PROCEDURE §§ 128.5 AND 128.7

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619 849 4900 ♦ FAX 619 849 4950

1    1.    Defendant's Motion for Sanctions Pursuant to Cal. Code of Civil Procedure §§

2    128.5 and 128.7 is GRANTED;

3    2.    It Is FURTHER ORDERED that sanctions in the amount of $20,880.50    are

4    imposed against Plaintiff Alexander Yakovlev, and in favor of Defendant; and

5    3.    Sanctions are ORDERED to be paid directly to Defendant's counsel of record

6    within ~~15~~ calendar days of the date of hearing.
         30
7    **IT IS SO ORDERED**.

8                                                                    Leanne K. Mayberry

9    DATED: Sept. 12 , 2025            By:

10                                          Hon. Judge of the Superior Court of El Dorado
                                            County

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

38836712.1·10386-0750                              -2-
~~[PROPOSED]~~ ORDER GRANTING DEFENDANT MARCHITA MASTERS, PSY.D.'S MOTION FOR
SANCTIONS PURSUANT TO CAL. CODE OF CIVIL PROCEDURE §§ 128.5 AND 128.7

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619 849 4900 ♦ FAX 619 849 4950

## PROOF OF SERVICE

**Alex Yakovlev v. Marchita Masters**
**Case No. 25CV1460**

I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 501 West Broadway, Suite 1200, San Diego, CA 92101.

On July 17, 2025, I served the following document(s) described as **[PROPOSED] ORDER GRANTING DEFENDANT MARCHITA MASTERS, PSY.D.'S MOTION FOR SANCTIONS PURSUANT TO CAL. CODE OF CIVIL PROCEDURE §§ 128.5 AND 128.7** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address blongenecker@wshblaw.com to the persons at the electronic notification address listed in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was not successful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 17, 2025, at San Diego, California.

_____
Brenna N. Longenecker

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619 849 4900 ♦ FAX 619 849 4950

[PROPOSED] ORDER GRANTING DEFENDANT MARCHITA MASTERS, PSY.D.'S MOTION FOR
SANCTIONS PURSUANT TO CAL. CODE OF CIVIL PROCEDURE §§ 128.5 AND 128.7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
**Alex Yakovlev v. Marchita Masters**
**Case No. 25CV1460**

Alex Yakovlev
750 Emerald Bay Road, #205
S. Lake Tahoe, CA 96150
Email: aleksummerfield@gmail.com

**Plaintiff**

.

WOOD, SMITH, HENNING & BERMAN LLP
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619 849 4900 ♦ FAX 619 849 4950

38836712 1 10386-0750                                    -4-
[PROPOSED] ORDER GRANTING DEFENDANT MARCHITA MASTERS, PSY.D.'S MOTION FOR
SANCTIONS PURSUANT TO CAL. CODE OF CIVIL PROCEDURE §§ 128.5 AND 128.7

 **Gmail**                                   **Alex <750emerealdbay@gmail.com>**

## URGENT REQUEST FOR CLARIFICATION: Case C105047 (Yakovlev v. Masters) and Systemic Notification Failures

**3DC-Questions** <3DC-Questions@jud.ca.gov>                              Fri, Dec 5, 2025 at 3:23 PM
To: Alex <750emerealdbay@gmail.com>

Mr. Yakovlev:


Attached is a copy of the November 17, 2025, letter.  Information about a petition for rehearing can be found in California Rules of Court, rule 8.268.


