UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDR YAKOVLEV,

          Plaintiff,

    v.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO, et al.,

          Defendant.

Case No. 2:25-cv-03110-DJC-CSK (PS)

ORDER

(ECF No. 16)

Pending before the Court is pro se Plaintiff Alexandr Yakovlev's[1] motion for reconsideration of the Court's February 24, 2026 order denying Plaintiff's supplemental request for reasonable accommodation.[2] (ECF No. 16.)  For the reasons stated below, Plaintiff's motion for reconsideration is DENIED.

A court may properly reconsider its decision if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). The choice to reconsider an order is left to

---

[1] Plaintiff identifies as a non-binary individual who uses the honorific "Mx." FAC ¶ 11.

[2] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

the discretion of the court. *See id*. "A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision." *Brookins v. Hernandez*, 2020 WL 1923211, at *1 (E.D. Cal. Apr. 21, 2020); *see also* E.D. Cal. Local Rule 230(j) (requiring a party seeking reconsideration to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what grounds exist for the motion").

On January 3, 2026, Plaintiff filed a motion titled "Supplemental Request for Reasonable Accommodation and Emergency Ex Parte Motion for Interim Alternative Service." Pl. Mot. Accommodation (ECF No. 12.) The motion alleged Plaintiff did not receive a mailed copy of the Court's findings and recommendations issued on December 2, 2025. *Id*. at 1-2. Plaintiff also alleged they did not have access to the CM/ECF docket. *Id*. at 2. The motion further requested the Court (1) grant Plaintiff interim electronic service, (2) send Plaintiff additional email confirmation when any document is served via email, and (3) inform Plaintiff via email whether an order has been issued in response to Plaintiff's filings made in response to the Court's December 2, 2025 order and findings and recommendations. *Id*. at 3.

The Court denied each of Plaintiff's requests as moot on February 24, 2026. 2/24/2026 Order (ECF No. 15). First, the Court denied Plaintiff's request for emergency relief as moot because Plaintiff had filed objections to the findings and recommendations several weeks prior (ECF No. 10). 2/24/2026 Order at 1. The Court denied Plaintiff's request for interim electronic service as moot because it had already granted Plaintiff e-filing access and e-service of documents. *Id*. at 2; *see* 12/02/2025 Order and Findings and Recommendations at 15. Finally, the Court denied Plaintiff's additional accommodation requests as moot and unnecessary, as Plaintiff has demonstrated that they had been receiving court filings through CM/ECF by making objections and supplemental filings in the weeks leading to Plaintiff's motion. *Id*. at 2-3.

Plaintiff argues the Court's denial of Plaintiff's accommodation requests failed to provide reasonable accommodations under applicable standards, citing Volume 5,

2

Chapter 2, § 255.10 of the Guide to Judiciary Policy, Title II of the Americans with Disabilities Act, and the Rehabilitation Act. Pl. Mot. at 13 (ECF No. 16). Plaintiff argues that under the Rehabilitation Act, they are entitled to a fact-specific investigation to determine appropriate accommodations once the Court is on notice of a disability. *Id*. Plaintiff argues they provided notice of several disabilities to the Court throughout their case, including fibromyalgia, post-traumatic stress disorder ("PTSD"), and other cognitive processing disorders. *Id*. Further, Plaintiff argues that the February 24, 2026 order failed to engage in the proper fact-specific investigation and ignored evidence demonstrating the Court's capacity to accommodate Plaintiff's requests and medical evidence offered in several exhibits. *Id*. at 15-17. Plaintiff later argues that the Court's order for electronic service and subsequent request for Plaintiff to update their mailing address was contradictory. *Id*. at 17-18. Plaintiff argues the Court's February 24, 2026 order is "legally insufficient on its face" by incorrectly stating that the order was only one sentence long. *Id*. at 21-22.  Last, Plaintiff argues that the Court must demonstrate a "fundamental alteration or undue burden" if it were to deny an accommodation and failed to do so in its analysis. *Id*. at 23.

The Court finds that Plaintiff has not demonstrated a proper basis to reconsider its prior order denying Plaintiff's supplemental requests for accommodation. Plaintiff presents no new or different facts or circumstances "of a strongly convincing nature" that did not exist when Plaintiff filed their initial motion for accommodation. *See Brookins*, 2020 WL 1923211, at *1. Nor has Plaintiff met the clear error, manifest injustice, or intervening change in the law standards. *See Smith*, 727 F.3d at 955. Therefore, Plaintiff's motion for reconsideration is denied.

## **ORDER**

In conclusion, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (ECF No. 16) is DENIED.

Dated:  May 27, 2026

7, yako.3110.25.recon

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3