Alexandr Yakovlev, Pro Se
General Delivery
Folsom, CA 95630

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ALEXANDR YAKOVLEV,

Plaintiff,

v.

SUPERIOR COURT OF
CALIFORNIA, COUNTY OF EL
DORADO, et al.,

Defendants.

**Case No.:** 2:25-cv-03110-DJC-CSK (PS)

**NOTICE OF MAGISTRATE JUDGE VIOLATION**

**Courtroom:** 7, 14th Floor
**Judge:** Honorable Daniel J. Calabretta

**TABLE OF CONTENTS**

TO THE HONORABLE DANIEL J. CALABRETTA, UNITED STATES DISTRICT JUDGE:....... 3

THE MAGISTRATE JUDGE IS WRONG FOR THIS CASE .......................................................... 4

THE MAGISTRATE JUDGE LACKS AUTHORITY TO ENTER DISPOSITIVE ORDERS
WITHOUT PLAINTIFF'S CONSENT .............................................................................................. 5

THE MAGISTRATE JUDGE HAS FAILED TO RULE ON PLAINTIFF'S PENDING MOTION
FOR RECUSAL (ECF NO. 18)........................................................................................................... 7

THE MAGISTRATE JUDGE EXCEEDS HER STATUTORY AUTHORITY UNDER 28 U.S.C. §
636(b)(1) BY RULING ON DISPOSITIVE MOTIONS WITHOUT ISSUING FINDINGS AND
RECOMMENDATIONS ...................................................................................................................... 7

THE MAGISTRATE JUDGE'S ONLY FINDINGS AND RECOMMENDATIONS WERE NEVER
PROPERLY SERVED ON PLAINTIFF ............................................................................................. 8

THE MAGISTRATE JUDGE HAS REFUSED TO ISSUE SUMMONSES FOR OVER SEVEN

NOTICE OF MAGISTRATE JUDGE VIOLATION

MONTHS ........................................................................................................................... 9

THE MAGISTRATE JUDGE HAS IGNORED PLAINTIFF'S OPERATIVE COMPLAINTS ....... 10

THE MAGISTRATE JUDGE HAS NEVER SCREENED THE FOURTH AMENDED
COMPLAINT ..................................................................................................................... 11

THE CASE HAS BEEN STALLED FOR OVER SEVEN MONTHS WITH NO CASE
MANAGEMENT .................................................................................................................. 12

THE MAGISTRATE JUDGE HAS IGNORED PLAINTIFF'S MOTIONS AND FILINGS ............ 12

October 27, 2025 – ECF No. 3: REQUEST FOR REASONABLE ACCOMMODATION ........... 12

January 3, 2026 – ECF No. 12: SUPPLEMENTAL REQUEST FOR REASONABLE
ACCOMMODATION AND EMERGENCY EX PARTE MOTION FOR INTERIM
ALTERNATIVE SERVICE ....................................................................................................... 13

February 22, 2026 – ECF No. 14: EMERGENCY SUPPLEMENTAL MEMORANDUM ........... 13

February 26, 2026 – ECF No. 16: MOTION FOR RECONSIDERATION ................................... 14

March 2, 2026 – ECF No. 17: OBJECTION TO MAGISTRATE JUDGE JURISDICTION,
REQUEST FOR REASSIGNMENT TO DISTRICT JUDGE, AND ALTERNATIVE MOTION
FOR RECUSAL ..................................................................................................................... 14

May 18, 2026 – ECF No. 18: MOTION FOR RECUSAL OF MAGISTRATE JUDGE CHI SOO
KIM ...................................................................................................................................... 15

May 23, 2026 – ECF No. 19: FOURTH AMENDED COMPLAINT ............................................ 15

THE MAGISTRATE JUDGE ABUSED HER DISCRETION BY DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION WITHOUT ANALYSIS ........................................................ 15

NOTICE OF MAGISTRATE JUDGE VIOLATION

THE MAGISTRATE JUDGE HAS NEVER ENGAGED IN THE REQUIRED ACCOMMODATION PROCESS ................................................................................................ 16

THE MAGISTRATE JUDGE'S MISGENDERING PROVES SHE DOES NOT READ PLAINTIFF'S FILINGS ................................................................................................................ 17

THE MAGISTRATE JUDGE'S PROSECUTORIAL BACKGROUND .......................................... 18

CONTRAST WITH THE NORTHERN DISTRICT OF CALIFORNIA, CASE NO. 3:26-CV-01132 ............................................................................................................................................ 19

THE MAGISTRATE JUDGE HAS DEMONSTRATED A PATTERN OF EXCLUSION AND PROCEDURAL FAILURES ........................................................................................................ 20

   The following is a complete chronological list of the Magistrate Judge's violations, failures, and acts that have prevented Plaintiff's case from progressing in this case: ............................................. 20

THE DISTRICT JUDGE HAS NOT RESPONDED TO ANY FILING ........................................... 22

THE MAGISTRATE JUDGE'S CONDUCT CAUSES ONGOING MEDICAL HARM ................ 23

LEGAL AUTHORITY ................................................................................................................... 23

REQUEST FOR RELIEF ............................................................................................................... 25

VERIFICATION ............................................................................................................................. 27

**TO THE HONORABLE DANIEL J. CALABRETTA, UNITED STATES DISTRICT JUDGE:**

**COMES NOW** Plaintiff ALEXANDR YAKOVLEV, proceeding pro se, and respectfully files this Notice of Magistrate Judge Violation. Plaintiff is a disabled, low-income, pro se litigant with documented disabilities including fibromyalgia, PTSD, dyslexia, cognitive processing disorders,

NOTICE OF MAGISTRATE JUDGE VIOLATION

and Rejection Sensitive Dysphoria (RSD). The Social Security Administration has formally determined that Plaintiff is disabled. Plaintiff has been hospitalized multiple times as a direct result of court-related stress. The Magistrate Judge's conduct – ignoring filings for months, issuing one-sentence denials without analysis, refusing to provide electronic service, failing to issue summons, failing to acknowledge operative complaints, and continuing to issue orders without jurisdiction – directly triggers Plaintiff's documented disabilities and causes ongoing medical harm.

This Notice documents the extensive and ongoing pattern of misconduct, procedural failures, and jurisdictional violations by Magistrate Judge Chi Soo Kim. Plaintiff has been forced to file this Notice because the Magistrate Judge continues to issue orders without jurisdiction, refuses to acknowledge Plaintiff's operative complaints, refuses to issue summonses, ignores Plaintiff's motions, fails to provide required accommodations, and has effectively frozen this case for over seven months while issuing rulings that have no legal force.

