UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDR YAKOVLEV,

Plaintiff,

v.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO, et al.,

Defendants.

Case No.  2:25-cv-03110-DJC-CSK

ORDER

Plaintiff is proceeding pro se in this suit against Defendants.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**FINDINGS AND RECOMMENDATIONS**

On December 2, 2025, the Magistrate Judge issued Findings and Recommendations herein which were served on Plaintiff and which contained notice to Plaintiff that any objections to the Findings and Recommendations were to be filed within fourteen days.  (ECF No. 7.)  Plaintiff has filed objections to the Findings and Recommendations (ECF No. 10), which the Court has read and considered.

Having conducted a *de novo* review of the law in this action, the Court finds the Findings and Recommendations to be supported by the record and by the proper analysis.  In the Ninth Circuit's recent decision in *Miroth v. County of Trinity*, 136 F.4th

1

1141 (9th Cir. 2025), the court reaffirmed the narrow scope of the *Rooker-Feldman* doctrine.  As stated by the court in *Miroth*, *Rooker-Feldman* does not preclude claims that would not require a review of a judicial decision in a particular case and do not seek relief from that judgment.  *Id.* at 1151.  Instead, the jurisdictional limit recognized by this doctrine "applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment."  *Id.* (emphasis in original) (internal citations and quotation marks omitted).

Having noted the limited scope of *Rooker-Feldman*, the Magistrate Judge was correct in finding that it applies here.  Plaintiff indisputably asserts claims based on the state court's vexatious litigant finding (ECF No. 5 ¶ 20), as well as other state court judgments (*id.* ¶¶ 30, 33, 37, 40).  Plaintiff also expressly seeks relief from the state court judgment as a remedy;  the First Amended Complaint requests declaratory relief ". . . that Defendants' refusal to accept or docket Plaintiff's filings based on any pre-2016 vexatious-litigant order . . . violates Plaintiff's rights . . ."  and injunctive relief "requiring Defendants to file Plaintiff's pleadings and prohibiting rejections based on any pre-2016 vexatious-litigant order." (*Id.* at 8.)  Defendant argues that his claims are "a broad, forward-looking assault on the Defendant courts' entrenched customs and practices[.]"  (ECF No. 10 at 5.)  But this is directly contradicted by the complaint as identified in the Findings and Recommendations and here.

Accordingly, having conducted a *de novo* review of this case, the Court finds the Magistrate Judge's determination that dismissal of Plaintiff's First Amended Complaint is required by the *Rooker-Feldman* doctrine is supported by the record and proper analysis.

### SUBSEQUENT FILINGS

During the pendency of the Findings and Recommendations, Plaintiff has filed a number of other documents.  First, Plaintiff has filed three amended complaints.  (ECF Nos. 9, 13, 19.)  These complaints were filed without leave of the court to do so.  They were thus improperly filed and need not be considered by the Court.  Fed. R.

Civ. P. 15.  Moreover, based on the applicability of the *Rooker-Feldman* doctrine, the Magistrate Judge appropriately recommended that the operative complaint be dismissed without leave to amend.  As such, the Court need not consider these amended complaints.

Plaintiff has also filed a Motion for Recusal of the assigned Magistrate Judge (ECF No. 18) and a "Notice of Magistrate Judge Violation" (ECF No. 21) that the Court construes as a second motion seeking recusal.  Given the Court's determination above that the Findings and Recommendations should be adopted, and this case dismissed with prejudice, Plaintiff's motions are moot.  Nevertheless, the Court notes that Plaintiff's motions are without legal merit.  Plaintiff has not identified any valid reason to reasonably question the impartiality of the Magistrate Judge.  Plaintiff's motions rest entirely on judicial actions and adverse findings in this case.  The identified actions do not establish grounds to validly question the impartiality of the Magistrate Judge and do not provide a basis for recusal.  *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  The December 2, 2025 Findings and Recommendations (ECF No. 7) are ADOPTED IN FULL.

2.  Plaintiff's First Amended Complaint (ECF No. 5) is dismissed without leave to amend.

3.  All other motions (ECF No. 4, 6, 18, 21) are DENIED AS MOOT.

4.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  __**July 2, 2026**__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3