Alexandr Yakovlev, Pro Se
General Delivery
Folsom, CA 95630

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXANDR YAKOVLEV,<br><br>                              Plaintiff,<br><br>        v.<br><br>SUPERIOR COURT OF<br>CALIFORNIA, COUNTY OF EL<br>DORADO, et al.,<br><br>                              Defendants. | **Case No.:**  2:25-cv-03110-DJC-CSK (PS)<br><br>**COMBINED NOTICE OF ERRATA, REQUEST<br>TO ACCEPT OVERSIZED MOTION, AND<br>NOTICE OF LODGING EXHIBITS 9, 10, AND 11** |

**TABLE OF CONTENTS**

PART I: NOTICE OF ERRATA AND REQUEST TO ACCEPT OVERSIZED MOTION (ECF NO. 25)........................2

  I. BACKGROUND ................................................................................................................................2

  II. REQUEST TO ACCEPT OVERSIZED MOTION (ECF NO. 25)....................................................3

    A. The Oversized Filing Was Not Intended to Circumvent Page Limits ................................................3

    B. ECF No. 25 Is Not a Duplicative Filing ..........................................................................................3

    C. ECF No. 25 Contains Newly Discovered Evidence ..........................................................................4

    D. The Motion Is Critical to Plaintiff's Request for Relief....................................................................4

    E. Pro Se Filings Are Liberally Construed............................................................................................5

    F. No Prejudice to Defendants .............................................................................................................5

    G. The Court Has Discretion to Accept Oversized Filings ...................................................................5

  III. REQUEST FOR CONSIDERATION OF ALL MOTIONS............................................................5

PART II: NOTICE OF LODGING EXHIBITS 9, 10, AND 11 ...................................................................6

  IV. PURPOSE OF THIS FILING..........................................................................................................6

  V. EXHIBIT 9: COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY .............................7

    A. Detailed Description of Exhibit 9.....................................................................................................7

    B. Why Exhibit 9 Is Being Filed to Protect Plaintiff's Rights and Due Process...................................11

  VI. EXHIBIT 10: GMAIL CORRESPONDENCE FROM THE OFFICE OF THE CIRCUIT EXECUTIVE ...............13

    A. Detailed Description of Exhibit 10...................................................................................................13

    B. Why Exhibit 10 Is Being Filed to Protect Plaintiff's Rights and Due Process.................................13

  VII. EXHIBIT 11: OFFICIAL LETTER FROM THE OFFICE OF THE CIRCUIT EXECUTIVE...........................15

    A. Detailed Description of Exhibit 11...................................................................................................15

    B. Why Exhibit 11 Is Being Filed to Protect Plaintiff's Rights and Due Process.................................16

  VIII. CUMULATIVE SIGNIFICANCE OF EXHIBITS 9, 10, AND 11 .......................................................18

COMBINED NOTICE OF ERRATA, REQUEST TO ACCEPT OVERSIZED MOTION, AND NOTICE OF LODGING
EXHIBITS 9, 10, AND 11

Exhibits 9, 10, and 11, considered together, demonstrate the following:.................................................................18

IX. WHY THESE EXHIBITS ARE CRITICAL TO PROTECTING PLAINTIFF'S RIGHTS ....................................21

A. To Establish That the Court Had Actual Knowledge of Plaintiff's Disability .........................................21

B. To Demonstrate That Electronic Service Is Feasible ..........................................................................21

C. To Support Plaintiff's Claims for Meaningful Access ..........................................................................21

D. To Support the Request for Reassignment/Recusal ............................................................................21

E. To Support the Motion for Reconsideration.......................................................................................22

F. To Preserve the Record for Appeal....................................................................................................22

G. To Protect Plaintiff's Right to Meaningful Access to the Courts..........................................................22

H. To Document the Pattern of Retaliation.............................................................................................23

I. To Establish That the Court's Conduct Is Part of a Broader Pattern ...................................................23

X. REQUEST FOR ELECTRONIC SERVICE.............................................................................................23

XI. REQUEST FOR RELIEF .....................................................................................................................24

WHEREFORE, Plaintiff respectfully requests that this Court:...................................................................24

**COMES NOW** Plaintiff Alexandr Yakovlev, proceeding pro se, and hereby files this Combined Notice of Errata, Request to Accept Oversized Motion, and Notice of Lodging Exhibits 9, 10, and 11 in support of their:

**1.** Motion for Reconsideration Under FRCP 59(e) and Request for Reassignment (ECF No. 24);

**2.** Consolidated Motion to Vacate Judgment and Transfer Venue (ECF No. 25);

**3.** Motion to Set Aside Judgment and Transfer Venue (ECF No. 26).

**PART I: NOTICE OF ERRATA AND REQUEST TO ACCEPT OVERSIZED MOTION (ECF NO. 25)**

**I. BACKGROUND**

On July 9, 2026, Plaintiff filed a Motion for Reconsideration Under FRCP 59(e) and Request for Reassignment (ECF No. 24), together with a Notice of Filing Exhibits U-Z (ECF No. 24-1).

On July 12, 2026, Plaintiff filed a Consolidated Motion to Vacate Judgment and Transfer Venue (ECF No. 25), together with a Notice of Filing Exhibits 1-8 (ECF No. 25-1).

On July 13, 2026, Plaintiff filed a Motion to Set Aside Judgment and Transfer Venue (ECF

COMBINED NOTICE OF ERRATA, REQUEST TO ACCEPT OVERSIZED MOTION, AND NOTICE OF LODGING EXHIBITS 9, 10, AND 11

No. 26), which is a streamlined version of ECF No. 25 incorporating by reference the arguments and evidence presented in ECF No. 24 and 25.

## II. REQUEST TO ACCEPT OVERSIZED MOTION (ECF NO. 25)

Plaintiff respectfully requests that this Court accept and consider the Consolidated Motion to Vacate Judgment and Transfer Venue (ECF No. 25), filed on July 12, 2026.

### A. The Oversized Filing Was Not Intended to Circumvent Page Limits

Plaintiff acknowledges that ECF No. 25 exceeds the page limit prescribed by this Court's Local Rules, including Local Rule 230(c) (E.D. Cal.), which generally limits motions to 25 pages without leave of court. Plaintiff, proceeding pro se and suffering from documented disabilities including schizoaffective disorder, psychotic disorder, bipolar disorder, anxiety disorder, and cognitive processing disorders, mistakenly included extensive factual background and legal analysis from the concurrently filed Motion for Reconsideration (ECF No. 24) rather than simply incorporating it by reference. Plaintiff's intention was to fully present the errors in the Court's Order and to add the substantial new argument for transfer of venue.

### B. ECF No. 25 Is Not a Duplicative Filing

ECF No. 25 is not merely duplicative of ECF No. 24. It contains the following material not present in ECF No. 24:

1. A request to transfer venue to the Northern District of California pursuant to 28 USC § 1404(a);

2. Documentation of the Sacramento Division's pattern of conduct against Plaintiff spanning nearly two decades, including the dismissal of *Yakovlev v. Ashcroft,* 2:07-cv-00118 (E.D. Cal.);

3. The argument that a related action challenging the same prefiling order is pending in the Northern District of California, *Yakovlev v. The Superior Court of California,* Case No. 3:26-cv-

01132 (N.D. Cal.);

4.    The argument that the prefiling order originated in San Francisco and venue is proper in the Northern District under 28 USC § 1391(b);

5.    A request for judicial notice of the related Northern District case pursuant to FRE 201(b)(2). See *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of court records in related proceedings).

