UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDR YAKOVLEV,

Plaintiff,

v.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO, et al.,

Defendants.

No. 2:25-cv-03110-DJC-CSK

ORDER

Plaintiff has filed several post-judgment motions. (ECF Nos. 24–26; *see* ECF No. 27.) These motions all seek reconsideration of the Court's prior order under Federal Rule of Civil Procedure 59(e), though in slightly different forms. Plaintiff also seeks to have this closed action transferred to a different venue (ECF No. 25) and for the undersigned to disqualify himself under 28 U.S.C. § 455 (*see* ECF No. 24). These filings have been considered together in full.

The Court denies Plaintiff's post-judgment motions. The Ninth Circuit has held a motion to alter or amend judgment under Rule 59(e) is "usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*,

822 F.3d 482, 491–92 (9th Cir. 2016). Plaintiff has not identified a valid basis for relief under Rule 59(e). Plaintiff has not identified any substantive factual errors in the Court's order that warrant relief.[1] The Court notes that contrary to Plaintiff's assertions, court records show that Plaintiff was given electronic service of the Magistrate Judge's Findings and Recommendations on December 15, 2025. Thereafter, Plaintiff had ample time to file objections and, in fact, did so (*see* ECF No. 10), in addition to filing subsequent additional motions seeking relief. Plaintiff has also not identified any legal errors. Plaintiff notes that the Court determined that dismissal of the entire action was appropriate despite the Magistrate Judge's initial recommendation that leave be given as to Plaintiff's ADA claims. The Court determined that claim was also barred on the same basis as Plaintiff's other claims as they were related to the underlying state court action. Thus, amendment was futile and dismissal without leave to amend was appropriate.[2] Plaintiff also raises complaints the Court did not specifically address each of Plaintiff's objections. The Court read and considered Plaintiff's objections. It is not necessary for the Court to specifically discuss each one in issuing its order. In short, Plaintiff's post-judgment filings do not identify a valid basis for relief and shall be denied.

The Court also finds there to be no basis for disqualification as no reasonable person with knowledge of all the facts would conclude that the undersigned's impartiality might reasonably be questioned. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Plaintiff's Motion to Transfer Venue (ECF No. 26) is denied as moot given that this action is now closed.

---

[1] The Court acknowledges that it referred to Plaintiff by a male pronoun in its order, despite Plaintiff's non-binary identity. This usage was inadvertent, and the Court apologizes for misgendering Plaintiff in its order.

[2] This is also consistent with the Magistrate Judge's recommendation that "Plaintiff's claims related to the underlying state court action should be dismissed on this ground without leave to amend."

Accordingly, Plaintiff's Post-Judgment Motions (ECF Nos. 24-27) are DENIED. No further filings shall be accepted in this closed action except those related to appeal.

IT IS SO ORDERED.

Dated: **July 14, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

Plaintiff has filed a Motion to Vacate (ECF No. 10), as well as a Motion for Extension of Time for Service of Summons/Complaint (ECF No. 14). In the former motion Plaintiff states that Plaintiff requests that the Court vacate judgment under Federal Rules of Civil Procedure 59 and 60, and that the undersigned disqualify himself under 28 U.S.C. § 455.[3] The bulk of the motion concerns the latter issue with Plaintiff requesting that the undersigned disqualify himself based on tenuous perceived connections to Plaintiff and others Plaintiff believes to be involved in her case. The Court does not find that a reasonable person with knowledge of all the facts presented by Plaintiff would conclude that the undersigned's impartiality might reasonably be questioned. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Relief under Rules 59 and 60 is also inappropriate as Plaintiff has not identified a valid basis for relief beyond conclusory statements.

[3] Plaintiff also cites 28 U.S.C. § 144. To the extent Plaintiff also intended to invoke that statute, that request is untimely. Section 144 requires that the required affidavit "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard[.]" Plaintiff's Motion to Vacate was filed a month after judgment was entered in this action, and Plaintiff has not established good cause to excuse this delay.

Accordingly, Plaintiff's Motion to Vacate (ECF No. 10) is DENIED. Plaintiff's Motion for Extension of Time (ECF No. 14) is DENIED AS MOOT given the fact that judgment has been entered and this case is closed.