Alexandr Yakovlev, Pro Se
General Delivery
Folsom, CA 95630

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXANDR YAKOVLEV,

Plaintiff,

v.

SUPERIOR COURT OF
CALIFORNIA, COUNTY OF EL
DORADO, et al.,

Defendants.

**Case No.:** 2:25-cv-03110-DJC-CSK (PS)

**MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS (ECF NO. 28)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................3
    UNITED STATES SUPREME COURT CASES ....................................................................3
    FEDERAL STATUTES...........................................................................................................3
    FEDERAL RULES .................................................................................................................4
    CODE OF CONDUCT ...........................................................................................................4
    DOCKET ENTRIES ..............................................................................................................4
    EXHIBITS .............................................................................................................................5
    JUDICIAL MISCONDUCT COMPLAINT DOCKET NUMBERS........................................6
    OTHER AUTHORITIES........................................................................................................6
I. INTRODUCTION ..................................................................................................................6
II. FACTUAL BACKGROUND .................................................................................................7
III. THE HYBRID ORDER DEFECT ........................................................................................8
    A. The Court Mischaracterized ECF No. 10 as a "Motion to Vacate"...................................9
    B. The Court Mischaracterized ECF No. 14 .........................................................................9
    C. The Court Misgendered Plaintiff After Apologizing.......................................................10
    D. The Court Addressed 28 USC Section 144 – A Statute Never Cited................................11
    E. The Court Described Arguments Never Made .................................................................11
    F. The Court's "Hybrid Order" Suggests No Review Occurred ...........................................11
        The Court's Order contains two separate final orders in one document .........................11
IV. THE FAC NEVER REQUESTED REVIEW OF THE STATE COURT JUDGMENT ...........12
    What the FAC Actually Says .............................................................................................12
V. FACTUAL ERRORS IN THE COURT'S ORDER ...............................................................13

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS

A. False Statement About Electronic Service Date.........................................................................13

    This statement is inaccurate for several reasons ...................................................................14

B. The SAC, TAC, and 4AC Were Timely Filed .........................................................................15

C. The Court Misidentified Plaintiff as "Defendant".....................................................................16

D. The Court Stated "No Substantive Factual Errors" Were Identified........................................16

VI. FAILURE TO ADDRESS CRITICAL ARGUMENTS ...............................................................16

A. Failure to Address the Operative Complaint (ECF No. 19) .....................................................16

B. Failure to Address the 4AC's Ex parte Young Claims .............................................................17

C. Failure to Address the Extrinsic Fraud Exception ...................................................................17

D. Failure to Address Independent Claims ...................................................................................17

E. Failure to Address Administrative and Ministerial Barriers .....................................................18

F. Failure to Address ADA Accommodation Claims....................................................................18

G. Failure to Address the Recusal Motion (ECF No. 18) .............................................................18

H. Failure to Address Newly Discovered Evidence......................................................................19

I. Failure to Address the Request for Electronic Service ..............................................................19

J. Failure to Address the Judicial Misconduct Complaint.............................................................19

VII. LEGAL ERRORS .....................................................................................................................19

A. Misapplication of FRCP 59(e) Standards................................................................................20

B. Circular Reasoning on Transfer Motion...................................................................................20

C. Conflation of All Motions as FRCP 59(e) Motions.................................................................20

D. Failure to Analyze Venue Transfer Under Section 1404(a) ....................................................20

E. Conclusory Denial of Rule 60 Relief.......................................................................................21

F. Overruling the Magistrate Judge Without Explanation ............................................................21

G. Denial of Pre-Judgment Motion as Moot ................................................................................21

VIII. PROCEDURAL DEFECTS AND DUE PROCESS CONCERNS............................................21

A. Extreme and Overbroad Filing Restriction ..............................................................................21

B. Failure to Conduct De Novo Review .......................................................................................22

C. Failure to Address the Jurisdictional Objection (ECF No. 17).................................................22

D. Failure to Address Ignored Motions (ECF Nos. 16, 17) .........................................................22

E. No Ruling on Oversized Filing Request....................................................................................22

F. No Ruling on Notice of Errata .................................................................................................23

IX. FRAUD UPON THE COURT.....................................................................................................23

The Legal Standard for Fraud Upon the Court .............................................................................23

How the Court's Conduct Meets the Standard..............................................................................23

X. THE LEAVE-TO-AMEND CONTRADICTION REMAINS UNRESOLVED ............................24

XI. THE COURT'S "FUTILITY" ANALYSIS IS CONCLUSORY ...............................................25

XII. CUMULATIVE EFFECT OF ERRORS....................................................................................25

XIII. REQUEST FOR RELIEF .........................................................................................................26

WHEREFORE, Plaintiff respectfully requests that this Court:........................................................26

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS

VERIFICATION ........................................................................................................................................27

**TABLE OF AUTHORITIES**

**UNITED STATES SUPREME COURT CASES**

*Ex parte Young*, 209 U.S. 123 (1908)

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)

*Forrester v. White*, 484 U.S. 219 (1988)

*Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988)

*Tennessee v. Lane*, 541 U.S. 509 (2004)

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)

*Foman v. Davis*, 371 U.S. 178 (1962)

**UNITED STATES CIRCUIT COURT CASES**

*School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255 (9th Cir. 1993)

*Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992)

*Ramirez v. County of San Bernardino*, 806 F.3d 1002 (9th Cir. 2015)

*Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004)

*Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003)

*Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001)

*United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (en banc)

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003)

*Alexander v. Robertson*, 882 F.2d 421 (9th Cir. 1989)

*Toscano v. Commissioner*, 441 F.2d 930 (9th Cir. 1971)

**FEDERAL STATUTES**

28 USC § 351(a)

28 USC § 455(a)

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS

28 USC § 636(b)(1)

28 USC § 636(b)(1)(C)

28 USC § 636(c)

28 USC § 1404(a)

29 USC § 794 (Rehabilitation Act)

42 USC § 12131 et seq.

42 USC § 12132

**FEDERAL RULES**

Federal Rule of Civil Procedure 59(e)

Federal Rule of Civil Procedure 60(b)

Federal Rule of Civil Procedure 60(b)(4)

Federal Rule of Civil Procedure 15(a)

Federal Rule of Civil Procedure 72(b)(2)

