Alexandr Yakovlev, Pro Se
General Delivery
Folsom, CA 95630

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXANDR YAKOVLEV,<br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF EL DORADO, et al.,<br>Defendants. | **Case No.:** 2:25-cv-03110-DJC-CSK (PS)<br><br>**NOTICE OF APPEAL** |

Notice is hereby given that Plaintiff Alexandr Yakovlev, proceeding pro se, appeals to the United States Court of Appeals for the Ninth Circuit from all final and appealable orders and rulings adverse to Plaintiff in this action, including but not limited to:

**ORDERS APPEALED**

1.      The Judgment entered on July 6, 2026 (ECF No. 23);

2.      The Order Adopting Findings and Recommendations entered on July 6, 2026 (ECF No. 22);

3.      The Order Denying Post-Judgment Motions entered on July 15, 2026 (ECF No. 28), which denied Plaintiff's post-judgment motions;

4.      The Clerk's Notice of Docket Correction entered on July 17, 2026 (ECF No. 30), which terminated Plaintiff's Motion for Reconsideration (ECF No. 29) without judicial review;

5.      All prior and subsequent orders and rulings adverse to Plaintiff.

**COMPLAINTS AND AMENDED COMPLAINTS**

Plaintiff incorporates by reference the following complaints and amended complaints:

**ECF No. 5 – First Amended Complaint (FAC)**

•      Filed November 3, 2025

-1-
NOTICE OF APPEAL

- The FAC **never requested review of the state court judgment**

- The FAC explicitly sought only prospective injunctive relief

- The FAC invoked *Ex parte Young,* 209 U.S. 123 (1908)

- The FAC sued all individual defendants solely in their official capacities

- The FAC explicitly stated: "Plaintiff does not sue the judge for damages"

- The FAC sought only to enjoin ongoing administrative enforcement of filing rejections and sanctions collection

**ECF No. 9 – Second Amended Complaint (SAC)**

- Filed December 18, 2025

- Filed **3 days** after Plaintiff obtained actual notice of the F&R

- Filed within the 30-day leave granted by the F&R

- Superseded the FAC under FRCP 15(a)

**ECF No. 13 – Third Amended Complaint (TAC)**

- Filed January 10, 2026

- Filed **26 days** after Plaintiff obtained actual notice of the F&R

- Filed within the 30-day leave granted by the F&R

- Included Exhibit T (727 pages of evidence)

- Superseded the SAC under FRCP 15(a)

**ECF No. 19 – Fourth Amended Complaint (4AC)**

- Filed May 23, 2026

- Filed **44 days before judgment**

- Explicitly limited relief to prospective injunctive relief

- Invoked *Ex parte Young,* 209 U.S. 123 (1908)

-2-
NOTICE OF APPEAL

- Superseded all prior complaints under FRCP 15(a)

- Was the operative complaint at the time of judgment

- The Court ignored the 4AC and dismissed the superseded FAC

**POST-JUDGMENT MOTIONS INCORPORATED BY REFERENCE**

Plaintiff incorporates by reference the arguments set forth in the following post-judgment motions and supporting exhibits:

**ECF No. 24 – Motion for Reconsideration Under FRCP 59(e) and Request for Reassignment Under 28 USC § 455(a)**

- Filed July 9, 2026

- Supported by Notice of Lodging Exhibits U-Z (ECF No. 24-1), including:

  o Exhibit U: February 20, 2026 NEF showing mail returned undeliverable

  o Exhibit V: Court of Appeal Order Denying VL-110 (June 10, 2026)

  o Exhibit W: El Dorado Superior Court Rejection (May 31, 2026)

  o Exhibit X: Court of Appeal Rejection of Petition for Rehearing (June 29, 2026)

  o Exhibit Y: El Dorado Superior Court Rejection in Two Seconds (June 3, 2026)

  o Exhibit Z: Emergency Room Discharge Summary (July 8, 2026)

**ECF No. 25 – Consolidated Motion to Vacate Judgment and Transfer Venue**

- Filed July 12, 2026

- Supported by Notice of Lodging Exhibits 1-8 (ECF No. 25-1), including:

  o Exhibit 1: ICT News article, "Members only" (July 15, 2009)

  o Exhibit 2: Cherokee Nation Tribal Registration Application

  o Exhibit 3: Tahoe Daily Tribune article – Judge Mayberry sworn in

  o Exhibit 4: Cherokee Phoenix article – Judge Mayberry sworn in

  o Exhibit 5a: Dawes Rolls Database Information

o    Exhibit 5b: Express Packets Order Form

o    Exhibit 6: Oklahoma Historical Society – Chilocco Indian Agricultural School

o    Exhibit 7: Email chain with Cherokee Nation

o    Exhibit 8: ACLU Report, "Warehoused and Forgotten" (June 2014)

**ECF No. 26 – Motion to Set Aside Judgment and Transfer Venue**

- Filed July 13, 2026

- Streamlined version incorporating ECF No. 24 by reference

**ECF No. 27 – Notice of Errata, Request to Accept Oversized Motion, and Notice of Lodging Exhibits 9, 10, and 11**

- Filed July 14, 2026

- Supported by:

o    Exhibit 9: Complaint of Judicial Misconduct (Docket Nos. 26-90189 and 26-90190)

o    Exhibit 10: Email from Office of the Circuit Executive, Ninth Circuit (July 13, 2026)

o    Exhibit 11: Official Letter from Office of the Circuit Executive, Ninth Circuit (July 13, 2026)