Clerk's Office



**From:** Alex <750emerealdbay@gmail.com>
**Sent:** Thursday, December 4, 2025 10:50 AM
**To:** 3DC-Questions <3DC-Questions@jud.ca.gov>; ThirdDistrict@jud.ca.gov
**Subject:** Re: URGENT REQUEST FOR CLARIFICATION: Case C105047 (Yakovlev v. Masters) and Systemic Notification Failures



EXTERNAL EMAIL

[Quoted text hidden]

___

📄 **C105047_CV_Letter_LTS_Yakovlev.pdf**
179K

OFFICE OF THE CLERK
**COURT OF APPEAL**
**Third Appellate District**
**State of California**

914 Capitol Mall
Sacramento, CA 95814-4814
916.654.0209
appellate.courts.ca.gov

COLETTE M. BRUGGMAN
Clerk/Executive Officer

TODD C. EYSTER
Assistant Clerk/Executive Officer

November 17, 2025

Alexandr Yakovlev
General Delivery
South Lake Tahoe, CA 96151

Re:  Yakovlev v. Masters
     C105047
     El Dorado County Super. Ct. No. 25CV1460

Dear Mr. Yakovlev:

You have been deemed a vexatious litigant by the trial court.   The appeal cannot proceed without an order from the presiding justice of this court authorizing the appeal.   (Code Civ. Proc., § 391.7, subds. (a)-(c); *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216-1221.)

I have been directed to advise you that you may file a request for permission to appeal. Your appeal will be automatically dismissed or deemed inoperative by the court on December 1, 2025, unless you obtain an order from the presiding justice permitting you to file the appeal, and no extensions of time will be granted.   (Code Civ. Proc., § 391.7, subd. (c).)   In order to allow the court adequate time to consider your request, you must file your request in this court on or before November 24, 2025.   Any such request for permission to appeal must explain why the appeal has merit and has not been filed for the purposes of harassment or delay.   (Code Civ. Proc., § 391.7, subd. (b).)   You are further advised that this court will not entertain a request for reconsideration or rehearing if your request for permission to appeal is denied.

This notice automatically stays the appeal.   (Code Civ. Proc., § 391.7, subd. (c).)

Very truly yours,

COLETTE M. BRUGGMAN
Clerk/Executive Officer

By:  Brian Reece
Senior Deputy Clerk

cc:  See Mailing List

## MAILING LIST

Re:   Yakovlev v. Masters
      C105047
      El Dorado County Super. Ct. No. 25CV1460

Copies of this document have been sent by mail to the parties checked below unless they were noticed electronically.   If a party does not appear on the TrueFiling Servicing Notification and is not checked below, service was not required.

✔   Alexandr Yakovlev
    General Delivery
    South Lake Tahoe, CA 96151

    Brian Lee Hoffman
    Wood, Smith, Henning & Berman LLP
    501 West Broadway, Suite 1200
    San Diego, CA 92101

    El Dorado County Superior Court - Main
    495 Main Street
    Placerville, CA 95667
    (By email)

| | |
|---|---|
| **STATE OF CALIFORNIA**<br>California Court of Appeal,<br>Third Appellate District | ***E-NOTICE***<br><br>**STATE OF CALIFORNIA**<br>California Court of Appeal, Third Appellate District |

Case Name: **25CV1460 | Yakovlev v. Masters**
Case Number: **C105047**
Lower Court Case Number: **25CV1460**

My email address used to e-notify: **truefilingadmin@truefiling.com**

I notified by email a copy of the following document indicated below:

Title of papers e-notified:     **C105047 - Letter - LETTER SENT TO: - 11/17/2025**

| PERSON SERVED | EMAIL ADDRESS | DATE / TIME |
|---|---|---|
| Hoffman, Brian | bhoffman@wshblaw.com | 11-17-2025<br>2:36:25 PM |
| Service Tracking Id: 791d8a68236c4df09545bf0b03069b0d | | |
| B. Reece,<br>Court of Appeal, Third Appellate<br>District | truefilingadmin@truefiling.com | 11-17-2025<br>2:36:25 PM |
| Service Tracking Id: de99eeda0e29455ab34ebec0b70acf7e | | |

This eNotice was automatically created, submitted and signed on my behalf through my agreements with TrueFiling and its contents are true to the best of my information, knowledge, and belief.

11-17-2025
Date

Colette M. Bruggman, Clerk
Clerk/Executive Officer

B. Reece
Deputy Clerk

Court of Appeal, Third Appellate District
Court