This Notice is supported by the docket in this case (2:25-cv-03110-DJC-CSK), Plaintiff's declarations, the medical records in Exhibits H-I (ECF No. 13-1), and the entire record in this action.

**THE MAGISTRATE JUDGE IS WRONG FOR THIS CASE**

This case has been stalled under Magistrate Judge Kim for over seven months. No summons. No service. No screening of the Fourth Amended Complaint. The case is frozen. In contrast, Plaintiff's parallel action in the Northern District of California (Case No. 3:26-cv-01132) was filed four months later and is already moving forward. The Clerk issued summons within 44 days. The U.S. Marshal served the Defendants. The Clerk provided the required consent/declination form. Magistrate Judge Alex G. Tse is properly exercising jurisdiction over the case. Plaintiff does not understand why they were assigned to Magistrate Judge Kim. Her pattern of one-sentence denials, ignored filings, refused accommodations, and stalled progress suggests she was assigned to bury this case, not to move it forward. Under 28 U.S.C. § 455(a), a judge must recuse herself in any

NOTICE OF MAGISTRATE JUDGE VIOLATION

proceeding in which her impartiality might reasonably be questioned. A reasonable person would question whether Magistrate Judge Kim can handle this case impartially and efficiently.

### THE MAGISTRATE JUDGE LACKS AUTHORITY TO ENTER DISPOSITIVE ORDERS WITHOUT PLAINTIFF'S CONSENT

Plaintiff filed this action on October 27, 2025. (ECF No. 1.) From the very beginning of this case, Plaintiff was never provided with the required consent form under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b). The Clerk of the Court did not notify Plaintiff of the availability of a magistrate judge or provide a consent form. Plaintiff has never consented – expressly, implicitly, or otherwise – to magistrate judge jurisdiction in this action. Plaintiff has never waived the right to have a United States District Judge preside over this case.

Under Eastern District of California Local Rule 305, cases assigned to magistrate judges require parties to complete and return a consent/declination form. See, e.g., Order Re Consent or Request for Reassignment (E.D. Cal.) (stating 'within 30 days, the parties shall complete and return this form to the court'). The Clerk never provided this form to Plaintiff."

On March 2, 2026, Plaintiff filed ECF No. 17: OBJECTION TO MAGISTRATE JUDGE JURISDICTION, REQUEST FOR REASSIGNMENT TO DISTRICT JUDGE, AND ALTERNATIVE MOTION FOR RECUSAL. In this filing, Plaintiff explicitly informed the Court that Plaintiff never received the required consent form, has never consented to magistrate judge jurisdiction, and that the Magistrate Judge lacks authority to enter final orders without consent. Plaintiff requested immediate reassignment to a District Judge.

On May 18, 2026, Plaintiff filed ECF No. 18: MOTION FOR RECUSAL OF MAGISTRATE JUDGE CHI SOO KIM. Attached to this motion was a signed DECLINE OF JURISDICTION OF UNITED STATES MAGISTRATE JUDGE form, dated May 18, 2026, explicitly declining consent to magistrate judge jurisdiction.

NOTICE OF MAGISTRATE JUDGE VIOLATION

Despite receiving actual notice of Plaintiff's objection and explicit decline of consent through ECF Nos. 17 and 18, Magistrate Judge Kim has continued to issue orders in this case. The Magistrate Judge has not acknowledged Plaintiff's objection. The Magistrate Judge has not referred the matter to the District Judge. The Magistrate Judge has simply ignored Plaintiff's jurisdictional objection.

Under 28 U.S.C. § 636(c)(1), a magistrate judge may conduct any or all proceedings in a civil matter and order the entry of judgment in the case only when specially designated by the district court and acting upon the consent of the parties. The statute is unambiguous: consent is required. No consent exists here. Under Federal Rule of Civil Procedure 73(b)(2), the clerk must notify the parties in writing if a magistrate judge has been designated to conduct all proceedings, and the parties must sign and file a consent form. Plaintiff signed the form (ECF No. 18), explicitly refusing consent.

Plaintiff does not challenge the Magistrate Judge's authority to issue non-dispositive pretrial orders under 28 U.S.C. § 636(b)(1)(A). However, the Magistrate Judge cannot enter final judgment or issue dispositive orders without Plaintiff's consent under § 636(c)(1). To the extent the Magistrate Judge exceeds her authority under § 636(b)(1), those orders are erroneous and contrary to law.

Under *McNab v. J & J Marine, Inc.,* 240 F.3d 1326, 1328-29 (11th Cir. 2001), consent to magistrate judge jurisdiction must be explicit, voluntary, clear, and unambiguous. Such consent cannot be inferred from the conduct of the parties.

Under *Roell v. Withrow,* 538 U.S. 580, 590-91 (2003), consent can be implied from participation only if the litigant was made aware of the need for consent and the right to refuse it. Plaintiff was never informed of this right. The Clerk never provided the consent form. Plaintiff was never notified in writing. Therefore, even under *Roell's* standard, no implied consent exists.

Under *Wellness International Network, Ltd. v. Sharif,* 575 U.S. 665 (2015), consent must be knowing and voluntary. Plaintiff's consent was never knowing because Plaintiff was never informed

NOTICE OF MAGISTRATE JUDGE VIOLATION

of the right to refuse.

The Magistrate Judge's continued issuance of orders after receiving Plaintiff's Objection and Decline of Consent constitutes a violation of 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73(b), Local Rule 305, and the Due Process Clause of the Fifth Amendment.

**THE MAGISTRATE JUDGE HAS FAILED TO RULE ON PLAINTIFF'S PENDING MOTION FOR RECUSAL (ECF NO. 18)**

Plaintiff filed a Motion for Recusal under 28 U.S.C. § 455(a) on May 18, 2026 (ECF No. 18). To date, the Magistrate Judge has not ruled on this motion. She has not denied it. She has not granted it. She has not referred it to the District Judge. She has simply ignored it.

On May 27, 2026, the Magistrate Judge issued ECF No. 20, denying Plaintiff's Motion for Reconsideration (ECF No. 16). That order did not address the pending recusal motion.