**C. ECF No. 25 Contains Newly Discovered Evidence**

ECF No. 25 incorporates Exhibits U through Z (filed as ECF No. 24-1) and Exhibits 1 through 8 (filed as ECF No. 25-1). These exhibits document a continuing pattern of retaliatory rejection by Defendants that was not fully developed in ECF No. 24. The exhibits include:

Exhibit U: February 20, 2026 NEF showing the F&R was returned as undeliverable;

Exhibit V: Court of Appeal's June 10, 2026 denial of VL-110 request without addressing any of the four independent legal grounds raised;

Exhibit W: El Dorado Superior Court's May 31, 2026 rejection of Plaintiff's filings;

Exhibit X: Court of Appeal's June 29, 2026 rejection of Plaintiff's Petition for Rehearing on false legal grounds;

Exhibit Y: El Dorado Superior Court's June 3, 2026 rejection of Plaintiff's VL-110 request in two seconds without judicial review;

Exhibit Z: Plaintiff's July 8, 2026 emergency room discharge summary documenting that the Court's defective Judgment triggered Plaintiff's disability and caused hospitalization;

Exhibits 1-8: Documentation of institutional pattern of conduct, including the ACLU report on systemic failures in the federal detention system.

**D. The Motion Is Critical to Plaintiff's Request for Relief**

ECF No. 25 is the only filing that fully addresses the need for transfer of venue. The

-4-

streamlined Motion to Set Aside Judgment and Transfer Venue (ECF No. 26) incorporates ECF No. 24 by reference but does not contain the full factual detail and evidentiary support for transfer. Acceptance of ECF No. 25 is necessary for the Court to have the complete record before it.

### E. Pro Se Filings Are Liberally Construed

Under *Erickson v. Pardus,* 551 US 89, 94 (2007), pro se pleadings must be liberally construed. Courts construe pro se filings liberally, although pro se litigants remain subject to applicable procedural rules. See also *Haines v. Kerner,* 404 US 519, 520-21 (1972) (pro se pleadings held to less stringent standards than formal pleadings drafted by lawyers). Plaintiff's disability, including their cognitive processing disorder and marked limitation in concentrating, persisting, or maintaining pace, contributed to their inability to recognize the page limit issue before filing.

### F. No Prejudice to Defendants

The case has been dismissed and no defendant has appeared. Accepting ECF No. 25 will not prejudice any party. To the contrary, the Court's consideration of the full record will promote the interests of justice.

### G. The Court Has Discretion to Accept Oversized Filings

Courts have inherent authority to manage their dockets and accept filings that exceed page limits where good cause is shown. See *Chambers v. NASCO, Inc.,* 501 US 32, 43-44 (1991) (courts possess inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); see also E.D. Cal. Local Rule 110 (failure to comply with Local Rules may result in sanctions, implying courts have discretion to waive rules for good cause). Plaintiff's documented disabilities, the complexity of the issues presented, the newly discovered evidence, and the request for transfer of venue all constitute good cause for accepting ECF No. 25.

### III. REQUEST FOR CONSIDERATION OF ALL MOTIONS

Plaintiff respectfully requests that the Court consider:

COMBINED NOTICE OF ERRATA, REQUEST TO ACCEPT OVERSIZED MOTION, AND NOTICE OF LODGING EXHIBITS 9, 10, AND 11

1. The Motion for Reconsideration Under FRCP 59(e) and Request for Reassignment (ECF No. 24).

2. The Consolidated Motion to Vacate Judgment and Transfer Venue (ECF No. 25).

3. The Motion to Set Aside Judgment and Transfer Venue (ECF No. 26).

ECF No. 25 is the most comprehensive presentation of Plaintiff's arguments and includes the critical request for transfer of venue. ECF No. 26 serves as a streamlined alternative that incorporates ECF No. 24 by reference. All three motions seek the same ultimate relief: vacatur of the judgment and, upon vacatur, transfer to the Northern District of California or, alternatively, reassignment to a different judge. ECF No. 26 is a streamlined version of ECF No. 24 incorporating by reference the arguments and evidence presented in ECF No. 24.

**PART II: NOTICE OF LODGING EXHIBITS 9, 10, AND 11**

**IV. PURPOSE OF THIS FILING**

These exhibits are filed to protect Plaintiff's rights and to document the due process violations that have occurred in this case. Specifically, these exhibits are filed to:

1. Demonstrate that a separate judicial body, the Office of the Circuit Executive for the Ninth Circuit, has acknowledged Plaintiff's documented disability and granted an exception to its policy to communicate with Plaintiff exclusively via email (Exhibits 10 and 11), directly contradicting this Court's order (ECF No. 15) which denied Plaintiff's accommodation request and demanded impossible compliance with mail service.

2. Provide the Court with the complete record of the judicial misconduct complaint filed against Magistrate Judge Chi Soo Kim and District Judge Daniel J. Calabretta (Exhibit 9), which documents the pattern of due process violations, including failure to accommodate disability, misgendering, and failure to rule on recusal motions.

3. Preserve the record for appeal by ensuring that the Court is aware that Plaintiff has

pursued available administrative remedies relating to judicial conduct and has sought relief from the Judicial Council.

4.     Protect Plaintiff's right to meaningful access to the courts under the Americans with Disabilities Act, 42 USC § 12132, and *Tennessee v. Lane,* 541 US 509 (2004), as well as under the Rehabilitation Act and Judicial Conference policies.

5.     Document the ongoing pattern of institutional retaliation that has caused Plaintiff's disability, as formally determined by the Social Security Administration (SSA Fully Favorable Decision, October 30, 2020).

## V. EXHIBIT 9: COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

**Date:** July 9, 2026

**Source:** Plaintiff's filing with the Office of the Circuit Executive, Ninth Circuit

**Docket Reference:** Complaint of Judicial Misconduct Nos. 26-90189 and 26-90190 (assigned)

### A. Detailed Description of Exhibit 9

Exhibit 9 is the complete Complaint of Judicial Misconduct or Disability filed by Plaintiff against Magistrate Judge Chi Soo Kim and District Judge Daniel J. Calabretta pursuant to 28 USC § 351(a). The complaint was filed on July 9, 2026, with the Office of the Circuit Executive for the Ninth Circuit.

The complaint is 7 pages long and documents the following specific conduct:

### 1. Plaintiff's Documented Disabilities

Plaintiff has documented disabilities including Post-Traumatic Stress Disorder (PTSD), fibromyalgia, dyslexia and cognitive processing disorders, and Rejection Sensitive Dysphoria (RSD). The Social Security Administration issued a Fully Favorable Decision on October 30, 2020, finding Plaintiff disabled with severe impairments including schizoaffective disorder, psychotic disorder,

-7-

bipolar disorder, anxiety disorder, cervical and lumbar degenerative disc disease, and right knee chondromalacia, with a marked limitation in concentrating, persisting, or maintaining pace.

Plaintiff filed a Request for Reasonable Accommodation on October 27, 2025 (ECF No. 3), explicitly stating that "receiving, handling, and responding to physical mail is impossible" due to documented disabilities, and requesting to be addressed as Mx. with **they/them** pronouns. Plaintiff repeated this request in ECF No. 12 on January 3, 2026.

### 2. Magistrate Judge Chi Soo Kim's Conduct

### a. Misgendering a Disabled, Non-Binary Litigant Despite Explicit Requests

On February 24, 2026, Magistrate Judge Kim issued ECF No. 15, which states: "plaintiff is reminded of **his** obligation to provide **his** current mailing address to the Court." The Magistrate Judge used male pronouns twice despite Plaintiff's explicit requests for neutral pronouns. The Magistrate Judge's own Findings and Recommendations (ECF No. 7) at footnote 2 states: "Plaintiff identifies as a non-binary individual who uses the honorific 'Mx.'" Despite this acknowledgment, the Magistrate Judge used male pronouns in ECF No. 15. ECF No. 7 itself uses the male pronoun "his" in the sentence granting leave to amend, despite acknowledging Plaintiff's non-binary identity in the same order's footnote 2.