**CODE OF CONDUCT**

Code of Conduct for United States Judges, Canon 2(A)

Code of Conduct for United States Judges, Canon 3(A)(3)

Code of Conduct for United States Judges, Canon 3B(4) Commentary

Rules for Judicial-Conduct and Judicial-Disability Proceedings, Rule 4(a)(3)

**DOCKET ENTRIES**

ECF No. 3 – Request for Reasonable Accommodation (October 27, 2025)

ECF No. 5 – First Amended Complaint (November 3, 2025)

ECF No. 7 – Findings and Recommendations (December 2, 2025)

ECF No. 9 – Second Amended Complaint (December 18, 2025)

ECF No. 10 – Plaintiff's Objections to Findings and Recommendations (December 21, 2025)

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS

ECF No. 12 – Supplemental Request for Reasonable Accommodation (January 3, 2026)

ECF No. 13 – Third Amended Complaint (January 10, 2026)

ECF No. 14 – Emergency Supplemental Memorandum (February 22, 2026)

ECF No. 15 – Order Denying Supplemental Request for Reasonable Accommodation (February 24, 2026)

ECF No. 16 – Motion for Reconsideration of Order Denying Accommodation (February 26, 2026)

ECF No. 17 – Objection to Magistrate Judge Jurisdiction (March 2, 2026)

ECF No. 18 – Motion for Recusal of Magistrate Judge Kim (May 18, 2026)

ECF No. 19 – Fourth Amended Complaint (May 23, 2026)

ECF No. 20 – Order Denying Motion for Reconsideration (May 27, 2026)

ECF No. 21 – Notice of Magistrate Judge Violation (May 31, 2026)

ECF No. 22 – District Judge's Order Adopting F&R (July 6, 2026)

ECF No. 23 – Judgment (July 6, 2026)

ECF No. 24 – Motion for Reconsideration (July 9, 2026)

ECF No. 25 – Consolidated Motion to Vacate Judgment and Transfer Venue (July 12, 2026)

ECF No. 26 – Motion to Set Aside Judgment and Transfer Venue (July 13, 2026)

ECF No. 27 – Notice of Errata (July 14, 2026)

ECF No. 28 – Order Denying Post-Judgment Motions (July 15, 2026)

**EXHIBITS**

Exhibit U – NEF showing mail returned undeliverable (ECF No. 24-1 at 11)

Exhibit V – Court of Appeal Order Denying VL-110 (June 10, 2026)

Exhibit W – El Dorado Superior Court Rejection (May 31, 2026)

Exhibit X – Court of Appeal Rejection of Petition for Rehearing (June 29, 2026)

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS

Exhibit Y – El Dorado Superior Court Rejection in Two Seconds (June 3, 2026)

Exhibit Z – Emergency Room Discharge Summary (July 8, 2026)

Exhibit 9 – Complaint of Judicial Misconduct (Docket Nos. 26-90189 and 26-90190)

Exhibit 10 – Email from Office of the Circuit Executive, Ninth Circuit (July 13, 2026)

Exhibit 11 – Official Letter from Office of the Circuit Executive, Ninth Circuit (July 13, 2026)

**JUDICIAL MISCONDUCT COMPLAINT DOCKET NUMBERS**

26-90189 – Complaint against Magistrate Judge Chi Soo Kim

26-90190 – Complaint against District Judge Daniel J. Calabretta

**OTHER AUTHORITIES**

Social Security Administration Fully Favorable Decision (October 30, 2020)

Rules for Judicial-Conduct and Judicial-Disability Proceedings, Rule 4(a)(3)

**COMES NOW** Plaintiff Alexandr Yakovlev, proceeding pro se, and hereby moves this Court pursuant to Federal Rule of Civil Procedure 59(e) for reconsideration of its Order Denying Post-Judgment Motions (ECF No. 28), entered on July 15, 2026. This motion is timely filed within 28 days of the July 6, 2026 judgment pursuant to FRCP 59(e).

**I. INTRODUCTION**

Plaintiff Alexandr Yakovlev, a disabled, non-binary, pro se litigant, respectfully moves this Court for reconsideration of its Order Denying Post-Judgment Motions (ECF No. 28), entered on July 15, 2026. The Court's Order denies Plaintiff's post-judgment motions (ECF Nos. 24-27) based on a series of factual misstatements, legal errors, procedural defects, and failures to address critical arguments raised in Plaintiff's filings.

The Court's Order contains numerous distinct errors. The Court mischaracterized Plaintiff's filings, falsely claimed electronic service, misgendered Plaintiff, imposed an extreme filing

restriction, and failed to conduct *de novo* review. These are not minor errors. They are substantive defects that affect the outcome of the case and warrant reconsideration under FRCP 59(e).

## II. FACTUAL BACKGROUND

On December 1, 2025, Magistrate Judge Kim issued Findings and Recommendations (ECF No. 7), which explicitly recommended granting leave to amend Plaintiff's Title II ADA claims against Defendants El Dorado County Superior Court and the California Court of Appeal, Third Appellate District. The F&R stated: "leave to amend should be granted as to the following claims only: the Title II ADA claim against Defendants El Dorado County Superior Court and the California Court of Appeal, Third Appellate District." (ECF No. 7 at 13.) The F&R further stated: "Plaintiff shall have thirty (30) days from any order resolving these findings and recommendations to file an amended complaint." (ECF No. 7 at 15-16.)

On December 2, 2025, the Court served the F&R by mail only. The docket for ECF No. 7 states "SERVICE BY MAIL." The original NEF for ECF No. 7 was sent to an internal court address (CourtMail@caed.uscourts.dcn), not to Plaintiff. Plaintiff never received the F&R by mail. Exhibit U proves the mail was returned as undeliverable.

On December 15, 2025, after activating a PACER account, Plaintiff received a re-generated NEF for ECF No. 7. However, this did not constitute electronic service. The re-generated NEF did not contain the F&R; it only contained a link to the PACER website. Plaintiff's PACER account only allows electronic filing. Plaintiff cannot download or search for documents on PACER. The link was not a viable means of accessing the document. The only way Plaintiff initially obtained the F&R was by traveling more than 100 miles to the Sacramento courthouse and requesting a courtesy copy on December 15, 2025.