**ECF No. 29 – Motion for Reconsideration of Order Denying Post-Judgment Motions (ECF No. 28)**

- Filed July 17, 2026

- Terminated by Clerk without judicial review (ECF No. 30)

- Contains comprehensive arguments including:

o    FAC never requested review of state court judgment

o    SAC, TAC, and 4AC were timely filed (SAC: 3 days; TAC: 26 days; 4AC: 44 days before judgment)

o    Court ignored operative 4AC and dismissed superseded FAC

o    Hybrid order defect (mischaracterization of ECF Nos. 10 and 14)

-4-

NOTICE OF APPEAL

- o   False claim of electronic service

- o   Misgendering after apology

- o   Section 144 error (statute never cited by Plaintiff)

- o   Strawman characterization of recusal arguments

- o   Leave-to-amend contradiction

- o   Failure to conduct de novo review

- o   Extreme filing restriction

- o   Fraud upon the court

**PRIOR OBJECTIONS AND FILINGS INCORPORATED BY REFERENCE**

**Plaintiff further incorporates by reference:**

- ECF No. 7 – Findings and Recommendations (December 2, 2025) – recommending leave to amend ADA claims

- ECF No. 10 – Plaintiff's Objections to Findings and Recommendations (December 21, 2025)

- ECF No. 12 – Supplemental Request for Reasonable Accommodation (January 3, 2026)

- ECF No. 14 – Emergency Supplemental Memorandum (February 22, 2026)

- ECF No. 16 – Motion for Reconsideration of Order Denying Accommodation (February 26, 2026)

- ECF No. 17 – Objection to Magistrate Judge Jurisdiction (March 2, 2026)

- ECF No. 18 – Motion for Recusal of Magistrate Judge Kim (May 18, 2026)

- ECF No. 21 – Notice of Magistrate Judge Violation (May 31, 2026)

**ISSUES INTENDED TO BE RAISED ON APPEAL**

NOTICE OF APPEAL

**Plaintiff intends to raise, but is not limited to, the following issues:**

1.      Whether the District Court erred in dismissing the First Amended Complaint (ECF No. 5) without considering the operative Fourth Amended Complaint (ECF No. 19), which was filed 44 days before judgment;

2.      Whether the District Court erred in stating the SAC, TAC, and 4AC were "filed without leave" when the F&R expressly granted leave to amend, and when the SAC was filed 3 days after actual notice and the TAC was filed 26 days after actual notice;

3.      Whether the District Court erred in adopting the Magistrate Judge's Findings and Recommendations "in full" while simultaneously denying leave to amend, in contradiction with the F&R's express recommendation;

4.      Whether the District Court erred in misapplying the Rooker-Feldman doctrine to claims seeking prospective injunctive relief under Ex parte Young, when the FAC never requested review of the state court judgment;

5.      Whether the District Court erred in applying quasi-judicial immunity to bar prospective injunctive relief against court clerks and judicial officers in their official capacities;

6.      Whether the District Court erred in failing to address Plaintiff's ADA accommodation claims under *Duvall v. County of Kitsap,* 260 F.3d 1124 (9th Cir. 2001);

7.      Whether the District Court erred in failing to rule on Plaintiff's Motion for Recusal (ECF No. 18) before dismissing the case;

8.      Whether the District Court erred in imposing an extreme filing restriction barring all filings except those related to appeal;

9.      Whether the District Court erred in mischaracterizing ECF No. 10 (Objections to F&R) as a "Motion to Vacate" and ECF No. 14 (Memorandum) as a "Motion for Extension";

10.      Whether the District Court erred in falsely claiming Plaintiff received electronic

-6-

service of the F&R on December 15, 2025, when Plaintiff only obtained a courtesy copy by traveling to the courthouse;

11. Whether the District Court erred in misgendering Plaintiff after acknowledging Plaintiff's non-binary identity;

12. Whether the Clerk erred in terminating Plaintiff's Motion for Reconsideration (ECF No. 29) without judicial review, in violation of Plaintiff's right to seek relief under FRCP 59(e);

13. Whether the District Court's Orders (ECF Nos. 22 and 28) and Judgment (ECF No. 23) are void due to fraud upon the court.

**REQUEST FOR RELIEF**

**Plaintiff respectfully requests that the Ninth Circuit:**

1. Reverse the District Court's Orders (ECF Nos. 22 and 28) and Judgment (ECF No. 23);

2. Remand with instructions to consider the operative Fourth Amended Complaint (ECF No. 19);

3. Remand with instructions to grant leave to amend as recommended by the Magistrate Judge;

4. Remand with instructions to provide ADA accommodations including electronic service;

5. Order that this matter be reassigned to a different District Judge;

6. Grant such other and further relief as the Court deems just and proper.

Dated: July 17, 2026

Respectfully submitted,

/s/ Alexandr Yakovlev
ALEXANDR YAKOVLEV
Plaintiff, Pro Se
750emerealdbay@gmail.com

-7-
NOTICE OF APPEAL