A judge who is asked to recuse herself should rule on the motion promptly. The Fifth Circuit has held that "disqualification disputes concern the basic integrity of a tribunal, they must be resolved at the outset of the litigation." Cochran v. SEC, 20 F.4th 194, 214 (5th Cir. 2021), cert. granted, 142 S. Ct. 2707 (2022) (quoting *Liteky v. United States,* 510 U.S. 540, 544 (1994), and citing *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 887 (2009)). The Magistrate Judge's failure to rule on the recusal motion before issuing ECF No. 20, combined with her continued issuance of orders on the merits while the recusal motion remains pending, violates due process. Plaintiff respectfully requests that the District Judge rule on the pending recusal motion (ECF No. 18) or order the Magistrate Judge to rule on it within 14 days.

**THE MAGISTRATE JUDGE EXCEEDS HER STATUTORY AUTHORITY UNDER 28 U.S.C. § 636(b)(1) BY RULING ON DISPOSITIVE MOTIONS WITHOUT ISSUING FINDINGS AND RECOMMENDATIONS**

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may not determine certain dispositive motions, including motions to dismiss, motions for summary judgment, motions for injunctive relief,

NOTICE OF MAGISTRATE JUDGE VIOLATION

and motions to suppress evidence. These matters may only be addressed through proposed findings and recommendations submitted to a district judge under § 636(b)(1)(B).

Plaintiff's Motion for Recusal (ECF No. 18) is a dispositive motion. It seeks to disqualify the Magistrate Judge from presiding over this case. A ruling on recusal goes to the authority of the tribunal itself. Under § 455(a), the challenged judge has authority to rule on her own recusal motion. The problem is that she has not ruled at all. She has simply ignored the recusal motion entirely.

Additionally, the Magistrate Judge's denial of Plaintiff's Motion for Reconsideration (ECF No. 20) addressed a motion that sought relief from a prior order. To the extent that motion sought reconsideration of a dispositive issue, the Magistrate Judge should have issued Findings and Recommendations, not a final order denying relief. By ruling on these motions without issuing Findings and Recommendations, the Magistrate Judge exceeded her statutory authority under 28 U.S.C. § 636(b)(1)(A). Her orders are contrary to law.

**THE MAGISTRATE JUDGE'S ONLY FINDINGS AND RECOMMENDATIONS WERE NEVER PROPERLY SERVED ON PLAINTIFF**

On December 1, 2025, Magistrate Judge Kim issued ECF No. 7: ORDER GRANTING IFP REQUEST, AND FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S SECOND EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING FIRST AMENDED COMPLAINT. The docket shows SERVICE BY MAIL on December 2, 2025.

Plaintiff never received this document by mail. The Court never sent Plaintiff an electronic notification. The Court never sent Plaintiff a link to download the document. The Court never served Plaintiff in any manner. On December 15, 2025, Plaintiff traveled to the courthouse in Sacramento to file the Supplemental Memorandum of Points and Authorities in support of the Emergency Ex Parte Application for Temporary Restraining Order (which became ECF No. 8, filed December 16, 2025). While at the courthouse for this unrelated filing, the Clerk handed Plaintiff one courtesy copy of ECF

NOTICE OF MAGISTRATE JUDGE VIOLATION

No. 7. The Clerk did not serve Plaintiff. The Clerk gave Plaintiff a courtesy copy because Plaintiff was physically present and asked for it. Plaintiff was not notified electronically or properly served.

Plaintiff obtained the document through personal effort, after traveling over one hundred miles despite disabilities, for an unrelated purpose. Requiring a disabled litigant to travel 100+ miles to obtain a courtesy copy is not "reasonably calculated" notice under *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). The issue is the manner of service, not whether service occurred at all. The Court failed to provide electronic service as an accommodation.

Plaintiff filed objections to ECF No. 7 on December 21, 2025 (ECF No. 10), after obtaining the courtesy copy. But that does not cure the service defect. The Court cannot rely on the fact that Plaintiff eventually obtained a copy through their own effort to avoid the consequences of improper service. Under *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950), notice must be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action. Mail service that the Court knows is impossible for a disabled litigant is not reasonably calculated to provide notice. Electronic notification that the Court never sent is not notice at all. When the government knows that notice has failed, it must take additional reasonable steps. The Court took no additional steps. The Magistrate Judge cannot rely on a document that was never served as the basis for any further orders. Any order that references or depends upon ECF No. 7 is itself erroneous for lack of proper service.

**THE MAGISTRATE JUDGE HAS REFUSED TO ISSUE SUMMONSES FOR OVER SEVEN MONTHS**

Plaintiff filed this action on October 27, 2025. That was over seven months ago. Under Federal Rule of Civil Procedure 4(a), the Clerk must issue summons when a complaint is filed. The Clerk has not issued summons. This is a failure to perform a ministerial duty. Under 28 U.S.C. § 1915(d), once summons is issued, the U.S. Marshals must serve it. The Marshals cannot serve

NOTICE OF MAGISTRATE JUDGE VIOLATION

summons that have not been issued.

Plaintiff has filed multiple amended complaints – a Second Amended Complaint (ECF No. 9), a Third Amended Complaint (ECF No. 13), and a Fourth Amended Complaint (ECF No. 19) – and each time, Plaintiff has requested that summons be issued. Each request has been ignored.

The failure to issue summonses for over seven months is not a minor administrative delay. It is a systemic failure that has prevented Plaintiff from serving any Defendant, prevented the case from moving forward, and effectively frozen Plaintiff's ability to obtain the relief sought.

**THE MAGISTRATE JUDGE HAS IGNORED PLAINTIFF'S OPERATIVE COMPLAINTS**

On December 18, 2025, Plaintiff filed ECF No. 9: SECOND AMENDED COMPLAINT (SAC). The SAC superseded the First Amended Complaint and became the operative pleading. The Magistrate Judge never acknowledged the SAC. Never ruled on the SAC. Never issued any order regarding the SAC. The SAC simply disappeared into the docket without any judicial response.

On January 10, 2026, Plaintiff filed ECF No. 13: THIRD AMENDED COMPLAINT (TAC) with 727 pages of Exhibit T (state court records documenting the concealment of motions, defective service, and due process violations). The TAC superseded the SAC and became the operative pleading. The Magistrate Judge never acknowledged the TAC. Never ruled on the TAC. Never issued any order regarding the TAC. The TAC – with its 727 pages of evidence – has been completely ignored. On May 23, 2026, Plaintiff filed ECF No. 19: FOURTH AMENDED COMPLAINT (4AC). The 4AC superseded all prior complaints and became the operative pleading. The Magistrate Judge has never acknowledged the 4AC. Never ruled on the 4AC. Never issued any order regarding the 4AC. Instead of addressing Plaintiff's operative complaints, the Magistrate Judge continues to issue orders based on the First Amended Complaint (ECF No. 5) – a complaint that has been superseded by three subsequent amended complaints. The Magistrate Judge's Findings and Recommendations (ECF

NOTICE OF MAGISTRATE JUDGE VIOLATION

No. 7) analyzed the First Amended Complaint, which is no longer the operative pleading. The Magistrate Judge has never analyzed the SAC, the TAC, or the 4AC.