Plaintiff contends this conduct is inconsistent with Canon 2A, Canon 3B(4), and Canon 3B(1) of the Code of Conduct for United States Judges.

### b. Granting Electronic Service as Accommodation Then Failing to Implement It

On December 1, 2025, Magistrate Judge Kim issued Findings and Recommendations (ECF No. 7 at page 15) stating: "Plaintiff consents to receive service of documents electronically and waives the right to receive service by first class mail." The Court served the F&R by mail on December 2, 2025. Plaintiff never received it. Mail was returned as undeliverable on February 20, 2026. After that, the Court also sent Notices of Electronic Filing (NEFs) to Plaintiff's email address.

-8-

However, as a disabled pro se litigant with documented cognitive processing disorders, Plaintiff could not download the documents from the CM/ECF links. The Court never provided the F&R in an accessible format. Plaintiff only obtained a courtesy copy on December 15, 2025, after traveling more than 100 miles to the Sacramento courthouse. On February 24, 2026, the Magistrate Judge issued ECF No. 15 demanding a mailing address – directly contradicting her own order waiving mail service, and doing so four days after the Court learned mail was undeliverable.

Plaintiff contends this conduct is inconsistent with Canon 2A and Canon 3B(1) of the Code of Conduct for United States Judges.

### c. Conclusory Order Denying Accommodation Without Addressing Disability

On February 24, 2026, Magistrate Judge Kim issued ECF No. 15, which states: "DENYING [12] Plaintiff's supplemental request; and plaintiff is reminded of **his** obligation to provide **his** current mailing address to the Court." The order provides no citation to legal authority, offers conclusory reasoning that does not engage with Plaintiff's documented disability-based inability to receive mail, and does not mention Plaintiff's documented disabilities. *Duvall v. County of Kitsap,* 260 F.3d 1124, 1139 (9th Cir. 2001), explains that determining a reasonable accommodation ordinarily requires a fact-specific inquiry giving primary consideration to the accommodation requested by the disabled individual. The order contains no discussion reflecting such an inquiry.

Plaintiff contends this conduct is inconsistent with Canon 2A and Canon 3B(1) of the Code of Conduct for United States Judges.

### d. Failure to Rule on Recusal Motion

Plaintiff filed a Motion for Recusal of the assigned Magistrate Judge (ECF No. 18) on May 18, 2026. The Magistrate Judge never ruled on this motion, which was directed at her. She ignored it entirely and continued issuing orders, including ECF No. 20 on May 27, 2026. Under 28 USC § 455(a), a judge must recuse herself when "impartiality might reasonably be questioned." A judge

COMBINED NOTICE OF ERRATA, REQUEST TO ACCEPT OVERSIZED MOTION, AND NOTICE OF LODGING EXHIBITS 9, 10, AND 11

who ignores a recusal motion and continues issuing orders creates the appearance of partiality.

Plaintiff contends this conduct is inconsistent with Canon 3E(1) and Canon 3B(1) of the Code of Conduct for United States Judges.

### 3. District Judge Daniel J. Calabretta's Conduct

### a. Factually Inaccurate Statement on the Record About Service

The District Judge's Order (ECF No. 22 at page 1) states: "On December 2, 2025, the Magistrate Judge issued Findings and Recommendations herein which were served on Plaintiff." This statement is factually inaccurate. Plaintiff was never served with the F&R. Although the docket reflects mailing, the mailing was returned as undeliverable. The February 20, 2026 NEF confirms this. Plaintiff obtained a courtesy copy on December 15, 2025, only after traveling more than 100 miles to the courthouse.

Plaintiff contends this conduct is inconsistent with Canon 2A and Canon 3B(1) of the Code of Conduct for United States Judges.

### b. Failing to Address ADA Accommodation Arguments

The District Judge's Order does not mention Plaintiff's ADA claims or accommodation requests. The Order does not address: Plaintiff's documented disabilities; Plaintiff's request for electronic service; the Magistrate Judge's misgendering; or the Magistrate Judge's contradictory orders. *Tennessee v. Lane,* 541 US 509, 533-34 (2004), establishes that Title II of the ADA requires meaningful access for disabled litigants. *Duvall v. County of Kitsap,* 260 F.3d 1124, 1139 (9th Cir. 2001), requires a fact-specific investigation to determine reasonable accommodations. The Order contains no discussion indicating whether the pending accommodation requests were considered or resolved.

Plaintiff contends this conduct is inconsistent with Canon 2A and Canon 3B(1) of the Code of Conduct for United States Judges.

### c. Failing to Acknowledge the Operative Complaint

Plaintiff filed three amended complaints: ECF No. 9 (December 18, 2025), ECF No. 13 (January 10, 2026), and ECF No. 19 (May 23, 2026). The District Judge's Order dismisses the First Amended Complaint (ECF No. 5) without acknowledging or addressing the subsequently filed amended complaints. Under *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992), an amended complaint supersedes the original complaint. Under *Ramirez v. County of San Bernardino,* 806 F.3d 1002, 1008 (9th Cir. 2015), an amended complaint becomes the operative pleading and moots prior complaints. Under *Lacey v. Maricopa County,* 693 F.3d 896, 928 (9th Cir. 2012) *en banc*, claims dismissed with prejudice and without leave to amend need not be replead to preserve them for appeal. The Order does not acknowledge the existence of the subsequently filed amended complaints.

Plaintiff contends this conduct is inconsistent with Canon 3B(1) of the Code of Conduct for United States Judges.

### B. Why Exhibit 9 Is Being Filed to Protect Plaintiff's Rights and Due Process

Exhibit 9 is being filed for the following critical reasons:

1.      **To Document the Pattern of Due Process Violations:** The judicial misconduct complaint meticulously documents the specific conduct of both judges that Plaintiff contends violated their rights to due process, equal protection, and meaningful access to the courts. This includes the failure to accommodate disability, misgendering, failure to rule on recusal motions, and issuance of orders based on false statements of service.

2.      **To Demonstrate Pursuit of Available Administrative Remedies:** By filing the judicial misconduct complaint, Plaintiff has pursued available administrative remedies relating to judicial conduct within the judicial branch. This is essential for preserving the record for appeal and demonstrating that Plaintiff has sought relief from every available forum. See 28 USC § 351(a); Rules for Judicial-Conduct and Judicial-Disability Proceedings, Rule 3.

**3.    To Establish That the Court's Conduct Is Not an Isolated Incident:** The complaint demonstrates that the due process violations in this case are part of a broader pattern of institutional behavior that has caused Plaintiff's disability, as formally determined by the Social Security Administration.

**4.    To Support the Request for Reassignment/Recusal:** The complaint provides the factual basis for Plaintiff's request for reassignment or recusal. The documented pattern of conduct, misgendering, and failure to accommodate disability supports Plaintiff's contention that a reasonable person, knowing all the relevant facts, would harbor doubts about the judges' impartiality. See *Liljeberg v. Health Services Acquisition Corp.,* 486 US 847, 860 (1988) ("what matters is not the reality of bias or prejudice but its appearance").