Plaintiff was not able to download the F&R from any electronic source at the time. It was only on July 7, 2026 – one day after judgment was entered – that Plaintiff was able to locate and

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS

download the document by searching for it on Justia.com, a third-party legal database. This was not service by the Court. It was a search conducted by Plaintiff after the case had been decided, long after any deadlines had passed.

On December 18, 2025, Plaintiff filed a Second Amended Complaint (ECF No. 9) – 3 days after obtaining actual notice of the F&R. On December 21, 2025, Plaintiff filed Objections to the F&R (ECF No. 10) – 6 days after obtaining actual notice, well within the 14-day deadline under FRCP 72(b)(2). On January 10, 2026, Plaintiff filed a Third Amended Complaint (ECF No. 13) – 26 days after obtaining actual notice, within the 30-day leave granted by the F&R. Plaintiff filed a Fourth Amended Complaint (ECF No. 19) on May 23, 2026 – 44 days before judgment.

The Court never issued any order addressing the SAC, TAC, or 4AC. No order struck them. No order denied them. No order addressed their contents. The Court simply ignored them.

On July 6, 2026, the District Judge entered an Order (ECF No. 22) and Judgment (ECF No. 23) dismissing the First Amended Complaint (ECF No. 5) without leave to amend and ignoring the SAC, TAC, and 4AC.

On July 9, 2026, Plaintiff filed a Motion for Reconsideration (ECF No. 24). On July 12, 2026, Plaintiff filed a Consolidated Motion to Vacate Judgment and Transfer Venue (ECF No. 25). On July 13, 2026, Plaintiff filed a Motion to Set Aside Judgment and Transfer Venue (ECF No. 26) and a Notice of Errata (ECF No. 27). ECF No. 27 included Exhibits 9, 10, and 11, which document the judicial misconduct complaint (Docket Nos. 26-90189 and 26-90190) and the Circuit Executive's grant of electronic service.

On July 15, 2026, the Court entered ECF No. 28, denying all post-judgment motions and imposing an extreme filing restriction. The Order contains the defects detailed below.

### III. THE HYBRID ORDER DEFECT

The Court's Order (ECF No. 28) contains significant structural defects that raise serious

questions about whether the Court reviewed Plaintiff's actual filings and instead copied text from an unrelated case. This is the most significant defect in the Order and must be addressed first.

**A. The Court Mischaracterized ECF No. 10 as a "Motion to Vacate"**

The Court's Order states: "Plaintiff has filed a Motion to Vacate (ECF No. 10), as well as a Motion for Extension of Time for Service of Summons/Complaint (ECF No. 14)." (ECF No. 28 at page 3, lines 1-4.)

ECF No. 10 is Plaintiff's OBJECTIONS to FINDINGS and RECOMMENDATIONS, filed on December 21, 2025. The official docket entry for ECF No. 10 states: "OBJECTIONS to FINDINGS and RECOMMENDATIONS 7 by Plaintiff Alexandr Yakovlev, EFILE. (Yakovlev, Alexandr)" The document is titled: "PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS (ECF No. 7)." It was filed on Sunday, December 21, 2025 at 6:05 PM – seven months before the July 6, 2026 judgment. ECF No. 10 is not a "Motion to Vacate." It is a statutory objection under 28 USC § 636(b)(1). The Court's statement that it was a "Motion to Vacate" is contradicted by the record. The Court's statement that it was filed "a month after judgment" (page 3, lines 3-5) is impossible because judgment did not exist in December 2025. This strongly suggests the Court copied text from another case.

**B. The Court Mischaracterized ECF No. 14**

The Court's Order states: "Motion for Extension of Time for Service of Summons/Complaint (ECF No. 14)." (ECF No. 28 at page 3, lines 1-4.)

ECF No. 14 is a MEMORANDUM filed on February 22, 2026. The official docket entry states: "MEMORANDUM by Alexandr Yakovlev, EFILE in EMERGENCY SUPPLEMENTAL MEMORANDUM CORRECTING THE RECORD, EXPOSING DELIBERATE EXCLUSION THROUGH SELECTIVE ELECTRONIC SERVICE AND JUDICIAL MISCONDUCT, AND REQUESTING IMMEDIATE ADA ACCOMMODATIONS AND DUE PROCESS RELIEF."

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS

ECF No. 14 is not a "Motion for Extension of Time for Service of Summons/Complaint." The Court referenced a motion that never existed in this case. This is further evidence that the Court copied text from an unrelated case.

### C. The Court Misgendered Plaintiff After Apologizing

The Court's Order states in Footnote 1: "The Court acknowledges that it referred to Plaintiff by a male pronoun in its order, despite Plaintiff's non-binary identity. This usage was inadvertent, and the Court apologizes for misgendering Plaintiff in its order."

The Court's Order then states on page 3, lines 3-5: "Plaintiff believes to be involved in her case." Plaintiff explicitly requested the use of "Mx." and "they/them" pronouns in ECF No. 3 (October 27, 2025) and ECF No. 12 (January 3, 2026). The Magistrate Judge acknowledged Plaintiff's non-binary identity in ECF No. 7, footnote 2: "Plaintiff identifies as a non-binary individual who uses the honorific 'Mx.'"

The apology proves the Court was aware of Plaintiff's pronoun request. The subsequent use of "her" undermines the Court's statement that the earlier error was inadvertent and raises concerns that Plaintiff's repeated requests regarding pronoun usage were not fully considered. The Court used both male and female pronouns incorrectly, but never used the correct pronouns. This demonstrates a pattern of disregard for Plaintiff's documented non-binary identity. This violates Canon 2(A) of the Code of Conduct for United States Judges, which requires a judge to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary," and Canon 3(A)(3), which requires a judge to be "patient, dignified, respectful, and courteous to litigants." The Commentary to Canon 3B(4) further provides that "cognizable misconduct includes intentional discrimination on the basis of... gender, gender identity..." (Rules for Judicial-Conduct and Judicial-Disability Proceedings, Rule 4(a)(3)). While the misgendering alone may not establish bias, repeated misidentification after acknowledging Plaintiff's request contributes to the appearance-of-impartiality

analysis under § 455(a). *Liljeberg v. Health Services Acquisition Corp.,* 486 US 847, 860 (1988).