Under Federal Rule of Civil Procedure 15(a), an amended complaint supersedes the original complaint. Once an amended complaint is filed, the prior complaint is no longer the operative pleading. The Magistrate Judge's continued reliance on a superseded complaint is a fundamental legal error that demonstrates either an unwillingness to read Plaintiff's filings or a lack of understanding of basic civil procedure. Under *Foman v. Davis,* 371 U.S. 178, 182 (1962), leave to amend should be freely given. The Magistrate Judge's failure to acknowledge, respond to, or rule on the SAC, TAC, and 4AC constitutes deliberate indifference and a failure to perform the core function of judicial review. Plaintiff has spent months drafting and filing amended complaints to cure alleged deficiencies. Those efforts have been met with silence. Plaintiff's Motion for Recusal (ECF No. 18) details additional instances of the Magistrate Judge's pattern of ignoring filings and denying motions without analysis, and is incorporated herein by reference.

### THE MAGISTRATE JUDGE HAS NEVER SCREENED THE FOURTH AMENDED COMPLAINT

Under 28 U.S.C. § 1915(e)(2), the Court is required to screen complaints filed in forma pauperis and dismiss any claim that is frivolous, fails to state a claim, or seeks relief from an immune defendant. The Court screened the original complaint (ECF No. 7). However, the 4AC supersedes all prior complaints. The Magistrate Judge has not screened the 4AC. The 4AC contains new allegations that require fresh screening, or alternatively, the original screening is stale because the operative pleading has changed three times. The 4AC has been pending since May 23, 2026. The Magistrate Judge issued an order on May 27, 2026 (ECF No. 20) but that order addressed the motion for reconsideration, not the 4AC. The 4AC remains unacknowledged and unscreened. The failure to screen the 4AC is a violation of 28 U.S.C. § 1915(e)(2). The Court has a mandatory duty to screen in

NOTICE OF MAGISTRATE JUDGE VIOLATION

forma pauperis complaints. The Magistrate Judge has not performed this duty.

## THE CASE HAS BEEN STALLED FOR OVER SEVEN MONTHS WITH NO CASE MANAGEMENT

This action was filed on October 27, 2025. Over seven months have passed. No summons has been issued. No defendant has been served. The Fourth Amended Complaint has not been screened. No scheduling order has been issued. No case management conference has been noticed. The case is at a complete standstill. Under Federal Rule of Civil Procedure 1, the Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The seven-month delay with no progress violates this fundamental mandate. The Magistrate Judge has taken no action to move this case forward. The Court has not screened the 4AC. The Court has not issued summons. The Court has not ordered any case management schedule. The case remains frozen while Plaintiff suffers ongoing harm. Plaintiff respectfully requests that the District Judge order the Clerk to issue summons immediately, order the Court to screen the 4AC within 14 days, and order a case management schedule to get this case moving.

## THE MAGISTRATE JUDGE HAS IGNORED PLAINTIFF'S MOTIONS AND FILINGS

Plaintiff has filed multiple motions and substantive filings. The Magistrate Judge has ignored most of them or denied them without addressing the arguments.

### October 27, 2025 – ECF No. 3: REQUEST FOR REASONABLE ACCOMMODATION

Plaintiff requested electronic service, e-filing access, telephonic appearances, and use of the honorific Mx. and they/them pronouns. Plaintiff documented disabilities including fibromyalgia, PTSD, and cognitive processing disorders. Plaintiff explicitly stated that receiving, handling, and responding to physical mail is impossible.

On December 1, 2025, the Magistrate Judge granted electronic service and e-filing access in

NOTICE OF MAGISTRATE JUDGE VIOLATION

ECF No. 7. However, the Court never implemented the electronic service it granted. The Court served the Findings and Recommendations by mail only. The Court never activated CM/ECF access for Plaintiff. The Court never addressed Plaintiff's request for neutral pronouns or telephonic appearances. The Court never engaged in the interactive process required by the Rehabilitation Act. The Court's order granting accommodations was never implemented.

**January 3, 2026 – ECF No. 12: SUPPLEMENTAL REQUEST FOR REASONABLE ACCOMMODATION AND EMERGENCY EX PARTE MOTION FOR INTERIM ALTERNATIVE SERVICE**

Plaintiff detailed the complete failure of mail service. Plaintiff requested interim electronic service via email pending full CM/ECF activation. Plaintiff documented that the Findings and Recommendations were never received.

The Court ignored this filing for fifty-two (52) days – from January 3 through February 23, 2026. During this period, Plaintiff remained unable to receive court communications and had no way of knowing whether the District Judge had adopted the Findings and Recommendations.

On February 24, 2026, the Court issued ECF No. 15: a one-sentence order denying Plaintiff's request. The order stated: "ORDER signed by Magistrate Judge Chi Soo Kim on 2/24/2026 DENYING [12] Plaintiff's supplemental request; and plaintiff is reminded of their obligation to provide their current mailing address to the Court."

This one-sentence order cites no legal authority. Provides no reasoning. Does not mention Plaintiff's disabilities (fibromyalgia, PTSD, cognitive processing disorders, dyslexia, Rejection Sensitive Dysphoria). Does not mention the assistive technology Plaintiff depends on. Does not mention the multiple hospitalizations documented in Exhibit T. Does not mention the February 20 email proving the Court can communicate electronically. Engages in no analysis whatsoever. Offers no alternative accommodation.

**February 22, 2026 – ECF No. 14: EMERGENCY SUPPLEMENTAL MEMORANDUM**

NOTICE OF MAGISTRATE JUDGE VIOLATION

Plaintiff submitted a 45-page memorandum correcting the record, exposing deliberate exclusion through selective electronic service, and requesting immediate ADA accommodations and due process relief.

The Court never acknowledged this filing. The Court did not address any of the issues raised. The Court did not respond to the request for accommodations. The filing was simply ignored.