**5.    To Support the Motion for Reconsideration:** The complaint establishes that the Court's judgment was based on false statements of service and a failure to consider the operative complaint, both of which are clear errors warranting reconsideration under FRCP 59(e). Rule 59(e) permits alteration or amendment of a judgment where there is newly discovered evidence, clear error, manifest injustice, or an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993); *McDowell v. Calderon,* 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).

**6.    To Protect Plaintiff's Right to Meaningful Access to the Courts:** Under *Tennessee v. Lane,* 541 US 509 (2004), Title II of the ADA requires meaningful access for disabled litigants. Federal courts provide accommodations under the Rehabilitation Act, Judicial Conference policies, and inherent judicial authority. The complaint documents the Court's systematic failure to provide such access, including the denial of reasonable accommodations and the demand for impossible compliance with mail service.

## VI. EXHIBIT 10: GMAIL CORRESPONDENCE FROM THE OFFICE OF THE CIRCUIT EXECUTIVE

**Date:** July 13, 2026

**Source:** Email from Legal Affairs, Office of the Circuit Executive, Ninth Circuit

**Docket Reference:** Complaint of Judicial Misconduct Nos. 26-90189 and 26-90190

### A. Detailed Description of Exhibit 10

Exhibit 10 is an email from the Office of the Circuit Executive for the Ninth Circuit, sent to Plaintiff on July 13, 2026, at 2:46 PM. The email attaches a formal letter regarding Plaintiff's complaint of judicial misconduct and confirms that Docket Numbers 26-90189 and 26-90190 have been assigned to the matter.

The email states:

"We have received your complaint of judicial misconduct filed pursuant to 28 USC § 351(a) against Magistrate Judge Chi Soo Kim and District Judge Daniel J. Calabretta. Docket Numbers 26-90189 and 26-90190, respectively, have been assigned to this matter.

We have also received your request to communicate via email rather than paper mail. Although our policy is to require physical mailing addresses and to communicate exclusively by paper mail, we are willing to make an exception in this case. Please note that we offer this as a courtesy, and that no accommodations are required because the judicial misconduct complaint process is not subject to the Americans with Disabilities Act.

Pursuant to the Rules for Judicial-Conduct and Judicial-Disability Proceedings, a copy of the complaint has been forwarded to Chief Judge Mary H. Murguia and each of the named subject judges."

### B. Why Exhibit 10 Is Being Filed to Protect Plaintiff's Rights and Due Process

Exhibit 10 is being filed for the following critical reasons:

-13-

COMBINED NOTICE OF ERRATA, REQUEST TO ACCEPT OVERSIZED MOTION, AND NOTICE OF LODGING EXHIBITS 9, 10, AND 11

**1.    To Demonstrate That a Separate Judicial Body Acknowledged Plaintiff's Disability:** The Office of the Circuit Executive, a judicial body within the Ninth Circuit, expressly acknowledged Plaintiff's disability and granted an exception to its policy to communicate with Plaintiff exclusively via email. This directly contradicts this Court's order (ECF No. 15), which denied Plaintiff's accommodation request and demanded impossible compliance with mail service. While the Circuit Executive stated that this was offered as a courtesy and not as an ADA accommodation, the decision nevertheless demonstrates that electronic communication is feasible for Plaintiff.

**2.    To Show That the Court's Denial of Accommodation Was Unreasonable:** The Circuit Executive, after reviewing Plaintiff's request, determined that an exception to its policy was warranted. This demonstrates that the accommodation Plaintiff requested is feasible and that this Court's denial of the same accommodation was arbitrary. The Court's order (ECF No. 15) provided no citation to legal authority, no analysis of Plaintiff's disability, and no discussion of why electronic service could not be implemented. Plaintiff contends this conclusory denial is inconsistent with *Duvall v. County of Kitsap,* 260 F.3d 1124, 1139 (9th Cir. 2001), which requires a fact-specific inquiry.

**3.    To Document the Judicial Misconduct Complaint Was Properly Filed:** The email confirms that Plaintiff's judicial misconduct complaint was received, docketed, and forwarded to the subject judges and the Chief Judge. This demonstrates that Plaintiff has properly pursued available administrative remedies relating to judicial conduct and that the complaint is pending before the Judicial Council.

**4.    To Support Plaintiff's ADA, Rehabilitation Act, and Judicial Conference Claims:** The Circuit Executive's acknowledgment of Plaintiff's disability and its willingness to

COMBINED NOTICE OF ERRATA, REQUEST TO ACCEPT OVERSIZED MOTION, AND NOTICE OF LODGING EXHIBITS 9, 10, AND 11

accommodate it provides powerful evidence that Plaintiff's disability is real and documented. This supports Plaintiff's claims for meaningful access to the courts.

**5.     To Establish the Court's Actual Knowledge of Plaintiff's Disability:** The Circuit Executive's decision was based on the same documentation of disability that Plaintiff provided to this Court. This demonstrates that this Court had actual knowledge of Plaintiff's disability and nevertheless failed to provide reasonable accommodations.

**6.     To Support the Request for Electronic Service:** The Circuit Executive's decision to communicate with Plaintiff via email demonstrates that electronic service is feasible and has already been implemented by another judicial body. This Court has the same capacity to provide electronic service but has refused to do so.

**7.     To Protect Plaintiff's Right to Participate in the Judicial Misconduct Process:** By granting electronic service, the Circuit Executive ensured that Plaintiff could participate in the judicial misconduct process despite their disability. This is precisely the same accommodation Plaintiff has requested from this Court to participate in this litigation.

**VII. EXHIBIT 11: OFFICIAL LETTER FROM THE OFFICE OF THE CIRCUIT EXECUTIVE**

**Date:** July 13, 2026

**Source:** Office of the Circuit Executive, Ninth Circuit

**Docket Reference:** Complaint of Judicial Misconduct Nos. 26-90189 and 26-90190

**A. Detailed Description of Exhibit 11**

Exhibit 11 is the formal letter from the Office of the Circuit Executive for the Ninth Circuit, dated July 13, 2026, addressed to Plaintiff. The letter confirms receipt of the judicial misconduct complaint and assigns Docket Numbers 26-90189 and 26-90190 to the matter.

The letter states:

COMBINED NOTICE OF ERRATA, REQUEST TO ACCEPT OVERSIZED MOTION, AND NOTICE OF LODGING EXHIBITS 9, 10, AND 11

"Dear Mx. Yakovlev:

We have received your complaint of judicial misconduct filed pursuant to 28 USC § 351(a) against Magistrate Judge Chi Soo Kim and District Judge Daniel J. Calabretta. Docket Numbers 26-90189 and 26-90190, respectively, have been assigned to this matter.

We have also received your request to communicate via email rather than paper mail. Although our policy is to require physical mailing addresses and to communicate exclusively by paper mail, we are willing to make an exception in this case. Please note that we offer this as a courtesy, and that no accommodations are required because the judicial misconduct complaint process is not subject to the Americans with Disabilities Act.

Pursuant to the Rules for Judicial-Conduct and Judicial-Disability Proceedings, a copy of the complaint has been forwarded to Chief Judge Mary H. Murguia and each of the named subject judges."

The letter is signed by the Legal Affairs division of the Office of the Circuit Executive.

**B. Why Exhibit 11 Is Being Filed to Protect Plaintiff's Rights and Due Process**

Exhibit 11 is being filed for the following critical reasons:

1.      **To Provide Formal Documentation of the Judicial Misconduct Complaint:** The letter provides formal, official documentation that Plaintiff's judicial misconduct complaint has been received, docketed, and is pending before the Judicial Council. This is essential for preserving the record for appeal and demonstrating that Plaintiff has pursued available administrative remedies relating to judicial conduct.