### D. The Court Addressed 28 USC Section 144 – A Statute Never Cited

The Court's Order states in Footnote 3: "Plaintiff also cites 28 USC § 144. To the extent Plaintiff also intended to invoke that statute, that request is untimely. Section 144 requires that the required affidavit 'shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard[.]'"

Plaintiff cited 28 USC § 455(a) in ECF Nos. 24 and 25. Plaintiff never cited 28 USC § 144. The Court addressed a statute Plaintiff never cited. Section 455(a) has no timing requirement; Section 144 does. The Court applied the wrong statute's timeliness requirements to Plaintiff's recusal motion. This is further evidence that the Court did not review Plaintiff's actual filings.

### E. The Court Described Arguments Never Made

The Court's Order states: "Plaintiff requesting that the undersigned disqualify himself based on tenuous perceived connections to Plaintiff and others Plaintiff believes to be involved in **her** case." (ECF No. 28 at page 3, lines 3-5.) Plaintiff's recusal motion (ECF No. 18) was based on specific, documented conduct: Magistrate Judge Kim's failure to rule on the recusal motion (ECF No. 18); Magistrate Judge Kim's continuing to issue orders after recusal motion was filed (ECF No. 20); false statements about service (ECF No. 22); failure to accommodate documented disability (ECF Nos. 3, 12, 15); misgendering despite explicit requests (ECF No. 15); and internal contradiction between ECF No. 7 and ECF No. 15. The Court's description does not match Plaintiff's actual arguments. The Order characterizes Plaintiff's arguments differently from the arguments actually presented in ECF No. 18. This is further evidence that the Court did not read Plaintiff's recusal motion.

### F. The Court's "Hybrid Order" Suggests No Review Occurred

**The Court's Order contains two separate final orders in one document**

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS

**First Final Order** (Page 3, lines 1-4): "Accordingly, Plaintiff's Post-Judgment Motions (ECF Nos. 24-27) are DENIED. No further filings shall be accepted in this closed action except those related to appeal. IT IS SO ORDERED. Dated: July 14, 2026" (with signature).

**Second Final Order** (Page 3, lines 13-20 and Page 4): "Plaintiff has filed a Motion to Vacate (ECF No. 10), as well as a Motion for Extension of Time for Service of Summons/Complaint (ECF No. 14)... Plaintiff's Motion to Vacate (ECF No. 10) is DENIED. Plaintiff's Motion for Extension of Time (ECF No. 14) is DENIED AS MOOT..."

There are two final orders in one document. The second final order references motions that do not exist in this case (ECF No. 10 is Objections to F&R, not a Motion to Vacate; ECF No. 14 is a Memorandum, not a Motion for Extension). The second final order misgenders Plaintiff as "her." The second final order references motions that do not exist in this case. These discrepancies raise substantial questions regarding whether Plaintiff's specific filings were fully considered.

## IV. THE FAC NEVER REQUESTED REVIEW OF THE STATE COURT JUDGMENT

The First Amended Complaint (ECF No. 5) never requested that the federal court review, overturn, or modify the state court judgment. The FAC sought only prospective injunctive relief against administrative and ministerial functions. The Court's *Rooker-Feldman* analysis was based on a complete mischaracterization of Plaintiff's claims.

**What the FAC Actually Says**

Paragraph 6 states: "Plaintiff does not sue the judge for damages, which is barred by judicial immunity. Instead, Plaintiff seeks only prospective injunctive relief against the ministerial officers and the courts as institutions who are carrying out the ongoing enforcement and administration of this constitutionally defective judgment."

Paragraph 10 states: "Plaintiff seeks prospective declaratory and injunctive relief under *Ex*

-12-

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS

*parte Young,* 209 US 123 (1908), to halt ongoing violations of federal law."

Paragraphs 12-14 state that Defendant Wineinger and Defendant Bruggman are "sued in their official capacity for prospective injunctive relief only" and are responsible for "the policies, practices, and ministerial functions of the Clerk's office, including the acceptance of court filings." The FAC states: "Each individual defendant is sued solely in their official capacity for prospective injunctive and declaratory relief pursuant to *Ex parte Young,* 209 US 123 (1908)."

Paragraphs 15-16 state that the Superior Court and Court of Appeal are sued "solely for prospective declaratory and injunctive relief to prevent ongoing violations of Plaintiff's rights under the ADA only."

Paragraph 35 states: "These acts are ministerial in nature and are not protected by judicial immunity. *Forrester v. White,* 484 US 219, 227-229 (1988) (absolute judicial immunity does not extend to administrative or ministerial functions)."

The Prayer for Relief requests only declaratory relief about filing rejections, an injunction requiring Defendants to accept filings, and an order enjoining collection of sanctions. Not once does the FAC request that the federal court review or overturn the state court judgment.

*Rooker-Feldman* applies only when the federal plaintiff seeks review of a state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 US 280, 291-92 (2005). Plaintiff challenged administrative policies, not judicial decisions. Under *Forrester v. White,* 484 US 219, 227-229 (1988), judicial immunity does not apply to administrative acts.

**V. FACTUAL ERRORS IN THE COURT'S ORDER**

**A. False Statement About Electronic Service Date**

The Court's Order states: "The Court notes that contrary to Plaintiff's assertions, court records show that Plaintiff was given electronic service of the Magistrate Judge's Findings and Recommendations on December 15, 2025. Thereafter, Plaintiff had ample time to file objections and,

-13-

in fact, did so (see ECF No. 10)." (ECF No. 28 at page 2, lines 2-5.)

**This statement is inaccurate for several reasons**

**First**, the docket for ECF No. 7 states "SERVICE BY MAIL," not electronic service. The original NEF for ECF No. 7 was sent to an internal court address (CourtMail@caed.uscourts.dcn), not to Plaintiff. Plaintiff never received the F&R by mail. Exhibit U (ECF No. 24-1 at 11) proves the mail was returned as undeliverable.

**Second**, on December 15, 2025, after activating a PACER account, Plaintiff received a re-generated NEF for ECF No. 7. However, this did not constitute electronic service. The re-generated NEF did not contain the F&R; it only contained a link to the PACER website. Plaintiff's PACER account only allows electronic filing. Plaintiff cannot download or search for documents on PACER. The link was not a viable means of accessing the document. The only way Plaintiff initially obtained the F&R was by traveling more than 100 miles to the Sacramento courthouse and requesting a courtesy copy on December 15, 2025.