**February 26, 2026 – ECF No. 16: MOTION FOR RECONSIDERATION**

Plaintiff sought reconsideration of the February 24, 2026 one-sentence denial. Plaintiff argued that the Court failed to engage in the required fact-specific investigation under *Duvall v. County of Kitsap,* that the Court ignored evidence of capacity to accommodate, that the Court failed to give primary consideration to Plaintiff's requested accommodation, and that the Court's one-sentence denial was legally insufficient on its face.

On May 27, 2026, the Court issued ECF No. 20: ORDER DENYING MOTION FOR RECONSIDERATION. The order did not address Plaintiff's arguments about the failure to engage in a fact-specific investigation. Did not address Plaintiff's arguments about the Court's capacity to accommodate. Did not address Plaintiff's disabilities. Did not acknowledge that the Court had never implemented the electronic service it granted. Did not acknowledge that the Findings and Recommendations were never served. The order is erroneous and contrary to law.

**March 2, 2026 – ECF No. 17: OBJECTION TO MAGISTRATE JUDGE JURISDICTION, REQUEST FOR REASSIGNMENT TO DISTRICT JUDGE, AND ALTERNATIVE MOTION FOR RECUSAL**

Plaintiff informed the Court that Plaintiff never received the consent form, has never consented to magistrate judge jurisdiction, and that the Magistrate Judge lacks authority to enter orders. Plaintiff requested reassignment to a District Judge. The Magistrate Judge has never acknowledged this filing. Has never ruled on the jurisdictional objection. Has never referred the

NOTICE OF MAGISTRATE JUDGE VIOLATION

matter to the District Judge. Has simply ignored the objection.

**May 18, 2026 – ECF No. 18: MOTION FOR RECUSAL OF MAGISTRATE JUDGE CHI SOO KIM**

Plaintiff moved for recusal under 28 U.S.C. § 455(a), documenting the Magistrate Judge's pattern of exclusion, one-sentence denials, ignoring of evidence, failure to accommodate, and asymmetrical treatment of Plaintiff compared to represented parties. Plaintiff attached a signed DECLINE OF JURISDICTION form.

The Magistrate Judge has not ruled on this motion. She has not denied it. She has not granted it. She has not referred it to the District Judge.

**May 23, 2026 – ECF No. 19: FOURTH AMENDED COMPLAINT**

Plaintiff filed the 4AC, which supersedes all prior complaints. Plaintiff requested that summons be issued and that the case proceed.

The Magistrate Judge has not responded. The 4AC has been sitting in the docket without any acknowledgment. No summons has been issued. No order has been entered regarding the 4AC.

**THE MAGISTRATE JUDGE ABUSED HER DISCRETION BY DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION WITHOUT ANALYSIS**

Plaintiff filed a Motion for Reconsideration (ECF No. 16) on February 26, 2026. The motion argued that the Court failed to engage in the fact-specific investigation required by *Duvall v. County of Kitsap,* 260 F.3d 1124, 1139 (9th Cir. 2001). The motion cited 727 pages of evidence in Exhibit T. The motion presented the February 20, 2026 email as evidence that the Court has the capacity to communicate electronically.

On May 27, 2026, the Magistrate Judge issued ECF No. 20, denying the motion. The order states that Plaintiff presented "no new or different facts or circumstances."

This statement is false. Plaintiff presented: the 52-day delay as a fact; the February 20, 2026 email proving capacity as new evidence; 727 pages of evidence in Exhibit T; and legal arguments

-15-
NOTICE OF MAGISTRATE JUDGE VIOLATION

under *Duvall* that were not addressed in the original order.

The Magistrate Judge did not address any of these arguments. She did not mention *Duvall*. She did not mention Exhibit T. She did not mention the February 20 email. She simply denied the motion. Under *United States v. Hinkson,* 585 F.3d 1247, 1262 (9th Cir. 2009) *en banc,* a court abuses its discretion when it fails to consider relevant factors, makes a clear error of judgment, or bases its decision on an erroneous legal standard. The Magistrate Judge did all three.

The Magistrate Judge's order is not a reasoned decision. It is an expression of personal opinion that Plaintiff's motion lacks merit, without any legal analysis to support that conclusion. This violates due process and Canon 2 of the Code of Conduct for United States Judges, which requires judges to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

**THE MAGISTRATE JUDGE HAS NEVER ENGAGED IN THE REQUIRED ACCOMMODATION PROCESS**

Under the Rehabilitation Act and Judicial Conference policy, federal courts must provide reasonable accommodations to persons with communication disabilities. The policy incorporates the standards of 28 C.F.R. § 35.160, which require a fact-specific investigation and primary consideration of the accommodation requested by the disabled individual.

Under *Duvall v. County of Kitsap,* 260 F.3d 1124, 1139 (9th Cir. 2001), a public entity must undertake a fact-specific investigation to determine what constitutes a reasonable accommodation, giving primary consideration to the accommodation requested by the disabled individual. Mere speculation that a suggested accommodation is not feasible falls short of the reasonable accommodation requirement. Plaintiff provided notice of accommodation needs on multiple occasions: ECF No. 3 (October 27, 2025); ECF No. 12 (January 3, 2026); ECF No. 14 (February 22, 2026); and ECF No. 16 (February 26, 2026).

NOTICE OF MAGISTRATE JUDGE VIOLATION

The Magistrate Judge has never engaged in the required accommodation process. The Court has never acknowledged Plaintiff's dyslexia or assistive technology needs. The Court has never asked what formats are accessible. The Court has never offered any alternative accommodation. The Court has never explained why electronic service is an undue burden. The Court has never responded to Plaintiff's documentation, including the 727 pages of Exhibit T. The Court has never conducted any fact-specific investigation as required by the Rehabilitation Act.

Instead of engaging in the required process, the Magistrate Judge issued a one-sentence denial (ECF No. 15) that does not even mention the concept of accommodation, let alone analyze whether the requested accommodation is reasonable. This is not a good faith effort to accommodate. It is a deliberate refusal to accommodate.

The Court's February 20, 2026 email proves that the Court has the technical capacity to communicate electronically with Plaintiff. The Court has Plaintiff's email address. The Court has demonstrated that Court personnel can send emails to Plaintiff. The Court has chosen not to use that capacity for ongoing document access. This is not a case of inability to accommodate. It is a case of unwillingness to accommodate. The Court's demand that Plaintiff provide a mailing address – while knowing that mail service is impossible for Plaintiff due to documented disabilities – is not a neutral administrative requirement. It is a barrier designed to exclude. When a public entity knows that a disabled individual cannot comply with a standard procedure, it must provide an alternative. The Court has provided no alternative.