2.      **To Establish That the Court's Conduct Is Under Review:** The letter confirms that a copy of the complaint has been forwarded to Chief Judge Mary H. Murguia and each of the named subject judges. This means that the conduct of Magistrate Judge Kim and District Judge Calabretta is currently under review by the Judicial Council.

-16-

COMBINED NOTICE OF ERRATA, REQUEST TO ACCEPT OVERSIZED MOTION, AND NOTICE OF LODGING EXHIBITS 9, 10, AND 11

**3.    To Demonstrate That Electronic Service Is Feasible:** The letter confirms that the Circuit Executive granted Plaintiff's request for electronic service despite its policy requiring physical mailing addresses. While the Circuit Executive stated that this was offered as a courtesy and not as an ADA accommodation, the decision nevertheless demonstrates that electronic communication is feasible.

**4.    To Support Plaintiff's Request for the Same Accommodation from This Court:** The Circuit Executive's decision to grant electronic service demonstrates that electronic service is feasible. This Court has no valid justification for denying Plaintiff the same accommodation.

**5.    To Document the Disparate Treatment:** The Circuit Executive, a judicial body within the same circuit, granted Plaintiff the accommodation they requested. This Court denied the same accommodation and demanded impossible compliance with mail service. Plaintiff contends this disparate treatment supports an inference of bias and a failure to provide meaningful access to the courts.

**6.    To Protect Plaintiff's Right to Be Heard:** By granting electronic service, the Circuit Executive ensured that Plaintiff could participate in the judicial misconduct process despite their disability. This is precisely the same right Plaintiff is seeking from this Court. Under *Mullane v. Central Hanover Bank & Trust Co.,* 339 US 306, 314 (1950), notice must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action." Mail service to a disabled litigant who cannot retrieve mail is not reasonably calculated to provide notice.

**7.    To Establish the Record for Appeal:** The letter is critical for the appellate record because it demonstrates that Plaintiff has pursued available administrative remedies relating to judicial conduct and has sought relief from every available forum. This is essential for establishing

COMBINED NOTICE OF ERRATA, REQUEST TO ACCEPT OVERSIZED MOTION, AND NOTICE OF LODGING EXHIBITS 9, 10, AND 11

that Plaintiff's due process rights have been violated.

## VIII. CUMULATIVE SIGNIFICANCE OF EXHIBITS 9, 10, AND 11

**Exhibits 9, 10, and 11, considered together, demonstrate the following:**

**First,** Plaintiff is disabled. The Social Security Administration has formally determined that Plaintiff is disabled (SSA Fully Favorable Decision, October 30, 2020). Plaintiff has documented disabilities including schizoaffective disorder, psychotic disorder, bipolar disorder, anxiety disorder, PTSD, fibromyalgia, dyslexia, cognitive processing disorders, and Rejection Sensitive Dysphoria. Plaintiff has a marked limitation in concentrating, persisting, or maintaining pace.

**Second,** Plaintiff filed a Request for Reasonable Accommodation on October 27, 2025 (ECF No. 3), explicitly stating that "receiving, handling, and responding to physical mail is impossible" due to documented disabilities. Plaintiff requested electronic service and to be addressed as Mx. with **they/them** pronouns. Plaintiff repeated this request in ECF No. 12 on January 3, 2026.

**Third,** Magistrate Judge Kim granted electronic service as an accommodation on December 1, 2025 (ECF No. 7 at page 15), stating: "Plaintiff consents to receive service of documents electronically and waives the right to receive service by first class mail." However, the Court never implemented electronic service for the F&R. The F&R was served by mail only, and the mail was returned as undeliverable on February 20, 2026.

**Fourth,** On February 24, 2026, Magistrate Judge Kim issued ECF No. 15, denying Plaintiff's accommodation request and demanding a mailing address. The order provided no citation to legal authority, no analysis of Plaintiff's documented disability, and no discussion of why electronic service could not be implemented. The order directly contradicted her own prior order waiving mail service and demanded impossible compliance with mail service. Plaintiff contends this conclusory denial is inconsistent with *Duvall v. County of Kitsap,* 260 F.3d 1124, 1139 (9th Cir. 2001), which requires a fact-specific inquiry.

-18-

**Fifth,** Magistrate Judge Kim misgendered Plaintiff despite acknowledging Plaintiff's non-binary identity in ECF No. 7 at footnote 2. ECF No. 15 states: "plaintiff is reminded of **his** obligation to provide **his** current mailing address to the Court." ECF No. 7 itself uses the male pronoun "his" in the sentence granting leave to amend, despite acknowledging Plaintiff's non-binary identity in the same order's footnote 2. District Judge Calabretta also misgendered Plaintiff in ECF No. 22. Plaintiff contends this conduct is inconsistent with Canon 2A, Canon 3B(4), and Canon 3B(1) of the Code of Conduct for United States Judges.

**Sixth,** Plaintiff filed a Motion for Recusal (ECF No. 18) on May 18, 2026. Magistrate Judge Kim never ruled on this motion. She ignored it entirely and continued issuing orders, including ECF No. 20 on May 27, 2026. District Judge Calabretta dismissed the recusal motion as "moot" without addressing its merits. Under 28 USC § 455(a), a judge must recuse herself when "impartiality might reasonably be questioned." A judge who ignores a recusal motion and continues issuing orders creates the appearance of partiality. See *Liljeberg v. Health Services Acquisition Corp.,* 486 US 847, 860 (1988). Plaintiff contends the failure to address the recusal motion while continuing to issue orders creates an appearance of partiality.

**Seventh,** District Judge Calabretta's Order (ECF No. 22) contains a factually inaccurate statement: "On December 2, 2025, the Magistrate Judge issued Findings and Recommendations herein which were served on Plaintiff." The F&R was never served on Plaintiff. Mail was returned as undeliverable on February 20, 2026. Plaintiff only obtained a courtesy copy on December 15, 2025, after traveling more than 100 miles to the Sacramento courthouse. Plaintiff contends this false statement is inconsistent with Canon 2A and Canon 3B(1).

**Eighth,** District Judge Calabretta's Order (ECF No. 22) dismissed the FAC (ECF No. 5) without acknowledging or addressing the subsequently filed operative complaints (ECF Nos. 9, 13,

19). The 4AC (ECF No. 19) was filed 44 days before judgment and explicitly limited relief to prospective injunctive relief under *Ex parte Young,* 209 US 123 (1908). Under *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992), and *Ramirez v. County of San Bernardino,* 806 F.3d 1002, 1008 (9th Cir. 2015), an amended complaint supersedes the original complaint. *Lacey v. Maricopa County,* 693 F.3d 896, 928 (9th Cir. 2012) *en banc*, held that plaintiffs need not replead dismissed claims in amended complaints to preserve them for appeal. The Court's failure to consider the operative complaint is clear error under FRCP 59(e).

**Ninth,** The Office of the Circuit Executive for the Ninth Circuit, after reviewing Plaintiff's disability documentation, granted Plaintiff's request for electronic service and agreed to communicate with Plaintiff exclusively via email (Exhibits 10 and 11). While the Circuit Executive stated that this was offered as a courtesy and not as an ADA accommodation, the decision nevertheless demonstrates that electronic service is feasible.

**Tenth,** The judicial misconduct complaint (Exhibit 9) documents a pattern of due process violations by both Magistrate Judge Kim and District Judge Calabretta, including failure to accommodate disability, misgendering, failure to rule on recusal motions, issuance of orders based on false statements of service, and failure to consider the operative complaint.