**Third**, Plaintiff was not able to download the F&R from any electronic source at the time. It was only on July 7, 2026 – one day after judgment was entered – that Plaintiff was able to locate and download the document by searching for it on Justia.com, a third-party legal database. This was not service by the Court. It was a search conducted by Plaintiff after the case had been decided, long after any deadlines had passed.

The Court's claim that "court records show electronic service" is contradicted by the actual court records and by the limitations of Plaintiff's PACER account. A re-generated NEF with a link to a system Plaintiff cannot use to download documents is not service. The fact that Plaintiff was able to find the document months later on a third-party website does not cure the Court's failure to serve it.

Plaintiff filed objections on December 21, 2025 – within 6 days of obtaining the courtesy copy on December 15, 2025. The deadline for objections under FRCP 72(b)(2) was 14 days. Plaintiff

-14-

met the deadline. Plaintiff should not have been required to travel 100+ miles to obtain the F&R.

**B. The SAC, TAC, and 4AC Were Timely Filed**

The Court's Order (ECF No. 22 at page 2, adopted in ECF No. 28) states: "These complaints were filed without leave of the court to do so. They were thus improperly filed and need not be considered by the Court."

The F&R (ECF No. 7 at page 15-16) states: "Plaintiff shall have thirty (30) days from any order resolving these findings and recommendations to file an amended complaint."

The SAC (ECF No. 9) was filed on December 18, 2025 – 3 days after Plaintiff obtained actual notice of the F&R on December 15, 2025. The TAC (ECF No. 13) was filed on January 10, 2026 – 26 days after December 15, 2025. The 4AC (ECF No. 19) was filed on May 23, 2026 – 44 days before judgment.

The F&R expressly granted leave to amend within 30 days. The SAC was filed 3 days after December 15, 2025. The TAC was filed 26 days after December 15, 2025. Both were filed within the 30-day leave granted by the F&R. The 4AC was filed before judgment. The Court's statement that they were "filed without leave" is contradicted by the F&R. The Court never issued any F&R or order addressing the SAC, TAC, or 4AC. No order struck them. No order denied them. No order addressed their contents. The Court simply ignored them.

This is a violation of due process. The Court had a duty to consider the operative complaint. Under FRCP 15(a) and *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992), "an amended complaint supersedes the original complaint and renders it without legal effect." Under *Ramirez v. County of San Bernardino,* 806 F.3d 1002, 1008 (9th Cir. 2015), "an amended complaint becomes the operative pleading and moots prior complaints." The Court dismissed the FAC without ever acknowledging that it had been superseded by the SAC, TAC, and 4AC.

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS

**C. The Court Misidentified Plaintiff as "Defendant"**

The Court's Order (ECF No. 22 at page 2, lines 16-18, adopted in ECF No. 28) states: "Defendant argues that **his** claims are 'a broad, forward-looking assault on the Defendant courts' entrenched customs and practices[.]'"

The quote "a broad, forward-looking assault on the Defendant courts' entrenched customs and practices" comes from Plaintiff's Objections to the F&R (ECF No. 10 at page 5). This is Plaintiff's argument. The Superior Court (an actual defendant) would never describe its own position as an "assault" on itself. The pronoun "his" confirms this refers to an individual (Plaintiff), not an institutional defendant. In the same paragraph, the Court correctly identifies Plaintiff as "Plaintiff" when describing the claims. This is not a caption error – it is a direct misidentification of Plaintiff's party status in the body of the order.

**D. The Court Stated "No Substantive Factual Errors" Were Identified**

The Court's Order states: "Plaintiff has not identified any substantive factual errors in the Court's order that warrant relief." (ECF No. 28 at page 2, lines 1-2.)

Plaintiff identified multiple factual errors in prior motions: the Court misidentified Plaintiff as "Defendant" (ECF No. 22 at page 2, lines 16-18); the Court stated the F&R "was served on Plaintiff" when mail was returned undeliverable (ECF No. 22 at page 1; Exhibit U); the Court stated that ECF Nos. 9, 13, and 19 were "filed without leave" when the F&R granted leave to amend (ECF No. 7 at 15-16); and the Court's Order in ECF No. 28 now adds a new false statement: electronic service on December 15, 2025. Plaintiff identified multiple substantive factual errors. The Court's statement that none were identified is itself a factual error.

**VI. FAILURE TO ADDRESS CRITICAL ARGUMENTS**

**A. Failure to Address the Operative Complaint (ECF No. 19)**

The Fourth Amended Complaint (ECF No. 19) was filed on May 23, 2026 – 44 days before

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS

judgment on July 6, 2026. The Court's Order (ECF No. 22) dismisses the First Amended Complaint (ECF No. 5) without acknowledging the Fourth Amended Complaint (ECF No. 19).

Under FRCP 15(a) and *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992), "an amended complaint supersedes the original complaint and renders it without legal effect." Under *Ramirez v. County of San Bernardino,* 806 F.3d 1002, 1008 (9th Cir. 2015), "an amended complaint becomes the operative pleading and moots prior complaints." Court's failure to consider ECF No. 19 is an error.

**B. Failure to Address the 4AC's Ex parte Young Claims**

The Fourth Amended Complaint (ECF No. 19) explicitly limited relief to prospective injunctive relief and invoked *Ex parte Young,* 209 US 123 (1908). Under *Ex parte Young*, suits seeking prospective injunctive relief against state officials for ongoing violations of federal law are permitted. The Court never addresses this distinction or explains why the 4AC's claims are barred despite their *Ex parte Young* framing.

**C. Failure to Address the Extrinsic Fraud Exception**

Plaintiff argued that the *Rooker-Feldman* doctrine does not bar claims based on extrinsic fraud. See *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1141 (9th Cir. 2004). Plaintiff's 4AC and post-judgment motions specifically alleged that the state court judgment was procured by extrinsic fraud: incorrect name, concealed motions, lack of service, and violation of the safe harbor period under CCP § 128.7(c)(1). The Court did not address this argument. Under *Kougasian*, extrinsic fraud is an exception to *Rooker-Feldman*.