### THE MAGISTRATE JUDGE'S MISGENDERING PROVES SHE DOES NOT READ PLAINTIFF'S FILINGS

Plaintiff filed a Request for Reasonable Accommodation on October 27, 2025 (ECF No. 3), explicitly requesting to be addressed as Mx. and with they/them pronouns. Plaintiff repeated this request in ECF No. 12 (January 3, 2026).

NOTICE OF MAGISTRATE JUDGE VIOLATION

On February 24, 2026, the Magistrate Judge issued ECF No. 15, which states: "plaintiff is reminded of **his** obligation to provide **his** current mailing address to the Court." The Magistrate Judge used the male pronoun "his" twice.

A judge who reads a party's filings would know that party's requested pronouns. The Magistrate Judge's misgendering proves she did not read ECF No. 12 before denying it.

In *People v. Zarazua,* 85 Cal.App.5th 639, 647 (2022), the California Court of Appeal held that "parties are to be treated with respect, courtesy, and dignity – including the use of preferred pronouns. Failure to do so offends the administration of justice."

In *Bostock v. Clayton County,* 590 U.S. 644, 681 (2020), the United States Supreme Court held that discrimination based on transgender status is a form of sex discrimination under Title VII, stating that "it is impossible to discriminate against a person for being homosexual or transgender without discriminating against that individual based on sex."

The Magistrate Judge's use of male pronouns in ECF No. 15, despite Plaintiff's explicit requests for neutral pronouns in ECF Nos. 3 and 12, violates these legal standards. This conduct offends the administration of justice, demonstrates bias under 28 U.S.C. § 455(a), and supports recusal. This misgendering is documented in Plaintiff's Motion for Recusal (ECF No. 18) and incorporated herein by reference.

**THE MAGISTRATE JUDGE'S PROSECUTORIAL BACKGROUND**

Magistrate Judge Chi Soo Kim served as an Assistant United States Attorney in the Civil Division of the U.S. Attorney's Office for the Eastern District of California for 12 years prior to her appointment as a magistrate judge on March 29, 2024.

The role of a prosecutor is to advocate for the government's position. That adversarial mindset does not automatically convert into a neutral judicial temperament. Former prosecutors who become judges must consciously shift from advocacy to neutrality. The record in this case shows that

NOTICE OF MAGISTRATE JUDGE VIOLATION

Magistrate Judge Kim has not made that shift.

She denies Plaintiff's accommodation requests without analysis (ECF No. 15). She ignores Plaintiff's evidence (727 pages of Exhibit T). She misgenders Plaintiff despite explicit requests (proving she does not read the filings). She refuses to issue summons for over seven months. She ignores Plaintiff's recusal motion entirely. She denies Plaintiff's motion for reconsideration without addressing any of Plaintiff's arguments.

Under 28 U.S.C. § 455(a), a judge must recuse herself in any proceeding in which her impartiality might reasonably be questioned. A reasonable person, knowing that Magistrate Judge Kim served as a prosecutor for 12 years and now denies pro se litigants' requests without analysis, would question her impartiality.

**CONTRAST WITH THE NORTHERN DISTRICT OF CALIFORNIA, CASE NO. 3:26-CV-01132**

In a parallel action filed in the Northern District of California on February 9, 2026, the Court followed the correct procedure. The Clerk issued an Initial Case Management Scheduling Order with ADR Deadlines. The Clerk provided the required consent/declination form. Plaintiff filed the Consent/Declination form on April 26, 2026 (ECF No. 24). Magistrate Judge Alex G. Tse is now properly exercising jurisdiction over the case.

In contrast, in this Eastern District action filed four months earlier on October 27, 2025, no summons has been issued for over seven months. No Defendant has been served. No consent form has ever been provided by the Clerk. Plaintiff has filed a signed DECLINE OF JURISDICTION. Magistrate Judge Kim continues to issue orders without addressing Plaintiff's filings. This stark contrast demonstrates that the Eastern District's failures are not a result of general court congestion. They are specific to this case and to Plaintiff. Plaintiff does not understand why they were assigned to Magistrate Judge Kim. Her pattern of one-sentence denials, ignored filings, refused accommodations,

NOTICE OF MAGISTRATE JUDGE VIOLATION

and stalled progress suggests she was assigned to bury this case, not to move it forward.

### THE MAGISTRATE JUDGE HAS DEMONSTRATED A PATTERN OF EXCLUSION AND PROCEDURAL FAILURES

**The following is a complete chronological list of the Magistrate Judge's violations, failures, and acts that have prevented Plaintiff's case from progressing in this case:**

On October 27, 2025, Plaintiff filed the complaint and requested accommodations. No summons was issued. No consent form was provided.

On December 1, 2025, the Magistrate Judge issued ECF No. 7 (Findings and Recommendations). The order granted electronic service but the Court never implemented it. The order analyzed the First Amended Complaint, not the operative pleading. The order recommended dismissal of claims without addressing Plaintiff's evidence.

On December 2, 2025, the Court did not serve Plaintiff. The docket shows SERVICE BY MAIL but Plaintiff never received it. The Court never sent electronic notification. The Court never sent a link to download the document.

On December 15, 2025, Plaintiff traveled to the courthouse in Sacramento to file the Supplemental Memorandum (ECF No. 8). While there, the Clerk handed Plaintiff a courtesy copy of ECF No. 7. The Court did not serve Plaintiff. Plaintiff retrieved the document through personal effort.

On December 18, 2025, Plaintiff filed the Second Amended Complaint (ECF No. 9). The Magistrate Judge never acknowledged it.

On December 21, 2025, Plaintiff filed Objections to Findings and Recommendations (ECF No. 10). The District Judge never ruled on these objections. The Magistrate Judge took no action.

On December 23, 2025, Plaintiff filed Notice of Lodging Exhibit T (ECF No. 11). 727 pages of evidence. The Magistrate Judge never acknowledged it.

On January 3, 2026, Plaintiff filed Supplemental Request for Accommodation (ECF No. 12). The Magistrate Judge ignored this filing for 52 days.

NOTICE OF MAGISTRATE JUDGE VIOLATION

On January 10, 2026, Plaintiff filed the Third Amended Complaint (ECF No. 13). The Magistrate Judge never acknowledged it.