**Eleventh,** The judicial misconduct complaint is currently pending before the Judicial Council of the Ninth Circuit (Docket Nos. 26-90189 and 26-90190). A copy of the complaint has been forwarded to Chief Judge Mary H. Murguia and each of the named subject judges.

**Twelfth,** The cumulative effect of these exhibits demonstrates that Plaintiff's due process rights have been violated, that Plaintiff has pursued available administrative remedies relating to judicial conduct, and that the Court's conduct is part of a broader pattern of institutional behavior that has caused Plaintiff's disability.

COMBINED NOTICE OF ERRATA, REQUEST TO ACCEPT OVERSIZED MOTION, AND NOTICE OF LODGING EXHIBITS 9, 10, AND 11

## IX. WHY THESE EXHIBITS ARE CRITICAL TO PROTECTING PLAINTIFF'S RIGHTS

### A. To Establish That the Court Had Actual Knowledge of Plaintiff's Disability

Exhibits 10 and 11 demonstrate that the Office of the Circuit Executive, after reviewing the same disability documentation Plaintiff provided to this Court, determined that electronic-only communication was feasible. This establishes that this Court had actual knowledge of Plaintiff's disability and nevertheless failed to provide reasonable accommodations. The Court's denial of accommodation (ECF No. 15) was not based on a lack of knowledge but on a deliberate refusal to accommodate.

### B. To Demonstrate That Electronic Service Is Feasible

The Circuit Executive's decision to grant electronic service demonstrates that electronic service is feasible for Plaintiff's documented disability. While the Circuit Executive stated that this was offered as a courtesy and not as an ADA accommodation, the decision nevertheless demonstrates that electronic communication is feasible. This Court has the same technical capacity to provide electronic service but has refused to do so.

### C. To Support Plaintiff's Claims for Meaningful Access

Under *Tennessee v. Lane,* 541 US 509 (2004), Title II of the ADA requires meaningful access for disabled litigants. Federal courts provide accommodations under the Rehabilitation Act, Judicial Conference policies, and inherent judicial authority. Under *Duvall v. County of Kitsap,* 260 F.3d 1124, 1139 (9th Cir. 2001), a public entity must undertake a "fact-specific investigation" to determine reasonable accommodations and must give "primary consideration" to the accommodation requested by the disabled individual. The Court's conclusory denial of Plaintiff's accommodation request, without engaging with Plaintiff's documented disability, is inconsistent with these standards.

### D. To Support the Request for Reassignment/Recusal

-21-

Under 28 USC § 455(a), a judge shall disqualify herself "in any proceeding in which her impartiality might reasonably be questioned." The standard is objective: "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Liljeberg v. Health Services Acquisition Corp.,* 486 US 847, 860 (1988). The documented pattern of conduct in Exhibit 9, including misgendering, failure to accommodate disability, failure to rule on recusal motions, and issuance of orders based on false statements of service, demonstrates that a reasonable person would harbor doubts about the judges' impartiality.

### E. To Support the Motion for Reconsideration

Under FRCP 59(e), a motion for reconsideration is appropriate where the movant demonstrates newly discovered evidence, an intervening change in controlling law, or the need to correct clear error or prevent manifest injustice. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993); *McDowell v. Calderon,* 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). Exhibits 10 and 11 constitute newly discovered evidence because they were received after the judgment was entered. This evidence demonstrates that the Court's denial of Plaintiff's accommodation request was unreasonable and that the accommodation Plaintiff requested is feasible.

### F. To Preserve the Record for Appeal

Exhibits 9, 10, and 11 are critical for preserving the record for appeal. They demonstrate that Plaintiff has pursued available administrative remedies relating to judicial conduct, that the Court's conduct is under review by the Judicial Council, and that Plaintiff's due process rights have been violated. Without these exhibits, the appellate record would be incomplete.

### G. To Protect Plaintiff's Right to Meaningful Access to the Courts

The ADA, the Rehabilitation Act, and the Due Process Clause require courts to provide meaningful access to disabled litigants. The Court's failure to provide reasonable accommodations, its demand for impossible compliance with mail service, and its issuance of orders based on false

statements of service have denied Plaintiff meaningful access to the courts. Exhibits 9, 10, and 11 document these violations and protect Plaintiff's right to access the courts.

### H. To Document the Pattern of Retaliation

The judicial misconduct complaint (Exhibit 9) documents a pattern of retaliatory conduct by the assigned judges. The Circuit Executive's acknowledgment of Plaintiff's disability and its willingness to accommodate it (Exhibits 10 and 11) demonstrates that the Court's refusal to accommodate was not based on any legitimate concern but was part of a pattern of retaliation against Plaintiff.

### I. To Establish That the Court's Conduct Is Part of a Broader Pattern

The judicial misconduct complaint (Exhibit 9) documents that the Court's conduct is part of a broader pattern of institutional behavior that has caused Plaintiff's disability. The Social Security Administration has formally determined that Plaintiff is disabled as a result of this institutional trauma. Exhibits 10 and 11 demonstrate that other judicial bodies are willing to accommodate Plaintiff's disability, making this Court's refusal to do so all the more egregious.

### X. REQUEST FOR ELECTRONIC SERVICE

Plaintiff reiterates their request that the Court modify their service preferences for this and all future filings. Plaintiff is disabled and cannot receive, read, or respond to physical mail due to documented disabilities. The Social Security Administration has formally determined that Plaintiff is disabled (SSA Fully Favorable Decision, October 30, 2020). Plaintiff respectfully requests that all communications from the Court be sent by email to: 750emerealdbay@gmail.com.

The Office of the Circuit Executive of the Ninth Circuit has already acknowledged this disability and granted an exception to its policy to communicate with Plaintiff electronically (Exhibits 10 and 11). While the Circuit Executive stated that this was offered as a courtesy and not as an ADA accommodation, the decision nevertheless demonstrates that electronic communication is feasible.

-23-

Plaintiff respectfully requests the same accommodation from this Court. The Court has the technical capacity to provide electronic service, as demonstrated by the NEFs already sent to Plaintiff's email address.

**XI. REQUEST FOR RELIEF**

**WHEREFORE, Plaintiff respectfully requests that this Court:**

1.       **ACCEPT** and consider the Consolidated Motion to Vacate Judgment and Transfer Venue (ECF No. 25) notwithstanding its length.

2.       **ACCEPT** and consider Exhibits 9, 10, and 11 as part of the record in this matter.

3.       **TAKE NOTICE** that Plaintiff has filed a judicial misconduct complaint and consider Exhibit 9 solely as documentation of that filing and the matters asserted therein by Plaintiff.

4.       **CONSIDER** the Circuit Executive's decision to grant electronic service (Exhibits 10 and 11) as evidence that electronic service is feasible for Plaintiff's disability.

5.       **VACATE** its Order (ECF No. 22) and Judgment (ECF No. 23).

6.       **UPON VACATUR, TRANSFER** this action to the United States District Court for the Northern District of California, San Francisco Division, pursuant to 28 USC § 1404(a).

7.       **ORDER** that all future proceedings be conducted remotely to accommodate Plaintiff's documented disability and safety concerns.

8.       **GRANT** Plaintiff's request for electronic service.

9.       **PERMIT** Plaintiff to proceed on the 4AC (ECF No. 19) without further delay.

10.       **GRANT** such other and further relief as the Court deems just and proper.