**D. Failure to Address Independent Claims**

Plaintiff argued that the 4AC alleges independent claims – ongoing ADA violations, ongoing due process violations, and a pattern of deliberate indifference – that do not require federal review of a state court judgment. See *Noel v. Hall,* 341 F.3d 1148, 1158 (9th Cir. 2003). Under *Noel v. Hall*, *Rooker-Feldman* does not bar "independent claims" that are "parallel to state court proceedings rather

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS

than seeking review of a completed judgment." The Court did not address this argument.

### E. Failure to Address Administrative and Ministerial Barriers

Plaintiff argued that the 4AC's claims are directed at systemic, automated administrative customs implemented by court clerks – not at judicial decisions. Under *Forrester v. White,* 484 US 219, 227-229 (1988), absolute judicial immunity does not extend to administrative or ministerial functions. The Court did not address this argument.

### F. Failure to Address ADA Accommodation Claims

Plaintiff documented that electronic service was granted but never implemented for the F&R (ECF No. 7 at 15); the Court demanded impossible compliance with mail service (ECF No. 15); the Magistrate Judge issued a denial without legal analysis (ECF No. 15); and the Court conducted no fact-specific accommodation inquiry as required by *Duvall v. County of Kitsap,* 260 F.3d 1124, 1139 (9th Cir. 2001). Under *Duvall*, a public entity must undertake a "fact-specific investigation" to determine reasonable accommodations and must give "primary consideration" to the accommodation requested by the disabled individual. The Court did not address these arguments.

### G. Failure to Address the Recusal Motion (ECF No. 18)

Plaintiff's Motion for Recusal (ECF No. 18) was based on specific, documented conduct: Magistrate Judge Kim's failure to rule on the recusal motion; Magistrate Judge Kim continuing to issue orders after recusal motion was filed; false statements about service (ECF No. 22); failure to accommodate documented disability (ECF Nos. 3, 12, 15); misgendering despite explicit requests (ECF No. 15); and internal contradiction between ECF No. 7 and ECF No. 15.

The Court's Order states: "The Court also finds there to be no basis for disqualification as no reasonable person with knowledge of all the facts would conclude that the undersigned's impartiality might reasonably be questioned." (ECF No. 28 at page 2, lines 16-17.)

The Court's denial does not address the specific allegations. Under *Liljeberg v. Health*

*Services Acquisition Corp.,* 486 US 847, 860 (1988), the standard is objective: whether a reasonable person would harbor doubts. The Court must analyze whether a reasonable person would question impartiality based on these facts. The Court's conclusory application of this standard is insufficient.

### H. Failure to Address Newly Discovered Evidence

Plaintiff identified newly discovered evidence in post-judgment motions: Exhibit U (February 20, 2026 NEF showing mail returned undeliverable); Exhibit V (Court of Appeal's June 10, 2026 denial of VL-110 request); Exhibit W (El Dorado Superior Court's May 31, 2026 rejection of filings); Exhibit X (Court of Appeal's June 29, 2026 rejection of Petition for Rehearing); Exhibit Y (El Dorado Superior Court's June 3, 2026 rejection in two seconds); and Exhibit Z (Plaintiff's July 8, 2026 emergency room discharge summary). Under Rule 59(e), newly discovered evidence is a valid basis for reconsideration. *School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). The Court did not address this evidence.

### I. Failure to Address the Request for Electronic Service

Plaintiff requested electronic service as an ADA accommodation in ECF Nos. 3 and 12. The Office of the Circuit Executive granted the same accommodation (Exhibits 10 and 11). The Court never addresses Plaintiff's request for electronic service, despite another judicial body in the same circuit granting the same accommodation.

### J. Failure to Address the Judicial Misconduct Complaint

Plaintiff filed a judicial misconduct complaint against Magistrate Judge Kim and District Judge Calabretta (Docket Nos. 26-90189 and 26-90190). The Office of the Circuit Executive acknowledged receipt and forwarded the complaint to Chief Judge Mary H. Murguia (Exhibits 10 and 11). The Court never acknowledges the judicial misconduct complaint or the Circuit Executive's accommodation. This is relevant to the recusal and accommodation issues.

### VII. LEGAL ERRORS

**A. Misapplication of FRCP 59(e) Standards**

The Court's Order states: "Plaintiff has not identified a valid basis for relief under Rule 59(e). Plaintiff has not identified any substantive factual errors in the Court's order that warrant relief." (ECF No. 28 at page 2, lines 1-2.) Plaintiff has identified multiple substantive factual errors that satisfy the recognized grounds for Rule 59(e) relief: clear factual error, manifest injustice, and newly discovered evidence. *School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

**B. Circular Reasoning on Transfer Motion**

The Court's Order states: "Plaintiff's Motion to Transfer Venue (ECF No. 26) is denied as moot given that this action is now closed." (ECF No. 28 at page 2, lines 18-19.)

The request for transfer of venue was an alternative remedy sought upon vacatur. The Court's ruling is circular: the case is closed because the Court denied the motion to vacate, and the motion to transfer is denied because the case is closed. This reasoning prevents any meaningful review of the transfer request. A Motion to Vacate Judgment is the precise procedural mechanism designed to reopen a closed case under FRCP 59(e) or 60(b).

**C. Conflation of All Motions as FRCP 59(e) Motions**

The Court's Order states: "These motions all seek reconsideration of the Court's prior order under Federal Rule of Civil Procedure 59(e)." (ECF No. 28 at page 1, lines 8-9.)

ECF No. 25 seeks transfer of venue under 28 USC § 1404(a). ECF No. 26 seeks to set aside judgment and transfer venue. The Court improperly conflates all motions as FRCP 59(e) reconsideration motions, ignoring their distinct legal bases.

**D. Failure to Analyze Venue Transfer Under Section 1404(a)**

The Order mentions the transfer request but never analyzes it under 28 USC § 1404(a) or § 1391(b). Even if the case is currently closed, the Court should have addressed the merits of the

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS

transfer request in the alternative, should the judgment be vacated.

### E. Conclusory Denial of Rule 60 Relief

The Court's Order states: "Relief under Rules 59 and 60 is also inappropriate as Plaintiff has not identified a valid basis for relief beyond conclusory statements." (ECF No. 28 at page 3, lines 3-5.) The Court provides essentially no Rule 60 analysis. It does not discuss mistake, newly discovered evidence, or extraordinary circumstances.