On February 20, 2026, the CM/ECF system generated an automatic Notice of Electronic Filing (NEF) informing Plaintiff that mail had been returned. This NEF was sent to Plaintiff's email address, proving that the Court's system has the technical capacity to send electronic notifications to Plaintiff. However, the Court has not used this capacity to provide ongoing electronic service of documents or to send Plaintiff downloadable links to court orders.

On February 22, 2026, Plaintiff filed Emergency Supplemental Memorandum (ECF No. 14). The Magistrate Judge never acknowledged it.

On February 24, 2026, the Magistrate Judge issued ECF No. 15 – a one-sentence denial of Plaintiff's accommodation request. No analysis. No legal authority. No mention of disabilities. No mention of 727 pages of evidence.

On February 26, 2026, Plaintiff filed Motion for Reconsideration (ECF No. 16). The Magistrate Judge took 90 days to rule on this motion.

On March 2, 2026, Plaintiff filed Objection to Magistrate Judge Jurisdiction (ECF No. 17). The Magistrate Judge never acknowledged this filing. Never ruled on it. Never referred the matter to the District Judge.

On May 18, 2026, Plaintiff filed Motion for Recusal with signed Decline of Consent (ECF No. 18). The Magistrate Judge did not recuse. Did not acknowledge the decline of consent. Did not refer the matter to the District Judge.

On May 23, 2026, Plaintiff filed the Fourth Amended Complaint (ECF No. 19). No summons issued. No acknowledgment. Case remained frozen.

On May 27, 2026, the Magistrate Judge issued ECF No. 20 – Order Denying Motion for

NOTICE OF MAGISTRATE JUDGE VIOLATION

Reconsideration. The order did not address Plaintiff's jurisdictional objection. Did not address Plaintiff's recusal motion. Did not address the lack of consent. Did not address the failure to serve ECF No. 7. Did not address the 4AC. Did not order summons issued.

This pattern demonstrates that the Magistrate Judge is not simply making legal errors. The Magistrate Judge's pattern of ignoring filings, refusing to issue summonses, failing to implement accommodations, and refusing to acknowledge operative complaints has prevented Plaintiff's case from progressing. The full record of the Magistrate Judge's conduct is set forth in Plaintiff's Motion for Recusal (ECF No. 18), which is incorporated herein by reference.

### THE DISTRICT JUDGE HAS NOT RESPONDED TO ANY FILING

The docket shows that District Judge Daniel J. Calabretta has not issued any order or ruling in this case. Not one. The case has been pending for over seven months, and the District Judge has taken no action. The Magistrate Judge's Findings and Recommendations (ECF No. 7) – which was never served on Plaintiff – remains pending before the District Judge. The District Judge has not ruled on whether to adopt, modify, or reject these unserved findings.

Plaintiff filed Objections to the Findings and Recommendations (ECF No. 10) on December 21, 2025. The District Judge has not ruled on these objections.

Plaintiff filed Objection to Magistrate Judge Jurisdiction (ECF No. 17) on March 2, 2026. The District Judge has not ruled on this objection.

Plaintiff filed Motion for Recusal (ECF No. 18) on May 18, 2026. The District Judge has not ruled on this motion.

Plaintiff has filed three amended complaints (SAC, TAC, 4AC). The District Judge has not acknowledged any of them.

Plaintiff is trapped in a procedural void: the Magistrate Judge continues to issue orders while the District Judge takes no action. Plaintiff cannot obtain relief from the Magistrate Judge because

she has demonstrated bias and exceeded her authority. Plaintiff cannot obtain relief from the District Judge because District Judge has not responded to any filing.

### THE MAGISTRATE JUDGE'S CONDUCT CAUSES ONGOING MEDICAL HARM

Plaintiff suffers from Rejection Sensitive Dysphoria (RSD), a condition causing intense emotional and physical pain from perceived rejection, judgment, or criticism. The Magistrate Judge's conduct – ignoring filings for 52 days, issuing a one-sentence denial without analysis, demanding an inaccessible mailing address, refusing to issue summonses, ignoring operative complaints – directly triggers Plaintiff's RSD, causing documented physical and psychological harm.

Plaintiff has been hospitalized multiple times as a direct result of court-related stress. Medical records documenting these hospitalizations are in Exhibits H-I (ECF No. 13-1). Each instance of judicial rejection without review – including the Magistrate Judge's one-sentence denial and her continued issuance of erroneous orders – exacerbates Plaintiff's conditions and increases the risk of another hospitalization. The Court's failure to issue summonses for over seven months means that Plaintiff's claims are not moving forward. Each day that passes without progress increases Plaintiff's stress, triggers Plaintiff's disabilities, and causes ongoing harm. The Magistrate Judge has been informed of Plaintiff's medical conditions through ECF Nos. 3, 12, 13 (Exhibits H-I), 14, and 16. The Magistrate Judge has ignored this evidence.

### LEGAL AUTHORITY

28 U.S.C. § 636(c)(1) provides that a magistrate judge may conduct proceedings only upon the consent of the parties. No consent exists here.

28 U.S.C. § 636(b)(1)(A) provides that a magistrate judge may not determine certain dispositive motions (e.g., motions to dismiss, summary judgment). These matters require findings and recommendations under § 636(b)(1)(B).

Federal Rule of Civil Procedure 73(b)(2) provides that the clerk must notify the parties and

NOTICE OF MAGISTRATE JUDGE VIOLATION

the parties must sign and file a consent form. Neither has occurred.

Under Eastern District of California Local Rule 305, parties in cases assigned to a magistrate judge must complete and return a consent/declination form. See, e.g., Order Re Consent or Request for Reassignment (E.D. Cal.) (stating "within 30 days, the parties shall complete and return this form to the court"). The Clerk never provided this form to Plaintiff.

28 U.S.C. § 1915(d) provides that "The officers of the court shall issue and serve all process, and perform all duties in such cases."

28 U.S.C. § 1915(e)(2) requires the Court to screen in forma pauperis complaints.

28 U.S.C. § 455(a) provides that a judge shall disqualify herself in any proceeding in which her impartiality might reasonably be questioned. A reasonable person would question the impartiality of a judge who ignores filings for 52 days, issues one-sentence denials without analysis, ignores operative complaints, refuses to issue summonses, refuses to accommodate documented disabilities, and treats a pro se disabled litigant fundamentally differently from represented parties.