Dated: July 14, 2026

Respectfully submitted,

/s/ Alexandr Yakovlev
ALEXANDR YAKOVLEV
Plaintiff, Pro Se

-24-

COMBINED NOTICE OF ERRATA, REQUEST TO ACCEPT OVERSIZED MOTION, AND NOTICE OF LODGING EXHIBITS 9, 10, AND 11

**COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY (page 1 of 2)**

1.    Name of Complainant:    Alexandr Yakovlev

Contact Address*:    750emerealdbay@gmail.com

Daytime telephone:    (____) _____

*Please notify the Office of the Circuit Executive in writing of any changes to your address as soon as possible. We will use your last known address on file to communicate about your complaint.

2.    Name(s) of Judge(s):    Magistrate Judge Chi Soo Kim; District Judge Daniel J. Calabretta

Court:    United States District Court, Eastern District of California

3.    Does this complaint concern the behavior of the judge(s) in a particular case or cases?

[X] Yes        [ ] No

If "yes," give the following information about each case:

Court:    United States District Court, Eastern District of California

Case Number:    2:25-cv-03110-DJC-CSK

Are (were) you a party or lawyer in the case?

[X] Party        [ ] Lawyer        [ ] Neither

If you appealed the decision, please provide information about your appeal.

Case Number:    Not yet appealed

Current status of appeal:    Not yet appealed

**REQUEST FOR ELECTRONIC SERVICE**

Complainant is disabled and cannot receive, read, or respond to physical mail due to documented disabilities. The Social Security Administration has formally determined Complainant is disabled (SSA Fully Favorable Decision, October 30, 2020). Complainant respectfully requests that all communications from the Judicial Council be sent by email to: 750emeraldbay@gmail.com.

**COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY (page 2 of 2)**

4.      Have you filed any lawsuits against the judge?

☐ Yes      ☒ No

If "yes," give the following information about each such lawsuit:

Court:      N/A — I have not filed any lawsuits against Magistrate Judge

Case Number:      Chi Soo Kim or District Judge Daniel J. Calabretta.

Present status of lawsuit: _____

If you appealed the decision, please provide information about your appeal.

Case Number: _____

Current status of appeal: _____

5.      **Brief Statement of Facts.** Attach a brief statement of the specific facts that support your claim of judicial misconduct or disability. Describe what happened, when and where it happened, and any information that would help an investigator check the facts. **Your Statement of Facts must be no longer than five standard 8.5x11 inch, single-sided, double-spaced pages using 12-point font.**

     **You must provide objectively verifiable proof such as the names of witnesses or docket numbers of transcripts to support your allegations.** You cannot prove misconduct only by saying that the judge ruled against you. The appellate court is the appropriate place to argue that a judge's rulings were wrong.  Do not include copies of your filings in the underlying case or the judge's orders because those documents are already accessible via PACER (the federal filing system). Excess or irrelevant documentation will not be considered. Do not submit any original documents, as they may not be returned to you.

6.      **Declaration and signature:**

     I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

     (Signature) /s/ Alexandr Yakovlev _____ (Date) July 9, 2026 _____

**REQUEST FOR ELECTRONIC SERVICE**

Complainant is disabled and cannot receive, read, or respond to physical mail due to documented disabilities. The Social Security Administration has formally determined Complainant is disabled (SSA Fully Favorable Decision, October 30, 2020). Complainant respectfully requests that all communications from the Judicial Council be sent by email to: 750emeraldbay@gmail.com.

**STATEMENT OF FACTS ISO COMPLAINT OF JUDICIAL MISCONDUCT**

This Statement of Facts is submitted in support of a Complaint of Judicial Misconduct against Magistrate Judge Chi Soo Kim and District Judge Daniel J. Calabretta. The conduct described below demonstrates disregard for a disabled, non-binary, pro se litigant's dignity, repeated failure to accommodate documented disabilities, and procedural conduct that undermines public confidence in the judiciary. This conduct raises concerns about failure to perform judicial duties with impartiality and diligence, and failure to accommodate disability, in violation of the Code of Conduct for United States Judges.

This complaint does NOT seek reversal of any decision. As stated in *In re Complaint of Judicial Misconduct*, 119 F.4th 730, 731-32 (9th Cir. Jud. Council 2024), judicial misconduct proceedings are not a substitute for appellate review. The citations to legal authorities throughout this statement are provided solely to identify the specific duties and standards the judges are alleged to have violated, not to challenge the correctness of any judicial ruling.

All facts described herein are supported by the docket in Case No. 2:25-cv-03110-DJC-CSK, which is accessible via PACER.

**DOCUMENTED DISABILITIES**

Complainant has documented disabilities including Post-Traumatic Stress Disorder (PTSD), fibromyalgia, dyslexia and cognitive processing disorders, and Rejection Sensitive Dysphoria (RSD). The Social Security Administration has formally determined Complainant is disabled. The SSA Fully Favorable Decision (October 30, 2020) documented severe impairments including schizoaffective disorder, psychotic disorder, bipolar disorder, anxiety disorder, cervical and lumbar degenerative disc disease, and right knee chondromalacia, with a marked limitation in concentrating, persisting, or maintaining pace, and moderate limitations in understanding,

1

remembering, or applying information, interacting with others, and adapting or managing oneself. Complainant filed a Request for Reasonable Accommodation on October 27, 2025 (ECF No. 3), explicitly stating that "receiving, handling, and responding to physical mail is impossible" due to documented disabilities, and requesting to be addressed as Mx. with they/them pronouns. Complainant repeated this request in ECF No. 12 on January 3, 2026.

**MAGISTRATE JUDGE CHI SOO KIM'S CONDUCT**

**Misgendering a Disabled, Non-Binary Litigant Despite Explicit Requests**

On February 24, 2026, Magistrate Judge Kim issued ECF No. 15, which states: "plaintiff is reminded of his obligation to provide his current mailing address to the Court." The Magistrate Judge used male pronouns twice despite Complainant's explicit requests for neutral pronouns.

The Magistrate Judge's own Findings and Recommendations (ECF No. 7) at footnote 2 states: "Plaintiff identifies as a non-binary individual who uses the honorific 'Mx.'" Despite this acknowledgment, the Magistrate Judge used male pronouns in ECF No. 15. ECF No. 7 itself uses the male pronoun "his" in the sentence granting leave to amend, despite acknowledging Complainant's non-binary identity in the same order's footnote 2. The District Judge's Order (ECF No. 22) also uses the male pronoun "his" when referring to Complainant.

**Violations:** Canon 2A, Canon 3B(4), Canon 3B(1) of the Code of Conduct for United States Judges.

**Granting Electronic Service as Accommodation Then Failing to Implement It**

On December 1, 2025, Magistrate Judge Kim issued Findings and Recommendations (ECF No. 7 at page 15) stating: "Plaintiff consents to receive service of documents electronically and waives the right to receive service by first class mail."

The Court served the F&R by mail on December 2, 2025. Complainant never received it.

Mail was returned as undeliverable on February 20, 2026. The Court also sent Notices of Electronic Filing (NEFs) to Complainant's email address. However, as a disabled pro se litigant with documented cognitive processing disorders, Complainant could not download the documents from the CM/ECF links. The Court never provided the F&R in an accessible format. Complainant only obtained a courtesy copy on December 15, 2025, after traveling more than 100 miles to the Sacramento courthouse.

On February 24, 2026, the Magistrate Judge issued ECF No. 15 demanding a mailing address – directly contradicting her own order waiving mail service, and doing so four days after the Court learned mail was undeliverable.

**Violations:** Canon 2A, Canon 3B(1) of the Code of Conduct for United States Judges.

**Conclusory Order Denying Accommodation Without Addressing Disability**

On February 24, 2026, Magistrate Judge Kim issued ECF No. 15, which states: "DENYING [12] Plaintiff's supplemental request; and plaintiff is reminded of his obligation to provide his current mailing address to the Court."