### F. Overruling the Magistrate Judge Without Explanation

The Magistrate Judge recommended allowing amendment of the Title II ADA claims. The District Judge overruled this recommendation without explanation. Under 28 USC § 636(b)(1), the District Judge must conduct a *de novo* review of objections to an F&R and provide a reasoned explanation for overruling the Magistrate Judge.

### G. Denial of Pre-Judgment Motion as Moot

The Court's Order states: "Plaintiff's Motion for Extension of Time (ECF No. 14) is DENIED AS MOOT given the fact that judgment has been entered and this case is closed." (ECF No. 28 at page 4, lines 1-3.) ECF No. 14 was filed before judgment and was pending when judgment was entered. The Court never ruled on it before judgment. Dismissing it as moot after entering judgment prevents Plaintiff from ever obtaining a ruling on a properly filed pre-judgment motion.

### VIII. PROCEDURAL DEFECTS AND DUE PROCESS CONCERNS
### A. Extreme and Overbroad Filing Restriction

The Court's Order states: "No further filings shall be accepted in this closed action except those related to appeal." (ECF No. 28 at page 2, lines 1-2.)

This extreme filing restriction effectively bars Plaintiff from seeking relief under FRCP 60(b), including Rule 60(b)(4), which may be challenged at any time, and Rules 60(b)(1)-(3), which must be filed within one year. The Court's overbroad restriction is an abuse of discretion that unlawfully

limits a pro se litigant's access to the courts and violates due process.

**B. Failure to Conduct De Novo Review**

The Court's Order states: "The Court read and considered Plaintiff's objections. It is not necessary for the Court to specifically discuss each one in issuing its order." (ECF No. 28 at page 2, lines 13-14.) Under 28 USC § 636(b)(1)(C), the district judge "shall make a *de novo* determination" of objections. Under *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) *en banc*, the Court "must review the magistrate judge's findings and recommendations *de novo* if objection is made." A conclusory statement that the Court "read and considered" objections is insufficient to demonstrate *de novo* review. The Order does not address several material objections, including the objections regarding the operative 4AC and the failed service of process.

**C. Failure to Address the Jurisdictional Objection (ECF No. 17)**

Plaintiff filed an Objection to Magistrate Judge Jurisdiction (ECF No. 17) on March 2, 2026, stating that Plaintiff had never received the consent form required under 28 USC § 636(c), had never consented to Magistrate Judge jurisdiction, and was never notified of the right to refuse consent. The Court's Order (ECF No. 22) did not rule on this objection. ECF No. 28 does not address it either. The jurisdictional challenge has never been adjudicated.

**D. Failure to Address Ignored Motions (ECF Nos. 16, 17)**

ECF No. 22 stated: "All other motions (ECF No. 4, 6, 18, 21) are DENIED AS MOOT." But ECF No. 16 (Motion for Reconsideration of the Magistrate Judge's Order Denying Accommodation) and ECF No. 17 (Objection to Magistrate Judge Jurisdiction) were not listed – they were ignored. Plaintiff raised this omission in post-judgment motions. ECF No. 28 does not address it.

**E. No Ruling on Oversized Filing Request**

Plaintiff's filing requested acceptance of an oversized motion. The order never expressly grants or denies that request.

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS

**F. No Ruling on Notice of Errata**

Plaintiff filed a Notice of Errata (ECF No. 27). The order never expressly addresses it.

## IX. FRAUD UPON THE COURT

The Court's Order (ECF No. 28) contains a pattern of material misrepresentations that fundamentally altered the procedural record of this case. These misrepresentations, combined with the Court's imposition of a filing restriction that prevents correction, constitute fraud upon the court and render the Judgment void under FRCP 60(b)(4).

### The Legal Standard for Fraud Upon the Court

The Ninth Circuit has held that fraud upon the court occurs when: "The misconduct harms the integrity of the judicial process, regardless of whether the opposing party is prejudiced." *Alexander v. Robertson,* 882 F.2d 421, 424 (9th Cir. 1989). Fraud upon the court also exists when: "The fraud defiles the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Toscano v. Commissioner,* 441 F.2d 930, 934 (9th Cir. 1971). A judgment procured by fraud upon the court is void under FRCP 60(b)(4) and may be challenged at any time.

### How the Court's Conduct Meets the Standard

**First**, the Court falsely stated that ECF No. 10 is a "Motion to Vacate." It is not. It is Objections to F&R, filed December 21, 2025 – seven months before judgment. The Court falsely stated it was filed "a month after judgment," which is chronologically impossible.

**Second**, the Court falsely stated that ECF No. 14 is a "Motion for Extension of Time for Service of Summons/Complaint." It is not. It is a Memorandum filed February 22, 2026.

**Third**, the Court falsely stated that Plaintiff received "electronic service" of the F&R on December 15, 2025. The docket shows only "SERVICE BY MAIL." The original NEF was sent to an internal court address, not to Plaintiff. The December 15 NEF is a re-generated NEF – evidence of

service failure, not service success. The re-generated NEF does not contain the document. Plaintiff's PACER account only allows filing, not downloading. Plaintiff could not access the document. Plaintiff only obtained the F&R by traveling to the courthouse. The Court's claim is false.

**Fourth**, the Court falsely stated that Plaintiff's amended complaints were "filed without leave." The F&R itself granted leave to amend. ECF No. 7 at 13, 15-16.

These are not interpretive disagreements. They are false statements of material fact, made by an officer of the court, that appear in a judicial order.

**Fifth**, the Court ignored Plaintiff's timely objections (ECF No. 10), timely amended complaints (ECF Nos. 9, 13, 19), evidence of service failure (Exhibit U, ECF No. 24-1 at 11), and the judicial misconduct complaint (Exhibit 9, Docket Nos. 26-90189 and 26-90190). The Court's Order does not acknowledge any of these filings for what they actually are. By renaming them, the Court concealed their true nature from the record.

**Sixth**, the Court imposed a filing restriction: "No further filings shall be accepted in this closed action except those related to appeal." This restriction prevents Plaintiff from filing a Rule 60(b) motion to correct the misrepresentations, from filing a motion to correct clerical errors under Rule 60(a), and from bringing the fraud to the Court's attention through further filings.