*Tennessee v. Lane,* 541 U.S. 509, 533-34 (2004) holds that Title II of the ADA applies to state courts and requires meaningful access for disabled litigants.

*Duvall v. County of Kitsap,* 260 F.3d 1124, 1139 (9th Cir. 2001) holds that a public entity must undertake a fact-specific investigation to determine appropriate accommodations and give primary consideration to the disabled individual's request. The Magistrate Judge has done neither.

*Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950) holds that notice must be reasonably calculated to apprise interested parties. Mail service that the Court knows is impossible is not reasonable notice.

*McNab v. J & J Marine, Inc.,* 240 F.3d 1326, 1328-29 (11th Cir. 2001) holds that consent to magistrate judge jurisdiction must be explicit, voluntary, clear, and unambiguous. Consent cannot be

NOTICE OF MAGISTRATE JUDGE VIOLATION

inferred from participation when the procedural prerequisites have not been satisfied.

Under *Roell v. Withrow,* 538 U.S. 580, 590-91 (2003), consent can be implied from participation only if the litigant was made aware of the need for consent and the right to refuse it. Plaintiff was never informed of this right. The Clerk never provided the consent form. Plaintiff was never notified in writing. Therefore, even under *Roell's* standard, no implied consent exists.

*Wellness International Network, Ltd. v. Sharif,* 575 U.S. 665 (2015) holds that consent must be knowing and voluntary. Plaintiff never gave knowing and voluntary consent because Plaintiff was never informed of the right to refuse.

*People v. Zarazua,* 85 Cal.App.5th 639, 647 (2022) holds that "parties are to be treated with respect, courtesy, and dignity – including the use of preferred pronouns. Failure to do so offends the administration of justice."

*Bostock v. Clayton County,* 590 U.S. 644, 681 (2020) holds that discrimination based on transgender status is a form of sex discrimination under federal law.

*United States v. Hinkson,* 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) holds that a court abuses its discretion when it fails to consider relevant factors, makes a clear error of judgment, or bases its decision on an erroneous legal standard.

*Foman v. Davis,* 371 U.S. 178, 182 (1962) holds that leave to amend should be freely given.

Canon 2 of the Code of Conduct for United States Judges requires judges to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

**REQUEST FOR RELIEF**

Plaintiff respectfully requests that the District Court grant the following relief. Plaintiff urgently needs the Fourth Amended Complaint reviewed and summonses issued. Every day of delay causes further harm.

- The District Court should DECLARE that Magistrate Judge Chi Soo Kim cannot enter

NOTICE OF MAGISTRATE JUDGE VIOLATION

dispositive orders without Plaintiff's consent under 28 U.S.C. § 636(c).

• The District Court should DECLARE that the Magistrate Judge exceeded her statutory authority under 28 U.S.C. § 636(b)(1) by ruling on dispositive motions without issuing Findings and Recommendations.

• The District Court should REASSIGN this matter to a United States District Judge for all further proceedings, including de novo review of all pending motions, objections, findings, and recommendations.

• The District Court should ORDER the Clerk of Court to immediately issue summonses for all Defendants named in the Fourth Amended Complaint (ECF No. 19) pursuant to Federal Rule of Civil Procedure 4(a).

• The District Court should ORDER that the summonses be served by the United States Marshals Service pursuant to 28 U.S.C. § 1915(d).

• The District Court should DECLARE that the operative complaint in this action is the FOURTH AMENDED COMPLAINT (ECF No. 19, filed May 23, 2026).

• The District Court should ORDER that the Magistrate Judge's Findings and Recommendations (ECF No. 7) – which addressed superseded pleadings and was never served on Plaintiff – be STRICKEN as moot.

• The District Court should ORDER that Plaintiff be permitted to proceed on the 4AC without further delay.

• The District Court should ORDER the Clerk of Court to serve all future court documents electronically on Plaintiff at 750emerealdbay@gmail.com as an ADA accommodation.

• The District Court should ORDER that the Court engage in the interactive process required by the Rehabilitation Act and Judicial Conference policy to determine appropriate

NOTICE OF MAGISTRATE JUDGE VIOLATION

accommodations for Plaintiff's disabilities, including but not limited to electronic service, text-based PDF documents compatible with screen readers and text-to-speech software, and the use of Plaintiff's correct honorific Mx. and they/them pronouns.

- The District Court should RECUSE Magistrate Judge Chi Soo Kim from any further participation in this case pursuant to 28 U.S.C. § 455(a).

- The District Court should ORDER that no further proceedings shall be conducted by Magistrate Judge Kim in this case.

- The District Court should STAY all proceedings, including any adoption of the Findings and Recommendations (ECF No. 7), until the jurisdictional objection and recusal motion are resolved by the District Judge.

- The District Court should ORDER that Plaintiff be given thirty (30) days after electronic service is fully implemented to file any supplemental briefing or amended pleadings.

- The District Court should GRANT such other relief as the Court deems just and proper.

Plaintiff incorporates by reference the arguments and evidence set forth in the Motion for Recusal (ECF No. 18) in support of this request.

**VERIFICATION**

I, ALEXANDR YAKOVLEV, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief, based on the docket in this case (2:25-cv-03110-DJC-CSK), my personal knowledge, and the documents filed in this action.

I further declare that I have been hospitalized multiple times as a direct result of court-related stress, including on September 13, 2025 (the day after Judge Mayberry's hearing where I was

-27-

NOTICE OF MAGISTRATE JUDGE VIOLATION

silenced and sanctioned), and that the Magistrate Judge's continued issuance of erroneous orders, refusal to issue summonses, refusal to acknowledge my operative complaints, and refusal to provide reasonable accommodations exacerbate my documented disabilities and increase the risk of further hospitalization.

I further declare that I have never received a consent form under 28 U.S.C. § 636(c), have never consented to magistrate judge jurisdiction, and have explicitly declined such jurisdiction in writing filed with this Court on May 18, 2026.

I further declare that I never received the Findings and Recommendations (ECF No. 7) by mail or electronic notification. On December 15, 2025, I traveled to the courthouse in Sacramento to file the Supplemental Memorandum (ECF No. 8). While there, the Clerk handed me a courtesy copy of ECF No. 7. The Court never served me. I retrieved the document through personal effort.

Executed on May 31, 2026, at Folsom, California.

/s/ Alexandr Yakovlev
ALEXANDR YAKOVLEV
Plaintiff, Pro Se

NOTICE OF MAGISTRATE JUDGE VIOLATION