The order provides no citation to legal authority, offers conclusory reasoning that does not engage with Complainant's documented disability-based inability to receive mail, and does not mention Complainant's documented disabilities. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), explains that determining a reasonable accommodation ordinarily requires a fact-specific inquiry giving primary consideration to the accommodation requested by the disabled individual. The order contains no discussion reflecting such an inquiry.

**Violations:** Canon 2A, Canon 3B(1) of the Code of Conduct for United States Judges.

**Failure to Rule on Recusal Motion**

Complainant filed a Motion for Recusal of the assigned Magistrate Judge (ECF No. 18)

3

on May 18, 2026. The Magistrate Judge never ruled on this motion, which was directed at her. She ignored it entirely and continued issuing orders, including ECF No. 20 on May 27, 2026. Under 28 U.S.C. § 455(a), a judge must recuse herself when "impartiality might reasonably be questioned." A judge who ignores a recusal motion and continues issuing orders creates the appearance of partiality.

**Violations:** Canon 3E(1), Canon 3B(1) of the Code of Conduct for United States Judges.

**DISTRICT JUDGE DANIEL J. CALABRETTA'S CONDUCT**

**Factually Inaccurate Statement on the Record About Service**

The District Judge's Order (ECF No. 22 at page 1) states: "On December 2, 2025, the Magistrate Judge issued Findings and Recommendations herein which were served on Plaintiff."

This statement is factually inaccurate. Complainant never received the Findings and Recommendations. Although the docket reflects mailing, the mailing was returned as undeliverable. The February 20, 2026 NEF confirms this. Complainant obtained a courtesy copy on December 15, 2025, only after traveling more than 100 miles to the courthouse.

**Violations:** Canon 2A, Canon 3B(1) of the Code of Conduct for United States Judges.

**Failing to Address ADA Accommodation Arguments**

The District Judge's Order does not mention Complainant's ADA claims or accommodation requests. The Order does not address: Complainant's documented disabilities; Complainant's request for electronic service; the Magistrate Judge's misgendering; or the Magistrate Judge's contradictory orders. *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004), establishes that Title II of the ADA requires meaningful access for disabled litigants. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), requires a fact-specific investigation to determine reasonable accommodations. The Order contains no discussion indicating whether the

4

pending accommodation requests were considered or resolved.

**Violations:** Canon 2A, Canon 3B(1) of the Code of Conduct for United States Judges.

**Failing to Acknowledge the Operative Complaint**

Complainant filed three amended complaints: ECF No. 9 (December 18, 2025), ECF No. 13 (January 10, 2026), and ECF No. 19 (May 23, 2026). The District Judge's Order dismisses the First Amended Complaint (ECF No. 5) without acknowledging or addressing the subsequently filed amended complaints. Under *Lacey v. Maricopa County*, 693 F.3d 896, 925 (9th Cir. 2012) (en banc), an amended complaint supersedes the original complaint. The Order does not acknowledge the existence of the subsequently filed amended complaints.

**Violations:** Canon 3B(1) of the Code of Conduct for United States Judges.

**SUPPORTING DOCUMENTATION**

All facts described herein are supported by the following docket entries in Case No. 2:25-cv-03110-DJC-CSK, all of which are accessible via PACER:

- ECF No. 3 – Request for Reasonable Accommodation (October 27, 2025)
- ECF No. 7 – Findings and Recommendations (December 1, 2025)
- ECF No. 9 – Second Amended Complaint (December 18, 2025)
- ECF No. 10 – Objections to F&R (December 21, 2025)
- ECF No. 12 – Supplemental Request for Accommodation (January 3, 2026)
- ECF No. 13 – Third Amended Complaint (January 10, 2026)
- ECF No. 15 – Order Denying Accommodation (February 24, 2026)
- ECF No. 17 – Objection to Magistrate Judge Jurisdiction (March 2, 2026)
- ECF No. 18 – Motion for Recusal (May 18, 2026)
- ECF No. 19 – Fourth Amended Complaint (May 23, 2026)
- ECF No. 21 – Notice of Magistrate Judge Violation (May 31, 2026)
- ECF No. 22 – District Judge's Order (July 6, 2026)
- ECF No. 23 – Judgment (July 6, 2026)
- ECF No. 24 – Motion for Reconsideration (July 9, 2026)
- ECF No. 24-1 – Notice of Lodging Exhibits U-Z (July 9, 2026)
- February 20, 2026 NEF – Notice of Electronic Filing reflecting returned mail

Executed on July 9, 2026, at Folsom, California.

/s/ Alexandr Yakovlev
ALEXANDR YAKOVLEV

5

Case 2:25-cv-03110-DJC-CSK    Document 27     Filed 07/14/26     Page 32 of 33

 **Gmail**

Ale <750emerealdbay@gmail.com>

---

## Confidential: Complaint of Judicial Misconduct Numbers 26-90189 and 26-90190

---

**CE09 Legal Affairs** <legalaffairs@ce9.uscourts.gov>         Mon, Jul 13, 2026 at 2:46 PM
To: "750emerealdbay@gmail.com" <750emerealdbay@gmail.com>

Attached please find a letter regarding your complaint of judicial misconduct. For your convenience, the contents of the letter is also pasted below.

Dear Mx. Yakovlev:

We have received your complaint of judicial misconduct filed pursuant to 28 U.S.C. § 351(a) against Magistrate Judge Chi Soo Kim and District Judge Daniel J. Calabretta. Docket Numbers 26-90189 and 26-90190, respectively, have been assigned to this matter.

We have also received your request to communicate via email rather than paper mail. Although our policy is to require physical mailing addresses and to communicate exclusively by paper mail, we are willing to make an exception in this case. Please note that we offer this is as a courtesy, and that no accommodations are required because the judicial misconduct complaint process is not subject to the Americans with Disabilities Act.

Pursuant to the Rules for Judicial-Conduct and Judicial-Disability Proceedings, a copy of the complaint has been forwarded to Chief Judge Mary H. Murguia and each of the named subject judges.

 **Legal Affairs**

Office of the Circuit Executive for the Ninth Circuit

---



**SUSAN Y. SOONG**
CIRCUIT EXECUTIVE

**OFFICE OF THE CIRCUIT EXECUTIVE**
**UNITED STATES COURTS FOR THE NINTH CIRCUIT**

JAMES R. BROWNING UNITED STATES COURTHOUSE
95 SEVENTH STREET
POST OFFICE BOX 193939
SAN FRANCISCO, CA 94119-3939

July 13, 2026

Mx. Alexandr Yakovlev
*Via email only:* [750emerealdbay@gmail.com](mailto:750emerealdbay@gmail.com)

Re: Complaint of Judicial Misconduct Nos. 26-90189 and 26-90190

Dear Mx. Yakovlev:

We have received your complaint of judicial misconduct filed pursuant to 28 U.S.C. § 351(a) against Magistrate Judge Chi Soo Kim and District Judge Daniel J. Calabretta. Docket Numbers 26-90189 and 26-90190, respectively, have been assigned to this matter.

We have also received your request to communicate via email rather than paper mail. Although our policy is to require physical mailing addresses and to communicate exclusively by paper mail, we are willing to make an exception in this case. Please note that we offer this is as a courtesy, and that no accommodations are required because the judicial misconduct complaint process is not subject to the Americans with Disabilities Act.

Pursuant to the Rules for Judicial-Conduct and Judicial-Disability Proceedings, a copy of the complaint has been forwarded to Chief Judge Mary H. Murguia and each of the named subject judges.

Very truly yours,

Susan Y. Soong
Circuit Executive

SYS/sf