The false procedural history created by ECF No. 28 – ECF No. 10 as an untimely "Motion to Vacate," ECF No. 14 as a "Motion for Extension," "electronic service" on December 15, amended complaints "filed without leave" – misleads the Ninth Circuit about what actually occurred in this case. An appellate court reviewing this record would see a litigant who filed untimely post-judgment motions and violated procedural rules, rather than a litigant who timely objected, timely amended, and was never properly served.

## X. THE LEAVE-TO-AMEND CONTRADICTION REMAINS UNRESOLVED

The F&R (ECF No. 7) recommended granting leave to amend. ECF No. 7 at page 13 states:

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS

"leave to amend should be granted." ECF No. 7 at pages 15-16 states: "Plaintiff shall have thirty (30) days from any order resolving these findings and recommendations to file an amended complaint."

The District Judge adopted the F&R "in full" but simultaneously dismissed "without leave to amend." This contradiction is irreconcilable: the Court cannot adopt a recommendation to grant leave and simultaneously deny leave. ECF No. 28's footnote 2 attempts to reconcile this by stating: "This is also consistent with the Magistrate Judge's recommendation that 'Plaintiff's claims related to the underlying state court action should be dismissed on this ground without leave to amend.'" But this refers to a different set of claims – the § 1983 claims and the claims against individual defendants. The Magistrate Judge expressly recommended leave to amend for the ADA claims against the court entities. ECF No. 7 at page 13, lines 9-15. The District Judge dismissed those claims without leave. The footnote does not resolve the contradiction; it ignores it.

## XI. THE COURT'S "FUTILITY" ANALYSIS IS CONCLUSORY

The Court's statement (ECF No. 28 at page 2, lines 8-12) that amendment was "futile" assumes that all of Plaintiff's claims are barred by *Rooker-Feldman* without analyzing the 4AC's specific allegations. The 4AC explicitly limited relief to prospective injunctive relief and invoked *Ex parte Young*. The Court does not explain why claims for prospective relief against administrative barriers would be "related to the underlying state court action" in a way that triggers *Rooker-Feldman*. Leave to amend "shall be freely given when justice so requires." *Foman v. Davis,* 371 US 178, 182 (1962). Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (stating that "dismissal with prejudice and without leave to amend is not appropriate unless it is clear... that the complaint could not be saved by any amendment"). The Court's conclusory "futility" finding does not meet this standard.

## XII. CUMULATIVE EFFECT OF ERRORS

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS

The cumulative effect of these errors – false factual statements, misgendering after apology, failure to address critical arguments, legal errors, procedural defects, and due process violations – demonstrates that the Court's Orders (ECF Nos. 22 and 28) and Judgment (ECF No. 23) are fundamentally flawed and legally unsustainable. The Court's Order denies Plaintiff's post-judgment motions based on a false premise: that Plaintiff received "electronic service" of the F&R on December 15, 2025. This false premise infects the entire Order.

The Order is legally inconsistent: it purports to adopt the Magistrate Judge's Findings and Recommendations "in full," yet simultaneously contradicts the F&R's explicit recommendation to grant leave to amend the ADA claims. It claims to have conducted *de novo* review, yet addresses none of Plaintiff's material objections regarding the operative 4AC or the failed service of process. Finally, it apologizes for misgendering Plaintiff in a footnote, only to misgender Plaintiff again on the following page. The Court's Order is a "hybrid" – it contains two separate final orders, one of which appears to be copied from an unrelated case. The Court mischaracterized ECF No. 10 (Objections to F&R) as a "Motion to Vacate," mischaracterized ECF No. 14 (Memorandum) as a "Motion for Extension of Time," addressed 28 USC § 144 when Plaintiff cited § 455(a), misidentified Plaintiff as "Defendant," and misgendered Plaintiff as "her" after apologizing for misgendering Plaintiff as "he."

These are not minor technicalities; they are substantive legal and factual errors that warrant reconsideration under FRCP 59(e).

**XIII. REQUEST FOR RELIEF**

**WHEREFORE, Plaintiff respectfully requests that this Court:**

1.      **VACATE** its Order (ECF No. 28) denying Plaintiff's post-judgment motions due to clear error, abuse of discretion, and due process violations;

2.      **VACATE** its Order (ECF No. 22) and Judgment (ECF No. 23) as void under FRCP

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS

60(b)(4) due to fraud upon the court, lack of jurisdiction, and due process violations;

3.    **LIFT** the extreme filing restriction in ECF No. 28;

4.    **CONSIDER** the operative Fourth Amended Complaint (ECF No. 19) as the superseding pleading under FRCP 15(a);

5.    **CONDUCT** a proper *de novo* review of Plaintiff's objections (ECF No. 10) as required by 28 USC § 636(b)(1)(C);

6.    **GRANT** Plaintiff's request for electronic service as a reasonable accommodation under the ADA and Rehabilitation Act;

7.    **ORDER** that all future proceedings be conducted remotely to accommodate Plaintiff's documented disability;

8.    **REASSIGN** this matter to a different District Judge pursuant to 28 USC § 455(a);

9.    **TRANSFER** this action to the United States District Court for the Northern District of California, San Francisco Division, pursuant to 28 USC § 1404(a);

10.    **GRANT** such other and further relief as the Court deems just and proper.

Dated: July 17, 2026

Respectfully submitted,

/s/ Alexandr Yakovlev
ALEXANDR YAKOVLEV
Plaintiff, Pro Se

**VERIFICATION**

I, Alexandr Yakovlev, declare under penalty of perjury under the laws of the United States of America that the foregoing Motion for Reconsideration is true and correct to the best of my knowledge. I further declare that my PACER account only allows electronic filing. I cannot download documents from PACER. I cannot search for documents on PACER. The re-generated NEF I received on December 15, 2025 contained a link to PACER, but I could not use the link to

access the F&R on December 15, 2025 because my account does not have downloading or searching privileges. I only obtained the F&R on December 15, 2025 by traveling to the Sacramento courthouse and received a courtesy copy. I was not able to download the F&R from any electronic source until July 7, 2026, when I located it on Justia.com, a third-party legal database, one day after judgment was entered because I needed it for my Motion for Reconsideration (ECF No. 24).

Executed on July 17, 2026, at Folsom, California.

/s/ Alexandr Yakovlev
ALEXANDR YAKOVLEV
Plaintiff, Pro Se

MOTION FOR RECONSIDERATION OF ORDER DENYING POST-JUDGMENT MOTIONS